A CERTIFIED TRUE COPY

JUN 2 0 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 0 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1775*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of 23 actions listed on the attached Schedule A and pending in the following districts: eleven actions in the Eastern District of New York, seven actions in the District of District of Columbia, two actions in the Northern District of Illinois, and an action each in the Central District of California, the Southern District of Florida and the District of New Jersey.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in seven actions in the District of District of Columbia for coordinated or consolidated pretrial proceedings of the actions in the District of District of Columbia.[2] No party opposes centralization. The District of District of Columbia is the favored transferee forum of plaintiffs in eight potential tag-along actions pending there,

---

[1] The Panel has been notified of 50 additional related actions pending in the following districts: 23 actions in the District of District of Columbia, fourteen actions in the Eastern District of New York, four actions each in the Central District of California and the Southern District of Florida, and an action each in the Northern District of California, the Northern District of Illinois, the District of New Jersey, the Eastern District of Pennsylvania and the District of South Carolina. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] There were originally two other Section 1407 motions filed, seeking transfer to the Central District of California or the Southern District of Florida. These two motions were withdrawn, and the moving plaintiffs shifted their support to the District of District of Columbia as their preferred transferee forum.

as well as plaintiffs in other districts.[3]  Defendants,[4] along with several plaintiffs,[5] support transfer to the Eastern District of New York.  Plaintiffs in two Northern District of Illinois actions and the potential tag-along action pending there, plaintiffs in two Southern District of Florida potential tag-along actions, and plaintiffs in the District of New Jersey action and the potential tag-along action pending there support transfer to the district in which their respective action is currently pending.  Plaintiff in the Northern District of Illinois potential tag-along action alternatively supports transfer to the Southern District of Florida, should the Panel not transfer the actions to the Northern District of Illinois.

On the basis of the papers filed and hearing session held, the Panel finds that these 23 actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  The actions contain common allegations regarding, inter alia, a conspiracy among the various defendants to raise, fix, maintain, or stabilize the prices of fuel, security and insurance surcharges for air cargo shipping services.  Plaintiffs bring claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and/or Section 4 of the Clayton Act, 15 U.S.C. § 15, on behalf of putative classes of purchasers of air cargo shipping services.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of New York is an appropriate transferee forum for this litigation.  Several defendants have a presence and conduct substantial business in the Eastern District of New York, and some relevant witnesses and documents may be located there.  Moreover, this district provides a locale that is both easily accessible and enjoys the support of numerous parties to this litigation.

---

[3] Also supporting transfer to the District of District of Columbia are plaintiffs in the Central District California action and three potential tag-along actions pending there, plaintiffs in seven Eastern District of New York actions and a potential tag-along action pending there, and plaintiffs in the Southern District of Florida action and a District of the South Carolina potential tag-along action.

[4] Air Canada; ACE Aviation Holdings; AC Cargo LP; Air France-KLM Group; Air France; Air France ADS; Air France Cargo ADS; Air France-KLM Group ADS; Air France-KLM Cargo ADS; All Nippon Airways, Co., Ltd.; American Airlines Inc.; AMR Corp.; Asiana Airlines, Inc.; Atlas Air Worldwide Holdings, Inc.; British Airways PLC; Cargolux Airlines International S.A.; Cathay Pacific Airways, Ltd.; International Air Transport Association; Japan Airlines International Co. Ltd.; KLM Royal Dutch Airlines; Korean Airlines Co., Ltd.; LAN Airlines S.A.; LAN Cargo S.A.; Nippon Cargo Airlines Co., Ltd.; Polar Air Cargo, Inc.; SAS AB; Scandinavian Airlines System; SAS Cargo Group A/S; Singapore Air Cargo PTE LTD; Singapore Airlines, Ltd.; UAL Corp.; United Airlines Cargo Inc.; United Airlines Inc.; and Virgin Atlantic Airways, Ltd.

[5] Supporting transfer to the Eastern District of New York are plaintiffs in four actions and eight potential tag-along actions pending there, as well as plaintiff in the Northern District of California potential tag-along action. The Eastern District of New York is also the alternative transferee forum of plaintiffs in two Northern District of Illinois actions and two Eastern District of New York actions, should the Panel not transfer the actions to the Northern District of Illinois or the District of District of Columbia, respectively.

- 3 -

     IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Carol Bagley Amon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

**SCHEDULE A**

MDL-1775 -- In re Air Cargo Shipping Services Antitrust Litigation

Central District of California

*Printing Technologies, Inc. v. Deutsche Lufthansa, AG, et al.*, C.A. No. 2:06-1489

District of District of Columbia

*Niagara Frontier Distribution, Inc. v. Air France ADS, et al.*, C.A. No. 1:06-325
*Superior Jewelry Co. v. Air France ADS, et al.*, C.A. No. 1:06-333
*Richard Smith v. ACE Aviation Holdings, Inc., et al.*, C.A. No. 1:06-352
*International Sea & Air Shipping Corp. v. ACE Aviation Holdings, Inc., et al.*,
     C.A. No. 1:06-374
*Americana Flower Brokers v. ACE Aviation Holdings, Inc., et al.*, C.A. No. 1:06-375
*Topp, Inc. v. ACE Aviation Holdings, Inc., et al.*, C.A. No. 1:06-396
*Bacchus Technologies, LLC, etc. v. ACE Aviation Holdings, Inc., et al.*,
     C.A. No. 1:06-405

Southern District of Florida

*Lionheart Group, Inc. v. ACE Aviation Holdings, Inc., et al.*, C.A. No. 1:06-20553

Northern District of Illinois

*Sisimizi, Ltd. v. Air France-KLM, et al.*, C.A. No. 1:06-1107
*Blumex U.S.A., Inc., et al. v. Air Canada, et al.*, C.A. No. 1:06-1124

District of New Jersey

*Zucker's Gifts, Inc. v. Scandinavian Airline Systems, et al.*, C.A. No. 2:06-985

Eastern District of New York

*Fleurchem, Inc. v. British Airways, et al.*, C.A. No. 1:06-706
*Animal Land, Inc. v. Air Canada, et al.*, C.A. No. 1:06-725
*Joan Adams v. British Airways, et al.*, C.A. No. 1:06-776
*Helen's Wooden Crafting Co. v. Air Canada, et al.*, C.A. No. 1:06-827
*Rock International Transport, Inc. v. Air Canada, et al.*, C.A. No. 1:06-830
*ABM International, Inc. v. ACE Aviation Holdings, Inc., et al.*, C.A. No. 1:06-888

- A2 -

**MDL-1775 Schedule A (Continued)**

<u>Eastern District of New York</u> (Continued)

*Mamlaka Video v. Air Canada, et al.*, C.A. No. 1:06-980
*Global Apparels Kenya (EPZ), Ltd. v. British Airways, PLC, et al.*, C.A. No. 1:06-981
*ACS Associates USA, Inc. v. ACE Aviation Holdings, Inc., et al.*, C.A. No. 1:06-982
*Spraying Systems Co. v. ACE Aviation Holdings, Inc., et al.*, C.A. No. 1:06-984
*Mitchell Spitz, etc. v. Air France-KLM, et al.*, C.A. No. 1:06-997