UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE

                              **06-MD-1775**

AIR CARGO SHIPPING SERVICES
ANTITRUST LITIGATION              **ALL CASES**

M.D.L. No. 1775
----------------------------------------------------------x

## DECISION AND ORDER

      In accordance with the schedule set forth by the court at a conference on September 11, 2006, four motions for the appointment of interim class counsel have been made.  The firms proposed to serve as interim class counsel include (1) a group of six firms to be appointed as an Executive Committee for whom Cohen, Milstein, Hausfeld & Toll P.L.L.C. would serve as chair and as liaison counsel to the court (the "CMHT Group"); (2) two firms who would serve as Co-Lead Counsel, Labaton Sucharow & Rudoff LLP and Lovell Stewart & Halebian, LLP ("Labaton/Lovell"); (3) the firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"); and (4) the firm of Levin Fishbein Sedran & Berman ("Levin Fishbein").  Each applicant has made written submissions, and oral argument concerning the applications was heard on November 8, 2006.

      The appointment of interim class counsel is authorized by Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure.  In cases such as this, where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management.  *See generally Manual for Complex Litigation (Fourth)* (hereinafter "*Manual*") § 21.11 (2004).  Generally such counsel has the responsibility for "protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  *Id*. § 22.11, at 246.  No party has voiced any objection to the notion that interim class counsel should be appointed here.

      Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of

interim class counsel before certification. *See, e.g., Parkinson v. Hyundai Motor America*, Dkt. Nos. CV06-345 *etc.*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006); *Hill v. The Tribune Co.*, Dkt. Nos. 05 C 2602 *etc.*, 2005 WL 3299144, at *3 -4 (N.D. Ill. Oct. 13, 2005). Those factors include the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C). Because this case involves (at least at present) numerous separately pleaded class actions with multiple plaintiffs' counsel, interim class counsel will be serving in a somewhat more expansive role than simply protecting the interests of a putative class. Interim class counsel will also be acting on behalf of other attorneys and those other attorneys' clients in the role of lead counsel or liaison counsel. Thus, other considerations come into play, including among others the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court. *See Manual* § 10.224 (2004). Ultimately, the court's goal is "achieving efficiency and economy without jeopardizing fairness to the parties." *Id*. at 25.

In considering the qualifications of the various attorneys in light of the above factors, the court is satisfied that although some of the applicants have more combined years of experience and have handled more cases, particularly when aggregating the six firms that constitute the CMHT Group, all of the applicants have the necessary experience in handling complex litigation and claims of the type asserted in this action to serve more than adequately as interim class counsel. Similarly, all of the applicants appear to possess a strong command of the applicable law.

The CMHT Group and Labaton/Lovell both assert that the court should consider their efforts at "private ordering," that is, achieving a consensus among the various attorneys as to who should serve as lead counsel. *See generally Manual* § 21.272. In this regard, the CMHT Group asserts that 48 law firms involved in the litigation support their appointment, while Labaton/Lovell asserts that 29 law firms support their appointment. Kaplan Fox and Levin Fishbein predictably discount this selection criterion since the appointment is not supposed to be a popularity contest, and the number of attorneys supporting a given candidacy is not included among the factors set forth in Rule 23(g). Nevertheless, that large numbers of experienced

counsel are satisfied to be represented by these two competing applicants is some measure of the respect they command and the confidence of their peers that they will serve well in the role.

Choosing between the two, however, is problematic.  The CMHT Group appears to the court to be too large and therefore runs the risk of both inefficiency and unnecessary expense.  *See Manual*, § 10.22 at 25.  The CMHT Group also carries baggage which may interfere with the resolution of these actions.  The CMHT Group has already negotiated settlements with four of the defendants, and the settlements with three of the defendants contemplate the payment of no damages.  Although there is no prohibition on engaging in settlement negotiations before the appointment of interim class counsel, justifiable suspicions arise about the motivations underlying the settlements, particularly where they result in the payment of no money.  These suspicions may make the attorneys not part of the Group less inclined to accept the CMHT Group's inevitable recommendations, if they are appointed lead counsel, that the settlements be approved by all class members.  In addition, in view of the circumstances in which the settlements were negotiated, appointing the CMHT Group as lead counsel now promotes an appearance that the defendants have influenced the selection of interim class counsel.

Choosing Labaton/Lovell to the exclusion of the CMHT Group has flaws and risks as well.  The CMHT Group has clearly been able to accomplish the most thus far in investigating the claims in this action, primarily because it was able to take advantage of the settlement negotiations to obtain information from the settling defendants.  The fruit of those efforts would be largely lost if Labaton/Lovell were chosen.  Perhaps more importantly, in any situation like this where one of two rivals with substantial constituencies is chosen over the other, there is the likelihood of a lingering rivalry with corrosive effects that may hinder the ability of the prevailing group to carry out its role.

Appointing one of the other two applicants to act solely as lead counsel is not the proper resolution either.  Although six firms may be too many, given the complexity of the case and the sheer numbers of litigants and counsel involved here, one firm does not appear to be enough to carry out the functions of interim class counsel.  Indeed, Mr. Sedran of Levin Fishbein suggests the appointment of four Co-Lead Counsel, a structure that has been chosen by other courts.  See Exhibits to Memorandum in Support of Motion for Appointment of Howard J. Sedran As Class Co-Lead Counsel.

The court proposes to adopt such a structure here by appointing one attorney from each of the various applicants to serve as Co-Lead Counsel: Michael Hausfeld of Cohen, Milstein, Hausfeld & Toll P.L.L.C., Barbara Hart of Labaton Sucharow & Rudoff LLP, Robert Kaplan of Kaplan Fox & Kilsheimer LLP, and Howard Sedran of Levin Fishbein Sedran & Berman. This approach provides each of the two "privately ordered" constituencies, which together encompass the overwhelming majority of the plaintiffs' attorneys in the litigation, with a voice in the conduct of the litigation. The other two attorneys, each of whom have many years of experience and have served as co-lead counsel in the past with other attorneys in the litigation, will hopefully provide a leavening effect if rivalries between the major constituencies begin to interfere with decisionmaking.

The court is aware that, except for Mr. Sedran, this structure is not one that the appointees have advocated. Indeed, the CMHT Group expressly opposed such a compromise team on the ground that it would penalize other members of the group's constituency for agreeing to support the Group. See Memorandum of Law in Support of Motion of Majority Plaintiffs, p. 2 at n.1. Accordingly, any of the attorneys proposed above who do not wish to serve in the proposed structure shall file their objections and reasons within five days. The court will enter an appropriate order concerning appointment of interim class counsel and their duties upon the expiration of the five-day period.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
          November 15, 2006