UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE

AIR CARGO SHIPPING SERVICES
ANTITRUST LITIGATION

M.D.L. No. 1775
----------------------------------------------------------x

06-MD-1775

ALL CASES

# ORDER

    Before the court are several issues which require rulings as set forth below.

    *Confidentiality Order*: The parties have submitted a Confidentiality Stipulation and Protective Order ("Proposed Order") for endorsement by the court which seeks to protect essentially three categories of information that will be produced in discovery: proprietary information, "commercially sensitive" information, and personal information about individual customers and employees. Proposed Order ¶ 21(a) and (b). In reviewing such orders, the court is guided by the requirements of Rule 26(c) of the Federal Rules of Civil Procedure which permits the entry of such orders "for good cause shown." A separate showing of good cause is not necessary for the protection of proprietary and personal information; the description of the information alone is sufficient for the court to conclude that there exists good cause for protecting it. The phrase "commercially sensitive" as used in paragraphs 21(a) and (b), however, is far too vague to permit the court to make such a finding, particularly given the specificity of the information otherwise itemized in paragraph 21(b). The itemization in paragraph 21(b) leaves the court to wonder what sorts of material of a "commercially sensitive nature" or what "highly sensitive commercial information" would possibly qualify for protection if it does not fall within the description of information provided in that paragraph. Accordingly, the court will

endorse the Proposed Order, but will strike the words "or commercially sensitive" from paragraph 21(a) and "and other highly sensitive commercial information" from paragraph 21(b).[1] Any party is of course free to seek protection under the Order for additional categories of material not presently covered upon an appropriate showing of good cause.

*Premotion Conference Requests*: Various plaintiffs seek a premotion conference to address changes in the court's approach to resolving the defendants' various motions to dismiss in light of recent developments, including the position taken by the Department of Justice concerning the reach of the Sherman Act in related litigation and the guilty pleas entered by two of the defendants here with respect to criminal charges arising from some of the conduct at issue here. The defendants, not surprisingly, dispute the significance of those developments and how they should affect the resolution of issues that this court will shortly be addressing. It appears to the court that the briefing of the various motions to dismiss will provide an adequate platform for the court to consider how those developments should affect the court's decisionmaking. As the developments may have occurred after some of the plaintiffs filed their opposition to the dismissal motions, however, the court will afford the parties the opportunity to supplement their papers with additional briefing devoted solely to that issue on a schedule they may agree upon.

The plaintiffs also ask the court to lift the stay of discovery in light of the guilty pleas. The court declines to do so before reviewing the briefs on the various motions to dismiss which should shortly be completed.

---

[1]Should there be any ambiguity, the Proposed Order does protect, as "Highly Confidential," information whose disclosure would, in a material way, negatively impact a party's ability to conduct its business or compete for customers.

*Briefing Schedules*: By letter dated September 18, 2007, the plaintiffs call into question an assertion by the defendants that their reply papers on all motions to dismiss are due on November 5, 2007. They argue that the orders entered by the court extending briefing to that date apply only to the specific motions for which extensions were requested, and that the defendants' replies are therefore due on September 22, 2007. The court's review of the docket favors the plaintiffs' view; the last scheduling order of general applicability concerning motions to dismiss was entered on July 17, 2007, which granted the defendants' consent motion (docket entry 488) and thus set the deadline for the defendants' replies as September 21, 2007. Given this confusion, the defendants are directed to submit to the court their understanding of the briefing schedule and the orders of the court upon which their understanding is based.

        **SO ORDERED:**

        *Viktor V. Pohorelsky*
        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated: Brooklyn, New York
       September 21, 2007