# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE | Master File 06-MD-1775 (CBA) (VVP) |
| AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION | THIS DOCUMENT RELATES TO *Niagara Frontier Distribution Inc. v. Air France ADS, et al.*,1:06-CV-00325 (D.D.C.) (HHK) |
| MDL No. 1775 | |

## SETTLEMENT AGREEMENT BETWEEN AIR CARGO PLAINTIFFS AND DEFENDANTS DEUTSCHE LUFTHANSA AG, LUFTHANSA CARGO AG, AND SWISS INTERNATIONAL AIR LINES LTD.

This Settlement Agreement is made and entered into this eleventh day of September 2006 (the "Execution Date"), by and between defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd. (collectively, "Lufthansa"), and Plaintiffs, individually and on behalf of a class of Persons that purchased airfreight cargo shipping services for shipments within, to, or from the United States (hereinafter "Airfreight Shipping Services"), including those Persons that purchased Airfreight Shipping Services through freight forwarders, from any air cargo carrier (including, without limitation, those defendants named in the Actions, and specifically including Lufthansa) and/or any named or unnamed co-conspirators during the period from January 1, 2000 to the Execution Date of this Settlement Agreement.

WHEREAS, Plaintiffs are prosecuting the Actions on their own behalf and on behalf of a proposed class against Lufthansa;

WHEREAS, Plaintiffs allege that Lufthansa participated in an unlawful conspiracy to restrain trade pursuant to which Lufthansa and its alleged co-conspirators, including the named defendants in the Actions, those named in related actions, as well as unnamed co-conspirators, agreed, among other things, to fix, raise, or maintain the prices of Airfreight Shipping Services for shipments within, to, or from the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

WHEREAS, Plaintiffs' counsel have conducted an investigation into the facts and the law regarding the Actions and any related class actions and have concluded that a settlement with Lufthansa according to the terms set forth below is in the best interest of Plaintiffs and the Settlement Class;

1

WHEREAS, Lufthansa has entered into the U.S. Department of Justice Antitrust Division's leniency program, which has "a policy of according leniency to corporations reporting their illegal antitrust activity at an early stage, if they meet certain conditions";

WHEREAS, Lufthansa's damages exposure is potentially limited by the terms of the Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237, 118 Stat. 665 (June 22, 2004) ("ACPERA");

WHEREAS, Lufthansa has thus far cooperated with Settlement Class Counsel in accordance with the provisions of ACPERA;

WHEREAS, Lufthansa does not admit through the execution of this Settlement Agreement any allegation of unlawful conduct alleged in the Actions;

WHEREAS, Lufthansa would assert a number of defenses to Plaintiffs' claims if the Actions proceeded further;

WHEREAS, Lufthansa has agreed to enter into this Settlement Agreement to avoid the further expense, inconvenience, and burden of this litigation and any other present or future litigation arising out of the facts that gave rise to this litigation; to avoid the risks inherent in uncertain complex litigation; and thereby to put to rest this controversy with valued business customers;

WHEREAS, Plaintiffs have agreed to accept this settlement, in part, because of the value of the Settlement Amount to be paid by Lufthansa under this Settlement Agreement and the value of the cooperation Lufthansa has made and agrees to render or make available to the Plaintiffs and the Settlement Class pursuant to this Settlement Agreement, as well as (i) the attendant risks of litigation in light of the potential

2

arguments that may be asserted by Lufthansa, and (ii) the desirability of permitting the settlement to be consummated as provided by the terms of this Agreement;

WHEREAS, Plaintiffs recognize the benefits of Lufthansa's early cooperation and recognize that, because of joint and several liability, this settlement with Lufthansa does not impair Plaintiffs' ability to collect the full amount of damages to which they may be entitled in the Actions;

WHEREAS, extensive arm's-length settlement negotiations have taken place between counsel for Lufthansa and Plaintiffs, and this Settlement Agreement, which embodies all of the terms and conditions of the settlement between Lufthansa and Plaintiffs, both individually and on behalf of the Settlement Class, has been reached, subject to approval of the Court;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Settlement Agreement, it is by and among the undersigned agreed that the Actions be settled, compromised, and dismissed with prejudice as to Lufthansa and the other Released Parties only, without costs, except as stated herein, subject to the approval of the Court, and the following terms and conditions.

A.    Class Definition

1.    "Settlement Class" means:  All persons and entities that purchased airfreight cargo shipping services for shipments within, to, or from the United States (hereinafter "Airfreight Shipping Services"), including those persons and entities that purchased Airfreight Shipping Services through freight forwarders, from any air cargo carrier (including, without limitation, those defendants named in the Actions, and specifically including Lufthansa) and/or any named or unnamed co-conspirators

3

(collectively, "Defendants") during the period from January 1, 2000 to the Execution Date of this Settlement Agreement. Excluded from the Settlement Class are Defendants, their respective parents, employees, subsidiaries, and affiliates, and all government entities.

B.    Definitions

The following terms, as used in this Settlement Agreement, have the following meanings:

2.    "Actions" means the action captioned *In re Aircargo Shipping Services Antitrust Litigation*, 06-MD-1775 (CBA) (VVP) (E.D.N.Y.), which is currently pending in the United States District Court for the Eastern District of New York, and including all actions transferred by the Judicial Panel for Multidistrict Litigation for coordination, all actions pending such transfer (including but not limited to "tag-along" actions), and all actions that may be transferred in the future.

3.    "Airfreight Shipping Services" means airfreight cargo shipping services for shipments within, to, or from the United States.

4.    "Claims" shall mean any and all actions, suits, claims, rights, demands, assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, debts, liabilities, judgments, or remedies (whether equitable or legal).

5.    "Class Counsel" means all counsel entering an appearance on behalf of Plaintiffs in the Actions.

6.    "Class Notice" means the notice to the Settlement Class approved by the Court.

4

7. "Class Period" means the period from and including January 1, 2000 up to and including the Execution Date of this Settlement Agreement.

8. "Class Representatives" or "Plaintiffs" means Niagara Frontier Distribution, Inc. and all other plaintiffs designated by the Court as class representatives, individually and on behalf of the Settlement Class.

9. "Cooperation Materials" means any information or material relevant to Claims in the Actions regarding airfreight cargo shipping services for shipments within, to, or from the United States, including, but not limited to, Documents, notes, depositions, deposition transcripts, interviews, interview transcripts, proffers, affidavits, declarations, statements by Lufthansa's counsel, and/or videos, requested by Plaintiffs and/or produced by Lufthansa under the terms of this Settlement Agreement or otherwise.

10. "Court" or "District Court" shall refer to the United States District Court for the Eastern District of New York and the Honorable Judge Carol Bagley Amon or her successor.

11. "Date of Final Approval" shall refer to the date this Settlement Agreement becomes final, as provided in Paragraph 34.

12. "Documents" means (i) all papers, computer or electronic records, or other materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure; and (ii) any copies, reproductions, or summaries of the foregoing, including microfilm copies or computer images.

13. "Execution Date" shall mean the date of the execution of this Settlement Agreement by counsel for all parties thereto.

5

14.     "Fairness Hearing" shall refer to the hearing held by the Court to determine whether this Settlement Agreement shall receive final approval pursuant to Federal Rule of Civil Procedure 23.

15.     "Imputed Recovery" shall refer to the cash recovery that would have been paid to any Person under this Settlement Agreement if such Person, otherwise qualifying as a member of the Settlement Class, had not validly elected to be excluded from the Settlement Class.  A Person's Imputed Recovery shall be estimated as best as practicable on the basis of statistics and other data in the event that more direct information is not available.

16.     "Lufthansa" means Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd., individually and collectively, and their respective subsidiaries, predecessors, successors, and affiliates.

17.     "Opt-Out Claim" means any Claim within the scope of the release set forth in Paragraph 35 made by a Person, otherwise qualifying as a member of the Settlement Class, that has validly excluded itself from the Settlement Class.

