# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE )<br>)<br>AIR CARGO SHIPPING SERVICES )<br>ANTITRUST LITIGATION )<br>)<br>MDL No. 1775 )<br>)<br>) | Master File 06-MD-1775 (CBA) (VVP) |

AMENDMENT OF JANUARY 4, 2007, TO SETTLEMENT AGREEMENT BETWEEN AIR CARGO PLAINTIFFS AND DEFENDANTS DEUTSCHE LUFTHANSA AG, LUFTHANSA CARGO AG, AND SWISS INTERNATIONAL AIR LINES LTD.

    This agreement further amends the Settlement Agreement that was reached by Lufthansa and plaintiffs represented by Mr. Hausfeld, dated September 11, 2006, as amended by the letter of October 6, 2006 ("the Settlement Agreement"). As executed by Mr. Hausfeld, Ms. Hart, Mr. Kaplan, and Mr. Sedran ("Co-Lead Counsel") and Lufthansa, the amended agreement embodies a complete settlement by Lufthansa with the Plaintiffs and proposed class represented by the four Co-Lead Counsel appointed by the Magistrate Judge. Based upon their own investigation of the factual and legal basis and following arm's-length negotiations with counsel for Lufthansa, Co-Lead Counsel have concluded that the Settlement Agreement, as amended herein, is in the best interest of the proposed plaintiff class. Co-Lead Counsel therefore and hereby adopt and ratify the Settlement Agreement, as amended herein, on behalf of their clients and the proposed class. Lufthansa hereby ratifies the agreement as amended herein, through undersigned counsel.

    1. Paragraph 8 of the Settlement Agreement is hereby struck and replaced with the following:

> "Class Representatives" or "Plaintiffs" means Niagara Frontier Distribution, Inc., RIM Logistics Ltd., FTS International Express, Inc., Fleurchem, Inc. and all other plaintiffs designated by the Court as class representatives, individually and on behalf of the Settlement Class.

2. Paragraph 20 is hereby amended by adding the following:

Further, notwithstanding the foregoing, "Released Parties" does not include any former director, officer, or employee of Lufthansa who is determined by the arbitrator, pursuant to the terms of Paragraph 54(k), to have refused to cooperate.

3. Paragraph 24 of the Settlement Agreement is hereby struck and replaced with the following:

"Settlement Class Counsel" shall refer to the law firms of Cohen, Milstein, Hausfeld & Toll, P.L.L.C., 1100 New York Avenue N.W., Washington D.C. 20005; Kaplan Fox & Kilsheimer LLP, 805 Third Avenue, New York, NY 10022; Labaton Sucharow & Rudoff LLP, 100 Park Avenue, New York, NY 10017; and Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Philadelphia, PA 19106. In acting under this Settlement Agreement, Settlement Class Counsel shall act in unison, and in no event shall Lufthansa or its counsel be required to duplicate any efforts, including the provision of cooperation, by virtue of the fact that Settlement Class Counsel is comprised of more than one law firm.

4. Paragraph 35 of the Settlement Agreement is hereby amended by adding the following:

Nothing herein shall be construed to release any individual claims based upon negligence, breach of contract, bailment, failure to deliver, lost goods, damaged or delayed goods, or similar claims relating to Airfreight Shipping Services made in a manner consistent with the Warsaw Convention. Further, nothing herein shall be construed to release any claim based solely upon conduct occurring after September 30, 2006. Lufthansa expressly reserves all rights and defenses with respect to any non-released claims.

5. Paragraph 36 of the Settlement Agreement is hereby struck and replaced with the following:

The Releasing Parties covenant not to sue any Released Party for any transaction, event, circumstance, action, failure to act, or occurrence of any sort or type arising out of or related to the Claims released in Paragraph 35. This Paragraph shall not apply to any action to enforce this Settlement Agreement pursuant to Paragraph 75.

6. Paragraph 46 of the Settlement Agreement is hereby struck and replaced with the following:

In the event that any Person requests exclusion from the Settlement Class in a valid manner, upon the request of Lufthansa the Court shall order a refund from the Settlement Fund to Lufthansa in an amount equaling such excluded Person's Imputed Recovery under this Settlement Agreement. The amount of such refund shall be calculated as a

component of the claims process as to the Settlement Fund, pursuant to the Plan of Distribution approved by the Court, and the refund to Lufthansa will occur after the completion of the claims process but prior to any distribution to Settlement Class Members.

