# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES<br>ANTITRUST LITIGATION<br><br>MDL No. 1775 | 06-MD-1775 (CBA) (VVP) |

**AGREEMENT AMONG COUNSEL FOR AIR CARGO PLAINTIFFS
REGARDING AN ALLOCATION PROCEDURE
<u>FOR THE LUFTHANSA SETTLEMENT FUND</u>**

WHEREAS, plaintiffs in the above-captioned action (the "Action") have entered into a Settlement Agreement between Air Cargo Plaintiffs and Defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd., dated September 11, 2006, as modified by (i) an Amendment of January 4, 2007, to Settlement Agreement Between Air Cargo Plaintiffs and Defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd., (ii) an Amendment of February 22, 2007, to Settlement Agreement Between Air Cargo Plaintiffs and Defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd., and (iii) and an Amendment of April 27, 2007, to Settlement Agreement Between Air Cargo Plaintiffs and Defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd. (collectively the "Lufthansa Settlement Agreement") creating a Settlement Fund of $85 million, plus interest.

WHEREAS, as amended, paragraph 76 of the Lufthansa Settlement Agreement, among other things, provides:

> The Parties acknowledge that the Settlement Class includes both Shippers and freight forwarders, and both customers and non-customers of Lufthansa, and that the Settlement Agreement makes no determination as to which Settlement Class Members are entitled to distribution of the Settlement Fund, or as to the formula for determining the amounts to be distributed. As appropriate, Settlement Class Counsel shall, after consultation with Lufthansa, submit to the Court for its approval, a proposed procedure for determining such allocation. Upon Court approval of a procedure for allocation, pursuant to such procedure, the allocation shall be determined by the Court.

WHEREAS, as amended, paragraph 24 of the Lufthansa Settlement Agreement, among other things, provides that Settlement Class Counsel are Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Kaplan Fox & Kilsheimer LLP, Labaton Sucharow & Rudoff LLP (now Labaton Sucharow LLP), Levin, Fishbein, Sedran & Berman, Furth Lehmann & Grant LLP (now The Furth Firm LLP), Cotchett, Pitre & McCarthy, Lovell Stewart Halebian LLP, and Lockridge, Grindal Nauen P.L.L.P.

1

2

WHEREAS, on July 13, 2007, plaintiffs filed a motion for preliminary approval of the Lufthansa Settlement Agreement.

WHEREAS, Settlement Class Counsel wish to establish a procedure for the allocation of the Settlement Fund under the Lufthansa Settlement Agreement.

WHEREAS, Settlement Class Counsel wish to submit the procedure for the allocation of the Settlement Fund under the Lufthansa Settlement Agreement to the Court in the Action for approval by the Court.

THEREFORE, Settlement Class Counsel agree:

1. Subject to Court approval, Daniel Weinstein, former Judge of the Superior Court of the County of San Francisco, State of California, shall be a master under Federal Rule of Civil Procedure 53 for purposes of recommending to the Court an allocation of the Settlement Fund under the Lufthansa Settlement Agreement (the "Settlement Master").

   a. The first part of the process shall involve the determination of the allocation of the Settlement Fund among the claimants thereto (a "Plan of Allocation"). For purposes of this Agreement, the term "claimants" shall mean and refer to United States direct purchasers, United States indirect purchasers and foreign purchasers, respectively represented by Settlement Class Counsel.

   b. After a Plan of Allocation has been determined pursuant to paragraph 5 below, Judge Weinstein then shall act as the Settlement Master for purposes of recommending to the Court an allocation from the Settlement Fund of attorneys' fees, expenses and costs recognizing that all issues relating to attorneys' fees, expenses and costs are ultimately subject to approval by the Court.

2. For purposes of determining a Plan of Allocation, United States direct purchasers shall be represented by H. Laddie Montague, Jr. of Berger & Montague and Joseph C.

Kohn of Kohn Swift & Graf, P.C., and foreign purchasers shall be represented by Richard D. Heideman of Heideman Nudelman Kalik PC (collectively, "Allocation Counsel"). Each of these counsel are authorized to make, and shall be responsible for making, all decisions on behalf of the group of purchasers each represents in connection with the process for allocating the Settlement Fund among claimants. Each of these counsel may consult with whomever each wishes in exercising his responsibilities as counsel representing the group of purchasers each represents.

3. For purposes of determining a Plan of Allocation, United States indirect purchasers shall be represented by Christopher Lovell of Lovell Stewart Halebian LLP, Steven N. Williams of Cotchett, Pitre & McCarthy, and Craig C. Corbitt of Zelle, Hofmann, Voelbel, Mason & Gette LLP (collectively, "Indirect Liaison Counsel"), who shall act only after consultation with, and upon approval of, the other court-appointed counsel for United States indirect purchasers.

4. All proceedings before the Settlement Master, including submissions and analyses, shall be privileged and confidential and shall be deemed attorney work product prepared for settlement purposes only under Federal Rule of Evidence 408 and shall not be disclosed to anyone not involved in the proceedings that are the subject of this Agreement, except that the Settlement Master may disclose such information as he deems necessary in providing reasons for the decisions reached and recommended to the Court.

