# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES<br>ANTITRUST LITIGATION<br><br>MDL No. 1775 | 06-MD-1775 (JG) (VVP)<br><br>THIS DOCUMENT RELATES TO:<br>All Actions |

**[PROPOSED] ORDER APPROVING A PROCEDURE FOR THE
ALLOCATION OF THE SETTLEMENT FUND UNDER THE
LUFTHANSA SETTLEMENT AGREEMENT AND APPOINTING
DANIEL H. WEINSTEIN AS SETTLEMENT MASTER**

**THIS CAUSE** came before the Court on plaintiffs' Motion for the Approval of a Proposed Procedure for the Allocation of the Settlement Fund under the Lufthansa Settlement Agreement and for the Appointment of a Settlement Master, filed October 24, 2007. The Court has reviewed the motion, the Declaration of Gregory K. Arenson, dated October 23, 2007, with exhibits, the Declaration of Daniel H. Weinstein, dated October 16, 2007, with exhibit, and the accompanying memorandum.

**THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court approves and adopts the procedure for the allocation of the Settlement Fund under the Settlement Agreement between Air Cargo Plaintiffs and Defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd., dated September 11, 2006, as amended (the "Lufthansa Settlement Agreement"), as set forth in the Agreement Among Counsel for Air Cargo Plaintiffs Regarding an Allocation Procedure for the Lufthansa Settlement Fund, dated as of October 8, 2007 (the "Allocation Agreement").

2.      The Court appoints the Honorable Daniel H. Weinstein (Ret.) to serve as Settlement Master under Federal Rule of Civil Procedure 53 for purposes of recommending to

the Court an allocation of the Settlement Fund under the Lufthansa Settlement Agreement (the "Settlement Fund").

    3.     Judge Weinstein's duties and scope of authority shall be as follows:

        a.     Issue a recommendation to the Court for the allocation of the Settlement Fund among the claimants thereto, as the term "claimants" is defined in the Allocation Agreement (a "Plan of Allocation");

        b.     Act as a mediator to reach resolution among the claimants, but, if the mediation effort is unsuccessful, function as an arbitrator to determine and recommend a Plan of Allocation to the Court, in accordance with the terms of the Allocation Agreement;

        c.     Resolve any disagreements among Allocation Counsel and Indirect Liaison Counsel, as those terms are defined in the Allocation Agreement, concerning the appropriate scope and content of information to be exchanged among such counsel and Judge Weinstein for the purpose of determining a Plan of Allocation;

        d.     Retain an independent economic expert to advise, and to report to, Judge Weinstein on matters related to determining a Plan of Allocation;

        e.     After the Plan of Allocation has been determined and recommended to the Court, act as a Settlement Master for purposes of determining and recommending to the Court an allocation from the Settlement Fund of attorneys' fees, expenses and costs; and

        f.     Perform any other duty set forth in the Allocation Agreement.

    4.     Judge Weinstein shall communicate with the Court in connection with his role as Settlement Master to submit his recommended Plan of Allocation and to recommend an allocation from the Settlement Fund of attorneys' fees, expenses and costs. Without prior agreement of Settlement Class Counsel, Allocation Counsel and Indirect Liaison Counsel, as appropriate, Judge Weinstein shall not initiate any *ex parte* communications with the Court, and,

if contacted by the Court, Judge Weinstein may engage in *ex parte* communications about procedural matters, but may not engage in *ex parte* communications about substantive matters without approval of Settlement Class Counsel, Allocation Counsel and Indirect Liaison Counsel, as appropriate. Judge Weinstein may communicate *ex parte* with any plaintiff or its counsel with regard to any aspect of the Allocation Agreement. Any economist retained by Judge Weinstein may consult with any economic expert retained by any plaintiff's counsel.

5. All proceedings before the Settlement Master, including submissions and analyses and any economic experts' communications, shall be privileged and confidential and shall be deemed attorney work product prepared for settlement purposes only under Federal Rule of Evidence 408, and shall not be disclosed to anyone not involved in the proceedings that are the subject of the Allocation Agreement, except that the Settlement Master may disclose such information as he deems necessary in providing reasons for the decisions reached and recommended to the Court.

6. The only materials to be preserved or filed as a record of Judge Weinstein's activities as Settlement Master are his submissions to the Court containing his recommended Plan of Allocation and recommended allocation of attorneys' fees, expenses and costs, together with the reasons therefor.

7. Judge Weinstein shall submit his Plan of Allocation to the Court by December 21, 2007, unless good cause is shown why this deadline cannot be met.

8. The Court will consider Judge Weinstein's recommendations for a Plan of Allocation and for allocation of attorneys' fees, expenses and costs from the Settlement Fund of the Lufthansa Settlement Agreement under the standards of Rule 23(e)(1)(C) for the Plan of Allocation and Rule 23(h) for the allocation of attorneys' fees, expenses and costs.

9. The reasonable fees and expenses of Judge Weinstein and any economic expert retained by Judge Weinstein shall be paid out of the Settlement Fund.

Dated: _____, 2007

                                                                       _____
                                                                        Honorable Victor V. Pohorelsky
                                                                        United States Magistrate Judge

Conformed Copies Furnished To:
Counsel of Record