

## COHEN MILSTEIN
### HAUSFELD & TOLL PLLC

Charles E. Tompkins
(202) 589-4670
ctompkins@cmht.com

January 18, 2008

By Electronic Case Filing

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

    Re:   *In re Air Cargo Shipping Services Antitrust Litigation*
           No. 06-MDL 1775 (VVP)

Dear Magistrate Judge Pohorelsky:

    The first of the actions pending in this Court alleging a conspiracy in the air freight shipping industry was filed approximately two years ago. To date there has been no discovery. Defendants have successfully obtained Court intervention to stay the progress of this action for over six months. Prior to the July 26, 2007 status conference before this Court, defendants moved to stay discovery. (Dkt. No. 489). Plaintiffs opposed this request. (Dkt. No. 517). After hearing substantial argument on the issue at that conference, the Court effectively halted discovery but stated that "I'm going to postpone decision on the stay…and I'm going to review this after I see the papers on the motions [to dismiss.]"

    Subsequent to the July 26, 2007 conference, criminal charges were brought by the United States Department of Justice against British Airways and Korean Airlines for fixing prices of air freight shipping services. Both airlines, which are defendants in this litigation, pleaded guilty to the charges. Based upon those guilty pleas, Plaintiffs argued that discovery should proceed (Dkt. Nos. 588, 589 and 590). On September 21, 2007, (Dkt. No. 599) the Court issued an order stating in pertinent part as follows:

> The Plaintiffs also ask the Court to lift the stay of discovery in light of the guilty pleas. The Court declines to do so before reviewing the briefs on the various motions to dismiss which shortly should be completed.

The briefing of the motions to dismiss was completed on January 4, 2008. Since the Court's September 21, 2007 order (Dkt. No. 599), there have been several additional events, set forth in detail below, that militate strongly in favor of ending the present discovery stay.

Plaintiffs intend to raise the discovery stay issue at the January 23 conference.

**A.    Qantas Has Pled Guilty to Price Fixing of Air Freight Shipping Surcharges.**

On January 14, Defendant Qantas pled guilty to participating in a conspiracy to fix the price of air freight shipping services. *See* Associated Press, *Court Accepts Qantas Price-Fixing Plea Deal, Company Agrees to Pay $61 Million Fine*, (Jan. 14, 2008) (attached hereto as Ex. 1). This brings to three the number of Defendants who have admitted participation in the cartel that is the subject of this litigation: British Airways, Korean Air Lines, and Qantas. In addition, Lufthansa has entered the amnesty program in both the EU and the United States.

**B.    The European Commission's (EC) Statement of Objections.**

On December 21, 2007, the EC issued its Statement of Objections ("SO") – a charging document to those airlines the EC alleges violated European Union ("EU") law by participating in the international conspiracy alleged in this action.[1] The SO followed a year-long and far-reaching investigation that included dawn raids, interviews of executives with first hand knowledge of the conspiracy, and the cooperation of the Lufthansa Defendants.

A Statement of Objections is a written communication issued by the European Commission at the conclusion of its initial investigation. It is provided only to those entities that the EC has concluded may have violated EU antitrust law. Plaintiffs are informed that approximately half the Defendants in this action have been provided with the SO, indicating that the EC has preliminarily concluded that they participated in a conspiracy to fix the price of air cargo shipping services.[2]

---

[1] Press Release, European Commission, Antitrust: Commission Confirms Sending Statement of Objections to Alleged Participants in an Air Freight Cartel (Dec. 21, 2007) *available at* http://europa.eu/rapid/pressReleasesAction.do?reference=MEMO/07/622.

[2] The following defendants have publicly conceded that they were served with the SO: LAN Cargo, LAN Airlines, S.A., Air Canada, British Airways, Scandinavian Airline Systems, Air France, KLM, All Nippon Airways, Air New Zealand, Cargolux, Japan Airlines, Lufthansa, Singapore Airlines, Cathay Pacific, Korean Air, Qantas, Martinair. *See* Global Competition Review, *DG Comp Charges Airlines in Cargo Probe* (Jan 4. 2008) *available at* http://www.global competition review.com/news/news_item.cfm?item_id=6179; Nkilas Magnusson & Matthew Newman, *European Union Charges Airlines in Air-Cargo Probe*, (Jan. 17, 2008) *available at* http://www.bloomberg.com/apps/news?pid=20601087&sid=acaW_fLcaTZc&refer=home; *Qantas Looks*

The SO contains both factual and legal allegations. *See* Koen Lenaerts and Ignace Maselis, *European Community Competition Law: Procedural Rights and Issues in the Enforcement of Articles 81 and 82 of the EC Treaty*, 24 Fordham Int'l L.J. 1615, 1626-30 (2001) (discussing the formal process involved in European competition law infringement investigations and proceedings) (attached hereto as Ex. 2). It sets forth and explains the Commission's findings and provides the factual and legal basis for the EC's "preliminary conclusion that the addressee may have broken European competition laws." *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 190 n.2 (S.D.N.Y. 2006). Plaintiffs have been informed that the SO pertaining to this case contains hundreds of pages of extensive factual information regarding the participants, mechanisms, and other details of the conspiracy alleged in this action, and sets forth in detail the evidentiary basis for the EC's conclusion that many of the Defendants in this action participated in a conspiracy to fix the price of air cargo shipping services.

