WILMERHALE

February 1, 2008

David W. Ogden

+1 202 663 6440 (t)
+1 202 663 6363 (f)
david.ogden@wilmerhale.com

*By Electronic Case Filing*

Magistrate Judge Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *In Re Air Cargo Shipping Services Antitrust Litigation*, 06-MD-1775 (JG) (VVP)

Dear Magistrate Judge Pohorelsky:

      I am writing on behalf of Defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd. (collectively, "Lufthansa") in response to Plaintiffs' January 18, 2008, letter asking this Court to lift the stay on discovery.

      As the Court is aware, Lufthansa has settled with Plaintiffs Counts I-V of the Complaint – all claims relating to shipments within, to, or from the United States.  While the settlement awaits final approval, with Plaintiffs' consent the Court has stayed Lufthansa's obligation to answer or otherwise respond to Counts I-V, and Plaintiffs have further consented to a stay of all discovery with respect to Lufthansa related to those Counts.  Moreover, as part of the settlement, Lufthansa has agreed to provide Plaintiffs with substantial and valuable cooperation; consistent with that undertaking and Plaintiffs' consent to a stay, the Settlement Agreement provides that cooperation shall be the exclusive means of discovery from Lufthansa.  Settlement Agreement ¶ 58.

      The two remaining Counts of the Complaint—Counts VI and VII—are outside the scope of the proposed settlement.  Those Counts deal exclusively with European commerce having no nexus to the United States.  With respect to those Counts, Lufthansa respectfully suggests that the Court should maintain its stay pending a decision on Defendants' motions to dismiss.[1]  In Counts VI and VII, Plaintiffs ask the Court to make an unprecedented assertion of jurisdiction over claims involving commerce having no connection to the United States and implicating the evolving laws of more than thirty foreign nations (and not the laws of the United States).  For the reasons set forth in the briefs before the Court, Counts VI and VII should be dismissed.  Until the Court resolves those motions, therefore, discovery on those Counts would be wasteful and inappropriate.

      Plaintiffs' request for discovery of the European Commission's Statement of Objections ("SO") should also be denied.  In the Commission's cover letter transmitting the SO to

---

[1] For the reasons set forth above, Lufthansa takes no position on whether the Court should lift the stay with respect to Counts I-V.

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006
Baltimore    Beijing    Berlin    Boston    Brussels    London    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

February 1, 2008
Page 2


Lufthansa, it made clear that the information contained therein "can only be used for the purposes of the present proceedings." The Commission has made clear to Lufthansa's representatives that it is opposed to release of the SO to Plaintiffs at this time. There is, of course, support in the case law for the EC's position. *See, e.g., In re Rubber Chemicals Antitrust Litig.*, 486 F. Supp.2d 1078, 1081-1083 (N.D. Cal. 2007).


    Sincerely,


    /s/ David W. Ogden
    David W. Ogden

    *Counsel for Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd.*


cc:  All Counsel of Record (via ECF)