# Linklaters

Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone (+1) 212 903 9000
Facsimile (+1) 212 903 9100
Direct Line (1) 212 903 9028
jim.warnot@linklaters.com

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**By Electronic Case Filing**                                   March 18, 2008

      Re:   *In Re Air Cargo Shipping Services Antitrust Litigation*, 06-MD-1775 (JG) (VVP)

Dear Judge Pohorelsky:

      Pursuant to the Court's instruction at the March 11, 2008 conference, the defendants listed on Schedule A submit this letter to address whether the stay of discovery previously entered and subsequently reaffirmed by the Court should be lifted to allow plaintiffs discovery of materials produced by defendants to the Department of Justice ("DOJ") in response to grand jury subpoenas.[1] Production of such materials *en masse* at this time – when defendants' motions to dismiss will be argued imminently and may dispose of all or parts of plaintiffs' case – is premature, unjustified and procedurally inappropriate.

      **A.**    **Any Partial Lifting of the Discovery Stay At This Time Is Unwarranted**

      As a threshold matter, defendants respectfully request that the Court maintain the discovery stay in its entirety. (*See* Dkt. Nos. 489, 518, 694.) Plaintiffs' current discovery proposal is only the most recent in a series of efforts to lift the stay (*see, e.g.*, Dkt. Nos. 487, 588-90, 685), and should fail for the same reasons as their prior efforts. The Court has already twice ruled that the stay barring all discovery during the pendency of defendants' motions to dismiss is appropriate, having determined that the substantial burdens of discovery should await resolution of the motions to dismiss at which point the relevant claims and defenses will be known with much more precision. (*See* Dkt. Nos. 530, 599.) Nothing has changed in the interim to warrant any different result. Indeed, as oral argument on the motions to dismiss will be heard next month, there is even greater reason to continue the stay for the relatively short additional period necessary to resolve the pending motions.

---

[1] *See* Transcript of March 11, 2008 conference ("Tr.") (attached hereto as Exhibit A) at 13 ("Mr. Kaplan: Your Honor, the easiest thing would be for them to produce the documents they produced to the United States grand jury."); Tr. at 15 ("The Court: [Presuming that plaintiffs requested defendants to] give [plaintiffs] everything [defendants] have produced to the government pursuant to subpoenas . . . [a]s opposed to things that were seized in searches"). Defendants do not understand the production of seized documents to be at issue, which would raise additional issues about burden, relevance, overbreadth, and privilege, and thus limit discussion in this letter to documents produced pursuant to grand jury subpoenas, as suggested by plaintiffs' counsel.

Defendants have advanced substantial arguments for dismissal of *all* of plaintiffs' claims (including those relating to shipments within or from the United States). The Supreme Court noted in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007), that discovery should not proceed in a Section 1 case until threshold pleading requirements have been satisfied. Until it is clear which, if any, of plaintiffs' claims will survive, discovery should remain suspended. Further, any discovery against those defendants that have filed separate motions based on jurisdictional and Foreign Sovereign Immunities Act grounds – and may not remain in the case even if plaintiffs' claims survive the pending omnibus motion in whole or in part – would be particularly inappropriate. Moreover, as defendants previously argued, plaintiffs will suffer no prejudice by a continuing discovery stay. Any prejudice is even less likely now in view of the Court's recent entry of a document preservation order, and the relatively short time remaining until resolution of the motions to dismiss.

The entry of guilty pleas by a limited number of defendants does not change the analysis. Indeed, the Court reaffirmed the discovery stay on September 21, 2007 *after* plaintiffs had already brought certain guilty pleas to the Court's attention. (*See* Dkt. Nos. 588-90.) A guilty plea is an admission only of the precise allegations recited in the plea documents (*see U.S. v. Berndt*, 127 F.3d 251, 258 (2d Cir. 1997)), and its relevance to civil plaintiffs' allegations should be considered carefully. Here, the plea agreements entered into by certain defendants do not cast light on the identity of any additional participants in any alleged conspiracy and, moreover, the violations alleged in plaintiffs' complaint are far broader than those to which any carrier has pleaded; these limited plea agreements do not enhance the plausibility of plaintiffs' alleged worldwide conspiracy over eight years (*see* Dkt. Nos. 593-95). In sum, until the motions to dismiss are resolved and the scope of any surviving action is defined, the proper scope of discovery cannot be determined.

### B. Plaintiffs' Proposed Discovery Is Not Properly Tailored to Their Allegations

Even if a partial lifting of the discovery stay were warranted, plaintiffs' discovery proposal fails to satisfy basic relevance standards under the Federal Rules of Civil Procedure. Simply put, the fact that materials were captured within the broad sweep of a criminal investigation does not automatically make them relevant to plaintiffs' particular claims in this case, which in any event are uncertain in view of the pending motions to dismiss.

