UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES<br>ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (CBA) (VVP)<br><br>THIS DOCUMENT RELATES TO:<br>All Actions |

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS,
PRELIMINARILY APPROVING PROPOSED SETTLEMENT,
SCHEDULING HEARING FOR FINAL APPROVAL THEREOF,
AND APPROVING THE PROPOSED NOTICE TO THE CLASS**

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, filed July 13, 2007. (Dkt. No. 492) and Plaintiffs' Letter of February 25, 2008 submitting a revised Notice and Claim Form.  Plaintiffs have entered into a settlement agreement ("Settlement Agreement") with Defendants Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd. (collectively, "Lufthansa").  On July 13, 2007, Plaintiffs submitted a Motion for Preliminary Approval of Settlement and a Proposed Order: (1) seeking entry of an order preliminarily approving the settlement; (2) certifying the proposed Settlement Class; (3) approving the proposed Notice Plan; and (4) authorizing dissemination of notice.  On October 16, 2007, Magistrate Judge Pohorelsky issued a Report and Recommendation recommending that this Court conditionally certify the proposed Settlement Class and that "the proposed settlement be preliminarily approved after a conference with all parties, including non-settling defendants, to resolve issues concerning class notice."  Report and Recommendation at 20 (Dkt. No. 625).  Magistrate Judge Pohorelsky further ordered that such a

conference on class notice be held on October 30, 2007. *Id.* The October 30, 2007 conference was held, at which time outstanding issues regarding notice, including issues raised by the non-settling Defendants in their objection filed on October 30, 2007 (Dkt. No. 642), were addressed. On January 10, 2008, this Court adopted Magistrate Judge Pohorelsky's Report and Recommendation and ordered that the following language be included in the order granting preliminary approval of the settlement:

> The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, (i) the rights of any defendant to contest certification of any other class proposed in these consolidated actions; or (ii) the rights and/or arguments asserted by any defendant in a motion to dismiss. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion to dismiss; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion to dismiss.

(Dkt. No 681). On February 25, 2008, Plaintiffs submitted a revised Notice and Claim Form incorporating both Magistrate Judge Pohorelsky's comments made at the October 30, 2007 hearing and a Plan of Allocation of the Lufthansa Settlement that was recommended to the Court by a Special Master in two phases on December 21, 2007 and February 19, 2008.

The Court, having reviewed (1) Plaintiffs' initial motion for preliminary approval and its accompanying memorandum and the exhibits thereto; (2) Plaintiffs' Letter of February 25, 2008 and the revised Notice and Claim Form attached thereto; (3) the Settlement Master's Report and Recommendation Regarding the Allocation of the Lufthansa Settlement Fund filed December 21, 2007 (Dkt. No. 668); (4) the Settlement Master's Report and Recommendation Regarding the Allocation of the Lufthansa Settlement Fund Among Foreign Purchasers filed February 19, 2008 (Dkt. No. 703); (5) the Magistrate Judge's Report and Recommendation of October 16, 2007; (6) the Magistrate Judge's Report and Recommendation of […]; (7) Amendment to Settlement

Master's Report and Recommendation Regarding Allocation of the Lufthansa Settlement Fund (to be filed February 25, 2008); (8) the Settlement Agreement; and (9) the file, hereby:

**ORDERS AND ADJUDGES:**

<u>Preliminary Approval of Settlement Agreement</u>

1. The terms of the Settlement Agreement are hereby preliminarily approved. There has been a showing that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

<u>Class Certification</u>

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlements, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Settlement Class"):

> All persons and entities that purchased airfreight cargo shipping services for shipments within, to, or from the United States (hereinafter "Airfreight Shipping Services"), including those persons and entities that purchased Airfreight Shipping Services through freight forwarders, from any air cargo carrier (including, without limitation, those defendants named in the Actions, and specifically including Lufthansa) and/or any named or unnamed co-conspirators (collectively, "Defendants") during the period from January 1, 2000 to the Execution Date of this Settlement Agreement [September 11, 2006].

