UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES<br>ANTITRUST LITIGATION<br><br>MDL No. 1775 | 06-MD-1775 (JG) (VVP)<br><br>THIS DOCUMENT RELATES TO:<br>All Actions |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL**

**OF SETTLEMENT MASTER'S REPORT AND RECOMMENDATION**

**REGARDING THE ALLOCATION OF**

**THE LUFTHANSA SETTLEMENT FUND**

On behalf of the classes of U.S. direct purchaser plaintiffs, U.S. indirect purchaser plaintiffs and foreign purchaser plaintiffs, and their related subclasses ("Plaintiffs"), Settlement Class Counsel[1] hereby move this Court for final approval of the Settlement Master's Report and Recommendation Regarding The Allocation Of The Lufthansa Settlement Fund, dated December 21, 2007, as amended, and the Settlement Master's February 14, 2008 Report and Recommendation (collectively, the "Report and Recommendation").

## I. FACTUAL BACKGROUND

### A. The Lufthansa Settlement Fund Allocation Proceedings

On September 11, 2006, Plaintiffs and defendants Deutsche Lufthansa AG, Lufthansa Cargo AG and Swiss International Air Lines, Ltd. (collectively, "Lufthansa") entered into a Settlement Agreement, creating a Settlement Fund of $85 million, plus interest.[2] In addition, the Lufthansa Settlement Agreement required the parties to establish a procedure to determine how the proceeds of the Settlement Fund would be allocated among the claimants.[3] Following the July 13, 2007 filing of the motion for preliminary approval of the Settlement, Co-Lead Class Counsel and U.S. Indirect Purchaser Class Counsel, with the aid of a mediation session with Judge Daniel H. Weinstein (Ret.) on September 17, 2007, agreed on a procedure to determine the

---

[1] Pursuant to paragraph 24 of the Lufthansa Settlement Agreement, as amended, Settlement Class Counsel are Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("CMHT"); Kaplan Fox & Kilsheimer LLP; Labaton Sucharow & Rudoff LLP (now Labaton Sucharow LLP); Levin, Fishbein, Sedran & Berman; Zelle, Hofmann, Voelbel, Mason & Gette LLP; Cotchett, Pitre & McCarthy; Lovell Stewart Halebian LLP; and Lockridge Grindal Nauen P.L.L.P. CMHT, Kaplan, Labaton and Levin are sometimes referred to herein as "Co-Lead Class Counsel."

[2] The September 11, 2006 Settlement Agreement subsequently was amended on January 4, 2007, February 22, 2007 and April 27, 2007. The Settlement Agreement and all the amendments thereto are referred to collectively in this motion as the "Lufthansa Settlement Agreement."

[3] Paragraph 76 of the Settlement Agreement states:
> The parties acknowledge that the Settlement Class includes both shippers and freight forwarders, and both customers and non-customers of Lufthansa, and that the Settlement Agreement makes no determination as to which Settlement Class Members are entitled to distribution of the Settlement Fund, or as to the formula for determining the amounts to be distributed. As appropriate, Settlement Class Counsel shall, after consultation with Lufthansa, submit to the Court for its approval a proposed procedure for determining such allocation. Upon approval of a procedure for allocation, pursuant to such procedure, the allocation shall be determined by the Court.

allocation of the Settlement Fund among potential claimants.  Agreement Among Counsel For Air Cargo Plaintiffs Regarding An Allocation Procedure For The Lufthansa Settlement Fund, filed October 24, 2007 as Ex. F to Declaration of Gregory K. Arenson (Doc. No. 632) (the "Allocation Agreement").[4]  This Allocation Agreement was approved by Magistrate Judge Pohorelsky on October 30, 2007.  *See* Order Approving A Procedure For The Allocation Of The Settlement Fund [, etc.], filed October 30, 2007 (Doc. No. 645).  Among other things, the Allocation Agreement designated Judge Weinstein as Settlement Master under Fed.R.Civ.P. 53 for purposes of recommending to the Court an appropriate allocation of the Settlement Fund among the classes.  Allocation Agreement, ¶ 1.  For purposes of determining the plan of allocation, Judge Weinstein would first serve as mediator, and if necessary, as arbitrator, whose recommendation would be binding among the parties.  *Id.*, ¶ 5.

