UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
IN RE:                                                           :
                                                                 :
AIR CARGO SHIPPING SERVICES                  :      ORDER
ANTITRUST LITIGATION                                 :
                                                                 :      06-MD-1775 (JG) (VVP)
MDL No. 1775                                                :
                                                                 :
-----------------------------------------------------------------X
                                                                 :
THIS DOCUMENT RELATES TO:                  :
                                                                 :
ALL CASES                                                    :
                                                                 :
-----------------------------------------------------------------X

JOHN GLEESON, United States District Judge:

On September 26, 2008, Judge Viktor V. Pohorelsky filed a thorough, well-reasoned 86-page Report and Recommendation ("R&R") with respect to various motions to dismiss. Familiarity with the R&R is assumed. Various objections have been filed. In all respects but one, I find those objections without merit.

The one exception relates to Judge Pohorelsky's recommendation that the plaintiffs' Sherman Act claims be dismissed, with leave to replead, because they fail to allege "enough specifics to support a plausible conspiracy," R&R at 13, and "fail[] to give the defendants sufficient notice of the claims against them," *id.* at 20. I see no need to write extensively here about the Supreme Court's decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The effects of those decisions across the full spectrum of federal cases are still uncertain and the subject of considerable controversy and even pending legislation, but in the antitrust setting it is clear that the law now requires, before defendants are forced to bear the

potentially enormous expense of discovery, that plaintiffs allege facts that raise a reasonable expectation that discovery will reveal evidence of the alleged antitrust violation. I respectfully disagree with Judge Pohorelsky's application of that standard to the First Consolidated Amended Complaint. I conclude that the allegations summarized at pages 9-12 of the R&R establish plausible grounds to infer an agreement among the defendants to artificially inflate the prices of airfreight shipping services and give sufficient notice of the claims against them. The additional fact that numerous defendants have pled guilty to criminal charges of fixing prices on air cargo shipments further supports that conclusion. Indeed, in this regard, the facts have changed significantly since Judge Pohorelsky issued the R&R. In the intervening months, the number of defendants that have pled guilty has risen to 15, and three more have entered the Department of Justice's leniency program (and thus have no doubt admitted their involvement in price-fixing). The defendants do not object to the Court's consideration of these many admissions of guilt, but contend that they "do not *confirm* the existence" of the overarching conspiracy plaintiffs have alleged. Defendants' Response to Plaintiffs' Objections at 17 (emphasis added) (Docket Number 865). Maybe so, but the admissions of price-fixing by so many of the defendants certainly "are suggestive enough to render a § 1 conspiracy plausible." *Twombly*, 550 U.S. at 556.

As mentioned, in all other respects, I find the objections to the R&R to be without merit, and I cannot improve upon Judge Pohorelsky's skillful analyses of the issues. Accordingly, except as discussed above, the R&R is adopted. The motion to dismiss the claims under state antitrust statutes and common law, state consumer protection statutes and state unfair

2

competition statutes is granted, as is the motion to dismiss the claims arising under European antitrust law.  In all other respects the motions to dismiss are denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 21, 2009
Brooklyn, New York