United States District Court
Eastern District of New York

| | |
|---|---|
| In re: | 06-MD-1775 (JG) (VVP) |
| Air Cargo Shipping Services Antitrust Litigation | |
| MDL No. 1775 | |

This Document Relates To:

All Cases

### Declaration of Brent W. Landau

I, Brent W. Landau, declare as follows:

1.     I am a partner in the law firm of Hausfeld LLP, one of the co-lead counsel for Plaintiffs.

2.     I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Certification for Interlocutory Appeal.

3.     Attached as Exhibit 1 is a true and correct copy of the November 26, 2007 Memorandum and Order on Stay Application in *Riverkeeper, Inc. v. United States Environmental Protection Agency*, No. 06 Civ. 12987 (S.D.N.Y.).

4.     Attached as Exhibit 2 is a true and correct copy of the docket sheet including the October 8, 1997 Order in *Celauro v. Citibank, N.A.*, No. 97-8022 (2d Cir.).

5.      Attached as Exhibit 3 is a true and correct copy of the July 25, 2001

Order in *BHP New Zealand, Ltd. v. UCAR International, Inc.*, Civ. A. No. 99-4772

(E.D. Pa.).

6.      Attached as Exhibit 4 is a true and correct copy of the June 27, 2001

Order in *Kloth v. Microsoft Corp.*, No. 01-656 (4th Cir.).

7.      Attached as Exhibit 5 is a true and correct copy of the June 11, 2004

Order Denying Motion for Leave to Certify for Appeal in *MM Global Services, Inc. v.*

*Dow Chemical Co.*, Civ. No. 3:02cv1107 (D. Conn.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2009.


*Brent W Landau*
Brent W. Landau

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RIVERKEEPER, INC., et al.,
Plaintiffs,

-against-

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,
Defendants.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/07

06 Civ. 12987(PKC)

MEMORANDUM
AND ORDER
ON STAY APPLICATION

P. KEVIN CASTEL, District Judge:

The defendant Environmental Protection Agency ("EPA") moves to stay this action pending a decision on petitions for review of certain final agency action. Prior to commencing this action, plaintiffs filed a petition for review of the final agency action in the United States Court of Appeals for the Second Circuit. The petition in the Second Circuit was transferred to the United States Court of Appeals for the Fifth Circuit under the random selection process conducted by the Judicial Panel for Multidistrict Litigation. 28 U.S.C. § 2112(a); Rule 17.1(a), Rules of the Judicial Panel on Multidistrict Litigation. After transfer, the petitioners moved to have the petition transferred back to the Second Circuit and that application was denied.

The parties are largely in agreement that jurisdiction lies either in the district court or in the courts of appeals but not in both courts. On September 24, 2007, I issued a Memorandum and Order concluding that the district court had jurisdiction over plaintiff's claim because the amended complaint alleged that the EPA failed to adopt "standards" which were required by section 316(b) of the Clean Water Act ("CWA"). 33 U.S.C. § 1326(b). Section

505(a) of the CWA permits "any citizen" to commence an action on his own behalf in the district courts "against the Administrator [of the EPA] where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 33 U.S.C. § 1365(a)(2). On September 28, I certified the question for interlocutory review, pursuant to 28 U.S.C. § 1292(b). No defendant or intervenor made application for an interlocutory appeal.

On a separate track and in the context of the pending petitions in the Fifth Circuit, the parties have briefed the mirror image of the principal issue decided in the September 24 Memorandum and Order, i.e. whether the courts of appeals have exclusive jurisdiction to review the EPA's final action under section 509(b)(1)(E) of the CWA, 33 U.S.C. § 1369(b)(1)(E), and the APA. The petitions had been slated to be assigned to a merits panel as early as December 2007.

On October 10, 2007, the EPA moved this court for a stay of proceedings pending the issuance of a decision in the Fifth Circuit. Plaintiffs' counsel wrote to this Court on October 15 asking for an extension of time to file opposition papers because of counsel's "significant workload" which application was promptly granted. The breadth of the workload became more apparent on October 31, 2007, when plaintiffs-petitioners moved in the Fifth Circuit to stay proceedings on four petitions pending in that court. The application seeks a stay in the Fifth Circuit pending a ruling in the Second Circuit on the issue decided in my September 24 Memorandum and Order. Because there will be no question presented to the Second Circuit under section 1292(b) in the foreseeable future, the stay would run through the completion of all

merits-related proceedings in the district court and the disposition of an appeal from a final judgment by the aggrieved parties to the Second Circuit. [1]

