**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

_____
                                         )
IN RE                                    )
                                         )
AIR CARGO  SHIPPING                      )        06-MD-1775 (JG)(VVP)
SERVICES ANTITRUST LITIGATION            )
                                         )        REPLY MEMORANDUM IN SUPPORT
                                         )        OF MOTION FOR RECONSIDERATION
_____)

THIS DOCUMENT APPLIES TO:
ALL ACTIONS

### REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION BY DEFENDANTS POLAR AIR CARGO LLC AND ATLAS AIR WORLDWIDE HOLDINGS, INC.

Plaintiffs' opposition brief blatantly takes out of context and unfairly characterizes points made by defendants Polar Air Cargo LLC and Atlas Air Worldwide Holdings, Inc. (the "Polar Defendants") in their opening brief in support of the Polar Defendants' motion for reconsideration.  The Polar Defendants did not "admit that 'a global conspiracy ... would of necessity sweep'" them in.  Pls.' Br. at 7.  Quite the contrary, the Polar Defendants pointed out that Plaintiffs never alleged a conspiracy that would implicate the Polar Defendants at all. Pointing to guilty pleas of parties who did not admit to conspiring with the Polar Defendants simply does not put the Polar Defendants on sufficient (indeed, any) notice of what they are alleged to have done, in violation of the principles articulated by the Supreme Court in Twombley and Iqbal.

Also contrary to Plaintiffs' suggestion, the Polar Defendants do not argue that a heightened pleading standard applies because Plaintiffs have been enjoined by the Florida Bankruptcy Court from bringing claims against the Polar Defendants that arose prior to the Polar

Defendants' discharge in bankruptcy on July 27, 2004.  Rather, Plaintiffs should be required to allege what the Polar Defendants purportedly did after July 27, 2004.  Plaintiffs' argument that the Polar Defendants waived this point by not raising it previously conveniently overlooks the fact that the injunction was not issued until after Defendants' Motion to Dismiss.

Simply put, Plaintiffs' Complaint does not provide the notice required under Rule 8, and does not set forth *any facts at all* about the Polar Defendants, let alone facts leading to a plausible inference that the Polar Defendants violated the Sherman Act.

Respectfully Submitted,


/s/ Harvey J. Wolkoff_____
Harvey J. Wolkoff (HW-0769)(admitted pro hac vice)
Matthew P. Garvey (MG-3561)(admitted pro hac vice)
ROPES & GRAY LLP
One International Place
Boston, MA  02110-2624
(617) 951-7000

*Counsel for Defendants Atlas Air Worldwide Holdings,*
*Inc. and Polar Air Cargo LLC*

Dated: October 5, 2009

## <u>CERTIFICATE OF SERVICE</u>

I, Harvey J. Wolkoff, hereby declare that on October 5, 2009, I caused a true and correct copy of the forgoing Memorandum in Support of Motion for Reconsideration of Polar Air Cargo LLC and Atlas Air Worldwide Holdings, Inc., to be served via the Court's ECF system upon all counsel registered for ECF in this case.

/s/ Harvey J. Wolkoff_____
Harvey J. Wolkoff