# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CARGO SHIPPING SERVICES <br> ANTITRUST LITIGATION <br> MDL No. 1775 <br><br> THIS DOCUMENT APPLIES TO: <br> ALL ACTIONS | 06-md-1775 (JG)(VVP) |

### PLAINTIFFS' FIRST SET OF REQUESTS
### FOR PRODUCTION OF DOCUMENTS TO SOCIÉTÉ AIR FRANCE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Société Air France ("Air France") respond to the following Requests for Production and produce for inspection and copying by Plaintiffs all of the following documents, electronically stored information and things which are in the possession, custody, or control of Air France or Air France's subsidiaries, affiliates, agents or attorneys, within thirty (30) days following the date of service of these Requests. These Requests are being served pursuant to the Scheduling Order for Discovery and Class Certification Briefing entered November 16, 2009 and consistent with the provisions for follow-up questions under the letter agreement between Plaintiffs and Air France dated December 2, 2009 and Air France's responses dated December 4, 2009.

### DEFINITIONS

As used herein, the words and phrases set forth below shall have the meaning or meanings prescribed for them. Plaintiffs adopt all defined terms as set forth in Local Civil Rule 26.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The term "electronically stored information," abbreviated herein as

"ESI," has the same meaning and scope in these Requests as it has in the Federal Rules of Civil Procedure. In addition, the rules of construction applicable to all discovery requests as set forth in Local Civil Rule 26.3(d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are applicable to these Requests for Production.

1. "Air Cargo" means any good, property, mail, product, shipment, container or item delivered, transported or shipped using air transportation for any portion of transit.

2. "Any" means one or more.

3. "Company," "your Company," "the Company," or "you" means Air France, each of its parents, predecessors, successors, subsidiaries, divisions, partnerships, affiliates and joint ventures (however organized) in which it has an interest. Any reference to your Company's "representative" means each current and former owner, officer, director, manager, employee, attorney, agent, consultant, affiliated person or other person acting or purporting to act for or on behalf of the Company

4. "Files" means any document, ESI or other information, including information in machine-readable form stored in or accessible through computer or other electronic information retrieval systems, including personal computers, portable computers, laptops, personal digital assistants ("PDAs"), cellular telephones, workstations, minicomputers, mainframes, servers, backup disks and tapes, archive disks and tapes and other forms of offline storage, whether located on or off the Company's premises or in the home, office, hotel room of any director, officer or employee or any other place of business activity by the Company.

5. "Including" means including, but not limited to.

6. "French Authorities" means the French Ministry of Justice.

2

## INSTRUCTIONS

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests for Production shall be deemed to be continuing in nature so that, if you, your directors, officers, employees, agents, representatives or any person acting on your behalf, subsequently discover or obtain possession, custody or control of any document or ESI previously requested or required to be produced, defendants shall promptly make such document or ESI available.

2. In producing documents and ESI, you are requested to furnish all documents, ESI or things in your possession, custody or control, regardless of the physical location of the documents or ESI, or whether such documents or ESI or other materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3. In producing documents, you are requested to produce the original of each document requested, together with all non-identical copies and drafts of such document. If the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested document, ESI or thing cannot be produced in full, you are to produce it to the extent possible, indicating which document, ESI or thing or portion of such document ESI or thing is being withheld, and the reason that document, ESI or thing is being withheld.

5. Documents or ESI not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents or ESI that are called for by these Requests, or if such documents or ESI are attached to documents or ESI called for by these

Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations or similar materials.

6.  All documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business. If any documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each document the file(s) from which the document(s) was (or were) originally located.

7.  All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

8.  Documents or ESI shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's or ESI's custodian(s).

9.  Documents or ESI attached to each other should not be separated, including, but not limited to, hard-copy versions of documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

10.  If a document or ESI once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document or ESI and state the details concerning its loss.

11.  In responding to these Requests you are to include documents and ESI (a) obtained from witnesses who gave information to any governmental agency or investigatory body; (b) that constitute or concern summaries of testimony or other statements in connection

with any governmental agency or investigatory body proceedings or investigations; or (c) obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

12. If you claim the attorney-client privilege or any other privilege or work product protection for any document or ESI, provide a detailed privilege log that contains at least the following information for each document or ESI that you have withheld:

    (a)  state the date of the document or ESI;

    (b)  identify each and every author of the document or ESI;

    (c)  identify each and every person who prepared or participated in the preparation of the document or ESI;

    (d)  identify each and every person who received the document or ESI;

    (e)  identify each and every person from whom the document or ESI was received;

    (f)  state the present location of the document or ESI and all copies thereof;

    (g)  identify each and every person having custody or control of the document or ESI and all copies thereof;

    (h)  provide sufficient information concerning the document or ESI and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

13. Unless otherwise agreed, all ESI shall be produced in native format. To the extent that any such ESI is not reasonably usable in native format, then such ESI (including any metadata) shall also be produced in such other format as is reasonably usable.

14. Unless otherwise specifically provided herein, the documents that must be produced include all responsive documents prepared, sent, dated, received, used, or in effect at any time

during the period from January 1, 1997 to February 14, 2006. This period is hereinafter referred to as "the Relevant Time Period."

## REQUESTS FOR PRODUCTION

### Request No. 1

All documents and ESI from locations outside of the United States concerning Air France, which were produced to the United States Department of Justice ("DOJ") in connection with its investigation of anticompetitive practices in the Air Cargo shipping industry.

### Request No. 2

All documents and ESI concerning Air France requested by the DOJ from French Authorities in connection with the DOJ's investigation of anticompetitive practices in the Air Cargo shipping industry and which documents were produced:

    (a)    from the files of Air France and the files of representatives, executives or employees of Air France located outside of the United States; and

    (b)    by French Authorities to the DOJ.

**Dated:** December 14, 2009

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
**KAPLAN FOX & KILSHEIMER, LLP**
850 Third Avenue, 14th floor
New York, NY 10022
(212) 687-1980

Michael D. Hausfeld
William P. Butterfield
**HAUSFELD LLP**
1700 K Street, Suite 650
Washington, DC 20006
(202) 540-7200

Brent W. Landau
**HAUSFELD LLP**
1604 Locust Street
Second Floor
Philadelphia, PA 19103
(215) 985-3270

Howard J. Sedran
Austin B. Cohen
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

Hollis L. Salzman (HS-5994)
Jay L. Himes (JH-7714)
Gregory S. Asciolla (GA-2222)
**LABATON SUCHAROW LLP**
140 Broadway
New York NY 10005
(212) 907-0700

7