# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN RE: AIR CARGO SHIPPING SERVICES
ANTITRUST LITIGATION

06-MD-1775 (JG)(VVP)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

------------------------------------------------------------x

### AMENDED RESPONSES AND OBJECTIONS OF SOCIÉTÉ AIR FRANCE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Société Air France ("Air France") hereby amends its Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents to Société Air France (the "Requests"), dated December 14, 2009.

### GENERAL OBJECTIONS

1. Air France objects to each and every one of Plaintiffs' Requests to the extent that they seek to impose burdens or obligations beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of New York.

2. Air France objects to the Requests to the extent that they are inconsistent with the letter agreement between Plaintiffs and Air France dated December 2, 2009 (the "Letter Agreement").

3. Air France objects to the Requests to the extent that the information sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome or less expensive.

4. Air France objects to the Requests to the extent they are overly broad, unduly burdensome or seek information that is not relevant to the claims or defenses asserted by the parties in this litigation.

5. Air France objects to the Requests to the extent that they purport to require Air France to produce documents that are protected by any applicable privilege, statute, rule or immunity. Such information will not be produced to Plaintiffs, and any inadvertent production shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine which may apply. Air France reserves its rights to demand and obtain the return of any such document and all copies thereof.

6. Air France objects to the Requests to the extent they relate to claims that were dismissed by the Court in its Order dated August 21, 2009. Air France also objects to the Requests to the extent they purport to require Air France to produce documents and information related to routes originating outside the United States on the grounds that the Court does not have subject matter jurisdiction over claims based on such routes.

7. Air France objects to the Requests to the extent they purport to require Air France to produce documents outside its possession, custody or control.

8. To the extent the Requests seek discovery from Air France of documents located outside the United States:

   a. Air France objects to the Requests to the extent they seek to circumvent the provisions of the Hague Convention on the Taking of Evidence Abroad in Civil and

Commercial Matters (the "Convention") and any other applicable convention or treaty by calling for production of documents without utilizing the Convention and any other applicable convention or treaty with respect to documents that may be located in countries that are signatories to the Convention and any other applicable convention or treaty.

    b. Air France objects to the Requests on the ground that disclosure of the materials requested would violate the laws of foreign jurisdictions, including without limitation (1) French Act 68-678 of July 26, 1968, as amended by French Act 80-538 of July 16, 1980 (i.e., the French blocking statute); (2) French Act 78-17 of January 6, 1978, as amended, on data protection and privacy, and any and all other applicable statutes and rules governing data protection and/or privacy law; and (3) principles of international comity.

    c. Air France objects to the Requests to the extent they seek to circumvent the provisions of any applicable convention or treaty by calling for production of documents without utilizing any available means of international legal assistance.

  9. Air France objects to the Requests to the extent they purport to require Air France to identify and provide information about communications, meetings, documents and about natural persons, corporations, companies, partnerships, joint ventures, or any other associations or entities that Air France neither knows of nor possesses, or that are in the possession of the Plaintiffs or can be obtained from a public source.

  10. Air France objects to the Requests to the extent they purport to require Air France to search files and produce documents in the possession custody, or control of agents or any other third parties not under the control of Air France. Air France's responses are on behalf of Air France only.

11. Air France's objections and responses to the Requests are made expressly without in any way waiving or intending to waive, but, rather, to the contrary, preserving and intending to preserve:

    a. All questions as to the competence, relevance, materiality, privilege, admissibility as evidence, or use for any purpose of the documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

    b. The right to object on any ground to the use of any such documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

    c. The right to object at any time to a demand for any further response to this or any other request for the production of documents; and

    d. The right at any time to revise, supplement, correct, amend or clarify these objections and responses.

12. The general objections set forth above are incorporated in each response below and shall be deemed to be continuing even if not specifically referred to in responses to individual Requests. Any responses to these Requests are made without waiver of, or prejudice to, any objections Air France may raise now or in the future and all such objections are hereby expressly preserved.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  Air France objects to the Definitions and Instructions to the extent they seek to impose a burden or obligation beyond those required or permitted by the Letter Agreement, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of New York.

2.  Air France objects to each of the definitions of "Company," "your Company," "the Company," and "you" as overly broad, unduly burdensome and as exceeding the requirements of the Letter Agreement and the Federal Rules of Civil Procedure. Air France further objects to such definitions to the extent they purport to require Air France to produce documents outside its possession, custody or control.

3.  Air France objects to Instruction "3" on the grounds that it is unduly burdensome, unreasonable and exceeds the requirements of the Letter Agreement and the Federal Rules of Civil Procedure. To the extent that Air France is required to produce documents responsive to these Requests, Air France will produce photocopies or electronic copies of such documents.

4.  Air France objects to Instruction "5" on the grounds that it is overly broad, unduly burdensome and exceeds the requirements of the Letter Agreement and the Federal Rules of Civil Procedure.

5.  Air France objects to Instruction "6" on the grounds that it is overly broad, unduly burdensome exceeds the requirements of the Letter Agreement and the Federal Rules of Civil Procedure.

6.  Air France objects to Instruction "7" on the grounds that it is overly broad, unduly burdensome and exceeds the requirements of the Letter Agreement and the Federal Rules of Civil Procedure.

7.     Air France objects to Instruction "8" on the grounds that it is overly broad, unduly burdensome and exceeds the requirements of the Letter Agreement and the Federal Rules of Civil Procedure.

8.     Air France objects to Instruction "11" on the grounds that it is overly broad, unduly burdensome and exceeds the requirements of the Letter Agreement and the Federal Rules of Civil Procedure. Air France further objects to Instruction "11" to the extent it seeks the production of documents that constitute attorney work product, that are protected by the attorney-client privilege, that constitute or disclose the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Air France concerning this or any other litigation, or that are protected by any other applicable privilege, statute, rule or immunity.

9.     Air France objects to Instruction "12" on the grounds that it is overly broad, unduly burdensome and exceeds the requirements of the Letter Agreement and the Federal Rules of Civil Procedure.

10.    Air France objects to Instruction "13" to the extent that it requires the production of documents in a format other than the format in which such information was previously produced to the United States Department of Justice or to foreign authorities.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Subject to the foregoing general objections, Air France objects and responds to the Requests as follows:

**Request 1**

All documents and ESI from locations outside of the United States concerning Air France, which were produced to the United States Department of Justice ("DOJ") in connection with its investigation of anticompetitive practices in the Air Cargo Shipping Industry.

**Response to Request 1**

See General Objections, in particular General Objections #2 and #8(b)(1).

**Request 2**

All documents and ESI concerning Air France requested by the DOJ from French Authorities in connection with the DOJ's investigation of anticompetitive practices in the Air Cargo shipping industry and which documents were produced:

(a) from the files of Air France and the files of representatives, executives or employees of Air France located outside of the United States; and

(b) by French Authorities to the DOJ.

**Response to Request 2**

See General Objections, in particular General Objections #2 and #8(b)(1).


Dated: December 22, 2009

New York, New York

                                              Respectfully submitted,

                                              **LINKLATERS LLP**

                                              By: /s/ James R. Warnot, Jr.
                                                  James R. Warnot, Jr.
                                                  Linklaters LLP
                                                  1345 Avenue of the Americas
                                                  New York, NY 10105
                                                  (212) 903-9000

                                              *Attorney for Société Air France*