# Exhibit 4



Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

December 15, 2009

**BY EMAIL AND REGULAR MAIL**

James R. Warnot, Esq.
Thomas A. McGrath, Esq.
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105

Re:  Air Cargo Shipping Services Antitrust Litigation-Air France
     MDL No. 1775

Dear Jim and Tom:

    As discussed in our telephone yesterday and last week, enclosed please find the First Set of Requests for Production of Documents to Société Air France ("Air France"). Assuming that plaintiffs accept the production of Air France's documents seized and produced by and to the United States Department of Justice ("DOJ"), in accordance with the parties' letter agreement dated December 2, 2009 (the "Letter Agreement") and to facilitate determination of whether Air France documents from outside the U.S. obtained by the DOJ also will be produced in accordance with the Letter Agreement, Air France shall respond to these document requests on or before December 21, 2009.

    You have represented that due to a French "blocking" statute, the DOJ requested the French Ministry of Justice ("Ministry") to request Air France to produce certain documents to the Ministry through the Treaty Between the Government of the United States of America and the Government of France on Mutual Legal Assistance in Criminal Matters. After obtaining the documents from Air France, the Ministry produced these documents to the DOJ. It is Air France's position that due to the "blocking" statute, it is prohibited from producing these documents to plaintiffs. The enclosed document requests seek these documents.

    This will also confirm that, irrespective of whatever objections it may seek to preserve in its responses to the document requests, during the subsequent meet and confer, Air France will agree that but for the French "blocking statute," it would produce the requested documents to plaintiffs. In other words, in connection with any Motion to Compel filed by plaintiffs, Air France shall not assert lack of relevance, burden, or that a request seeking documents produced to a government agency is improper. It shall limit its opposition to the motion to compel to arguments based on the French "blocking" statute.

    We have agreed to present to the Court on an expedited basis, despite any provisions in the Stipulated Discovery and Class Certification Briefing Schedule, two issues: whether Air





Letter to James R. Warnot, Esq. and Thomas A. McGrath, Esq.<br>
December 15, 2009<br>
Page 2 of 2

France is prohibited by the "blocking" statute from (1) producing these documents to plaintiffs or (2) authorizing the DOJ to produce these documents to plaintiffs.

We have also agreed that any response to a Motion to Compel filed by plaintiffs shall be due ten business days after we serve you but not counting the time between Christmas and New Years.

If this letter does not accurately set forth the agreement between Société Air France and plaintiffs, please inform me forthwith.

Sincerely yours,

Robert N. Kaplan (JMC)

Robert N. Kaplan

RNK:cv
Enclosure

cc:   Howard J. Sedran, Esq. (By Email)
      Hollis L. Salzman, Esq. (By Email)
      William P. Butterfield, Esq. (By Email)
      Gregory K. Arenson, Esq. (By email)
      Gary L. Specks, Esq. (By email)
      Jason A. Zweig, Esq. (By email)