**EXHIBIT D**

**Relief Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| JAPAN AIRLINES CORPORATION, <u>et</u> <u>al.</u>, | ) | Case No.  10-10198 |
| Debtors in a Foreign Proceeding[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER TO SHOW CAUSE
## <u>WITH TEMPORARY RESTRAINING ORDER</u>

Upon the Application for certain provisional and injunctive relief (the "<u>Application</u>")[2]

filed by the Foreign Representative as foreign representative of the above-captioned debtors

(collectively, the "<u>Debtors</u>") in the Debtors' reorganization proceedings under Japanese law

currently pending before the Tokyo District Court, Civil Department No. 8 (the

"<u>Japan Proceeding</u>"); and upon this Court's review and consideration of the Application, the

Nishi Declaration and the Katayama Declaration; this Court having jurisdiction to consider the

Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11

U.S.C. §§ 109 and 1501; consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court

pursuant to 28 U.S.C. § 1410(1) and (3); appropriate, sufficient and timely notice of the filing of

the Application and request for an order to show cause with a temporary restraining order having

been given by Foreign Representative, pursuant to Rules 1011(b) and 2002(q) of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); it appearing that the relief requested

---

[1]   The Debtors in these chapter 15 cases are:  Japan Airlines Corporation, Japan Airlines International Co., Ltd., and JAL Capital Co., Ltd.  The location of the Debtors' corporate headquarters and the service address for all of the Debtors is:  JAL Building, 2-4-11 Higashi Shinagawa, Shinagawa-ku, Tokyo, Japan Attn:  Legal Department.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

in the Application is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and upon after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND AND DETERMINED THAT:[3]

1.      There is a substantial likelihood that the Foreign Representative will be able to demonstrate that the Japan Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2.      The commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Debtors' estates in the Japan Proceeding, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

3.      Unless a restraining order issues, there is a material risk that the Debtors' assets could be subject to efforts by creditors or other parties-in-interest in the Untied States to control or possess such assets, or that business partners or contract counterparties could use the Japan Proceeding as a pretext to terminate unfavorable contracts, require security deposits, tighten credit terms or take other detrimental business acts against the Debtors or their U.S. assets.

4.      Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code; (b) interfere with and cause harm to the Debtors' efforts to administer    its    estates    pursuant    to    the    Japan    Proceeding;    and    (c) undermine    the

---

[3]   The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

Foreign Representative's efforts to achieve an equitable result for the benefit of all of the

Debtors' creditors.  Accordingly, there is a material risk that the Debtors may suffer immediate

and irreparable injury, and it is therefore necessary that the Court enter this Order.

5.      The interest of the public will be served by this Court's entry of this Order.

6.      The Foreign Representatives and the Debtors are entitled to the full protections

and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION
AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      All parties in interest must come before the Honorable James M. Peck, United

States Bankruptcy Judge for the Southern District of New York, for the hearing (the "Hearing")

at 2:00 p.m. on January 28, 2010, at the United States Bankruptcy Court, Alexander Hamilton

Customs House, Room 601, One Bowling Green, New York, New York 10004, or as soon

thereafter as counsel may be heard, to show why a preliminary injunction should not be granted,

pending the issuance of an order recognizing the Japan Proceeding as a "foreign main

proceeding" as defined in section 1502(4) of the Bankruptcy Code:

a.      establishing the Foreign Representative as the representative of the
Debtors with full authority to administer the Debtors' assets and affairs in
the United States, including, without limitation, making payments on
account of the Debtors' prepetition and postpetition obligations

b.      ordering that the protections of sections 361 and 362 of the Bankruptcy
Code apply to the Debtors and their assets in the United States;

c.      enjoining all persons and entities from seizing, attaching and/or enforcing
or executing liens or judgments against the Debtors' property in the
United States or from transferring, encumbering or otherwise disposing of
or interfering with the Debtors' assets or agreements in the United States
without the express consent of the Foreign Representative;

3

d.      all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof;

e.      entrusting the administration and realization of all of the Debtors' assets in the United States to the Foreign Representative, including all of the Debtors' assets located in the United States or which may have been transferred to third parties in the United States; and

f.      providing that the Foreign Representative is authorized to examine witnesses, take evidence and deliver information concerning the Debtors' assets, affairs, rights, obligations or liabilities.

3.      Pending entry of further order of this Court, the protections of sections 361 and 362 of the Bankruptcy Code, to the extent applicable, apply to the Debtors and their assets in the United States.

4.      Pending entry of further order of this Court:

a.      the Foreign Representative is established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations;

b.      the Foreign Representative is entrusted the administration or realization of all or part of the Debtors' assets in the United States, including, without limitation, all of the Debtors' assets in the United States that may have been transferred to parties in the United States;

c.      all persons and entities are enjoined from seizing, attaching and/or enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

4

        d.      all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof.; and

        e.      the Foreign Representative has the right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations or liabilities.

5.      Pending entry of further order of this Court, the Foreign Representative, in connection with his appointment as the Debtors' trustee in the Japan Proceeding or as the "foreign representative" in the Chapter 15 Cases, and the Debtors, are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

6.      Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to the Chapter 15 Cases by Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order.

7.      Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

8.      The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

9.      This Order and the Application shall be served on:  (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) the Federal Aviation Administration; (d) the Federal Transit Administration; (e) all parties to litigation currently pending in the United States in which the Debtor is a party; (f) United States Department of Justice; (g) the indenture trustee for the Debtors' unsecured bonds; (h) the depository institution for the Debtors' American depository receipt; (i) the administrative agent for the Debtors' prepetition credit facilities; (j) the Debtors' aircraft lessors; (k) all airport authorities at which the Debtors have operations; (l) all other parties against whom the Debtors are seeking preliminary relief pursuant to section 1519 of the Bankruptcy Code; and (m) all parties that file notices of appearance in the Chapter 15 Cases pursuant to Bankruptcy Rule 2002.

10.     Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.  The Foreign Representative, the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

11.     Any party in interest may file objections and be heard by this Court in accordance with the terms of any order of the Court providing for a hearing on any subsequent relief sought by the Foreign Representative in the Chapter 15 Cases.

12.     Any party in interest wishing to submit a response or objection to the relief requested in the Application must do so in writing and shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and by all other parties in

interest, on a 3.5-inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard copy marked "Chambers Copy" and delivered directly to the Bankruptcy Court) and shall be served so as to be actually received by no later than January 26, 2010 at 5:00 p.m. (Eastern Time) by the following parties: (a) counsel to the Foreign Representative, Kirkland and Ellis LLP, 300 North LaSalle, Chicago, Illinois 60657, Attn: David Seligman, Ryan Blaine Bennett and Paul Wierbicki; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; and (c) all parties that file notices of appearance in the Chapter 15 Cases pursuant to Bankruptcy Rule 2002.

13.    The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
       January 19, 2010

                                     *s/ James M. Peck*
                                   United States Bankruptcy Judge