```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          FOR ELECTRONIC PUBLICATION
                                      ONLY
----------------------------------------------------------x


IN RE AIR CARGO SHIPPING SERVICES          MEMORANDUM AND
ANTITRUST LITIGATION                       ORDER
                                           06-MD-1775 (JG)(VVP)
----------------------------------------------------------x
```

A P P E A R A N C E S:

    LABATON SUCHAROW LLP
    140 Broadway
    New York, New York 10005
    By:    Jay L. Himes
    *Attorneys for Plaintiffs-Movants*

    CLASS ACTION FAIRNESS GROUP
    2 Clock Tower Place, Suite 440
    Maynard, Massachusetts 01754
    By:    John J. Pentz
    *Attorneys for Brickman Concerts, Inc. and I.O.D. Group LLC*

JOHN GLEESON, United States District Judge:

        This multi-district antitrust litigation stems from an investigation by governmental authorities of worldwide price-fixing activity in the air cargo industry. On September 11, 2006, Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd. (collectively, "Lufthansa") and the plaintiffs executed a settlement agreement in which Lufthansa agreed to pay class members $85 million and provide cooperation in exchange for a release of all claims related to the alleged price-fixing conspiracy. On September 25, 2009, I filed a memorandum and order approving the settlement agreement and allocation plan. Final judgment was entered on October 6, 2009. On November 2, 2009, two class members, Brickman Concerts, Inc. ("Brickman") and I.O.D. Group LLC ("I.O.D.") appealed my order approving the settlement agreement and allocation plan. On December 23, 2009, the plaintiffs filed a motion

for an order directing Brickman and I.O.D. to post an appeal bond to cover the plaintiffs' costs on appeal. Lufthansa joined the plaintiffs in this motion. On January 8, 2010, Brickman and I.O.D. filed their opposition to the plaintiffs' request. I heard oral argument on January 15, 2010. For the reasons stated below, the plaintiffs' and Lufthansa's motion for an appeal bond is denied.

BACKGROUND

The facts of this multi-district litigation have been set forth more fully in several prior opinions of the Court, familiarity with which is assumed.

On July 13, 2007, the proposed settlement agreement between Lufthansa and the plaintiffs ("Lufthansa settlement agreement") was submitted for preliminary approval. On March 14, 2008, Judge Viktor Pohorelsky entered a Report and Recommendation recommending preliminary approval. On April 4, 2008, I entered an order preliminarily approving the settlement, certifying the class, appointing settlement class counsel and directing settlement class counsel to issue notice of the proposed Lufthansa settlement to potential class members.

Only a handful of class members objected to the settlement, including Brickman and I.O.D., who objected to the allocation of the settlement plan funds. They argued that a portion of the settlement funds was improperly allocated to foreign purchasers, whose claims, according to the objectors, were barred by the Foreign Trade Antitrust Improvements Act ("FTAIA") of 1982, 15 U.S.C. §6a (2000). In an order dated August 21, 2009, I addressed this issue and held that the foreign-purchaser claims are not barred by the FTAIA. I also noted in my order approving the Lufthansa settlement that it was not necessary to determine which party would have prevailed on the underlying foreign purchaser claims because the critical question was whether the settlement reflected a reasonable compromise. After holding a fairness hearing on December 12, 2008, and after directing and considering supplemental submissions by the

parties, I found that the settlement reflected a reasonable compromise, and I approved it in an order dated September 25, 2009.

DISCUSSION

A.  *Costs Included in an Appeal Bond*

Rule 7 of the Federal Rules of Appellate Procedure provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "The power to impose an appeal bond under Rule 7 has been specifically given to the discretion of the district court." *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998).

The parties disagree about the meaning of "costs on appeal" in this case. The plaintiffs seek an appeal bond in the amount of $216,160, which includes attorneys' fees, delay damages, and taxable costs. Brickman and I.O.D. argue that attorneys' fees and delay damages cannot be included in an appeal bond in this case. I agree.

