FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 0 8 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG) (VVP)<br><br>THIS DOCUMENT RELATES TO:<br>All Actions |

THIS CAUSE came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, filed July 20, 2010. Plaintiffs have entered into a settlement agreement, dated July 8, 2010, ("Settlement Agreement") with Defendant Japan Airlines International Co., Ltd. ("JAL"). The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

1.   Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

<u>Preliminary Approval of Settlement Agreement</u>

2.   The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described below. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

<u>Class Certification</u>

3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been

met and certifies the following class for settlement purposes (the "Settlement Class"):

> All persons or entities (but excluding JAL, Defendants, their parents, predecessors, successors, subsidiaries, affiliates, as well as government entities) who purchased Airfreight Shipping Services for shipments to, from or within the United States directly from JAL or any of the Defendants or from any of their parents, predecessors, successors, subsidiaries, or affiliates, at any time during the period from January 1, 2000, up to and including September 11, 2006.

As specified in this definition, the Settlement Class excludes JAL, the other Defendants, their parents, predecessors, successors, subsidiaries, and affiliates as well as all government entities.

4.  The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

5.  The Court hereby appoints Hausfeld LLP; Kaplan, Fox & Kilsheimer, LLP; Labaton Sucharow LLP; and Levin, Fishbein, Sedran & Berman as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6.  Plaintiffs Benchmark Export Services, FTS International Express, Inc., R.I.M. Logistics, Ltd., Ralph Olarte d/b/a Olarte Transport Services, S.A.T. Sea & Air Transport, Inc. and Volvo Logistics AB (collectively, "Plaintiffs") will serve as Class Representatives on behalf of the Settlement Class.

## Notice to Potential Class Members

7. Within 30 days of receipt of customer lists from defendants who have not yet provided them, Settlement Class Counsel shall cause copies of the Notice of Proposed Class Action Settlement, substantially in the form attached as Exhibit 1 hereto, to begin to be mailed by first class mail, postage prepaid, to each potential class member whose address has been obtained from any present or former Defendant or from IATA (the "Notice Date").

8. As soon as practicable after the Notice Date, Settlement Class Counsel shall cause to be published a Publication Notice, which shall be substantially in the form attached as Exhibit 2 hereto. Publication Notice will be completed in all events at least 30 days prior to the Fairness Hearing. The Publication Notice shall be published one time in each of the following publications: *Air Cargo World* (U.S. only); *Air Cargo Week; Cargonews Asia; International Transport Journal; American Shipper; Airport Press; American Journal of Transportation; Inbound Logistics; Logistics Management; Air Transport World; Wall Street Journal* (global edition). If, in the good-faith judgment of Settlement Class Counsel, timely publication in one or more of the listed publications is deemed impracticable after the issuance of this Order, appropriate changes may be made in consultation with the approved Claims Administrator.

9. Settlement Class Counsel shall also cause the Notice to be published on the following website: www.AircargosettlementII.com (the "Settlement website"), on or before the Notice Date.

10. Prior to the Fairness Hearing, Settlement Class Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraphs 7 through 9 of this Order.

11. The foregoing notice provisions are hereby found to be the best means of

providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

Settlement Administration

12.     To effectuate the Settlement Agreement and the Notice provisions, the Court hereby approves The Garden City Group as the Claims Administrator ("Administrator") to be responsible for: (a) establishing a P.O. Box and website (to be included in the Notice of Settlement of Class Action) for the purpose of communicating with Settlement Class Members; (b) disseminating Notice to the Settlement Class; and (c) accepting and maintaining documents sent from the Settlement Class Members, including exclusion requests.

13.     The Court Approves the designation of Citibank, N.A. as Escrow Agent pursuant to the Escrow Agreement attached as Exhibit A to the Settlement Agreement which is attached as Exhibit A to Plaintiffs' Preliminary Approval Brief.

14.     As described in the Notice of Proposed Class Action Settlement, any Settlement Class Member may opt out of the Settlement Class by notifying the Administrator at the address provided.  Information concerning exclusion is available on the Settlement website.  A Settlement Class Member wishing to request exclusion shall mail a request in written form by first-class mail, postmarked no later than 60 days after the Notice Date to the address of the Administrator designated in the Notice. The exclusion request must clearly state (a) the Settlement Class Member's name, address, and telephone number; (b) all trade names or business names and addresses that the Settlement Class Member has used, as well as any

subsidiaries or affiliates who are also requesting exclusion; (c) the name of the Action ("*In re Air Cargo Shipping Services Antitrust Litigation*"); and (d) a signed statement that the Settlement Class Member requests to be excluded from the JAL Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the exclusion is otherwise accepted by the Court. Persons or entities that request exclusion from the Settlement Class shall not be entitled to share the benefits of the Settlement Agreement, nor be bound by any judgment, whether favorable or adverse.

### The Fairness Hearing

15. A Fairness Hearing shall be scheduled after receipt of Defendants' customer lists. The Fairness Hearing shall consider the fairness, reasonableness, and adequacy of the Settlement Agreement.

16. All papers in support of final approval of this settlement shall be filed thirty (30) days before the Fairness Hearing.

17. Any member of the Settlement Class that has not provided notification of its intent to opt out of the Settlement Class in the manner set forth above may object to the fairness, reasonableness, and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, twenty (20) days or more before the Fairness Hearing, such person (a) files with the Clerk of the Court a signed statement that indicates the basis for such person's opposition to the Settlement Agreement and includes proof of membership in the Settlement Class; and (b) serves copies of such statement, as well as any other papers or briefs that such person files with the Court, either

in person or by mail, upon Settlement Class Counsel and Counsel for JAL.

18. Any member of the Settlement Class that has not provided notification of its intent to opt out of the Settlement Class in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement; provided, however, that no person shall be heard, unless, twenty (20) days or more before the Fairness Hearing, such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a signed statement that indicates such person's position on the Settlement Agreement and includes proof of membership in the Settlement Class; and (b) serves copies of such notice and statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Settlement Class Counsel and Counsel for JAL.

19. The date of the Fairness Hearing shall be set forth in the Notice and Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court and on the Court's website.

## Other Provisions

20. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, JAL, and the members of the Settlement Class.

21. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, (i) the rights of any defendant to contest certification of any other

class proposed in these consolidated actions; or (ii) the rights and/or arguments asserted by any defendant in a motion to dismiss. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any defendant's motion to dismiss; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any defendant's motion to dismiss.

**IT IS SO ORDERED.**

DATED: September 8, 2010

s/John Gleeson
_____
John Gleeson, U.S.D.J.

Conformed copies furnished to:
Counsel of Record