# Labaton
# Sucharow

Hollis L. Salzman
Partner
212 907 0717 direct
212 883 7017 fax
hsalzman@labaton.com

September 13, 2010

**VIA ECF**

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re:   *In re Air Cargo Shipping Services Antitrust Litigation*, 06-MD-1775 (JG) (VVP)

Dear Magistrate Judge Pohorelsky:

Plaintiffs submit this letter in opposition to Defendants' Letter Requesting to File Attached Reply in Support of Defendants' Motion to Compel (Dkt. No. 1259). Defendants' Reply request repudiates two express agreements between the parties: (1) Plaintiffs agreed to Defendants filing a 10-page letter Motion to Compel, and as part of the exchange Defendants agreed to refrain from seeking to file a Reply, as they had originally requested; and (2) Plaintiffs agreed to produce certain hard copy documents that might include downstream information on the condition that Defendants would not later use Plaintiffs' production in support of its motion to compel production of downstream information. Since the filing of a Reply itself violates the parties' agreement, as does an argument made within the proposed Reply, Defendants' request should be denied.

Before Defendants filed their Letter Motion to Compel (Dkt. No. 1239), Plaintiffs and Defendants negotiated proposed dates and page limits for both the motion itself and for Plaintiffs' response. *See* Declaration of Hollis Salzman ("Salzman Decl."), attached hereto as Exhibit A. The parties' August 13, 2010 Consent Motion on these proceedings (Dkt. No. 1238) (Salzman Decl. Exhibit 2) sets forth their agreement stating that Defendants would file their 10-page letter Motion to Compel on August 13, 2010, and that Plaintiffs would file their Opposition letter on August 27, 2010. The Consent Motion made no reference to a Reply because Plaintiffs had separately agreed to Defendants' requested page extension on the condition that Defendants dispense with any possible Reply. Plaintiffs would not have agreed to extend the page limit had the Defendants not agreed to forego a Reply.

Labaton Sucharow LLP   140 Broadway, New York, NY 10005   212 907 0700 main   212 818 0477 fax   www.labaton.com  

# Labaton Sucharow

Honorable Viktor V. Pohorelsky
September 13, 2010
Page 2

Yet, on September 10, 2010, Defendants filed their letter application to file a Reply (Dkt. No. 1259) in clear violation of the parties' agreement. Pursuant to Your Honor's Rules of Practice, Rule I. B. provides that unauthorized replies will not be considered. *See* January 21, 2010 ORDER denying Plaintiffs' motions for leave to file a reply to Air France's opposition to Plaintiffs' motion to compel (Dkt. Nos. 1065 & 1066). Since the parties' agreement did not include the right to file a Reply, Defendants' request should be denied.

Additionally, Section 2 of Defendants' proposed Reply violates another agreement between the parties. Specifically, in negotiating the production of Plaintiffs' documents, Plaintiffs agreed to produce approximately 300 boxes of hard copy documents in their entirety, including any downstream documents in those boxes as part of the business files of certain Plaintiffs, provided that Defendants agreed not to use such production against Plaintiffs to argue in favor of receiving any additional downstream productions:

> More than 300 boxes of paper documents are now available for inspection in various locations throughout the country, including New York, Pennsylvania, and Illinois, subject to Defendants' agreement that the production of any downstream data included in these documents is being made available only to avoid the unnecessary burden of separating downstream from upstream information maintained together in the ordinary course of business, and that Defendants will not construe production of such downstream data as an admission of relevance or admissibility of any such information, or of the propriety of any of the Requests for downstream documents. Nor should it be considered a waiver of Plaintiffs' objections to such Requests, **nor used by Defendants to argue against Plaintiffs as a basis for the production of additional downstream information.**

Salzman Decl. Exhibit 3. Defendants agreed to Plaintiffs' proposal on August 10, 2010:

> Defendants confirm that the production of any downstream data in the 300 boxes will not be construed as an admission of the relevance or admissibility of such downstream data, nor will it be construed as a waiver of Plaintiffs' objections to Requests that seek downstream data. Defendants further agree **not to use** the fact of production of downstream data found in the 300 boxes as a basis to seek the production of additional downstream data.

# Labaton
# Sucharow

Honorable Viktor V. Pohorelsky
September 13, 2010
Page 3


Salzman Decl. Exhibit 1.  Plaintiffs confirmed Defendants' agreement in a subsequent letter, to which Defendants did not object:

> Plaintiffs will make the previously-described paper documents available to Defendants as per Defendants' agreement that: . . . (3) Defendants shall not consider the production of downstream documents as a waiver of Plaintiffs' objections to such Requests; and **(4) Defendants will not use this production to argue against Plaintiffs as a basis for the production of additional downstream information**.

Salzman Decl. Exhibit 4.

The parties' agreement is clear.  Yet, Section 2 of Defendants' proposed Reply – addressing Plaintiffs' burden argument – is based directly on Plaintiffs' approximately 300-box production of hard copy documents that included downstream information.  This part of Defendants' proposed Reply violates the parties' express agreement.

Because the parties have already exceeded the page limits in briefing these issues, and because Defendants' request to file a Reply expressly disregards two agreements with Plaintiffs, their request should be denied.

Respectfully submitted,

By: /s/ Hollis L. Salzman

Hollis L. Salzman (HS-5994)
Jay L. Himes (JH-7714)
Gregory S. Asciolla (GA-2222)
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700


By: /s/ Robert N. Kaplan

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
Jason A. Zweig (JZ-8107)

By: /s/ Michael D. Hausfeld

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200


By: /s/ Howard J. Sedran

Howard J. Sedran
Austin B. Cohen
LEVIN, FISHBEIN, SEDRAN

# Labaton
# Sucharow

Honorable Viktor V. Pohorelsky
September 13, 2010
Page 4

KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

& BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585