# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | : <br> : <br> : Master File 06-MD-1775 (JG)(VVP)<br> : <br> : **ALL CASES**<br> : <br> : <br> : |

DECLARATION OF HOLLIS L. SALZMAN
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' LETTER REQUESTING TO FILE ATTACHED
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

I, HOLLIS L. SALZMAN, state as follows:

1. I am a member of the law firm Labaton Sucharow LLP ("Labaton") located at 140 Broadway, New York, NY 10005. My firm is one of four named Co-Lead Counsel in this action.

2. I am submitting this Declaration in opposition to Defendants' Letter Requesting to File Attached Reply in Support of Defendants' Motion to Compel (Dkt. No. 1259).

3. On August 10, 2010, Defendants advised Plaintiffs that they would soon file a Motion to Compel.

4. Following that, the parties negotiated the terms and scheduling of the related briefing. Defendants first proposed a page limit extension and schedule of deadlines related to that motion, which entitled Defendants to a reply. Plaintiffs rejected this proposal and further negotiations ensued. *See* Exhibit 1.

5. On August 13, 2010, the parties reached the following agreement: (1) Defendants could use up to ten pages for their motion, (2) Plaintiffs could use up to 10 pages for the

response, (3) Plaintiffs' opposition would be due two weeks after the motion was filed; and (4) Defendants would not file a reply. Plaintiffs ultimately agreed to the page extension of 10 pages provided that Defendants were not afforded a reply. Plaintiffs would not have agreed to extend the page limit had the Defendants not agreed to forego a Reply.

6. Defendants memorialized and filed this agreement in the Consent Motion for Leave to File 10-Page Letter Briefs and for Briefing Schedule on Certain Defendants' Motion to Compel (Dkt. No. 1238), attached hereto as Exhibit 2. The Consent Motion set forth the parties' agreement, wherein Defendants would file their 10-page letter motion on August 13, 2010 and Plaintiffs would file their letter in opposition to the motion on August 27, 2010. The Consent Motion made no reference to a reply because the order was entered based upon the parties' agreement of no reply.

7. Additionally, during negotiations related to Defendants' First Set of Document Requests to Plaintiffs, Plaintiffs agreed to produce approximately 300 boxes of hard copy documents, subject to Defendants' agreement that any downstream information included in that production would not be construed as an admission of relevance or admissibility, a waiver of Plaintiffs' objections to Defendants' requests, or a basis for the production of additional downstream information. Plaintiffs set forth these requirements in my July 29, 2010 letter to Heather Kafele, attached hereto as Exhibit 3.

8. Defendants confirmed their agreement to Plaintiffs' proposal in an email from Mallory Tosch dated August 10, 2010. *See* Exhibit 1.

9. Plaintiffs again confirmed this agreement in my August 17, 2010 letter to Brian Burke, attached hereto as Exhibit 4.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of September, 2010.

_____
Hollis L. Salzman