

1350 I Street, NW
Suite 1100
Washington, DC 20005
202.662.2700 Phone
202.662.2739 Fax
andrewskurth.com

Roscoe C. Howard, Jr.
202.662.2750 Phone
202.974.9544 Fax
RoscoeHoward@andrewskurth.com

October 13, 2010

**VIA ELECTRONIC CASE FILING**

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201-1818

      Re:    <u>In re Air Cargo Shipping Services Antitrust Litigation, 1:06-MD-01775</u>

Dear Magistrate Judge Pohorelsky:

      Air New Zealand Limited, through undersigned counsel, objects to the plaintiffs' Stipulated (Proposed) Amended Discovery and Class Certification Briefing Schedule filed yesterday, October 11, 2010 (ECF No. 1283).

      On November 16, 2009, this Court entered a Stipulated Discovery and Class Certification Briefing Schedule.  Pursuant to this schedule, Air New Zealand began producing documents in the winter of 2009 and has continued to adhere to the schedule.  According to the Schedule, the time for Party Depositions is March 15, 2010, thru January 31, 2011.

      In mid-May 2010, counsel for Air New Zealand contacted Ms. Katherine Schelch of the Department of Justice's Antitrust Division to let her know that the deposition period had commenced and Air New Zealand was intending to take the deposition of some parties to the civil litigation.  At that time, counsel for Air New Zealand inquired as to whether DOJ would intervene to prevent the depositions.  Ms. Schlech stated that DOJ would not intervene and saw no reason to do so.

      On August 27, 2010, after many of the parties in the civil case had produced documents and responded to Interrogatories, Air New Zealand noticed the depositions of three parties, Cargolux Airlines International S.A., Martinair Holland N.V., and Bruce McCaffrey, and one former party, Lufthansa.  The depositions have been voluntarily postponed while counsel for the parties involved attempt to work out a mutually acceptable date for the depositions.

Honorable Viktor V. Pohorelsky
October 13, 2010
Page 2

On September 3, 2010, William Martin, of the DOJ, and Ms. Schlech contacted counsel for Air New Zealand to ask if Air New Zealand would voluntarily postpone its noticed depositions for six months.  Air New Zealand indicated that it was not willing to stay the depositions.  Mr. Martin then indicated that DOJ was likely to intervene and stay the depositions.

On September 15, 2010, counsel for Air New Zealand received correspondence from Mr. Martin asking that Air New Zealand reconsider its position regarding a six month stay of the depositions.  Mr. Martin also stated that if Air New Zealand insisted on going forward with the depositions, DOJ would file a motion to intervene and stay the depositions. Air New Zealand reiterated its position to DOJ and has not heard from them since.  Meanwhile, Air New Zealand has continued, in good faith, to communicate with counsel for the parties it wishes to depose in order to set a mutually convenient schedule.  To date, DOJ has made no formal motions to intervene or stay Air New Zealand's proposed depositions.

As the Court is aware, plaintiffs' counsel filed a Stipulated (Proposed) Amended Discovery and Class Certification Briefing Schedule yesterday which was agreed upon by all defendants except Air New Zealand and Atlas Worldwide Holdings, Inc./Polar Air Cargo LLC.  Air New Zealand objects to the proposed changes in the scheduling order for the following reasons:

1. The Stipulated Discovery and Class Certification Briefing Schedule that was entered in this case in November of 2009, states clearly that party depositions are to occur between March 15, 2010, and January 31, 2011. Air New Zealand is merely exercising its rights under a discovery schedule that was agreed upon by all parties almost two years ago.

2. Plaintiffs voluntary stay is premature.  Plaintiffs have indicated that they are moving for this stay at the request of DOJ due to its ongoing investigation.  Ordinarily, civil stays are granted for government intervenors when the intervening party meets the burden of proving that the civil and criminal cases overlap, that the criminal case has ripened into indictment, that the stay would benefit the public interest, that a stay would be in the interest of the Court in the efficient management of the case, and other factors. In the case at bar, no effort has been made by DOJ to meet its burden.  Rather, it is relying on the ability of plaintiffs and the assenting defendants to carry the burden.  DOJ's investigation into Air New Zealand, and many of the other defendants, started on February 14, 2006, and continues to this day.  Nevertheless, no indictment has been issued against Air New Zealand or any of its current or former employees.  Since there is no indictment after over four years of investigating Air New Zealand, an argument that the government's case *could* be in jeopardy seems disingenuous.  DOJ has also made no showing that this stay would not prejudice the parties, that it would assist in the efficient management of the case at bar after four years of litigation, or that it is in the public interest.

Honorable Viktor V. Pohorelsky
October 13, 2010
Page 3

3. Air New Zealand has noticed the deposition of Martinair, which as this Court is aware, has come to a settlement agreement with plaintiffs and is waiting for approval by this Court of the settlement terms. If and when Martinair's settlement is approved, it will become exponentially more difficult for Air New Zealand to obtain the testimony it seeks in the proposed 30(b)(6) deposition since Martinair would then be a non-party to the suit.

4. Finally, Air New Zealand also objects to the proposed stay because it is concerned about the health and availability of another deponent. Air New Zealand has noticed the deposition of defendant Bruce McCaffrey who is in poor health and suffers from a terminal disease. Should Mr. McCaffrey's deposition be postponed because of the stay proposed by plaintiffs, it is likely that Mr. McCaffrey's deteriorating health would make him unavailable for deposition.

For the reasons stated above, Air New Zealand opposes the proposed stay submitted for this Court's review by plaintiffs. Furthermore, Air New Zealand asks this Court to allow Air New Zealand to proceed with its noticed party depositions. Air New Zealand counsel will be in attendance at the conference scheduled for this Thursday, October 14, 2010, at 2:30 p.m. if the Court wishes to hear more from Air New Zealand.

Sincerely,

/s/ ROSCOE C. HOWARD JR.
Roscoe C. Howard, Jr.
ANDREWS KURTH LLP
1350 I Street, NW, Suite 1100
Washington, D.C. 20005
Phone: (202) 662-2764
Facsimile: (202) 974-9544
Email: roscoehoward@andrewskurth.com

- and -

Michael J. Holland
CONDON & FORSYTH LLP
Times Square Tower
7 Times Square
New York, NY 10036
Tel: (212) 894-6740
Fax: (212) 370-4482
Email: holland@condonlaw.com

*Counsel for Air New Zealand Ltd.*

WAS:163587.1

Honorable Viktor V. Pohorelsky
October 13, 2010
Page 4


cc: All Counsel of Record (via ECF)
John Blair
James Radcliffe
Michael J. Holland Esq.
Daniel S. Seikaly, Esq.
Meena T. Sinfelt, Esq.

WAS:163587.1

Honorable Viktor V. Pohorelsky
October 13, 2010
Page 5

## CERTIFICATE OF SERVICE

I, Roscoe C. Howard, Jr., declare that on October 13, 2010, I caused a true and correct copy of the letter to the Honorable Viktor V. Pohorelsky, dated October 13, 2010, and this Certificate of Service to be delivered via the Court's ECF system to all counsel of record and to the party listed below via Federal express:

>Jan Lillieborg, *pro se*
>Badhusvägen 11
>165 71 Hässelby, Sweden

>   /s/ ROSCOE C. HOWARD JR.
>Roscoe C. Howard, Jr.

WAS:163587.1