18.     "Parties" means Lufthansa and Plaintiffs.

19.     "Person" means an individual or an entity.

20.     "Released Parties" shall refer jointly and severally, individually and collectively, to Lufthansa, its predecessors, successors, parents, subsidiaries, divisions, departments, affiliates, heirs, executors, administrators, and any and all past, present, and future officers, directors, stockholders, partners, agents, attorneys, servants, employees, and assignees.  Notwithstanding the foregoing, "Released Parties" does not include (i) any other defendant formerly or currently named in the Actions; (ii) any other

6

defendant subsequently added or joined in the Actions; and/or (iii) any other co-conspirator.

21.    "Releasing Parties" shall refer individually and collectively, to Plaintiffs and all Settlement Class Members, on behalf of themselves and any person or entity claiming by or through them as an heir, administrator, devisee, predecessor, successor, parent, subsidiary, representative of any kind, shareholder, partner, director, owner of any kind, affiliate, assignee, agent, employee, contractor, attorney, or insurer, and to Settlement Class Counsel, on behalf of themselves and any person or entity claiming by or through them as an heir, administrator, devisee, predecessor, successor, parent, subsidiary, representative of any kind, shareholder, partner, director, owner of any kind, affiliate, assignee, agent, employee, contractor, attorney, or insurer.

22.    "Settlement Agreement" or "Agreement" shall refer to this agreement, and all of its terms and conditions.

23.    "Settlement Amount" means eighty-five million dollars ($85,000,000.00).

24.    "Settlement Class Counsel" shall refer to the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C., 1100 New York Avenue N.W., Washington D.C. 20005, and such of its associated counsel that agree in writing to be bound by the terms of this Settlement Agreement.

25.    "Settlement Class Member" means each member of the Settlement Class that does not timely elect to be excluded from the Settlement Class.

26.     The "Settlement Fund" means the escrow account established

pursuant to Section G of this Settlement Agreement, including all monies held therein in

accordance with the terms of this Settlement Agreement.

    C.     Settlement Class Certification

    27.     Plaintiffs shall seek court certification of a class for settlement

purposes only defined as follows:

> All persons and entities that purchased airfreight cargo shipping services for
> shipments within, to, or from the United States (hereinafter "Airfreight Shipping
> Services"), including those persons and entities that purchased Airfreight
> Shipping Services through freight forwarders, from any air cargo carrier
> (including, without limitation, those defendants named in the Actions, and
> specifically including Lufthansa) and/or any named or unnamed co-conspirators
> (collectively, "Defendants") during the period from January 1, 2000 to the
> Execution Date of this Settlement Agreement. Excluded from the Settlement
> Class are Defendants, their respective parents, employees, subsidiaries, and
> affiliates, and all government entities.

    D.     Approval of this Settlement Agreement and Dismissal of Claims

    28.     Plaintiffs and Lufthansa shall use their best efforts to effectuate

this Settlement Agreement, including cooperating in promptly seeking the Court's

approval of procedures (including the giving of class notice under Federal Rules of Civil

Procedure 23(c) and (e)) to secure certification of the Settlement Class and the prompt,

complete, and final dismissal with prejudice of the Actions as to the Released Parties

only.

    29.     Within thirty (30) business days after the execution of this

Settlement Agreement, Plaintiffs shall submit to the District Court a motion, to be joined

by Lufthansa, requesting entry of an Order preliminarily approving the settlement and

8

authorizing dissemination of notice to the Settlement Class.  That Order shall provide,

*inter alia*, that:

a.     the settlement proposed in the Settlement Agreement has been negotiated at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class;

b     the Class Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances for settlement purposes;

c.     the Settlement Class defined herein be certified, designating Class Representatives and Settlement Class Counsel as defined herein, on the condition that the certification and designations shall be automatically vacated in the event that the Settlement Agreement is terminated pursuant to its terms or is not approved by the Court or any appellate court;

d.     a Fairness Hearing on the settlement proposed in this Settlement Agreement shall be held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court; and

e.     in aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiffs and all Settlement Class Members shall be preliminarily enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any of the Claims released in Paragraph 35 against any Released Party, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other forum wherever located.

30.     The Order shall include the proposed form of, method for, and date of dissemination of notice to the Settlement Class (the "Class Notice"). The Class Notice shall provide for a right of exclusion, as set forth in Paragraph 31, and shall provide that a request for exclusion must be postmarked (or mailed by overnight delivery) no later than

9

fourteen (14) days prior to the date set for the Fairness Hearing by the Court. The Class

Notice shall also provide for a right to object, as set forth in Paragraph 32. Individual

notice of the settlement shall be mailed to Persons that, to the extent permitted by

applicable law, are identified by Lufthansa as purchasers of Airfreight Shipping Services

from Lufthansa during the Class Period. Notice to other members of the Settlement Class

shall be by publication in appropriate publications, if approved by the Court. Lufthansa,

to the extent permitted by applicable law, shall, at its own expense, supply to Settlement

Class Counsel in electronic mailing format, or such form as may reasonably be requested

by Settlement Class Counsel, the names and addresses of potential Settlement Class

Members as it has in its files.

31.     Right of Exclusion. Any Person seeking exclusion from the

Settlement Class must file a timely written request for exclusion as provided in this

Paragraph. Any Person that files such a request shall be excluded from the Settlement

Class, shall have no rights with respect to this Settlement Agreement, and shall receive no

payments as provided in this Settlement Agreement. A request for exclusion must be in

writing and state the name, address, and phone number of the Person(s) seeking

exclusion. Each request must also contain a signed statement that "I/we hereby request

that I/we be excluded from the proposed Settlement Class in the *In re Aircargo Shipping*

*Services Antitrust Litigation.*" The request must be mailed to Settlement Class Counsel at

the address provided in the Class Notice and postmarked (or mailed by overnight

delivery) no later than fourteen (14) days prior to the date set for the Fairness Hearing or

any other date set by the Court. A request for exclusion that does not include all of the

foregoing information, that does not contain the proper signature, that is sent to an

10

address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) serving such an invalid request shall be Settlement Class Members and shall be bound by this Settlement Agreement, if approved. Settlement Class Counsel shall promptly forward copies of all requests for exclusion, as they are received, to Lufthansa's counsel. To the extent permitted by the Court, the Parties agree that any Person that has properly excluded itself from the Settlement Class shall be permitted to apply to the Court for good cause shown to re-enter the Settlement Class at the time of distribution of the Settlement Fund, with the same rights and obligations under this Settlement Agreement as the Settlement Class Members.

32.    Right to Object. Any Person who has not requested exclusion from the Settlement Class and who objects to the settlement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant. However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes (a) a notice of intention to appear, (b) proof of membership in the Settlement Class, and (c) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider. Such a written objection must be both filed with the Court no later than fourteen (14) days prior to the date set for the Fairness Hearing and mailed to Settlement Class Counsel and Lufthansa's counsel at the addresses provided in the Class Notice and postmarked (or mailed by overnight delivery) no later than fourteen (14) days prior to the date of the Fairness

11

Hearing. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived its objections and will forever be barred from making any such objections in the Actions or in any other action or proceeding, unless otherwise excused for good cause shown as determined by the Court.

33.    If this Settlement Agreement is preliminarily approved by the Court, Plaintiffs and Lufthansa shall jointly seek entry of a final judgment order that, *inter alia*:

(a)    approves finally this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(b)    determines that the Class Notice constituted, under the circumstances, the most effective and practicable notice of this Settlement Agreement and the Fairness Hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice;

(c)    directs that, as to the Released Parties, any and all then currently pending class action lawsuits directly related to the subject matter of the action captioned *In re Aircargo Shipping Services Antitrust Litigation*, 06-MD-1775 (CBA) (VVP) (E.D.N.Y.) be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs. Such dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the Release in Paragraph 35;

(d)    orders that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Claims released in Paragraph 35 against any Released Party, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other forum wherever located;

12

      (e)    retains exclusive jurisdiction over the settlement and this
Settlement Agreement, including the administration and
consummation of this settlement; and

      (f)    determines under Federal Rule of Civil Procedure 54(b) that there
is no just reason for delay and directing that the judgment of
dismissal as to the Released Parties shall be final and entered
forthwith.