7. The Settlement Agreement is hereby amended by the addition of Paragraph 54(k), which shall read as follows:

> The release of claims provided for under Paragraph 35 and the covenant not to sue provided under Paragraph 36 shall not apply to any person who is determined by the arbitrator provided for in Paragraph 61 to have affirmatively refused to comply with a reasonable request by Settlement Class Counsel, properly made under the terms of this Settlement Agreement, that the person be interviewed, provide a declaration or affidavit, or appear to testify at deposition or trial, and who, at the time of the determination, is a former employee, officer, or director of Lufthansa. If Settlement Class Counsel believes that a former employee, officer, or director of Lufthansa has refused to cooperate as defined above, Settlement Class Counsel may seek such a determination from the arbitrator, who shall make that determination after considering all relevant factors, including any explanation by the person, and taking due account of the person's reasonable scheduling conflicts, any pertinent health or personal problems, and the total burden of the cooperation that the person has provided. The arbitrator shall deem a person's invocation of his or her right against self-incrimination to resist providing information concerning anticompetitive behavior regarding Airfreight Shipping Services as a refusal to cooperate for the purposes of this Paragraph. The Settlement Class shall bear all costs of arbitration under this Paragraph.

8. Paragraph 66(d) of the Settlement Agreement is hereby struck and replaced with the following:

> For purposes of this Paragraph, the Settlement Ratio for this Settlement Agreement and any Qualifying Subsequent Settlement is the number obtained by dividing (x) the settlement amount paid by the settling defendant or defendants (including attorneys' fees) in settlement of Claims regarding Airfreight Shipping Services by (y) the settling defendant or defendants' aggregate sales of Airfreight Shipping Services during calendar year 2005.

9. Paragraph 76 of the Settlement Agreement is hereby struck and replaced with the following:

> The Parties acknowledge that the Settlement Class includes both shippers and freight forwarders, and both customers and non-customers of Lufthansa, and that the Settlement Agreement makes no determination as to which Settlement Class Members are entitled to distribution of the Settlement Fund, or as to the formula for determining the amounts to be distributed. As appropriate, Settlement Class Counsel shall, after consultation with

Lufthansa, submit to the Court for its approval, a proposed procedure for determining such allocation. Upon Court approval of a procedure for allocation, pursuant to such procedure, the allocation shall be determined by the Court. Thereafter, Settlement Class Counsel shall promptly submit to the Court a Plan of Distribution of the allocated Settlement Fund as to all Settlement Class Members. Lufthansa retains the right to submit its views to the Court with respect to the proposed procedure for allocation, the allocation, and the Plan of Distribution. The Parties agree the Plaintiffs will seek to have the funds allocated and distributed from the Settlement Fund as soon as possible. It shall be a condition of receipt of funds under this Agreement that each Settlement Class Member receiving funds execute a written release in favor of the Released Parties of all Claims described in Paragraph 35.

10. The Settlement Agreement is hereby amended by the addition of Paragraph 81, which shall read as follows:

At Lufthansa's request, to the extent reasonable and practicable, Settlement Class Counsel will coordinate notice, administration, cooperation, and other efforts in connection with the Settlement Agreement, with counsel for parties with whom Lufthansa concludes settlements in other jurisdictions concerning anticompetitive conduct in the air cargo industry.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have agreed to adopt and amend the Settlement Agreement as described above.

_____
David W. Ogden
Wilmer Cutler Pickering
  Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
*Counsel for Lufthansa AG,
Lufthansa Cargo AG,
and Swiss International Air Lines Ltd.*

Date: Jan. 4, 2007

_____
Michael D. Hausfeld
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
*Counsel for Plaintiffs and Co-Lead Counsel*

Date: Jan. 4, 2007

_____
Barbara Hart
Labaton Sucharow & Rudoff LLP
100 Park Avenue
New York, NY 10017
*Counsel for Plaintiffs and Co-Lead Counsel*

Date: January 4, 2007

_____
Robert N. Kaplan
Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY 10022
*Counsel for Plaintiffs and Co-Lead Counsel*

Date: January 4, 2007

_____
Howard Sedran
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Philadelphia, PA 19106
*Counsel for Plaintiffs and Co-Lead Counsel*

Date: Jan. 4, 2007