5. For purposes of determining a Plan of Allocation, the Settlement Master shall first function as a mediator to reach resolution among the claimants. If the mediation effort is unsuccessful, the Settlement Master shall then function as an arbitrator, who shall recommend a Plan of Allocation to the Court, subject to procedures for the arbitration to be agreed upon by Allocation Counsel, Indirect Liaison Counsel and the Settlement Master. In either event, the

recommendation of the Settlement Master to the Court shall be binding upon Settlement Class Counsel, Allocation Counsel and Indirect Liaison Counsel and their individual clients.

6. Allocation Counsel and Indirect Liaison Counsel shall promptly meet and confer about the appropriate scope and content of information to be exchanged among Allocation Counsel and Indirect Liaison Counsel and the Settlement Master for the purpose of determining a Plan of Allocation. To the extent that Allocation Counsel and Indirect Liaison Counsel cannot agree on the scope of information to be exchanged, the matter shall be promptly submitted to the Settlement Master for determination.

7. For purposes of determining the Plan of Allocation, Allocation Counsel and Indirect Liaison Counsel may present, and the Settlement Master may consider, in the totality of the circumstances, without mechanically applying, the following factors: (1) the dollar amount of relevant commerce; (2) any estimated overcharges; (3) the relative strengths and weaknesses of the claims asserted; (4) the relative strengths and weaknesses of having a class or classes certified under the applicable claims and applicable law; (5) the applicable substantive laws with respect to claims or defenses regarding damages, including whether "pass on" is a relevant consideration under applicable law; (6) the intent, terms and circumstances of the Lufthansa Settlement Agreement; (7) the view of the settling defendants; and (8) any other factors the Settlement Master, Allocation Counsel or Indirect Liaison Counsel deem appropriate. The Settlement Master is not obliged to give any of the aforementioned factors any more weight than any other factor. Moreover, nothing in this paragraph shall in any way limit Allocation Counsel or Indirect Liaison Counsel from presenting to the Settlement Master, or the Settlement Master from considering, any other factors such party may deem appropriate.

8. The Settlement Master may retain, after allowing Allocation Counsel and Indirect Liaison Counsel an opportunity to object on the ground of conflict, an independent

4

economic expert (the "Economist") to advise the Settlement Master on matters related to determining a Plan of Allocation. The Economist shall report solely to the Settlement Master; provided, however, that the Settlement Master may, in his sole discretion, disclose any of the opinions or conclusions of the Economist pertaining to the Plan of Allocation to Allocation Counsel and Indirect Liaison Counsel, as the Settlement Master deems appropriate, and give such parties an opportunity to comment thereon. The Economist shall have the same privileges and immunities as the Settlement Master, and the Economist's advice shall be privileged and confidential involving attorney work product prepared for settlement purposes only under Federal Rule of Evidence 408 and shall not be disclosed to any person not involved in the allocation process, other than by the Settlement Master in providing reasons for the decisions reached and recommended to the Court. The Economist may consult with any economic expert retained by any of the plaintiffs' attorneys in the Action.

9.   In accordance with paragraph 51 of the Lufthansa Settlement Agreement, the reasonable fees and expenses of the Settlement Master and the Economist shall be paid out of the Settlement Fund. Payment of the Settlement Master's and Economist's reasonable fees and expenses may be advanced from the litigation funds maintained by Settlement Class Counsel.

10.  It is the intent of Settlement Class Counsel, Allocation Counsel, Indirect Liaison Counsel and the Settlement Master to determine a Plan of Allocation and provide a recommendation for such Plan of Allocation to the Court by December 21, 2007. The parties agree that good cause exists to request the Court to modify any order entered by the Court preliminarily approving the Lufthansa Settlement Agreement to require the Plan of Allocation to be submitted to the Court no later than December 21, 2007, unless good cause is shown why this modified deadline cannot be met.

5

11.  All terms of this agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice of law or conflict of law principles.

12.  This agreement may be executed in counterparts by Settlement Counsel, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this agreement.

IN WITNESS WHEREOF, Settlement Class Counsel have agreed as of the date written below.

Dated (as of):   October 15, 2007

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks (GS-8767)
**KAPLAN FOX & KILSHEIMER LLP**
423 Sumac Road
Highland Park, IL  60035
(847) 831-1585

By: *Gregory K. Arenson* (signature)

Barbara J. Hart (BH-3231)
Hollis L. Salzman (HS-5994)
Gregory S. Asciolla, Esq. (GA-2222)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY  10005
(212) 907-0700

By:_____

Christopher Lovell (CL-2595)
Jody Krisiloff (JK-1453)
Peggy J. Wedgworth (PW-7371)
Imtiaz A. Siddiqui (IS-4090)
**LOVELL STEWART HALEBIAN LLP**
500 Fifth Avenue, Suite 58
New York, NY 10110
(212) 608-1900

By:_____


W. Joseph Bruckner
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South
Minneapolis, MN 55401
(612) 339-6900

By:_____


Joseph W. Cotchett
Steven N. Williams  (SW-6918)
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000

By:_____

6

11. All terms of this agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice of law or conflict of law principles.

12. This agreement may be executed in counterparts by Settlement Counsel, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this agreement.