The SO plainly contains detailed information highly relevant to the Plaintiffs' claims. As a result, immediate production of the SO almost certainly would streamline discovery and substantially reduce the effort that would otherwise be necessary to prove Plaintiffs' claims. It is almost certain that the SO contains information regarding elements of the conspiracy, and thus that its production would permit the parties to focus discovery efforts and limit what could otherwise be extensive discovery regarding these claims. Similarly, the SO may contain information about the actual impact of the conspiracy on various markets, including the United States.

### C. Discovery Should Be Allowed Now

Plaintiffs' document requests, dated June 8, 2007, include requests that require production of the SO, *see* e.g. Document Requests (attached hereto as Ex. 3) at Requests 28, 32 & 38. Moreover, there is no burden associated with production of the SO – it could literally be e-mailed to Plaintiffs with the push of a button. This Court should thus lift the current stay of discovery to require that, at a minimum, the Defendants produce the SO to the Plaintiffs under the Confidentiality Stipulation and Protective Order governing this case.

As the Non-Settling Defendants themselves argued in their effort to prevent Plaintiffs from obtaining access to the documents Lufthansa provided to the EC, permitting one side access to documents that the other side is unable to obtain "works an unfair advantage" that should not be permitted in civil litigation. *See* Transcript, May 31, 2007 Hearing (attached hereto as Ex. 4), at 48-50; *see also id.* at 48:2-15 ("To whatever extent these documents would be useful to the Plaintiffs to have them, well, that would be prejudicial to the defendants in not having them

---

*to be Hit Against by Anti-Competitive Fines* (Dec. 28, 2007) *available at* http://www.etravelblackboard.com/index.asp?id=72933*&nav=2; *Europe Wants Qantas Answers*, (Dec. 27, 2007) *available at* http://www.news.com.au/business/story/0,23636,22973720-14334,00.html; *Martinair: Among Cos Investigated in EU Air Cargo Probe*, (Dec. 21, 2007) *available at* http://news.morningstar.com/newsnet/ViewNews.aspx?article=/DJ/200712211012DOWJONESDJONLI NE000654_univ.xml.

during the same period of time.") The Court agreed with Defendants' argument that prejudice would result from one side's access to documents unavailable to the other. It should reach the same result here, and should require production of the SO at this time. At a minimum, those defendants that have pled guilty and received the SO from the EC should produce their copies of the SO.

It should now be beyond serious question that Plaintiffs' core claim in this action that Defendants' fixed surcharges on air cargo shipping services is plausible and will proceed. This Court should thus lift the present stay of discovery and, at a minimum, order Defendants to produce the documents they have produced to the grand jury and the SO. The grand jury documents have been reviewed by Defendants and thus, like the SO, could be produced with almost no effort. Defendants have repeatedly stated that discovery in this action will be extensive and time-consuming. The time to start is now.

Respectfully submitted,

Charles E. Tompkins

/s/ Barbara J Hart
Barbara J. Hart
Holles Salzman
Labaton Sucharow & Rudoff LLP
100 Park Avenue
New York, NY 10017

*Counsel for Plaintiffs and Co-Lead Counsel*

/s/ Robert N. Kaplan
Robert N. Kaplan
Gregory Arenson
Gary Specks
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022

*Counsel for Plaintiffs and Co-Lead Counsel*

/s/ Steven N. Williams
Steven N. Williams
Cotchett, Pitre & McCarthy

Michael D. Hausfeld
Charles E. Tompkins
Andrea L. Hertzfeld
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005

*Liaison Counsel for Plaintiffs, Co-Lead Counsel, and Co-Lead Counsel Principally Responsible for the Foreign Claims*

/s/ Howard J. Sedran
Howard Sedran
Austin Cohen
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Philadelphia, PA 19106

*Counsel for Plaintiffs and Co-Lead Counsel*

/s/ Henry A. Cirillo
Henry A. Cirillo
The Furth Firm LLP

| | |
|---|---|
| 840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 | 225 Bush Street, 15th Floor<br>San Francisco, California 94104 |
| *U.S. Indirect Purchaser Counsel* | *U.S. Indirect Purchaser Counsel* |
| /s/ W. Joseph Bruckner<br>W. Joseph Bruckner<br>Lockridge, Grindal Nauen P.L.L.P.<br>100 Washington Avenue South<br>Minneapolis, MN 55401 | /s/ Christopher Lovell<br>Christopher Lovell<br>Lovell Steward Halebian LLP<br>500 Fifth Avenue, Suite 58<br>New York, NY 10110 |
| *U.S. Indirect Purchaser Counsel* | *U.S. Direct Purchaser Counsel* |

cc:   All Counsel of Record via ECF

## **CERTIFICATE OF SERVICE**

I, Charles E. Tompkins hereby certify that on the 17th of January, 2008, a copy of the foregoing letter to the Court was filed with the Clerk of the Court using the CM/ECF system and was served upon all parties of record via the CM/ECF system, with which all parties are required to register.

By: _____
Charles E. Tompkins