Under the Federal Rules, plaintiffs are entitled only to "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" or, for "good cause" shown, to "discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). In contrast, the DOJ is not subject to and confined by such discovery restrictions and has virtually unfettered authority to pursue materials broadly pertaining to its investigatory powers. *See, e.g., Sam Fox Publ'g Co. v. U.S.*, 366 U.S. 683, 689 (1961); *U.S. v. GAF Corp.*, 596 F.2d 10, 13 (2d Cir. 1979). Here, the grand jury subpoenas issued to defendants were sweepingly broad, in conformity with the DOJ's wide-ranging authority, and likely captured materials relating to plaintiffs' foreign-purchase claims that may be dismissed. While the DOJ may be entitled to the information produced to it,

plaintiffs have demonstrated no such entitlement, which must be predicated directly and precisely upon plaintiffs' claims. *See In re Milk Products Antitrust Litig.*, 84 F. Supp. 2d 1016, 1026 (D. Minn. 1997) (documents are not relevant to action simply because defendants produced them to grand jury). Further, if defendants were ordered to produce only grand jury materials relating to shipments within or from the U.S., they would incur the extreme burden of culling out any materials relating to foreign purchases; if plaintiffs' foreign-purchase claims survive, the DOJ materials would have to be revisited. Efficiency dictates that discovery await resolution of the pending motions.

### C. Plaintiffs' Proposed Discovery Also Runs Afoul of Fed. R. Crim. P. 6(e)

Plaintiffs' discovery proposal is defective for the additional reason that it violates Fed. R. Crim. P. 6(e)(2)(b), which prohibits the disclosure of a "matter occurring before the grand jury." Many courts have recognized that a party may not intrude on the secrecy of the grand jury process through civil discovery. *See, e.g., Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979); *In re Sulfuric Acid Antitrust Litig.*, No. 1536, 2004 WL 769376 (N.D. Ill. Apr. 9, 2004) (attached hereto as Exhibit B). The need for secrecy is heightened when, as here, the government investigation is ongoing. *In re Grand Jury Subpoena*, 72 F.3d 271, 275 (2d Cir. 1995); *U.S. v. Moten*, 582 F.2d 654, 662-3 (2d Cir. 1978). A party seeking disclosure of grand jury materials must show a "particularized need" for such materials and that this need outweighs the societal need for secrecy. *See In re Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24, 32 (2d Cir. 1981); *U.S. v. Washington*, 819 F. Supp. 358, 370 (D.Vt. 1993). Plaintiffs must show that their need for the material "is greater than the need for continued [grand jury] secrecy, and that their request is structured to cover only material so needed." *In re Grand Jury Subpoena*, 72 F.3d at 274 (citation omitted). Absent such a showing, access to grand jury materials should be denied. *See, e.g., Douglas Oil*, 441 U.S. at 222-23; *Bd. of Ed. v. Admiral Heating & Ventilation, Inc.*, 513 F. Supp. 600, 604 (N.D. Ill. 1981) ("Grand jury confidentiality would be emasculated if a party seeking discovery of its proceedings could do so by routinely obtaining that information from . . . defendants.").

Although pre-existing business materials are not necessarily shielded from discovery merely because they were produced to a grand jury, plaintiffs' blanket request here for all grand jury materials is plainly objectionable because it fails to achieve the proper balance between grand jury secrecy and civil discovery. "A court is more likely to treat subpoenaed documents as covered by Rule 6(e) if the request is framed in terms of the grand jury investigation, for example, a request that calls for the disclosure of *all* documents subpoenaed by a particular grand jury or a list or inventory of all such documents, because such a request is more likely to reveal the scope or direction of the investigation." DOJ Antitrust Grand Jury Manual at II. B., http://www.usdoj.gov/atr/public/guidelines/206584.htm (last visited Mar. 18, 2008) (emphasis in original). Plaintiffs have demonstrated no particularized need for unconstrained access to defendants' grand jury materials, and certainly have shown no conceivable prejudice if they are forced to seek a relevant subset of such materials after resolution of the motions to dismiss. Plaintiffs' exclusive rationale for such discovery is that it would be the "easiest thing" to do. (Tr. at 13.) Of course, that rationale cannot satisfy plaintiffs' burdens. Plaintiffs cannot show that they "need" all documents produced to the

DOJ because they could never show the relevance to their claims of *all* materials produced in response to the grand jury subpoenas. The permissible scope of discovery must be clarified before the potential relevance of the DOJ materials can be discerned. The mere fact that defendants produced materials to the DOJ does not dictate that all such materials have bearing on this case. For all these reasons, plaintiffs' discovery proposal should be rejected.

                                                    Respectfully submitted,

                                                    /s/ James R. Warnot, Jr.
                                                    James R. Warnot, Jr.

cc:    All Counsel of Record Via ECF

## SCHEDULE A

Aerolíneas Brasileiras S.A. d/b/a ABSA Cargo Airline

Air Canada

AC Cargo LP

Air China Ltd.

Air China Cargo Co., Ltd.

Air Mauritius Ltd.

Alitalia Linee Aeree Italiane, S.p.A.

All Nippon Airways Co., Ltd.

Asiana Airlines, Inc.

Atlas Air Worldwide Holdings, Inc.

British Airways, Plc

Cargolux Airlines International S.A.

Cathay Pacific Airways, Ltd.

El Al Israel Airlines Ltd.

Emirates

Ethiopian Airlines Enterprise

Japan Airlines International Co., Ltd.

Kenya Airways Limited

KLM Royal Dutch Airlines

Korean Airlines Co., Ltd.

LAN Airlines S.A.

LAN Cargo S.A.

Martinair Holland N.V.

Nippon Cargo Airlines Co., Ltd.

Polar Air Cargo LLC

Qantas Airways Ltd.

Saudi Arabian Airlines, Ltd.

Scandinavian Airlines System

Singapore Airlines Cargo Pte Ltd.

Singapore Airlines Limited

Société Air France

South African Airways Limited

Thai Airways International Public Company Ltd.