Excluded from the Settlement Class are Defendants, their respective parents, employees, subsidiaries, and affiliates and all government entities.

3. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement

3

Class; (c) Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

4. The Court hereby appoints Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Cotchett Pitre & McCarthy; the Furth Firm LLP; Kaplan, Fox & Kilsheimer, LLP; Labaton Sucharow LLP; Levin, Fishbein, Sedran & Berman; Lockridge Grindal Nauen LLP; and Lovell Stewart & Halebian LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5. Plaintiffs Benchmark Export Services; Fleurchem, Inc.; FTS International Express, Inc.; JSNP, Inc.; Ralph Olarte d/b/a Olarte Transport Services; R.I.M. Logistics, Ltd.; S.A.T. Sea & Air Transport, Inc.; Sul-American Export, Inc.; TNT Freight Management USA, Inc.; Sangean American, Inc., JCK Industries, Inc.; Leis by Ron, Inc.; Alluvion, Inc.; Maria's Collections, Inc.; Printing Technologies, Inc., Plaintiff Paradiso, Inc.; TNT Freight Management (Singapore) Pte Ltd.; TNT Freight Management (Australia) Pty Ltd.; TNT Freight Management (Hong Kong) Limited; TNT Freight Management (Denmark) A/S; Deutscher Speditions und Logistikverband e.V.; TNT Freight Management (Sweden) AB; and Association des Utilisateurs du Transport de Fret will serve as Class Representatives on behalf of the Settlement Class.

Notice to Potential Class Members

6. Within 60 days after the date of the entry of this Order, Settlement Class Counsel shall cause copies of the Notice of Proposed Class Action Settlement, substantially in the form of Exhibit A to Plaintiffs' Letter to the Court of February 25, 2008, to begin to be mailed by first

class mail, postage prepaid, to each potential class member whose address has been obtained from any Defendant or from IATA.

7.      For the purpose of distributing Notice, Lufthansa has also identified from its records the names and addresses of tens of thousands of potential indirect customers, who will also receive mailed notice.  Such Notice shall also be mailed to any purchaser of airfreight shipping services who requests a copy of the Notice.

8.      As soon as practicable after mailing of the Notice commences, Settlement Class Counsel shall cause to be published a Publication Notice, which shall be substantially in the form of Attachment B to the Settling Parties' November 20, 2007 Submission to the Court . Publication Notice will commence no later than 30 days after commencement of the mailing of the Notice and be completed in all events at least 30 days prior to the Fairness Hearing.

9.      Settlement Class Counsel shall also cause the Notice to be published on a website established for purpose of this settlement, www.aircargosettlement.com (the "Settlement website"), within 60 days after the entry of this Order.  Both the Notice and the Publication Notice will direct Settlement Class Members to the Settlement website, where they can access complete information on the settlement process and download or request mailed copies of all relevant forms.  The Notice and Publication Notice will also provide telephone numbers that Settlement Class Members may call to request information or order mailed copies of relevant forms.

10.     Settlement Class Members will be advised in both the Notice and in the Publication Notice of their right to exclude themselves from the Settlement Class and instructed in the Notice, in summary form in the Publication Notice, and on the Settlement website as to the

procedure for submitting a request for exclusion. All requests for exclusion from the Settlement Class must be postmarked no later than 30 days prior to the Fairness Hearing.

11. Settlement Class Members will also be advised in both the Notice and in the Publication Notice of the time, date, and location of the Fairness Hearing. Detailed information regarding their right to appear at the Fairness Hearing in person or by counsel, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement will be provided in the Notice.

12. Every mailed Notice will be accompanied by a Claim Form, and Settlement Class Members will be instructed in the Claim Form as to the procedure for submitting claims. Settlement Class Members may also request a Claim Form on the Settlement website or by calling the Air Cargo Settlement Administrator at telephone numbers that will be provided to the Settlement Class. The Claim Form will be substantially in the same form as Exhibit B to Plaintiffs' Letter to the Court of February 25, 2008.

13. Prior to the Fairness Hearing, Settlement Class Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraphs 6 through 13 of this Order.