Pursuant to the procedure set forth in the Allocation Agreement, counsel for each of the three classes submitted expert presentations and opening and reply memoranda to Judge Weinstein.  On December 11 and 13, 2007, Judge Weinstein, aided by his assistant, Jed Melnick, and his independent expert, Chad Coffman of Chicago Partners, held two all-day meetings in New York City with Allocation Counsel, Indirect Liaison Counsel, and their respective experts, during which counsel for each group made presentations to all parties.  Judge Weinstein also met with representative counsel for the individual groups separately.  Declaration of W. Joseph Bruckner, *et al.*, in Support of Final Approval of the Settlement Agreement Between Plaintiffs and Lufthansa, Plaintiffs'

---

[4] The Allocation Agreement designated representative counsel in the allocation proceedings for U.S. direct purchasers, foreign purchasers, and U.S. indirect purchasers, respectively, to help avoid conflicts of interest with respect to certain of the counsel.  In particular, H. Laddie Montague, Jr. of Berger & Montague and Joseph C. Kohn of Kohn Swift & Graf, P.C. were designated to represent U.S. direct purchaser plaintiffs; Richard D. Heideman of Heideman Nudelman & Kalik PC to represent foreign purchaser plaintiffs (collectively referred to as "Allocation Counsel"); and Christopher Lovell of Lovell, Steven N. Williams of Cotchett, and Craig C. Corbitt of Zelle Hofmann would serve as "Indirect Liaison Counsel."  Allocation Agreement, ¶¶ 2, 3.  On November 8, 2007, Allen D. Black of Fine, Kaplan and Black, R.P.C. was added as additional counsel to represent foreign direct purchasers, and, in January 2008, Steven M. Pavsner of Joseph, Greenwald & Laake, P.A. was designated to represent foreign indirect purchasers.

Application For Attorneys' Fees and Reimbursement of Expenses, and the Plan of Allocation ("Bruckner Decl."), ¶ 36; Settlement Master's Report and Recommendation Regarding the Allocation of the Lufthansa Settlement Fund, filed December 21, 2007 (Doc. No. 668-2) (the "December 21, 2007 Report"), at p. 4. On the evening of December 10, Judge Weinstein also met with Counsel for Lufthansa. December 21, 2007 Report, at p. 4.

As the Settlement Master stated in his December 21, 2007 Report and Recommendation:

> [a]ll parties to the proceedings conducted themselves with the highest degree of skill and professionalism, and all Counsel vigorously represented the interests of their clients. The negotiations at all times were hard fought and conducted at arm's length by extremely able advocates. The presentations made by Counsel were of the highest quality.

*Id.* at p. 5. Nonetheless, the parties were unable to agree to a mediated plan of allocation, and, as required under the Allocation Agreement, the proceeding in New York City became an arbitration. *Id.* at p. 4.

The Allocation Agreement required the Settlement Master, as arbitrator, to apply the following factors in determining the plan of allocation he wished to recommend to the Court: (1) the dollar amount of relevant commerce; (2) any estimated overcharges; (3) the relative strengths and weaknesses of the claims asserted; (4) the relative strengths and weaknesses of having a class or classes certified under the applicable claims and applicable law; (5) the applicable substantive laws with respect to claims or defenses regarding damages, including whether "pass on" is a relevant consideration under applicable law; (6) the intent, terms and circumstances of the Lufthansa Settlement Agreement; (7) the view of the settling defendants; and (8) any other factors deemed appropriate. Allocation Agreement, ¶ 7. The Settlement Master was not obliged to give any of the aforementioned factors any more weight than any other factor, and counsel could bring any relevant information to his attention. *Id.*