It makes perfect sense to stay proceedings in this Court pending a ruling by the Fifth Circuit. The prejudice to plaintiffs is minimal because of the advanced state of proceedings in the Fifth Circuit. There is a public interest in a prompt adjudication but also in an orderly and efficient use of judicial resources. The jurisdictional issue decided in my September 24, 2007 Memorandum and Order is not free from doubt. A stay in this Court would enable the Fifth Circuit to consider this important question. Putting aside whether this Court would be bound by a ruling of the Fifth Circuit, there is much to be gained from knowing whether the Fifth Circuit considers itself to have exclusive jurisdiction over a review of the final agency action. If this Court were to charge ahead with all proceedings necessary to bring the case to final judgment and it were later determined that this Court lacked jurisdiction, it may have served to delay a final adjudication in the proper court and would have wasted resources of the parties and the Court.

Plaintiffs' motion to stay proceedings pending a decision of the Fifth Circuit on the petitions pending in ConnocoPhillips, et al.v. EPA, 06-60662 (L)(5th Cir.) is GRANTED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
November 26, 2007

---

[1] Plaintiffs seize on the EPA's purported reservation of the right to seek a section 1292(b) certification at a later juncture and argue that the jurisdictional issue *could* be resolved by the Second Circuit before final judgment in the district court. The theoretical possibility is acknowledged.

# Exhibit 2

General Docket
US Court of Appeals for the Second Circuit

```
                                                    INDIV   CLOSED
                                                    NA        7

Court of Appeals Docket #: 97-8022                         Filed: 8/25/97
Nsuit: 3990  LOCAL-Other
Celauro, et al v. Citibank, N.A.
Appeal from: U.S. District Court        SDNY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
     1) Civil miscellaneous
     2) Private
     3) none
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0208-01: 96-cv-1262
     Trial Judge: Robert W. Sweet
     Date Filed: 8/25/97
     Date order/judgment: 8/25/97
     Date NOA filed: 8/25/97
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: due

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
     None
Current cases:
     None
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Docket as of February 5, 2000 2:02 am               Page 1
```

```
                                          INDIV   CLOSED
                                          NA        7
```

-----------------------------------------------------------------------

97-8022  Celauro, et al v. Citibank, N.A.

```
GASPER CELAURO                    David J. Bershad, Esq.
        Plaintiff - Appellee     212-594-5300
                                 [COR LD NTC ret]
                                 Milberg, Weiss, Bershad, Hynes
                                 & Lerach
                                 1 Pennsylvania Plaza
                                 New York, NY 10119-0165

                                 Kenneth A. Lapatine, Esq.
                                 212-977-6600
                                 16th floor
                                 [COR LD NTC ret]
                                 Camhy, Karlinsky & Stein
                                 1740 Broadway
                                 New York, NY 10001

                                 Lee Squitieri, Esq.
                                 212-889-3700
                                 [COR LD NTC ret]
                                 Abbey, Gardy & Squitieri
                                 212 E. 39th St.
                                 New York, NY 10016

                                 Maureen R. Olivo, Esq.
                                 [COR LD NTC ret]
                                 Law Office of
                                 Maureen R. Olivo, Esq.
                                 17 Allison Drive
                                 Englewood Cliffs, NJ 07632

WARREN PETERSON                   David J. Bershad, Esq.
        Plaintiff - Appellee     (See above)
                                 [COR LD NTC ret]

                                 Kenneth A. Lapatine, Esq.
                                 (See above)
                                 [COR LD NTC ret]

                                 Lee Squitieri, Esq.
                                 (See above)
                                 [COR LD NTC ret]

                                 Maureen R. Olivo, Esq.
                                 (See above)
                                 [COR LD NTC ret]

MARK S. ROSE                      David J. Bershad, Esq.
        Plaintiff - Appellee     (See above)
                                 [COR LD NTC ret]

                                 Kenneth A. Lapatine, Esq.
                                 (See above)
                                 [COR LD NTC ret]
```

```
                                            INDIV   CLOSED
                                            NA       7

-----------------------------------------------------------------------

97-8022  Celauro, et al v. Citibank, N.A.

                              Lee Squitieri, Esq.
                              (See above)
                              [COR LD NTC ret]

                              Maureen R. Olivo, Esq.
                              (See above)
                              [COR LD NTC ret]

ELICE J. ROSE                 David J. Bershad, Esq.
      Plaintiff - Appellee    (See above)
                              [COR LD NTC ret]

                              Kenneth A. Lapatine, Esq.
                              (See above)
                              [COR LD NTC ret]

                              Lee Squitieri, Esq.
                              (See above)
                              [COR LD NTC ret]

                              Maureen R. Olivo, Esq.
                              (See above)
                              [COR LD NTC ret]

JOHN NORTON                   David J. Bershad, Esq.
      Plaintiff - Appellee    (See above)
                              [COR LD NTC ret]

                              Kenneth A. Lapatine, Esq.
                              (See above)
                              [COR LD NTC ret]

                              Lee Squitieri, Esq.
                              (See above)
                              [COR LD NTC ret]

                              Maureen R. Olivo, Esq.
                              (See above)
                              [COR LD NTC ret]

MICHAEL MONTANA               David J. Bershad, Esq.
      Plaintiff - Appellee    (See above)
                              [COR LD NTC ret]

                              Kenneth A. Lapatine, Esq.
                              (See above)
                              [COR LD NTC ret]

                              Lee Squitieri, Esq.
                              (See above)
                              [COR LD NTC ret]

                              Maureen R. Olivo, Esq.
                              (See above)
```

```
                                          INDIV   CLOSED
                                          NA        7
```