The Second Circuit has held that "costs on appeal' may include the definition of 'costs' contained in the relevant substantive statute under which appeal is sought and are not limited by the enumeration of some 'costs' found in Rule 39." *Adsani,* 139 F.3d at 75 n. 9. Thus, the Court held that attorney's fees could be included in the appeal bond where the relevant statute provides for the award of such fees to the "prevailing party." *Id.* at 71 (citing 17 U.S.C. § 505). Here, however, the statute at issue -- § 4 of the Clayton Act -- does not allow for attorney's fees and costs to the "prevailing party," but rather to "any person who [is] injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15. Pursuant to the statute, therefore, the plaintiffs and Lufthansa could not recover attorney's fees or costs from Brickman and I.O.D., or other members of the plaintiff class. *See Azizian v.*

3

*Federated Dep't Stores, Inc.,* 499 F.3d 950, 959 (9th Circ. 2007); *see also In re AOL Time Warner, Inc.,* 02-CV-5575, 2007 WL 2741033, at *4 (S.D.N.Y. Sept. 20, 2007)(holding delay damages cannot be included in appeal bond because underlying statute does not provide for the inclusion of such costs). Accordingly, the appeal bond may not include attorney's fees or delay damages. The remaining costs at issue are the taxable costs of the appeal, for which the plaintiffs request $785.88.

B.  *The Plaintiffs' Motion for an Appeal Bond*

Courts consider several factors when determining whether to order an appellant to post an appeal bond: (1) the financial ability of the appellants to post the bond; (2) the risk of the appellants' nonpayment if the appeal is unsuccessful; (3) the merits of the appeal; and (4) whether the appellants' have shown "bad faith or vexatious conduct." *Baker v. Urban Outfitters, Inc.,* 01-CV-5440, 2006 WL 3635392, at *1 (S.D.N.Y. Dec. 12, 2006).

In this case, Brickman and I.O.D. have not submitted any financial information and, thus, I conclude that the appellants have the financial ability to post the requested bond. Second, the plaintiffs have not shown that there is any risk of nonpayment of the appeal's costs by Brickman and I.O.D. In a footnote in their submission, the plaintiffs argue that Brickman and I.O.D. are unlikely to pay costs awarded against them on appeal, because they do not have any financial interest at stake in the litigation. I find this argument insufficient to establish a real risk of nonpayment. *See Baker,* 2006 WL 3635392, at *1 (risk of nonpayment found when appellant had failed to comply with previous court order to pay costs); *Adsani,* 139 F.3d at 70 (risk of nonpayment found when appellant had no assets in the United States). Furthermore, the small amount of the possible bond, $785.88, considerably reduces any financial risk to the plaintiffs and Lufthansa.

As to the merits of the appeal, I will surprise no one by saying that, in my view, it lacks merit and that the plaintiffs and Lufthansa will prevail.[1] The settlement and allocation plan were the result of extensive negotiations on the part of the parties and a fairness hearing in which the objections of Brickman and I.O.D. were considered.

Lastly, though as the plaintiffs characterize John Pentz as a professional objector, I do not find that he or the parties he represents have engaged in "bad faith or vexatious conduct" in this litigation. The plaintiffs point to such conduct in other similar litigations, but in my judgment, that is insufficient to support a finding in this case. *See In re NASDAQ Market-Makers,* 94-CV-3996, 1999 U.S. Dist. LEXIS 7740, at *8 (S.D.N.Y. May 24, 1999)(finding bad faith and vexatious conduct where appellant filed repeated motions in class action for "his own unrelated purposes"); *In re AOL Time Warner,* 2007 WL 2741033, at *3 (finding some evidence of bad faith and vexatious conduct where non-class member "attempt[ed] to extract a settlement from the [p]laintiff, but it failed to provide the information necessary to complete the extraction").

CONCLUSION

Although I find that Brickman and I.O.D. are unlikely to prevail on appeal, I find that the low risk of nonpayment and the lack of bad faith by the appellants obviate the need for an appeal bond in this case. Accordingly, the plaintiffs' and Lufthansa's motion is denied.

                                        So Ordered.
                                        John Gleeson, U.S.D.J.

Date: March 22, 2010
       Brooklyn, New York

---

[1] The plaintiffs argue that the appeal is frivolous. The Second Circuit may, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, determine that the appeal is frivolous and award "damages and single or double costs" to the plaintiffs and Lufthansa. Fed. R. App. P. 38. However, "it is for the court of appeals and not the district court to decide whether Rule 38 costs and damages should be allowed in any given case." *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir. 1985).

5