      34.    This Settlement Agreement shall become final on the date that:

(a) the Court has entered a final judgment order approving this Settlement Agreement

under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing

the Actions as against all Released Parties with prejudice as to all Settlement Class

Members and without costs; and (b) the time for appeal or to seek permission to appeal

from the Court's approval of this Settlement Agreement and entry of a final judgment as

described in clause (a) above has expired or, if appealed, approval of this Settlement

Agreement and the final judgment has been affirmed in its entirety by the court of last

resort to which such appeal has been taken and such affirmance has become no longer

subject to further appeal or review.  It is agreed that neither the provisions of Rule 60 of

the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be

taken into account in determining the above-stated times.

    E.    Release and Discharge

      35.    Upon the occurrence of the Date of Final Approval, and in

consideration of payment of the Settlement Amount, as specified in Section F of this

Settlement Agreement, and for other valuable consideration set forth in the Agreement,

including Lufthansa's commitment to provide continuing compliance with the

cooperation provisions of this Settlement Agreement set forth in Section J below, the

Releasing Parties shall be deemed to and do hereby remise, release, and forever discharge

13

the Released Parties of and from any and all Claims arising from or in any way related to,
the pricing of or compensation related to airfreight cargo shipping services provided by
Lufthansa, any other air cargo carrier (including, without limitation, those defendants
named in the Actions), and/or any named or unnamed co-conspirators, for shipments
within, to, or from the United States (and specifically including, without limitation,
Claims in any way related to cargo rates, fuel surcharges, security surcharges, United
States customs surcharges, war risk surcharges, commissions, incentives, rebates, credits,
yields, or any other element of the price of or the compensation related to airfreight cargo
shipping services), whether such Claims are based on federal, state, local, statutory, or
common law, or any other law, code, rule, or regulation of any country or other
jurisdiction worldwide, including known or unknown, suspected or unsuspected, asserted
or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated
Claims that have been, could have been, or in the future might be asserted by any of the
Releasing Parties in any action or proceeding in any court or forum, in any country or
other jurisdiction worldwide, regardless of legal theory, and regardless of the type or
amount of relief or damages claimed.

36.     The Releasing Parties covenant not to sue any Released Party for
any transaction, event, circumstance, action, failure to act, or occurrence of any sort or
type arising out of or related to the Actions or the Claims released in Paragraph 35. This
Paragraph shall not apply to any action to enforce this Settlement Agreement pursuant to
Paragraph 75.

14

37.     The Parties to this Agreement expressly agree and acknowledge that the release described in Paragraph 35 and the covenant described in Paragraph 36 constitute a full and final release by the Releasing Parties.

38.     This release set forth in Paragraph 35 constitutes a waiver of Section 1542 of the California Civil Code and Section 20-7-11 of the South Dakota Codified Laws, each of which provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and a waiver of any similar provision, statute, regulation, rule, or principle of law or equity of any other state or applicable jurisdiction.  In connection with the waiver and relinquishment set forth in this paragraph, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement Agreement, but that it is their intention, subject to Paragraph 39, to release fully, finally, and forever all Claims released in Paragraph 35, and in furtherance of such intention, this release shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

39.     In the event the U.S. Department of Justice indicts Lufthansa and in connection with such indictment the leniency granted Lufthansa by the U.S. Department of Justice is by final order of a court of competent jurisdiction withdrawn, revoked, or modified, and if Lufthansa has exhausted its appeals of such court order, then upon Plaintiffs' motion the Court may void this Agreement, or modify the scope of the release set forth in Paragraph 35 above, if and to an extent proportionate to the reasons

15

for such withdrawal, revocation, or modification.  In the event of such an indictment by the U.S. Department of Justice and, in relation thereto, judicial proceedings are pending concerning the revocation, withdrawal, or modification of the leniency granted Lufthansa, the obligations under this Settlement Agreement shall be held in abeyance pending a final decision by the courts on the issue.  Plaintiffs and Settlement Class Counsel agree to take no position as to whether the U.S. Department of Justice should seek withdrawal, revocation, or modification of the leniency granted Lufthansa.  Absent objection by the U.S. Department of Justice, Plaintiffs and Settlement Class Counsel will provide to Lufthansa all Documents produced to and correspondence with the U.S. Department of Justice in connection with the grand jury investigation of the air cargo industry.

       F.      Payment

       40.     Settlement Payment.  Subject to the provisions hereof, and in full, complete, and final settlement of the Actions as provided herein, Lufthansa shall pay the full Settlement Amount of  $85,000,000.00 in United States funds.  Within one (1) business day after the Execution Date of this Settlement Agreement, Lufthansa or its designee shall wire transfer 100% of the Settlement Amount into the Settlement Fund, which shall be established and administered pursuant to the provisions of Section G of this Agreement.  Before any wire transfer takes place, Settlement Class Counsel shall provide Lufthansa with information necessary to complete the wire transfer.

       41.     The Releasing Parties shall look solely to the Settlement Fund for settlement and satisfaction against the Released Parties of all Claims released in Paragraph 35, and shall have no other recovery against the Released Parties.

42.     The obligations of Lufthansa pursuant to this Agreement, including but not limited to the payment to the Settlement Fund of the Settlement Amount, are joint and several as to Deutsche Lufthansa AG. In the event of default or a declaration of bankruptcy by any of the entities that are defined collectively as Lufthansa, Deutsche Lufthansa AG shall continue to be obligated to fulfill all the provisions and obligations of this Agreement, including payment to the Settlement Fund of the entire Settlement Amount.

G.     The Settlement Fund

43.     The Settlement Fund shall be established as an escrow account at a bank designated by Settlement Class Counsel and administered by an escrow agent ("Escrow Agent") designated by Settlement Class Counsel with the approval of counsel for Lufthansa. The Settlement Fund shall be administered pursuant to this Agreement and subject to the Court's continuing supervision and control. No monies shall be paid from the Settlement Fund without the specific authorization of both Settlement Class Counsel and counsel for Lufthansa, and authorization may not be withheld if inconsistent with this Agreement. Counsel for the Parties agree to cooperate, in good faith, to form an appropriate escrow agreement in conformance with this Agreement.

44.     The Escrow Agent shall cause the funds held in the Settlement Fund to be invested in guaranteed United States and foreign investment vehicles, such as United States Government Treasury Bill or Notes of no more than six (6) months' duration. All interest earned on the Settlement Fund shall become and remain part of the Settlement Fund.

17

45.     After the Date of Final Approval, the Settlement Fund shall be distributed in accordance with the Plan of Distribution approved by the Court pursuant to Paragraph 76. Any refund due to Lufthansa pursuant to Paragraph 46 shall be made prior to such distribution.

46.     In the event that any Person requests exclusion from the Settlement Class in a valid manner, upon the request of Lufthansa the Court shall order a refund from the Settlement Fund to Lufthansa in an amount equaling such excluded Person's Imputed Recovery under this Settlement Agreement.

47.     Lufthansa shall be responsible for the costs of providing notice to the Settlement Class and for the costs of administering, investing, and distributing the Settlement Fund. However, with the exception of those specified in Section J of this Agreement, Lufthansa shall have no responsibility for any other costs, including, as further detailed in this Agreement, any attorneys' fees and expenses, any taxes or tax-related costs relating to the Settlement Fund, or any arbitration costs that the arbitrator assigns to the Settlement Class, but all such fees, expenses, or costs shall be paid from the Settlement Fund.