IN WITNESS WHEREOF, Settlement Class Counsel have agreed as of the date written below.

Dated (as of):   October 15, 2007

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks (GS-8767)
**KAPLAN FOX & KILSHEIMER LLP**
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By:_____

Barbara J. Hart (BH-3231)
Hollis L. Salzman (HS-5994)
Gregory S. Asciolla, Esq. (GA-2222)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700

By: /s/ Hollis Salzman

Christopher Lovell (CL-2595)
Jody Krisiloff (JK-1453)
Peggy J. Wedgworth (PW-7371)
Imtiaz A. Siddiqui (IS-4090)
**LOVELL STEWART HALEBIAN LLP**
500 Fifth Avenue, Suite 58
New York, NY 10110
(212) 608-1900

By:_____

W. Joseph Bruckner
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South
Minneapolis, MN 55401
(612) 339-6900

By:_____

Joseph W. Cotchett
Steven N. Williams (SW-6918)
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000

By:_____

6

11. All terms of this agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice of law or conflict of law principles.

12. This agreement may be executed in counterparts by Settlement Counsel, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this agreement.

IN WITNESS WHEREOF, Settlement Class Counsel have agreed as of the date written below.

Dated (as of):   October 15, 2007

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks (GS-8767)
**KAPLAN FOX & KILSHEIMER LLP**
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By:_____

Barbara J. Hart (BH-3231)
Hollis L. Salzman (HS-5994)
Gregory S. Asciolla, Esq. (GA-2222)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700

By:_____

Christopher Lovell (CL-2595)
Jody Krisiloff (JK-1453)
Peggy J. Wedgworth (PW-7371)
Imtiaz A. Siddiqui (IS-4090)
**LOVELL STEWART HALEBIAN LLP**
500 Fifth Avenue, Suite 58
New York, NY 10110
(212) 608-1900

By:_____

W. Joseph Bruckner
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South
Minneapolis, MN 55401
(612) 339-6900

By:_____

Joseph W. Cotchett
Steven N. Williams  (SW-6918)
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000

By:_____

6

11. All terms of this agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice of law or conflict of law principles.

12. This agreement may be executed in counterparts by Settlement Counsel, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this agreement.

IN WITNESS WHEREOF, Settlement Class Counsel have agreed as of the date written below.

Dated (as of):  October 15, 2007

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks (GS-8767)
**KAPLAN FOX & KILSHEIMER LLP**
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By:_____


Barbara J. Hart (BH-3231)
Hollis L. Salzman (HS-5994)
Gregory S. Asciolla, Esq. (GA-2222)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700

By:_____

Christopher Lovell (CL-2595)
Jody Krisiloff (JK-1453)
Peggy J. Wedgworth (PW-7371)
Imtiaz A. Siddiqui (IS-4090)
**LOVELL STEWART HALEBIAN LLP**
500 Fifth Avenue, Suite 58
New York, NY 10110
(212) 608-1900

By:_____


W. Joseph Bruckner
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South
Minneapolis, MN 55401
(612) 339-6900

By:_____


Joseph W. Cotchett
Steven N. Williams (SW-6918)
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000

By: _/s/ Steven Williams_

6

Case 1:06-md-01775-JG -VVP   Document 632-6   Filed 10/24/07   Page 12 of 14

Howard J. Sedran
Austin Cohen
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

By: /s/ *[signature]*

Michael D. Hausfeld
Charles E. Tompkins
Andrew B. Bullion
Hilary K. Ratway
Andrea L. Hertzfeld
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue N.W.
Washington, D.C. 20005
(202) 408-4600

By:_____

Henry A. Cirillo
Jonathan M. Watkins
Jonathan T. King
**THE FURTH FIRM LLP**
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
(415) 433-2070

By:_____

7

Howard J. Sedran
Austin Cohen
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

By:_____

Michael D. Hausfeld
Charles E. Tompkins
Andrew B. Bullion
Hilary K. Ratway
Andrea L. Hertzfeld
**COHEN, MILSTEIN, HAUSFELD &
   TOLL, P.L.L.C.**
1100 New York Avenue N.W.
Washington, D.C. 20005
(202) 408-4600

By: /s/ *[signature]*

Henry A. Cirillo
Jonathan M. Watkins
Jonathan T. King
**THE FURTH FIRM LLP**
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
(415) 433-2070

By:_____

7

Howard J. Sedran
Austin Cohen
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

By:_____

Michael D. Hausfeld
Charles E. Tompkins
Andrew B. Bullion
Hilary K. Ratway
Andrea L. Hertzfeld
**COHEN, MILSTEIN, HAUSFELD &
 TOLL, P.L.L.C.**
1100 New York Avenue N.W.
Washington, D.C. 20005
(202) 408-4600

By:_____

Henry A. Cirillo
Jonathan M. Watkins
Jonathan T. King
**THE FURTH FIRM LLP**
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
(415) 433-2970

By: /s/ Henry A. Cirillo

7