14. The foregoing notice provisions are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

Claims Administration

15. To effectuate the Settlement Agreement and the Notice provisions, the Court hereby approves The Garden City Group as the Claims Administrator ("Administrator") to be responsible for: (a) establishing a P.O. Box, information telephone line and website (to be included in the Notice of Settlement of Class Action) for the purpose of communicating with Settlement Class Members; (b) disseminating Notice to the Settlement Class; (c) accepting and maintaining documents sent from the Settlement Class Members including exclusion requests, Claim Forms, and other documents relating to claims administration; and (d) administering claims for allocation of funds among Settlement Class Members.

16. The Court Approves Settlement Class Counsel's designation of SunTrust Banks, Inc. as Escrow Agent pursuant to the Escrow Agreement attached as Exhibit 8 to Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Settlement.

17. As described in the Notice of Proposed Class Action Settlement, any Settlement Class Member may opt out of the Settlement Class by notifying the Administrator at the address provided. Information concerning exclusion is available on the Settlement website. A Settlement Class Member wishing to request exclusion shall mail a request in written form by first-class mail, postmarked no later than November 14, 2008 to the address of the Administrator designated in the Notice. The exclusion request must clearly state (a) the Settlement Class Member's name, address, and phone number; (b) all trade names or business names and addresses that the Settlement Class Member has used, as well as any parents, subsidiaries or affiliates that have purchased Airfreight Shipping Services at any time during the dates January 1, 2000 to September 11, 2006 who are also requesting exclusion; (c) the name of the Action ("In re Air Cargo Shipping Services Antitrust Litigation"); and (d) a signed statement that "I/we

hereby request that I/we be excluded from the Lufthansa Settlement Class in the *Air Cargo Shipping Services Antitrust Litigation, MDL 1775*". Settlement Class Members will be requested, but not required, to identify all air carriers from whom the Settlement Class Member purchased Airfreight Shipping Services and an estimate of the total amount paid for Airfreight Shipping Services from January 1, 2000 to September 11, 2006. Settlement Class Members will also be requested, but not required, to submit exclusions by certified mail. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the exclusion is otherwise accepted by the Court. Persons or entities that request exclusion from the Settlement Class shall not be entitled to share the benefits of the Settlement Agreement, nor be bound by any judgment, whether favorable or adverse.

18. Any potential member of the Settlement Class that does not properly and timely provide notification of its intent to opt out of the Settlement Class as set forth in paragraph 17 hereto shall be included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such potential member of the Settlement Class has objected to the Settlement Agreement and whether or not such potential member of the Settlement Class makes a claim upon or participates in the Settlement Agreement.

## The Fairness Hearing

19. A Fairness Hearing is hereby scheduled to be held on December 12, 2008 at 11:30 AM before the undersigned at 225 Cadman Plaza East, Brooklyn, New York, Ceremonial Courtroom, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement.

20. Any member of the Settlement Class that has not provided notification of its intent to opt out of the Settlement Class in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in

support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement, provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, thirty (30) days or more before the Fairness Hearing, such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement Agreement, and any documentation in support of such opposition; and (b) serves copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Settlement Class Counsel and Counsel for Lufthansa.

21. The date of the Fairness Hearing shall be set forth in the Notice and Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court and on the Court's website.

## Other Provisions

22. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

23. As of the date of entry of this Order, Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing or prosecuting any action against Lufthansa based upon or relating to the claims released in Paragraph 35 of the Settlement Agreement pending final approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent Order.

24. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Lufthansa, and the members of the Settlement Class.

25. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Plaintiffs and Lufthansa will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of any summary judgment motion or motions, and preparation for trial.

26. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, (i) the rights of any defendant to contest certification of any other class proposed in these consolidated actions; or (ii) the rights and/or arguments asserted by any defendant in a motion to dismiss. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion to dismiss; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion to dismiss.

**IT IS SO ORDERED.**

DATED: April 4, 2008

John Gleeson, U.S.D.J.

Conformed copies furnished to:
Counsel of Record