3

### B. The Plan Of Allocation For Lufthansa Settlement Fund Distribution

After carefully considering all of the arguments of counsel and their experts, Judge Weinstein recommended a plan of allocation to the Court on December 21, 2007 (the "Plan Of Allocation"). *See* December 21, 2007 Report. The proposed Plan provides that the U.S. indirect purchaser plaintiffs would receive 18% of the Settlement Fund, and the U.S. and foreign direct purchaser plaintiffs would share 82% of the Settlement Fund (after valuing shipments inbound to the United States at 1.625 times their value, and outbound from the United States at 1.000 times their value). *Id*. at p. 5. The Plan also provides that foreign indirect purchaser claims must be paid from the allocation to the foreign direct purchasers. In addition, any funds remaining after payment of all valid U.S. indirect purchasers' claims would be added to the fund to be distributed to direct purchasers. *Id.*; *see also* Bruckner Decl., at ¶ 36.

The December 21, 2007 Report, while directing that "[t]he foreign indirect purchaser claims must be resolved by the foreign direct purchasers from their allocation," left open how much each foreign group would receive. Thus, a further mediation/arbitration was conducted on February 4, 2008 in New York City, after submission of further briefing. Bruckner Decl., at ¶ 37. Judge Weinstein again was assisted by Jed Melnick, and his independent expert, Chad Coffman. In addition, Judge Weinstein was assisted by David Shapiro, an attorney and experienced mediator and arbitrator practicing law in Europe for approximately twelve years.

On February 19, 2008, Judge Weinstein, acting as arbitrator, filed his Report and Recommendation Regarding the Allocation of the Lufthansa Settlement Fund Among Foreign Purchasers (Doc. No. 703-2) (the "February 19, 2008 Report"). With respect to the 82% of the Settlement Fund that Judge Weinstein previously had allocated to the U.S. and foreign direct purchaser plaintiffs, the February 19, 2008 Report recommended to the Court that: (i) the Direct claimants (U.S. and foreign) be divided into two groups, U.S. Direct Purchasers and Foreign Direct Purchasers; (ii) the shares preliminarily allocated to

4

claimants in the Foreign Direct Purchasers group be added together to create a "Foreign Fund"; (iii) 85% of the "Foreign Fund" be allocated to Foreign Direct Purchasers (the "Foreign Direct Fund") and 15% to the Foreign Indirect Purchasers (the "Foreign Indirect Fund"); (iv) the same 1.000 and 1.625 multipliers for Outbound and Inbound shipments set forth in the December 21, 2007 Report be used to calculate final class member shares of the Foreign Direct Fund and Foreign Indirect Fund; and (v) any funds remaining in the Foreign Indirect Fund after payment of all valid claims be added to the Foreign Direct Fund for distribution to Foreign Direct Purchasers. *Id*. at p. 3.[5]

The determinations in each Report and Recommendation, as amended, were incorporated into revised notices and a claim form presented to the Court on February 25, 2008, and approved by Magistrate Judge Pohorelsky on March 14, 2008, and by Judge Gleeson on April 4, 2008 (as part of the order granting preliminarily approval of the Lufthansa Settlement). The Notice that has been issued to class members provides that they have until November 12, 2008 to object to the settlement or the Plan of Allocation. To date, no class member has submitted any objections to the Plan of Allocation.

## II.  THE PLAN OF ALLOCATION FOR THE LUFTHANSA SETTLEMENT FUND IS FAIR, REASONABLE, AND ADEQUATE

### A.  Legal Standard

The purpose of developing a plan of allocation is to devise a method that permits the equitable distribution of limited settlement proceeds to eligible class members.[6] *In re Luxottica Group S.p.A. Sec. Litig.* 233 F.R.D. 306, 316-17 (E.D.N.Y. 2006) (Weinstein, J.) (approving plan of allocation), citing *Beecher v. Able*, 575 F.2d 1010, 1016 (2d Cir.

---

[5] On February 25, 2008, Judge Weinstein amended his December 21 Report to recommend to the Court that indirect purchases of inbound airfreight cargo shipping services (*i.e.*, to the United States) be valued using a 1.625 multiplier, and outbound services purchased by indirect purchasers be valued using a 1.000 multiplier. *See* Amendment to Settlement Master's Report and Recommendation Regarding Allocation of the Lufthansa Settlement Fund, filed February 25, 2008 (Doc. No. 712).