---------------------------------------------------------------------

97-8022  Celauro, et al v. Citibank, N.A.

                              [COR LD NTC ret]

-------------------------

CITIBANK, N.A.                    Henry Weisburg, Esq.
      Defendant - Appellant      212-848-4000
                                 [COR LD NTC ret]
                                 Shearman & Sterling
                                 599 Lexington Ave.
                                 New York, NY 10022

                                 John H. Hall, Esq.
                                 212-909-6000
                                 [COR LD NTC ret]
                                 Debevoise & Plimpton
                                 875 3rd Ave.
                                 New York, NY 10022

```
                                         INDIV   CLOSED
                                         NA        7
-------------------------------------------------------------------------
97-8022  Celauro, et al v. Citibank, N.A.

Official Caption 1/
--------------------
Docket no.(s):97-8022

In Re LLOYD'S AMERICAN TRUST FUND LITIGATION.
***********************************************

GASPER CELAURO; WARREN PETERSON; MARK S. ROSE; ELICE J. ROSE; JOHN NORTON,
MICHAEL MONTANA,

                Plaintiffs-Appellees,

                 v

CITIBANK, N.A.,

                Defendant-Appellant.

Authorized Abbreviated Caption 2/
----------------------------------------------
Docket no.(s):97-8022

CELAURO V. CITIBANK, N.A.

----------------------------------------------
1/ Fed. R. App. P. Rule 12(a) and 32(a).
2/ For use on correspondence and motions only.

Docket as of February 5, 2000 2:02 am              Page 5
```

```
                                       INDIV  CLOSED
                                       NA       7
```

---------------------------------------------------------------------

97-8022  Celauro, et al v. Citibank, N.A.

8/25/97          NOTE: See 92-9032 (in01)

8/25/97          Appellant Citibank, N.A. motion for 1292(b) FILED (w/pfs).
                 [1034086-1] (in01)

8/25/97          Appellant Citibank, N.A. memorandum of law in support of
                 1292(b) motion #[1034086-1] filed. (in01)

8/25/97          Appellant Citibank, N.A. disclosure letter pursuant to FRAP
                 Rule 26.1 FILED. (in01)

9/2/97           Appellees Gasper Celauro, Warren Peterson, Mark S. Rose,
                 Elice J. Rose, John Norton, and Michael Montana memorandum
                 of law in opposition to motion for 1292(b) [1034086-1]
                 filed (w/pfs). (in01)

10/8/97          Order FILED DENYING motion for 1292(b) [1034086-1] by
                 Appellant Citibank, N.A., endorsed on motion dated 8/25/97.
                 Further noting that, "IT IS HEREBY ORDERED that the motion
                 be and it hereby is DENIED pursuant to directions from
                 Judges Miner and Cabranes ONLY.  Judge Kearse disqualified
                 herself and did not participate in the decision of this
                 matter." (Before: RJM & JAC, CJJ) (by: AH) (in01)

10/8/97          This appeal [97-8022] is disposed by the order: dated
                 10/8/97. (For text of order, see previous docket entry.)
                 (in01)

10/9/97          Certified copy of order dated 10/8/97 disposing of the
                 appeal issued to the SDNY. (in01)