48.     With regard to those costs for which Lufthansa is responsible, the Settlement Class Counsel and/or agent responsible for administering, investing, and/or distributing the Settlement Fund, as appropriate, shall, on a monthly basis, submit invoices, with appropriate supporting documentation, to Lufthansa for payment. Such invoices shall be payable within sixty (60) days after receipt by Lufthansa. If, after discussion, Lufthansa challenges any costs listed on an invoice, Lufthansa may apply to the arbitrator selected pursuant to Paragraph 61 to resolve the matter within twenty (20)

18

business days after the deadline for payment, and may withhold payment of the
challenged costs if payment has not already been made, pending resolution by the
arbitrator.

49.     With the object of reducing the costs of notice, Settlement Class
Counsel shall use their reasonable best efforts to coordinate the provision of notice
pertaining to this Settlement Agreement with the provision of notice for any other
settlements that have or may be reached.  In such circumstances, the costs of provision of
notice shall be allocated equally among settling defendants.

50.     Other than the payment of costs as provided in Paragraph 47,
Lufthansa shall have no responsibility or liability relating to the administration,
investment, or distribution of the Settlement Fund.

51.     Plaintiffs and Settlement Class Counsel shall be reimbursed and
paid solely out of the Settlement Fund for attorneys' fees, costs, and expenses.  No
attorneys' fees or expenses shall be paid from the Settlement Fund prior to the Date of
Final Approval, except as otherwise provided in this Agreement.  Lufthansa shall not be
liable for any costs, fees, or expenses of any of Plaintiffs or Settlement Class Members'
respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees,
and expenses as approved by the Court shall be paid out of the Settlement Fund.

H.     Taxes

52.     The Escrow Agent shall be solely responsible for filing all
informational and other tax returns necessary to report any net taxable income earned by
the Settlement Fund and shall file all informational and other tax returns necessary to
report any income earned by the Settlement Fund and shall be solely responsible for

19

taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid from the Settlement Fund. Lufthansa shall have no responsibility to make any filings relating to the Settlement Fund, will not be considered a payee of any income earned by the Settlement Fund, and will have no responsibility to pay tax on any income earned by the Settlement Fund or pay taxes, if any, on the Settlement Fund. If the settlement is not consummated and, to the extent amounts constituting the Settlement Fund are returned to Lufthansa, Lufthansa shall be responsible for the payment of any taxes owed by it with respect to income on such amounts after the time such amounts are distributed to Lufthansa by the Escrow Agent.

I.      Rescission if the Settlement Agreement is Not Finally Approved

53.     If the Court declines to approve this Settlement Agreement or any material part hereof; or if the Court approves this Settlement Agreement in a materially modified form; or if, after the Court's approval, such approval is materially modified or set aside on appeal; or if the Court does not enter the final judgment and order; or if the Court enters the final judgment and order and appellate review is sought and, on such review, such final judgment and order is not affirmed; then Lufthansa and the Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety, subject to the obligations contained in Paragraphs 56 and 57, and any and all amounts then constituting the Settlement Fund (including all interest earned thereon) shall be returned forthwith to Lufthansa, less only such disbursements properly made in accordance with this Agreement. A modification or reversal on appeal

20

of any amount of Class Counsel's fees and expenses awarded by the Court from the

Settlement Fund or any Plan of Distribution of the Settlement Fund shall not be deemed a

material modification of all or a part of the terms of this Agreement or such final

judgment.

      J.     Cooperation Obligations

      54.     Upon execution of this Settlement Agreement, Lufthansa shall

begin to undertake to support Plaintiffs' prosecution of the Actions and begin to provide

Cooperation Materials as appropriate. The terms of Lufthansa's support for Plaintiffs'

prosecution of the Actions and provision of Cooperation Materials are set forth

specifically below.

      (a)     Interviews. Lufthansa shall make available, at a location of its

choice, for interviews with Settlement Class Counsel and/or experts, upon

reasonable notice, and at Lufthansa's expense, all current and former directors,

officers, and employees of Lufthansa who have been interviewed by the U.S.

Department of Justice, the European Commission, or any other national

competition authority investigating the air cargo industry. For persons

interviewed only by the European Commission or one or more national

competition authorities other than the U.S. Department of Justice, Lufthansa shall

not be obligated to make them available pursuant to this subsection unless (i) the

proposed individual possesses information concerning anti-competitive behavior

affecting air cargo commerce within, to, or from the United States, and (ii) such

information was a subject of his or her interview with the European Commission

or other national competition authority. In addition, Lufthansa shall make

21

available, at a location of its choice, for interviews with Settlement Class Counsel and/or experts, upon reasonable notice, and at Lufthansa's expense, five (5) additional current and former directors, officers, and employees of Lufthansa who Settlement Class Counsel, in consultation with counsel for Lufthansa, reasonably believe to have knowledge regarding Plaintiffs' claims as alleged in the Actions. Lufthansa also shall make available for interviews at a location of its choice, upon reasonable notice, and at Lufthansa's expense, additional current and former directors, officers, and employees of Lufthansa, provided such interviews are reasonably necessary to Plaintiffs' prosecution of the claims alleged in the Actions. An "interview" for purposes of this Paragraph shall last no longer than one (1) day and no longer than eight hours during that day, including reasonable breaks. Notwithstanding any other provision of this Settlement Agreement, in the event Lufthansa believes that Plaintiffs have unreasonably designated any current or former director, officer, or employee of Lufthansa for interview, Lufthansa may challenge that designation before the arbitrator selected pursuant to Paragraph 61.

    (b)    Declarations and Affidavits. Lufthansa shall make available for the provision of declarations and/or affidavits, upon reasonable notice, any current and former directors, officers, and employees of Lufthansa who have been interviewed by the U.S. Department of Justice, the European Commission, or any other national competition authority investigating the air cargo industry. For persons interviewed only by the European Commission or one or more national competition authorities other than the U.S. Department of Justice, Lufthansa shall

not be obligated to make them available pursuant to this subsection unless (i) the proposed individual possesses information concerning anti-competitive behavior affecting air cargo commerce into or out of the United States, and (ii) such information was a subject of his or her interview with the European Commission or other national competition authority. Lufthansa also shall make available for the provision of declarations and/or affidavits, five (5) current and former directors, officers, and employees of Lufthansa who Settlement Class Counsel, in consultation with counsel for Lufthansa, reasonably believe to have knowledge regarding Plaintiffs' claims as alleged in the Actions. Lufthansa also shall provide declarations and/or affidavits, upon reasonable notice, by additional current and former directors, officers, and employees of Lufthansa, provided such declarations and/or affidavits are reasonably necessary to Plaintiffs' prosecution of the claims as alleged in the Actions. Notwithstanding any other provision of this Settlement Agreement, in the event Lufthansa believes that Plaintiffs have unreasonably designated any current or former director, officer, or employee of Lufthansa for the provision of a declaration or affidavit, Lufthansa may challenge that designation before the arbitrator selected pursuant to Paragraph 61.

      (c)    Depositions. Lufthansa shall make available for depositions in the United States with Settlement Class Counsel, upon reasonable notice, and at Lufthansa's expense, any current and former directors, officers, and employees of Lufthansa who have been interviewed by the U.S. Department of Justice, the European Commission, or any other national competition authority investigating the air cargo industry. Written notice served by Settlement Class Counsel upon

Lufthansa's counsel shall constitute sufficient service of notice of any depositions requested under this Paragraph. For persons interviewed only by the European Commission, or one or more national competition authorities other than the U.S. Department of Justice, Lufthansa shall not be obligated to make them available pursuant to this subsection unless (i) the proposed individual possesses information concerning anti-competitive behavior affecting air cargo commerce into or out of the United States, and (ii) such information was a subject of his or her interview with the European Commission or other national competition authority. Lufthansa also shall make available for depositions with Settlement Class Counsel at a location of Lufthansa's choice, upon reasonable notice, and at Lufthansa's expense, five (5) additional current and former directors, officers, and employees of Lufthansa who Settlement Class Counsel, in consultation with counsel for Lufthansa, reasonably believe to have knowledge regarding Plaintiffs' claims as alleged in the Actions. Lufthansa shall make available for depositions with Settlement Class Counsel at a location of Lufthansa's choice, upon reasonable notice, and at Lufthansa's expense, additional current and former directors, officers, and employees of Lufthansa, provided such depositions are reasonably necessary to Plaintiffs' prosecution of the claims as alleged in the Actions. Notwithstanding any other provision of this Settlement Agreement, in the event Lufthansa believes that Plaintiffs have unreasonably designated any current or former director, officer, or employee of Lufthansa for deposition, Lufthansa may challenge that designation before the arbitrator selected pursuant to Paragraph 61.