[6] The Court's responsibility "for ensuring that the proposed Settlement is equitably allocated among Class Members derives from the requirement of Rule 23(e) that the settlement of a class action have court approval." *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 132-33 (S.D.N.Y. 1997).

5

1978).  As with a settlement, an allocation of a class action settlement must be fair, reasonable, and adequate.  *Id.*; *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 132-33 (S.D.N.Y.), *aff'd*, 117 F.3d (2d Cir. 1997) ("the standard of fairness, adequacy and reasonableness 'applies with as much force to the review of the allocation [plan] as it does to the review of the overall settlement'"), *quoting In re Agent Orange Prod. Liability Litig.*, 611 F.Supp. 1396, 1402 (E.D.N.Y. 1985), *aff'd in part and rev'd in part*, 818 F.2d 179 (2d Cir. 1987).  As a general rule, "the adequacy of an allocation plan turns on whether counsel has properly apprised itself of the merits of all claims, and whether the proposed apportionment is fair and reasonable in light of that information." *PaineWebber*, 171 F.R.D. at 133 (citing numerous cases).

When, as here, a plan of allocation is devised by a neutral arbiter following proceedings that enable counsel to present proposals, arguments, and expert analysis, such proceedings further support judicial approval of the resulting plan.  *See, e.g., In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 246 F.R.D. 156, 170 (S.D.N.Y. 2007) (approving plan of allocation where it was "the result of extensive proceedings conducted before the [a former U.S. District Court Judge] and his subsequent assessment of counsels' arguments…."); *In re Holocaust Victim Assets Litig.*, 2000 WL 33241660, at *1 (E.D.N.Y. Nov. 22, 2000), *aff'd*, 413 F.2d 183 (2d Cir. 2005) (approving plan of allocation by Special Master following "equitable procedures to ensure fair consideration of all proposals for allocation and distribution."); *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *11 (S.D.N.Y. 2007) (approving plan of allocation developed by lead counsel with damages expert following extensive investigation).

Furthermore, "[a]s numerous courts have held, a plan of allocation need not be perfect."  *Id.* (collecting cases).  Rather, it "need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *In re*

6

*WorldCom, Inc. Sec. Litig.*, 388 F.Supp.2d 319, 344 (S.D.N.Y. 2005) (quoting *Maley v. Del Global Techs. Corp.*, 186 F.Supp.2d 358, 361 (S.D.N.Y. 2002)).

Here, the proposed Plan of Allocation set forth in Judge Weinstein's Report and Recommendation amply meets those standards.

### B. The Plan Of Allocation Is Reasonable In Light Of The Information Available And The Extensive Analysis Performed By Experienced Counsel, Their Experts, And The Settlement Master

The Plan of Allocation before the Court is the result of extensive negotiations and proceedings in which experienced and competent counsel, their respective experts, and Judge Weinstein, with the aid of his own independent expert and assistant, performed a thorough legal and economic analysis of all the relevant information available concerning the claims against Lufthansa and the related Settlement. Counsel for each of the three groups – the U.S. Direct Purchasers, the U.S. Indirect Purchasers, and the foreign purchasers of air cargo services -- met both collectively and independently with Judge Weinstein during the two-day session in New York, and highlighted the strengths of their position and the perceived weaknesses that might be faced by the others.

As Judge Weinstein observed, "[a]ll parties to the proceedings conducted themselves with the highest degree of skill and professionalism, and Counsel vigorously represented the interest of their clients." *See* December 21, 2007 Report, at p. 5. Nonetheless, since the parties were too far apart to reach an appropriate allocation voluntarily, Judge Weinstein exercised his authority under the Allocation Agreement to impose a binding resolution. After thorough consideration of the respective arguments and evidence presented by counsel and all other information available at that phase of the *Air Cargo* litigation, and the independent recommendations of Messrs. Coffman and Melnick, Judge Weinstein recommended the aforementioned Plan of Allocation in his December 21, 2007 Report, and supplemented that recommendation in his February 19, 2008 Report.