Docket as of February 5, 2000 2:02 am                    Page 6
```

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FERROMIN INTERNATIONAL TRADE CORP., et al. | **FILED   JUL 2 5 2001** |
|               **Plaintiffs** | CIVIL ACTION |
| v. | NO. 99-CV-693 |
| UCAR INTERNATIONAL, INC., et al. |  |
|             **Defendants.** |  |
| ········································· |  |
| BHP NEW ZEALAND, LTD., et al. |  |
|             **Plaintiffs** | CIVIL ACTION |
| v. | NO. 99-~~4472~~ 4772 |
| UCAR INTERNATIONAL, INC., et al. |  |
|             **Defendants.** |  |

## ORDER

AND NOW THIS $25^{TH}$ day of July, 2001, upon consideration of the Agreed

Upon Motion by All Parties for an Immediate Appeal, IT IS HEREBY ORDERED that the

motion is GRANTED and the Court's June 13 Order is hereby amended to read as follows:

> 5. That the claims of plaintiffs' NSW BHP Steel Pty Ltd.
> and BHP Steel (JLA) PTY Ltd. in the <u>BHP</u> action are
> dismissed with prejudice as to all defendants.

724083.1.50 07/20/01 2:07 PM

6. With respect to this Court's ruling in paragraphs 2, 4 and 5 above granting in part the defendants' Motion to Dismiss, the Court believes that there is no just reason for delaying the entry of final judgment on those claims and parties covered by this Court's ruling in paragraphs 2, 4 and 5. Therefore, pursuant to Fed.R.Civ.P. 54(b) this Court directs the entry of a final judgment with respect to the parties and claims dismissed with prejudice in paragraphs 2, 4 and 5 above.

7. With respect to the Court's ruling in paragraph 3 above denying in part the defendants' Motion to Dismiss, the Court believes that the issues raised by defendants' Motions to Dismiss involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal from this Court's ruling will materially advance the ultimate termination of the litigation. The Court certifies this portion of its rulings so as to permit defendants to file an immediate application for an appeal under 28 U.S.C. § 1292(b). Further, the proceedings in the district court concerning the remaining claims shall be stayed until the Court of Appeals issues its mandate resolving defendants' appeals (or denies defendants' application for permission to appeal, as the case may be).

IF ANY OF THE PLAINTIFFS ARE SUCCESSFUL ON APPEAL, THE COURT NOTES THAT THEY WILL STILL HAVE TO PROVE THEIR CLAIMS ON THE MERITS BEFORE THIS COURT.

_____
Charles R. Weiner, J.

**ENTERED**

JUL 2 5 2001

CLERK OF COURT

# Exhibit 4

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
June 27, 2001

No. 01-650
CA-00-1268-JFM

DENISE DAVENPORT, d/b/a D&D Staffing

Petitioner

v.

MICROSOFT CORPORATION

Respondent

No. 01-656
CA-00-2117-JFM

LINDA DAMERON KLOTH; BLAINE COX; DEBRA CUNNINGHAM; ERIC
FERRELL; ELIZABETH STRICKLAND; RENE GONZALEZ; PAUL A.
DEITER; CLAY TYLER; PETER HAKLAR; ERIC S. LAZARUS; HAROLD A.
PHILLIPS; PRECISION BILLING SERVICES, INCORPORATED; GARY
LEACH; MSC SYSTEMS, INCORPORATED; O'SULLIVAN, HICKS &
PATTON; CARL C. CONRAD; PAUL L. HOWARD; THOMAS MCCALEB;
VICKI MCCALEB; JAMES WOODS; LEYTON T. BROWN; GALE RUFFIN;
RYAN D. REYNOLDS; JAY S. QUIGLEY; JOHN W. REDMANN; KEVIN
HUDDELL; ELEADERS, INCORPORATED; JOHN GLASE; BRUCE WRIGHT;
KBS-NET, SA; EVANGELOS KRITIKOS; WALTER LORELL; RENALDO
VELTRI; JOHANNA M. MCWHINNEY; JODI MARKS; JUDD GOODMAN;
SILVERWARE, LIMITED; DATA UNIT AG; DATACROWN, LIMITED, On
Behalf of Themselves and All Others Similarly Situated

Petitioners

v.

MICROSOFT CORPORATION

Respondent

----------
O R D E R

- - - - - - - - - -

Petitioners have filed petitions for permission to appeal interlocutory orders pursuant to 28 U.S.C. 1292(b).

The Court denies both petitions for interlocutory appeal without prejudice to allow for refiling after discovery has been completed and any summary judgment motions have been acted upon by the district court.

Entered at the direction of Judge Luttig, with the concurrence of Judge Widener and Judge Niemeyer as to the KLOTH petitioners.  Judge Niemeyer voted to grant the DAVENPORT petition.


For the Court,

/s/ Patricia S. Connor
_____
CLERK

# Exhibit 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

MM GLOBAL SERVICES, INC.,            :
MM GLOBAL SERVICES PTE., LTD,        :         2004 JUN 11  P 4: 36
MEGA VISTA SOLUTIONS (S)             :
PTE., LTD., and MEGA VISA            :         U.S. DISTRICT COURT
MARKETING SOLUTIONS LTD.,            :            HARTFORD, CT.
        Plaintiffs,                  :
                                     :
VS.                                  :         Civil No. 3:02cv 1107 (AVC)
                                     :
THE DOW CHEMICAL COMPANY,            :
UNION CARBIDE CORPORATION,           :