24

(d)     Depositions shall be administered according to the rules and limitations of the Federal Rules of Civil Procedure (U.S.), regardless of the location at which they take place or the citizenship of the deponent.  Subject to the provisions of Paragraph 63, no provision of any foreign procedural law, whether based in case law, statutory law, or public policy, shall override the Federal Rules of Civil Procedure during the taking of such depositions.

(e)     Testimony at Trial.  Lufthansa shall make available for testimony at trial, upon reasonable notice, and at Lufthansa's expense, any current and former directors, officers, and employees of Lufthansa who have been interviewed by the U.S. Department of Justice, the European Commission, or any other national competition authority investigating the air cargo industry.  For persons interviewed only by the European Commission, or one or more national competition authorities other than the U.S. Department of Justice, Lufthansa shall not be obligated to make them available pursuant to this subsection unless (i) the proposed individual possesses information concerning anti-competitive behavior affecting air cargo commerce into or out of the United States, and (ii) such information was a subject of his or her interview with the European Commission or other national competition authority.  Lufthansa also shall make available for testimony at trial, upon reasonable notice, five (5) additional current and former directors, officers, and employees of Lufthansa who Settlement Class Counsel, in consultation with counsel for Lufthansa, reasonably believe to have knowledge regarding Plaintiffs' claims as alleged in the Class Actions.  Lufthansa shall make available for testimony at trial, upon reasonable notice, and at Lufthansa's

25

expense, additional current and former directors, officers, and employees of Lufthansa, provided such trial testimony is reasonably necessary to Plaintiffs' prosecution of the claims as alleged in the Actions. Notwithstanding any other provision of this Settlement Agreement, in the event Lufthansa believes that Plaintiffs have unreasonably designated any current or former director, officer, or employee of Lufthansa for testimony at trial, Lufthansa may challenge that designation before the arbitrator selected pursuant to Paragraph 61.

(f)     Efforts as to Former Directors, Officers, and Employees. With respect to all former directors, officers, and employees mentioned in the above Subparagraphs, Lufthansa shall make reasonable efforts to have such former directors, officers, and employees appear for interviews, depositions, and trial testimony, and to provide declarations and/or affidavits, under the same conditions provided under this agreement for the current directors, officers, and employees of Lufthansa. Any former directors, officers, and employees made available under this Paragraph shall be made available at a mutually agreeable time and place. The failure of a former director, officer, or employee to agree to make his or herself available to or otherwise cooperate with Plaintiffs shall not constitute a breach of Lufthansa's obligations under this Settlement Agreement. Any dispute regarding the sufficiency of Lufthansa's efforts in this regard shall be brought to the arbitrator selected pursuant to Paragraph 61.

(g)     Production of Documents. Beginning within five (5) days of the Court's granting preliminary approval to this Settlement Agreement, Lufthansa shall, to the extent not previously produced and subject to the limitations set forth

26

in Paragraphs 57 and 55 of this Settlement Agreement, promptly produce to
Settlement Class Counsel the following categories of Documents, to the extent
such Documents are in its possession, custody, or control: (i) worldwide
transaction data in electronic format for all of Lufthansa's sales of airfreight cargo
shipping services for the period January 1, 1993 through the Execution Date;
(ii) all price announcements for Airfreight Shipping Services, and/or surcharges
related thereto, for shipments within, to, or from the United States for the period
January 1, 1993 through the Execution Date; (iii) all Documents relating to or
reflecting actual or potential communications between two or more air cargo
carriers regarding the prices at which, or the customers to whom, Airfreight
Shipping Services, and/or surcharges related thereto, would be or had been sold
for shipments within, to, or from the United States for the period January 1, 1993
through the Execution Date; (iv) copies of all Documents produced to the U.S.
Department of Justice, the European Commission, or any other national
competition authority investigating the air cargo industry, provided that such
documents concern air cargo commerce within, to, or from the United States; and
(v) upon reasonable and specific requests, and within a reasonable time frame,
any other Documents relevant to Plaintiffs' claims as alleged in the Class Actions.
With respect to the Documents described in subsection (iv) of this Paragraph,
Lufthansa agrees to produce to Settlement Class Counsel all Documents produced
to the U.S. Department of Justice and/or the European Commission within ten
(10) business days of the Execution Date. Wherever feasible, counsel for the
Parties shall agree to reasonable custodial and search-term limitations on the

27

document-production obligations enumerated in this Paragraph. The obligations under this Paragraph shall apply only to Documents in Lufthansa's possession, custody, or control. Lufthansa makes no representation that it has a complete set of records within the categories described above. Lufthansa states that documents in the possession of the Administrator of the SAirGroup AG liquidation or the SAirGroup companies themselves are not in the possession, custody, or control of Lufthansa, specifically including Swiss International Air Lines Ltd., and Lufthansa has no legal right to obtain such documents.

(h)     Nothing in this Agreement shall be construed to require Lufthansa to produce any Cooperation Materials to the extent such production is prohibited by court order entered after the Execution Date.

(i)     Authentication of Documents. Lufthansa agrees to produce at trial and/or deposition, or through affidavits or declarations, up to five (5) representatives of its choice qualified to establish for admission into evidence any of Lufthansa's Documents produced or to be produced in the litigation, evidence of Lufthansa's sales of Airfreight Shipping Services, and/or surcharges related thereto, for shipments within, to, or from the United States for the period January 1, 1993 through the Execution Date, and any other Documents of Lufthansa, and, to the extent possible, any Documents produced by any of Lufthansa's alleged co-conspirators. Lufthansa agrees to produce at trial and/or deposition, or through affidavits or declarations, additional representatives of its choice for the purposes described in this Paragraph, provided such additional representatives are reasonably necessary to Plaintiffs' prosecution of the claims as alleged in the

28

Actions. Any dispute regarding the requirements of this Paragraph shall be brought to the arbitrator selected pursuant to Paragraph 61.

(j)    Meetings with Counsel. Lufthansa agrees that its counsel will meet with Settlement Class Counsel on one occasion, within ten (10) business days of the Execution Date, and for a period not to exceed three hours, to provide a general description of the times, places, and corporate participants relating to the conduct at issue in the Actions. Additionally, Lufthansa agrees that its counsel will meet as often as is reasonable and necessary with Settlement Class Counsel, beginning within five (5) days of the Court's granting preliminary approval of the proposed Settlement Agreement, to support Plaintiffs' prosecution of the Actions. Lufthansa also agrees that its counsel shall provide to Settlement Class Counsel, within five (5) days of the Court's granting preliminary approval to the Settlement Agreement, a detailed oral proffer of the facts then known regarding the anticompetitive conduct alleged in the Actions. Notwithstanding any other provision in this Settlement Agreement, Plaintiffs and Settlement Class Counsel agree that they shall maintain all statements made by Lufthansa's counsel under this subparagraph strictly confidential; that they shall never disclose such statements, whether in verbatim, summary, or any other form; and that they shall not use directly or indirectly the information so received for any other purpose than the prosecution of these Actions. The Parties and their counsel further agree that any statements made by Lufthansa's counsel under this subparagraph shall be protected by Federal Rule of Evidence 408, and shall in no event be discoverable by any Person or treated as evidence of any kind.

29

55.    Work-Product Doctrine and Attorney-Client Privilege. Lufthansa
shall produce any relevant Documents or information obtained through its own internal
investigation of the air cargo industry, including factual attorney work product so
obtained. With that sole exception, and notwithstanding any other provision in this
Settlement Agreement, Lufthansa may assert where applicable the work-product doctrine
and the attorney-client privilege with respect to any Cooperation Materials (including
Documents, statements, testimony, material, and/or information) requested under this
Settlement Agreement. Lufthansa will not withhold factual attorney work product if
Plaintiffs have a substantial need for the factual information contained in such work
product and such factual information is not otherwise obtainable from Lufthansa without
undue hardship. Any work product provided to Plaintiffs shall be subject to the strict
confidentiality rules set forth below in Paragraph 57, shall not be introduced in Court, is
intended solely to further the common, cooperative interests of the Parties, and shall not
be deemed to constitute a waiver of any privilege or the work-product doctrine itself.
With the exception of Documents created by, or prepared for or at the direction of,
litigation counsel in connection with the Actions, which as a matter of convenience need
not be logged, for Documents withheld from production pursuant to the attorney-client
privilege and/or the work-product doctrine, Lufthansa shall provide a privilege log
describing such Documents in sufficient detail so as to explain the nature of the privilege
asserted, and Lufthansa agrees that its counsel will meet with Settlement Class Counsel
as is reasonably necessary to discuss such Documents and any applicable privilege or
protection. If any dispute arises between the Parties regarding the propriety of
withholding any attorney-client or work-product materials pursuant to this Paragraph, the

issue shall be presented for resolution to the arbitrator selected pursuant to Paragraph 61.

Further, if any Documents protected by the attorney-client privilege and/or the work-product doctrine are accidentally or inadvertently produced, these Documents shall be promptly returned to Lufthansa, and their production shall in no way be construed to have waived in any manner any privilege or protection attached to such Documents. No Document shall be withheld under claim of privilege or work product if produced to or made available to the U.S. Department of Justice, the European Commission, or any other national competition authority, other than privileged Documents inadvertently produced to the U.S. Department of Justice, the European Commission, or any other national competition authority, which Documents Lufthansa requested be returned on the basis of the attorney-client privilege or work-product doctrine.

   56. In the event that the Settlement Agreement is rescinded, rejected by the Court, or otherwise fails to take effect, Plaintiffs shall, upon request by Lufthansa, return to Lufthansa all Documents and other Cooperation Materials, and all copies of such Documents and other Cooperation Materials, provided by Lufthansa under this Agreement or otherwise. In the event any Documents and other Cooperation Materials are incapable of being physically returned to Lufthansa, Lufthansa shall witness Plaintiffs destroy all such Documents and other Cooperation Materials, and Plaintiffs shall provide Lufthansa with a written certification by Settlement Class Counsel of such destruction. The requirements of this Paragraph shall also apply to all Documents and other Cooperation Materials shared by Settlement Class Counsel with experts under Paragraph 57.

57.    Confidentiality. All Documents and other Cooperation Materials provided by Lufthansa to Plaintiffs and/or Settlement Class Counsel under this Settlement Agreement or otherwise shall be confidential, shall be used only in connection with the Actions and only for the prosecution of Claims regarding airfreight cargo shipping services for shipments within, to, or from the United States, and shall not be used directly or indirectly for any other purpose. No Documents or other Cooperation Materials provided by Lufthansa to Plaintiffs and/or Settlement Class Counsel pursuant to this Settlement Agreement or otherwise may be disclosed by Plaintiffs and/or Settlement Class Counsel to any Person (other than experts retained by Plaintiffs and Lufthansa in the course of the Actions), including absent Settlement Class Members, Persons that have excluded themselves from the Settlement Class, and counsel for such absent Settlement Class Members or excluded Persons, except as provided under the terms of a Protective Order to be agreed upon by the Parties after the Execution Date and approved by the Court ("Protective Order"), and subject to any other additional protections, if not inconsistent with the Protective Order and this Agreement, provided in any other protective order that may be entered by the Court in these Actions. The Protective Order shall provide, at a minimum, that Documents or Cooperation Materials provided by Lufthansa to Plaintiffs and/or Settlement Class Counsel pursuant to this Settlement Agreement or otherwise may not be disclosed by Plaintiffs and/or Settlement Class Counsel in the course of the Actions to any other person or party (other than experts retained by Plaintiffs and Lufthansa in the course of the Actions) except under the following circumstances: (i) with Lufthansa's express written consent; (ii) pursuant to an order of the Court; (iii) in filing or presenting such Documents and/or Cooperation

32

Materials at a hearing or trial of the Actions, provided that the foregoing are not protected by the attorney-client privilege and/or the work-product doctrine; or (iv) at Lufthansa's request pursuant to the coordination of Cooperation Materials by Settlement Class Counsel. Settlement Class Counsel agrees that even if filed with the Court or produced at a hearing, deposition, or trial, Documents and other Cooperation Materials designated as "Confidential" or "Highly Confidential" in accordance with the Protective Order shall retain the protection of that Order until the Court directs otherwise. The confidentiality requirements in this Paragraph will continue to bind Plaintiffs and Settlement Class Counsel even in the event that the Settlement Agreement is rescinded, rejected by the Court, or otherwise fails to take effect. The requirements of this Paragraph shall also apply to all Documents and other Cooperation Materials shared by Settlement Class Counsel with experts under this Paragraph. In the event the Protective Order as described above has not been entered by the Court at the time any Documents or other Cooperation Materials are produced by Lufthansa under this Agreement, Settlement Class Counsel agrees that it cannot in any way use or share these materials with any other Person until the Protective Order has been agreed upon by the Parties and approved by the Court.

58.    The provisions set forth in Section J of this Settlement Agreement shall constitute the exclusive means by which Plaintiffs and Settlement Class Counsel may obtain discovery from Lufthansa or its officers, directors, or employees, and Plaintiffs and Settlement Class Counsel shall pursue no other means of discovery against Lufthansa or its officers, directors, or employees, whether under the Federal Rules of Civil Procedure or the laws or rules of any other jurisdiction.

59.     Any cooperation, in any form detailed above or otherwise,

provided by Lufthansa to any Person or their counsel other than Plaintiffs and Settlement

Class Counsel pursuant to this or any other settlement agreement in the Actions, or in any

related case brought by any other Person, shall be provided by Lufthansa to Settlement

Class Counsel herein in the first instance and shall be coordinated with and by Settlement

Class Counsel herein in the first instance. Plaintiffs and Settlement Class Counsel agree

to cooperate reasonably with Lufthansa's provision of cooperation to any Person or their

counsel. Moreover, Lufthansa shall express no opinion as to whether the Settlement

Class may move on a quantum meruit basis against any Persons for attaining the benefits

of any such cooperation.

60.     The Settlement Class and Settlement Class Counsel agree that, in

the event any question arises whether Lufthansa's cooperation in the form detailed above

is sufficient under the terms of ACPERA, the Settlement Class and Settlement Class

Counsel will attest on behalf of Lufthansa that cooperation in the form detailed above is

sufficient under the terms of ACPERA. If this Settlement Agreement is rescinded or

rejected for any reason, the Settlement Class and Settlement Class Counsel shall in no

event claim or assert, in any manner, that Lufthansa's cooperation conduct up until the

date of rescission or rejection was insufficient under the terms of ACPERA.

61.     Lufthansa and its present, former, and future directors, officers,

and employees and the Settlement Class Members and Settlement Class Counsel agree

that all disputes, claims, or controversies arising in connection with, pursuant to, or

related to the cooperation terms of this Settlement Agreement as to which the Parties

have agreed to arbitrate shall be finally resolved by a mutually agreed upon arbitrator

34

bound by the rules in the Federal Arbitration Act ("FAA"). Lufthansa shall bear all costs of such arbitration, unless the arbitrator in his or her discretion finds it reasonable to assess such costs solely to the Settlement Class, or to Lufthansa and the Settlement Class jointly. In considering the reasonableness of any request made pursuant to the provisions of this Settlement Agreement, the arbitrator shall weigh the burden and expense of complying with the request against the importance of the subject matter of the request to Plaintiffs' prosecution of the claims as alleged in the Actions.

62.     Lufthansa's obligations to cooperate shall not be affected by the release set forth in Paragraph 35 of this Settlement Agreement. Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, Lufthansa's obligations to cooperate under this Agreement shall continue until the date that final judgment has been rendered in the Actions against all defendants, and shall terminate at that time.

63.     Nothing in this Settlement Agreement shall be construed to require Lufthansa to commit any act, including the transmittal or disclosure of any information, which would violate any federal, state, or local privacy law, or any privacy law of a foreign jurisdiction. To the extent Lufthansa withholds information, including Documents and testimony, on the basis of any privacy law or other rule protecting such information, Lufthansa shall create a log describing the basis for withholding this information. The Parties recognize that there are blocking statutes and other laws in Germany, Switzerland, and other countries that could interfere with Lufthansa's ability to cooperate fully under the terms of this Agreement. Lufthansa agrees to take all reasonable measures to achieve full cooperation under the terms of this Agreement while complying with such laws and the decisions of the United States courts on the effect of

35

such laws on pre-trial discovery obligations. To the extent Lufthansa withholds
information, including Documents and testimony, on the basis of any blocking statute, or
other law, Lufthansa shall create a log describing the basis for withholding this
information. Any disputes arising under this Paragraph shall be presented for resolution
to the arbitrator selected pursuant to Paragraph 61.

     K.     Reservation of Settlement Class Members' Rights Against Other
           Defendants

     64.     All rights of any Settlement Class Member against former, current,
or future defendants or co-conspirators or any other Person other than the Released
Parties, for sales made by Lufthansa, are specifically reserved by Plaintiffs and the
Settlement Class Members. The sales of Airfreight Shipping Services by Lufthansa shall,
to the extent permitted and/or authorized by law, remain in the case against the other
current or future defendants in the Actions as a potential basis for damage claims and
shall be part of any joint and several liability claims against the other current or future
defendants in the Actions or other persons or entities other than the Released Parties.

     L.     Most Favored Nation Provisions

     65.     Lufthansa agrees that the Settlement Class shall enjoy limited Most
Favored Nation status with respect to the consideration provided under this Settlement
Agreement, in the manner and subject to the limitations provided herein.

     (a)     Any agreement entered into by Lufthansa that resolves or
compromises any Opt-Out Claim (but specifically excluding any such agreement
entered into within thirty (30) days of trial in the action to which the settlement
relates, even if the trial date is adjourned after the agreement is reached, or

36

entered into within thirty (30) days from the date of adjournment if the trial date is adjourned before an agreement is reached) (an "Opt-Out Settlement") shall: (i) be in writing; (ii) specify the amount of any cash consideration paid by Lufthansa to compromise or resolve such Opt-Out Claim; and (iii) set forth the sales by Lufthansa to such Person asserting the Opt-Out Claim.

(b)     Within thirty (30) days of such an Opt-Out Settlement, Lufthansa shall provide Settlement Class Counsel with a calculation as to the amount of any Supplemental Payment that it is obligated to make pursuant to subparagraph (c) of this Paragraph.

(c)     In the event that the cash consideration paid by Lufthansa to a Person pursuant to an Opt-Out Settlement (the "Opt-Out Recovery") exceeds such Person's Imputed Recovery, Lufthansa shall be obligated to make a Supplemental Payment to the Settlement Fund in the amount by which the Opt-Out Recovery exceeds such Person's Imputed Recovery.  This Supplemental Payment shall not factor into any computation of attorneys' fees under this Agreement.

(d)     The Parties agree to appoint a person (the "Neutral") who, if and when requested to do so by Settlement Class Counsel, will determine whether Lufthansa is complying with the provisions of this Paragraph.  The Parties shall share equally the costs for the Neutral.  If Settlement Class Counsel makes such a request to counsel for Lufthansa, Lufthansa will provide the Neutral with a copy of this Agreement, as well as any other documents and information the Neutral may reasonably request in connection with his or her work under this Paragraph. Before receiving any documents or information under this Paragraph, the Neutral

37

shall sign and deliver to counsel for Lufthansa an undertaking to keep any documents and information he or she receives from Lufthansa in his or her capacity as Neutral confidential, and not to disclose any such documents or information without the prior written consent of Lufthansa. The Neutral shall advise counsel for Lufthansa and Settlement Class Counsel in writing of his or her determination. If the Neutral determines that Lufthansa is required to make a payment into the Settlement Fund, within ten (10) business days after Lufthansa receives the written determination it shall deposit in the Settlement Fund the amount the Neutral determined should be paid. Lufthansa shall have the right to request reconsideration by the Neutral of his or her determination, but that shall not extend the time for payment to be made by Lufthansa into the Settlement Fund. If the Neutral reconsiders his or her determination and decides that the initial determination was too high, Lufthansa shall be paid the difference between the initial determination and the reconsidered determination from the Settlement Fund within ten (10) business days after counsel for Lufthansa and Class Settlement Class Counsel receive the written reconsidered determination.

(e)     Nothing herein shall be construed to prevent Lufthansa from entering into a confidential settlement agreement to compromise an Opt-Out Claim, provided that any such settlement agreement is made available to Settlement Class Counsel, who shall maintain the confidentiality thereof except as may be necessary to enforce the provisions of this Settlement Agreement. Nothing herein shall be construed to require Lufthansa to furnish Settlement Class Counsel with any settlement agreement, or any information regarding any

settlement, that is entered into within thirty (30) days prior to the date set for

commencement of trial in the action to which such settlement relates or within

thirty (30) days from the date of adjournment if the trial date is adjourned before

an agreement is reached.

66.     Plaintiffs, Settlement Class Members, and Settlement Class

Counsel agree that Lufthansa shall enjoy limited Most Favored Nation status with respect

to the consideration provided under this Settlement Agreement.

(a)     If Plaintiffs, any Settlement Class Member, and/or Settlement

Class Counsel seek to enter into a class settlement with another defendant named

in the Actions to resolve or compromise any claims asserted in the Actions (but

specifically excluding any agreement entered into with a defendant that was not

among the top twelve air cargo carriers in terms of scheduled freight tonne-

kilometres flown (international) as reported in World Air Transport Statistics (50th

Edition), or any agreement entered into within thirty (30) days of trial in the

action to which the settlement relates, even if the trial date is adjourned after the

agreement is reached, or entered into within thirty (30) days from the date of

adjournment if the trial date is adjourned before an agreement is reached) (a

"Qualifying Subsequent Settlement"), they shall ensure that such a settlement

agreement contains a provision that recognizes the binding force of this Paragraph

(without, however, conceding that an MFN Refund Amount is due under its

terms), and they shall in no event enter into an agreement that lacks such a

provision.

(b)      If Plaintiffs, any Settlement Class Member, and/or Settlement

Class Counsel enter into a Qualifying Subsequent Settlement, they shall provide a

copy of that settlement agreement to Lufthansa no later than the time of filing a

motion for preliminary approval of that settlement.

(c)      If a Qualifying Subsequent Settlement is approved by the Court

and becomes final and effective, and if the Settlement Ratio for that settlement,

calculated as described in subparagraph (d) below, is less than the Settlement

Ratio paid by Lufthansa under this Settlement Agreement, then Lufthansa shall be

entitled to receive, within ten (10) business days after the Qualifying Subsequent

Settlement becomes final and effective, an amount paid from that settlement

sufficient to reduce Lufthansa's Settlement Ratio to the Settlement Ratio for that

Qualifying Subsequent Settlement ("MFN Refund Amount").  The payment to

Lufthansa shall be made before any payment is made to class members under the

subsequent settlement, and the settlement agreement for that Qualifying

Subsequent Agreement shall expressly so provide. The amount of attorneys' fees

payable under this Settlement Agreement shall not be reduced or modified by any

payment to Lufthansa under this Paragraph.  The source of payment of the MFN

Refund Amount, if any, shall be solely from the funds recovered in a Qualifying

Subsequent Settlement.

(d)      For purposes of this Paragraph, the Settlement Ratio for this

Settlement Agreement and any Qualifying Subsequent Settlement is the number

obtained by dividing (x) the settlement amount paid by the settling defendant or

defendants (including attorneys' fees) by (y) the settling defendant or defendants' aggregate sales of Airfreight Shipping Services during calendar year 2005.

(e)     In the event that Plaintiffs, any Settlement Class Member, and/or Settlement Class Counsel enter into a Qualifying Subsequent Settlement, they agree, subject to any applicable protective order, to provide Lufthansa with reasonable access to the data they relied upon to determine the Settlement Ratio for the Qualifying Subsequent Settlement. The Parties agree that the amount of sales of Airfreight Shipping Services for purposes of this Paragraph shall be determined by reference to the transactional sales data provided by the settling defendant, or by reasonable estimates where such data are incomplete. In the event of a dispute over an estimate, the party disputing the estimate shall be entitled to have access to the data and assumptions that underlie the estimate.

(f)     Nothing herein shall give Lufthansa any standing to object to or appeal any settlement entered into by Plaintiffs, any Settlement Class Member, and/or Settlement Class Counsel with any defendant, provided, however, that Lufthansa retains its rights to enforce this Paragraph of the Settlement Agreement, including, without limitation, its right to seek an injunction to prevent Plaintiffs, any Settlement Class Member, and/or Settlement Class Counsel from consummating a class settlement agreement that lacks the provisions called for in subparagraphs (a) and (c) of this Paragraph.

(g)     The provisions of this Paragraph shall not apply to a Qualifying Subsequent Settlement entered into with a defendant that receives a more favorable Settlement Ratio than Lufthansa if Settlement Class Counsel can show

41

that: i) the more favorable Settlement Ratio reflects, based on all relevant evidence, that that defendant had materially less culpability in the price-fixing conspiracy alleged in the Actions when compared to the other alleged conspirators; or ii) the more favorable Settlement Ratio reflects, and is in proportion to, such defendant's significant financial inability to pay a higher settlement amount, based on all relevant evidence.

(h)     Any dispute regarding the rights and obligations under this Paragraph, including any dispute over the adequacy of any MFN Refund Amount paid pursuant to this Paragraph, shall be submitted to the Neutral described in Paragraph 65(d) for resolution in accordance with the terms set forth in that subparagraph.  Subject to the confidentiality undertaking called for in Paragraph 65(d), Lufthansa, Settlement Class Counsel, and the other settling defendant shall provide the Neutral with any documents and information the Neutral may reasonably request in connection with his or her work under this Paragraph.  The Parties shall share equally the costs for the Neutral.

M.    Miscellaneous

67.    This Agreement shall provide the sole and exclusive remedy for any and all Claims released under Paragraph 35 against any Released Party, and upon entry of the final judgment order by the Court, all Releasing Parties shall be forever barred from initiating, asserting, maintaining, or prosecuting any and all Claims released under Paragraph 35 against any Released Party.

68.    Upon execution of this Settlement Agreement, Settlement Class Counsel shall provide reasonable cooperation to stay or dismiss, as appropriate, any other

42

action or proceeding by any Releasing Party in respect of Claims released under Paragraph 35 pending now or in the future in state or federal court or any other forum against any Released Party.

69.    The Parties agree that Persons that exercised their opportunity to exclude themselves from the Settlement Class and do not reenter the Settlement Class as provided in Paragraph 31 are not entitled to the benefits and relief of this Settlement Agreement.  Notwithstanding the foregoing, Lufthansa may choose to provide cooperation to Persons that exercised their right to exclude themselves from the Settlement Class provided such cooperation is consistent with Paragraph 59.

70.    For the purpose of construing or interpreting this Settlement Agreement, Plaintiffs and Lufthansa agree that it is to be deemed to have been drafted equally by all parties hereto and shall not be construed strictly for or against any party.

71.    This Settlement Agreement shall constitute the entire agreement between Plaintiffs and Lufthansa pertaining to the settlement of the Actions against Lufthansa and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Lufthansa in connection therewith.  All terms of the Settlement Agreement are contractual and not mere recitals.  The terms of the Settlement Agreement are and shall be binding upon each of the parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the parties hereto including any Settlement Class Members.

72.    This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and Lufthansa, subject (if after preliminary or final

43

approval by any court) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

73.     Nothing in this Settlement Agreement constitutes an admission by Lufthansa as to the merits of the allegations made in these Actions, the validity of any defenses that could be asserted by Lufthansa, or the appropriateness of certification of any class other than the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure. This Settlement Agreement is without prejudice to the rights of Lufthansa to (i) challenge the Court's conditional class certification in the Actions should the Settlement Agreement not be approved or implemented for any reason, and/or (ii) oppose any certification or request for certification in any other proposed or certified class action.

74.     All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law or conflict-of-law principles.

75.     With the exception of matters expressly declared subject to arbitration in this Settlement Agreement, Lufthansa, Plaintiffs, their respective counsel, and the Settlement Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Eastern District of New York, for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein. The Parties and their respective counsel likewise agree that any appeal or other legal challenge to an

44

arbitral decision regarding this Agreement is subject to the exclusive jurisdiction of the United States District Court for the Eastern District of New York.

76.     The Parties acknowledge that the Settlement Class includes both shippers and freight forwarders, and both customers and non-customers of Lufthansa, and that the Settlement Agreement makes no determination as to which Settlement Class Members are entitled to distribution of the Settlement Fund, or as to the formula for determining the amounts to be distributed. At a time and in manner determined by the Court, the Parties shall submit a Plan of Distribution that will provide for the distribution of the Settlement Fund. The Parties agree the Plaintiffs will seek to have the funds allocated and distributed from the Settlement Fund as soon as possible. It shall be a condition of receipt of funds under this Agreement that each Settlement Class Member receiving funds execute a written release in favor of the Released Parties of all Claims described in Paragraph 35.

77.     Lufthansa represents that on or before December 31, 2005, Deutsche Lufthansa AG and Lufthansa Cargo AG approached the U.S. Department of Justice to make an application under the Antitrust Division's Corporate Leniency Policy on behalf of Deutsche Lufthansa AG, Lufthansa Cargo AG, Swiss International Air Lines Ltd., and any subsidiaries, to report possible price-fixing activity or other conduct potentially violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the air cargo industry in the United States and elsewhere. Lufthansa has, since that time, provided full and continuing cooperation in connection with the activity being reported; has been granted conditional leniency pursuant to the Antitrust Division's Corporate Leniency Policy; and has instituted compliance programs intended to halt and prevent

45

anticompetitive activity, if any. Apart from this factual representation, neither Party has entered into this Settlement Agreement in reliance on the representations of the other Party.

78.     This Settlement Agreement may be executed in counterparts by Plaintiffs and Lufthansa, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

79.     Plaintiffs and Lufthansa acknowledge that they have been represented by counsel, and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, Plaintiffs and Lufthansa and their respective counsel agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, Plaintiffs and Lufthansa and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

80.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to Court approval; and the undersigned Settlement Class Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs. Each of the undersigned attorneys shall use their best efforts to effectuate this Settlement Agreement.

46

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement of the date first herein written above.

| By: | By: |
|---|---|
| Michael D. Hausfeld | David W. Ogden |
| Paul T. Gallagher | Robert B. Bell |
| Andrew B. Bullion | Eric J. Mahr |
| | Rachel Z. Stutz |
| **COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.** | **WILMER CUTLER PICKERING HALE AND DORR LLP** |
| 1100 New York Avenue N.W. | 1875 Pennsylvania Avenue, NW |
| Washington, D.C. 20005 | Washington, DC   20006 |
| (202) 408-4600 | (202) 663-6000 |
| **Counsel for Plaintiffs and Settlement Class Counsel** | **Counsel for Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd.** |