7

In reaching his decision, Judge Weinstein focused on the factors he was authorized to apply pursuant to the terms of the Allocation Agreement. Among other things, he evaluated (i) the dollar amount of the relevant air cargo commerce in which each of the three groups participated; (ii) the estimated dollar amount of the overcharges; (iii) the relative strengths and weaknesses of each class's claims; (iv) the relative strengths and weaknesses of having a class or classes certified under the applicable law; (v) the applicable substantive laws with respect to claims or defenses regarding damages; and (vi) the intent, terms and circumstances of the Lufthansa Settlement Agreement.

In addition, Judge Weinstein appropriately considered the position of the parties at the time the Settlement was reached in September 2006, including the risks the parties, including Lufthansa, then faced, and the reasonableness of their desire to buy peace. *Cf. In re Microstrategy, Inc. Sec. Litig.*, 150 F.Supp.2d 896, 903 (E.D. Va. 2001) (court must consider the fairness of the settlement given "the posture of the case at the time the settlement was proposed"); *In re New Mexico Natural Gas Antitrust Litig.*, 607 F.Supp. 1491, 1497 (D. Colo. 1984) (determination of class action settlement under Rule 23(e) involves a balancing of factors, including "status of the case at the time of settlement"); *see also In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (noting that the size of the settlement fund at issue was "particularly significant in light of plaintiffs' position at the time of settlement"); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991).

Thus, as the law requires, Judge Weinstein thoroughly and "properly apprised [himself] of the merits of all claims," and determined that "the proposed apportionment is fair and reasonable in light of that information." *See PaineWebber*, 171 F.R.D. at 133. His decision regarding the allocation of the Lufthansa Settlement Fund is therefore fair, reasonable and adequate.

### C. Notice Of The Plan Was Duly Issued To The Class And No Objections Have Been Received

In considering a plan of allocation for approval, "[c]ourts also consider the reaction of a class to a plan of allocation" following notice, including whether objections have been submitted. *EVCI*, 2007 WL 2230177, at *11 (citing *Maley*, 186 F.Supp.2d at 367); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."), *citing Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 118 (2d Cir.), *cert. denied sub nom. Leonardo's Pizza by the Slice, Inc. v. Wal-Mart Stores, Inc.*, 544 U.S. 1044 (2005).

Here, the Plan Of Allocation was incorporated into revised notices to the classes, and a related claim form, which were approved by Magistrate Judge Pohorelsky on March 14, 2008, and by Judge Gleeson on April 4, 2008, in his order preliminarily approving the Lufthansa settlement. The Notice issued to the classes also stated that the class members had until November 12, 2008 to object to the Plan. To date, no class member has submitted any such objections.

Accordingly, the Court should grant final approval of the Plan of Allocation as being fair, reasonable, and adequate to the class. *See EVCI*, 2007 WL 2230177, at *11 (approving plan of allocation after noting, "No objections to the Plan of Allocation have yet been received."); *In re Lucent Techs., Inc., Sec. Litig.*, 307 F.Supp.2d 633, 649 (D.N.J. 2004) (noting reasonableness of allocation plan reflected in lack of objections following notice to class members).

### III. CONCLUSION

For the forgoing reasons, the Plan of Allocation for the Lufthansa Settlement Fund set forth in the Settlement Master's Report and Recommendation is fair, reasonable, and adequate to all groups of claimants. Therefore, this Court should grant final approval

of the Settlement Master's Report and Recommendation Regarding the Allocation of the

Lufthansa Settlement Fund.


Dated:  New York, New York
            November 12, 2008

| | |
|---|---|
| Robert N. Kaplan (RK-3100)<br>Gregory K. Arenson (GA-2426)<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>(212) 687-1980 | Christopher Lovell (CL-2595)<br>Imtiaz A. Siddiqui (IS-4090)<br>**LOVELL STEWART HALEBIAN LLP**<br>500 Fifth Avenue<br>New York, NY 10110<br>(212) 608-1900 |
| Gary L. Specks (GS-8767)<br>**KAPLAN FOX & KILSHEIMER LLP**<br>1655 Lake Cook Road, Suite 139<br>Highland Park, IL 60035<br>(847) 831-1585<br><br>By:   */s/ Robert N. Kaplan*<br><br>*Co-Lead Counsel* | By:   */s/ Christopher Lovell*<br><br>*U. S. Indirect Purchaser Counsel* |
| Hollis L. Salzman (HS-5994)<br>Gregory S. Asciolla (GA-2222)<br>Morissa R. Falk (MF-2418)<br>Benjamin D. Bianco (BB-5188)<br>**LABATON SUCHAROW LLP**<br>140 Broadway<br>New York, NY 10005<br>(212) 907-0700<br><br>By:   */s/ Hollis L. Salzman*<br><br>*Co-Lead Counsel* | W. Joseph Bruckner<br>**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**<br>100 Washington Avenue South<br>Minneapolis, MN 55401-2197<br>(612) 339-6900<br><br>By:   */s/ W. Joseph Bruckner*<br><br>*U.S. Indirect Purchaser Counsel* |

| | |
|---|---|
| Howard J. Sedran<br>Austin B. Cohen<br>**LEVIN, FISHBEIN, SEDRAN &**<br>**BERMAN**<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106-3697<br>(215) 592-1500<br><br>By:   /s/ Howard J. Sedran<br><br>*Co-Lead Counsel* | Joseph W. Cotchett<br>Steven N. Williams (SW-6918)<br>**COTCHETT, PITRE & MCCARTHY**<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>(650) 697-6000<br><br>By:   /s/ Steven N. Williams<br><br>*U.S. Indirect Purchaser Counsel* |

Michael D. Hausfeld
Charles E. Tompkins
Andrea L. Hertzfeld
**HAUSFELD LLP**
1146 19th Street N.W., 5th Floor
Washington, D.C. 20036
(202) 579-1089

By:   /s/ Michael D. Hausfeld

*Co-Lead Counsel and Co-Lead Counsel Principally Responsible for the Foreign Claims* [7]

Daniel A. Small
**COHEN, MILSTEIN, SELLERS**
**& TOLL, P.L.L.C.**
1100 New York Avenue N.W.
Washington, D.C. 20005
(202) 408-4600

Craig C. Corbitt
Henry A. Cirillo
**ZELLE, HOFMANN, VOELBEL,**
**MASON & GETTE LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
(415) 693-0700
By:   /s/ Craig C. Corbitt

*U.S. Indirect Purchaser Counsel*

---

[7] Michael D. Hausfeld was personally appointed Co-Lead Counsel by the Court while at his prior firm, Cohen, Milstein, Hausfeld & Toll, PLLC. Each of the attorneys with primary responsibility for litigating this case, including Mr. Hausfeld, are now at Hausfeld LLP. A Notice of Change Affiliation and Motion to Amend the Court's November 15, 2006 Decision and Order and Pretrial Orders No. 3 and 4 to reflect this change of firm affiliation is currently pending before the Court. All representative plaintiffs that had retained Michael Hausfeld in this matter, including Volvo, H&M, Geodis Wilson (formerly TNT), KappAhl, AB Lindex, Association des Utilisateurs du Transport de Fret ("AUTF"), IKEA and Olarte, have been apprised of this change of firm affiliation, have been given the choice of being represented by Michael Hausfeld or by Cohen, Milstein, Sellers and Toll (CMST), and support Michael Hausfeld's continuing in his Court-appointed positions. Nevertheless, Hausfeld LLP and the other Co-Lead Counsel have agreed to allow CMST to remain on the signature block pending entry of an order on Hausfeld LLP's motion so that these papers can be timely filed.

## **CERTIFICATE OF SERVICE**

I, Gregory K. Arenson, declare that, on November 12, 2008, I caused true and correct copies of the Plaintiffs' Memorandum of Law In Support of Final Approval of Settlement Master's Report and Recommendation Regarding the Allocation of The Lufthansa Settlement Fund to be delivered via the Court's ECF system to all counsel of record.

 */s/ Gregory K. Arenson*
Gregory K. Arenson