UNION CARBIDE ASIA PACIFIC,          :
INC., UNION CARBIDE CUSTOMER         :
SERVICES PTE., LTD, and DOW          :
CHEMICAL PACIFIC (SINGAPORE)         :
PTE., LTD.,                          :
        Defendants.                  :

### ORDER DENYING MOTION FOR LEAVE TO CERTIFY FOR APPEAL

This is an action for damages arising from a business
arrangement pursuant to which the plaintiffs purchased chemicals,
polymers, and other products from the defendants and resold them to
customers located in India.   The amended complaint alleges
violations of the Sherman Antitrust Act, 15 U.S.C. § 1, and common
law tenets concerning breach of contract and negligent
misrepresentation.   On April 23, 2003, the defendants moved to
dismiss the Sherman Antitrust claim for want of subject matter
jurisdiction, arguing that the plaintiffs failed to show that the
defendants' conduct had a "direct, substantial, and reasonably
foreseeable effect" on U.S. commerce as required by the Foreign
Trade Antitrust Improvement Acts of 1982 ("FTAIA") 15 U.S.C. § 6a.

On September 12, 2003, the court denied the motion.   On
October 10, 2003, the defendant filed a motion seeking leave to
certify the ruling for interlocutory appeal.   On December 10, 2003,

the court denied the motion without prejudice to its refiling, if desired, after the defendants had presented the same arguments to the court as a motion for reconsideration.  On December 24, 2003, the defendants filed their motion for reconsideration.

On March 18, 2004, the court reconsidered the court's September 12, 2003 ruling but denied the relief requested, concluding that it was "quite foreseeable that a conspiracy to fix prices in the Indian market might reasonably cause direct and substantial effects on the prices charged for the same products in the United States." <u>MM Global v. Dow</u>, No. 3:02cv1107, 2004 WL 556577, at *6 (D. Conn. Mar. 18, 2004).  Further, the court reasoned that:

> [a]t this juncture, the court is of the opinion that the plaintiffs have, at the very least, presented a compelling case going far beyond speculation of direct, substantial, and foreseeable effects on domestic commerce.  <u>In the absence of additional discovery, it would be inappropriate to reach any conclusion to the contrary.</u>

<u>MM Global</u>, 2004 WL 556577, at *6 (emphasis added).  The defendants now move once again pursuant to U.S.C. § 1292(b) for leave to certify the ruling for interlocutory appeal, arguing that the court's conclusion of "direct" effects on U.S. commerce was in error.

Interlocutory certification is appropriate when it: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate

2

termination of the litigation.  U.S.C. § 1292(b).

The defendants identify the controlling question of law to be what constitutes a "direct" effect for purposes of establishing jurisdiction under the FTAIA?  The court, however, does not perceive there to be a substantial ground for a difference of opinion on this question.  The Second Circuit has clearly defined "direct" effects as those which follow as "an immediate consequence of the defendant's activity."  Filetech S.A. v. France Telecom, S.A., 157 F.3d 922, 931 (2d Cir. 1998).  Consistent with this definition, the court's March 18, 2004 ruling stated that it was "quite foreseeable that a conspiracy to fix prices in the Indian market might reasonably cause" immediate consequences in the U.S. market, that is -- "direct and substantial effects on the prices charged for the same products in the United States."  MM Global, 2004 WL 556577, at *6.  This issue, however, could not be definitively resolved without additional discovery.  Id.

The uncertainty of the court's ruling lies in an incomplete factual predicate, not in the governing legal standard.  An appellate court should not, through an interlocutory appeal, be asked to make decisions on an incomplete record.  See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863 (2d Cir. 1996) (district court improvidently granted interlocutory order on denial of motion to dismiss on personal jurisdiction grounds because the record on which appellate court had to rely was incomplete and issue was question of law that turned on thorough examination of facts); see also Oneida Indian Nation v. County of Oneida, 622 F.2d 624, 628

3

(2d Cir. 1980) ("(t)he purpose of section 1292(b) is not to offer advisory opinions `rendered on hypotheses which (evaporate) in the light of full factual development.'").   Since the factual record remains incomplete, the motion (document no. 179) is denied.

It is so ordered, this 11th day of June, 2004 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge