UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | Master File 06-MD-1775 (JG) (VVP) |
| AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION | THIS DOCUMENT RELATES TO: All Actions |
| MDL No. 1775 | |

[PROPOSED] ORDER AUTHORIZING DISSEMINATION OF
CLASS NOTICE AND SCHEDULING HEARING FOR
FINAL APPROVAL OF PROPOSED SETTLEMENTS

THIS CAUSE came before the Court on Plaintiffs' Motion to Authorize Dissemination of Class Notice and to Schedule Fairness Hearing, filed October 19, 2010.

On September 8, 2010, this Court granted preliminary approval to three settlements entered between plaintiffs and the following defendants (1) Société Air France, Koninklijke Luchtvaart Maatschappij N.V., and Martinair Holland N.V. (the "Air France-KLM Settlement") [Order, ECF No. 1254]; (2) Japan Airlines International Co., Ltd. (the "Japan Airlines Settlement") [Order, ECF No. 1255]; and (3) AMR Corp. and American Airlines, Inc. (the "American Airlines Settlement") [Order, ECF No. 1256]. On October 13, 2010, this Court granted preliminary approval to a settlement between plaintiffs and defendant Scandinavian Airlines System and SAS Cargo Group A/S (the "SAS Settlement") [Order, ECF No. 1291].

The Court, having reviewed the Motion and its accompanying memorandum, and the file, hereby:

**ORDERS AND ADJUDGES:**

<u>Notice to Potential Class Members</u>

1.     Within 30 days after the date of the entry of this Order, Settlement Class Counsel shall cause copies of the Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit 1, to begin to be mailed by first class, postage prepaid, to each potential member whose address has been obtained from any present or former Defendant or from IATA ("the Notice Date").

2.     As soon as practicable after the Notice Date, Settlement Class Counsel shall cause to be published a Publication Notice, substantially in the form attached hereto as Exhibit 2.  The Publication Notice shall be published one time in each of the following publications: *Air Cargo World* (U.S. only)*; Air Cargo Week; Cargonews Asia; International Transport Journal; American Shipper; Airport Press; American Journal of Transportation; Inbound Logistics; Logistics Management; Air Transport World; Wall Street Journal* (global edition).   If, in the good-faith judgment of Settlement Class Counsel, timely publication in one or more of the listed publications is deemed impracticable after the issuance of this Order, appropriate changes may be made in consultation with the approved Claims Administrator.

3.     On or before the Notice Date, Settlement Class Counsel shall cause the Notice to be published on the following website: www.Aircargosettlement2.com.

4.     Prior to the Fairness Hearing, Settlement Class Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraphs 1 through 3 of this Order.

5.     As described in the Notice of Proposed Class Action Settlement, any Settlement Class Member may opt out of the Air France-KLM Settlement Class, the Japan Airlines

2

Settlement Class, the American Airlines Settlement Class, and/or the SAS Settlement Class by notifying the Administrator at the address provided. A Settlement Class Member wishing to request exclusion shall mail a request in written form by first-class mail, postmarked no later than 60 days after the Notice Date to the address of the Administrator designated in the Notice. The exclusion request must clearly state (a) the Settlement Class Member's name, address, and telephone number; (b) all trade names or business names and addresses that the Settlement Class Member has used, as well as any subsidiaries or affiliates that have purchased Airfreight Shipping Services at any time during the dates January 1, 2000 to September 11, 2006 who are also requesting exclusion; (c) the name of the Action ("*In re Air Cargo Shipping Services Antitrust Litigation*"); and (d) a signed statement that the Settlement Class Member requests to be excluded from the Air France-KLM Settlement Class, the Japan Airlines Settlement Class, the American Airlines Settlement Class, and/or the SAS Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the exclusion is otherwise accepted by the Court. Persons or entities that request exclusion from the Settlement Class shall not be entitled to share the benefits of the Settlement Agreement, nor be bound by any judgment, whether favorable or adverse.

The Fairness Hearing

6.     A Fairness Hearing is hereby scheduled to be held on _____ at _____ before the undersigned at 225 Cadman Plaza East, Brooklyn, New York, to consider the fairness, reasonableness and adequacy of the Air France-KLM Settlement; the Japan Airlines Settlement; the American Airlines Settlement; and the SAS Settlement, and the request for litigation expenses.

7.    All papers in support of final approval of the Air France-KLM Settlement; the Japan Airlines Settlement; the American Airlines Settlement; and/or the SAS Settlement and the request for litigation expenses shall be filed thirty (30) days before the Fairness Hearing.

8.    Any member of the Settlement Class that has not provided notification of its intent to opt out of the Air France-KLM Settlement Class, the Japan Airlines Settlement Class, the American Airlines Settlement Class, and/or the SAS Settlement Class in the manner set forth above may appear and/or object to the fairness, reasonableness, and adequacy of any or all of the Settlement Agreements from which it has not requested exclusion; and/or in opposition to the request for litigation expenses; provided, however, that no person shall be heard in opposition to or support of any Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, twenty (20) days or more before the Fairness Hearing, such person (a) files with the Clerk of the Court a signed statement that indicates such person's position, and its basis, with regard to any Settlement for which that person wishes to appear or object to and includes proof of membership in the Settlement Class; and (b) serves copies of such statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Settlement Class Counsel and Counsel for the relevant Settling Defendant(s).

9.    The date of the Fairness Hearing shall be set forth in the Notice and Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court and on the Court's website.

10.    If any provision of this Order conflicts with a provision of any of the Preliminary

Approval Orders, the provisions of this Order shall govern.

**IT IS SO ORDERED.**

DATED: _____          _____
                                John Gleeson, U.S.D.J.

Conformed copies furnished to:
Counsel of Record

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES<br>ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG) (VVP) |

# If You Directly Purchased Airfreight Shipping Services Between January 1, 2000 and September 11, 2006, You Could be Affected by Proposed Class Action Settlements.

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- There are <u>partial</u> Proposed Settlements totaling approximately $118 million in a class action lawsuit about Airfreight Shipping Services. The lawsuit is called *In re Air Cargo Shipping Services Antitrust Litigation* and is pending in the United States District Court for the Eastern District of New York. The Proposed Settlements are partial because there are a number of other Defendants remaining in the case and the litigation is continuing as to those other Defendants.

- Under the **Air France-KLM Settlement**, Société Air France, Koninklijke Luchtvaart Maatschappij N.V., and Martinair Holland N.V., have paid $87 million. Under the **Japan Airlines Settlement**, Japan Airlines International Co., Ltd. has paid $12 million. Under the **American Airlines Settlement**, American Airlines, Inc. and AMR Corporation have paid $5 million. Under the **SAS Settlement**, Scandanavian Airlines System and SAS Cargo Group A/S have paid $13.93 million. All of the settling carriers also have agreed to cooperate in the case against the remaining Defendants. The settling carriers have asserted a number of defenses to Plaintiffs' claims but have settled to avoid the cost and risk of a trial.

- You may be affected by these Proposed Settlements if you purchased Airfreight Shipping Services directly from one or more Defendants for shipments to, from, or within the United States from January 1, 2000 to September 11, 2006.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS PROPOSED SETTLEMENT: | | |
|---|---|---|
| **YOU MAY:** | | **DUE DATE:** |
| **STAY IN THE CLASS** | The only way to get a payment. | |
| **OBJECT** | Write to the Court about why you don't like the Proposed Settlements. | Received by [date] |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the Proposed Settlements. | Received by [date] |
| **DO NOTHING** | Take no position on the Proposed Settlements and wait for more information. | No action required now |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Settling Defendants about the legal claims in this case. | Postmarked by [date] |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .................................................................................................3
  1. Why did I get this notice package?.......................................................................3
  2. What is this lawsuit about?...................................................................................3
  3. Who are the Defendants?.....................................................................................3
  4. Why is this a class action?...................................................................................5
  5. Why are there Proposed Settlements? ...................................................................5
**WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?**.............................................5
  6. How do I know if I am part of the Proposed Settlement? ........................................6
  7. I'm still not sure if I am included........................................................................6
**THE PROPOSED SETTLEMENT BENEFITS**..................................................................6
  8. What do the Proposed Settlements provide?..........................................................6
  9. Will I receive a payment?....................................................................................8
  10. What am I giving up to get a payment or stay in the class? ....................................8
**EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENTS**..................................9
  11. How do I get out of the Proposed Settlements? ...................................................9
  12. Can I remain as part of the class for some of the Proposed Settlements
     and exclude myself from others? ......................................................................10
  13. If I don't exclude myself, can I sue the Settling Defendants later?.........................10
  14. If I exclude myself, can I get money from the Proposed Settlements?....................10
**THE LAWYERS REPRESENTING YOU** .......................................................................10
  15. Do I have a lawyer in this case? .......................................................................10
  16. How will the lawyers be paid? ..........................................................................10
**OBJECTING TO THE PROPOSED SETTLEMENT** .........................................................11
  17. How do I tell the Court that I don't like the Proposed Settlements?.......................11
  18. What's the difference between objecting and excluding?......................................13
**THE COURT'S FAIRNESS HEARING** .........................................................................13
  19. When and where will the Court decide whether to approve the Proposed Settlements?.14
  20. Do I have to come to the hearing? ....................................................................14
  21. May I speak at the hearing?.............................................................................14
**IF YOU DO NOTHING** ............................................................................................15
  22. What happens if I do nothing at all? .................................................................15
**GETTING MORE INFORMATION**................................................................................15
  23. Are there more details about the Proposed Settlements? .....................................15
  24. How do I get more information? ........................................................................15
  25. Can I update my address? ...............................................................................16

## BASIC INFORMATION

### 1. Why did I get this notice package?

You or your company may have purchased Airfreight Shipping Services directly from one or more Defendants for shipments to, from, or within the United States from January 1, 2000 to September 11, 2006.

The Court sent you this notice because you have a right to know about Proposed Settlements of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Proposed Settlements. You will be informed of the progress of the Proposed Settlement.

This package explains the lawsuit, the Proposed Settlements, and your legal rights.

The Court in charge of the case is the United States District Court for the Eastern District of New York, and the case is known as *In re Air Cargo Shipping Services Antitrust Litigation*, Master File 06-MD-1775 (JG) (VVP). The people who sued are called the Plaintiffs, and the companies they sued are called the Defendants. The Defendants that have agreed to the Proposed Settlements are called the Settling Defendants.

### 2. What is this lawsuit about?

The lawsuit claims that the Defendants conspired to fix, raise, maintain, or stabilize prices of Airfreight Shipping Services by, among other things, coordinating surcharges (such as fuel and security surcharges) and by agreeing to eliminate or prevent discounting of surcharges. The lawsuit claims that as a result, purchasers paid more for Airfreight Shipping Services than they otherwise would have paid.

### 3. Who are the Defendants?

The Settling Defendants are Société Air France, Koninklijke Luchtvaart Maatschappij N.V., Martinair Holland N.V., Japan Airlines International Co., Ltd., American Airlines, Inc., AMR Corporation, Scandanavian Airlines System, and SAS Cargo Group A/S.

The other Defendants are:

| | |
|---|---|
| AC Cargo LP | Air Mauritius Ltd. |
| Aerolineas Brasileiras S.A (Absa) | Airways Corp. of New Zealand Ltd. |
| Air Canada | Alitalia Linee Aeree Italiane S.p.A. |
| Air China Cargo Company Ltd. | All Nippon Airways Co., Ltd. |
| Air China Ltd. | Asiana Airlines, Inc. |
| Air India | Atlas Air Worldwide Holdings, Inc. |

| | |
|---|---|
| British Airways PLC | Lan Cargo S.A. |
| Cargolux Airlines International S.A. | Lufthansa Cargo AG |
| Cathay Pacific Airways, Ltd. | Malaysia Airlines |
| China Airlines, Ltd. | Nippon Cargo Airlines Co., Ltd. |
| DAS Air Ltd. (DAS Air Cargo) | Polar Air Cargo, Inc. |
| Deutsche Lufthansa AG | Qantas Airways Ltd. |
| El Al Israel Airlines | Saudi Arabian Airlines, Ltd. |
| Emirates Airlines | Singapore Airlines Cargo PTE, Ltd. |
| Ethiopian Airlines Corp. | Singapore Airlines, Ltd. |
| EVA Airways Corporation | South African Airways (Proprietary), Ltd. |
| Kenya Airways Limited | Swiss International Air Lines, Ltd. |
| Korean Airlines Co., Ltd. | Thai Airways International Public Co., Ltd. |
| Lan Airlines S.A. (Lan Chile) | Viação Aérea Rio-Grandense, S.A. (Varig) |

To be a member of the settlement class you must have purchased airfreight shipping services <u>directly</u> from one or more of the Defendants listed above or one or more of the Settling Defendants for shipments to, from, or within the United States during the period January 1, 2000 through September 11, 2006. You must keep all of your records of these shipments because you will need them to complete a claim form that will be submitted at a later date.

Several current and former employees of Société Air France, Koninklijke Luchtvaart Maatschappij N.V., or Martinair Holland N.V. were also named as Defendants: Jean Charles Foucault, Bram Graber, Franciscus Johannes de Jong, and Jean Paul Moreau. Claims against these four individuals would be released as a result of the **Air France-KLM Settlement**.

The Court previously approved an $85 million settlement with Deutsche Lufthansa AG, Lufthansa Cargo AG, and Swiss International Air Lines, Ltd. You may have received notice of this other settlement previously. If the new Proposed Settlements are also approved by the Court, the total settlement proceeds recovered in the litigation so far will be approximately $203 million.

Alitalia Linee Aeree Italiane S.p.A. and Viação Aérea Rio-Grandense, S.A. (Varig) have filed for bankruptcy reorganization and all litigation against them has been stayed. Japan Airlines International Co., Ltd. has also filed for bankruptcy reorganization, but is settling with the class.

## 4. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Benchmark Export Services, FTS International Express, Inc., R.I.M. Logistics, Ltd., Olarte Transport Service, Inc., S.A.T. Sea & Air Transport, Inc. and Volvo Logistics AB) sue on behalf of people who have similar claims. All these people are a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class. U.S. District Judge John Gleeson is in charge of this class action.

## 5. Why are there Proposed Settlements?

The Settling Defendants have not admitted any liability in this case, and the Court did not decide in favor of the Plaintiffs or the Settling Defendants. Instead, both sides agreed to the Proposed Settlements. That way, they avoid the cost and risk of a trial, and the class members affected will get compensation. In addition, Japan Airlines International Co., Ltd. has filed for bankruptcy reorganization. The Class Representatives and Class Counsel think the Proposed Settlements are best for all class members. The case is proceeding against other Defendants.

## WHO IS AFFECTED BY THE PROPOSED SETTLEMENTS?

To see if you are affected by these Proposed Settlements, you first have to determine if you are a class member.

## 6. How do I know if I am part of the Proposed Settlement?

Judge Gleeson decided that everyone who fits this description is a class member: *All persons or entities (but excluding Defendants, their parents, predecessors, successors, subsidiaries, affiliates, as well as government entities) who purchased Airfreight Shipping Services for shipments to, from or within the United States directly from any of the Settling Defendants, any other Defendant, or from any of their parents, predecessors, successors, subsidiaries, or affiliates, at any time during the period January 1, 2000 up to and including September 11, 2006.*

Airfreight Shipping Services are defined as paid private air transport of freight or other cargo by an airline acting as a provider of such services.

## 7. I'm still not sure if I am included.

If you are still not sure whether you are a class member, you can ask for free help. See Question 18 below.

# THE PROPOSED SETTLEMENT BENEFITS

## 8. What do the Proposed Settlements provide?

Under the **Air France-KLM Settlement**, Société Air France, Koninklijke Luchtvaart Maatschappij N.V., and Martinair Holland N.V. have paid $87 million, and have agreed to pay up to $500,000 for costs of notice of the settlement. If any class members exclude themselves from the class, some of the $87 million will go into a separate escrow account for payment of those claims, but any amount remaining in that separate account may be returned to the class after four years. This possible reduction is explained in Paragraph 47 of the **Air France-KLM Settlement** agreement, available at www.aircargosettlement2.com.

The **Air France-KLM Settlement** also provides that Société Air France, Koninklijke Luchtvaart Maatschappij N.V., Martinair Holland N.V. will make additional payments to the class if they settle with an entity that excludes itself from the class under certain conditions as specified in Paragraph 46 of the **Air France-KLM Settlement** agreement, available at www.aircargosettlement2.com. (It also limits Plaintiffs' ability to settle with certain other Defendants for an amount less than a proportional amount of this settlement.)

Under the **Japan Airlines Settlement**, Japan Airlines International Co., Ltd. has paid $12 million. That amount will not be reduced because of class members who exclude themselves from the class.

Under the **American Airlines Settlement**, American Airlines, Inc. and AMR Corporation has paid $5 million, and have agreed to pay costs of notice of the settlement. That amount will not be reduced because of class members who exclude themselves from the class.

Under the **SAS Settlement**, Scandanavian Airlines System and SAS Cargo Group A/S have paid $13.93 million, and have agreed to pay up to $500,000 for costs of notice of the settlement. If any class members exclude themselves from the class, some of the $13.93 million will go into separate escrow accounts for payment of those claims, but any

amount remaining in the separate accounts may be returned to the class at a specified time. This possible reduction is explained in Paragraph 47 of the **SAS Settlement Agreement**, available at www.aircargosettlement2.com.

The **SAS Settlement** also provides that Scandanavian Airlines System and SAS Cargo Group A/S will make additional payments to the class if they settle with an entity that excludes itself from the class under certain conditions as specified in Paragraph 46 of the **SAS Settlement** agreement, available at www.aircargosettlement2.com. (It also limits Plaintiffs' ability to settle with certain other Defendants for an amount less than a proportional amount of this settlement.)

Under all four Proposed Settlements, the Settling Defendants will also provide cooperation in Plaintiffs' continuing litigation against the other Defendants. This cooperation will include meetings with counsel for the Settling Defendants, production of documents and electronic data, and witness interviews and testimony. Details about the cooperation are set forth in the settlement agreements, which have been filed with the Court and may be viewed at www.aircargosettlement2.com.

## 9. Will I receive a payment?

If you are a class member and do not exclude yourself from the class, you will be eligible to receive a payment at a future date. At a future date, the lawyers will propose a Plan of Allocation to the Court that sets out how the money will be divided among class members. You will receive notice of the Plan of Allocation and have an opportunity to object to it. You will receive a claim form that you can submit in order to receive a payment. For now, you must keep your purchase records so that you will be able to complete the claim form. If you received this notice package by mail, the future notice will be sent to you at the same address. If you did not receive this notice package by mail, you must register to receive future communications. You can register online at www.aircargosettlement2.com, or by writing to the settlement administrator at Air Cargo Settlement II, c/o The Garden City Group, Inc., PO Box 9380, Dublin, OH 43017-4280, U.S.A.

## 10. What am I giving up to get a payment or stay in the class?

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against the Settling Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

However, you would not give up any claims (a) involving any negligence, breach of contract, bailment, failure to deliver, lost goods, delayed or damaged goods or similar claim or (b) made with respect to any indirect purchase of Airfreight Shipping Services. The Proposed Settlements also do not affect the rights of class members against any Defendants other than the Settling Defendants, and the lawsuit will continue against these other Defendants.

The settlement agreements, which are available at www.aircargosettlement2.com, describe exactly the legal claims that you give up if you stay in the class.

## EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENTS

If you don't want a payment from the Proposed Settlements, but you want to keep the right to sue or continue to sue the Settling Defendants, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself – or sometimes referred to as opting out of the class.

## 11. How do I get out of the Proposed Settlements?

To exclude yourself from one or more of the Proposed Settlements, you must send a letter saying that you want to be excluded from the class. The letter must include the following information:

- A statement indicating that you want to be excluded from the class.
- Whether you want to be excluded from the **Air France-KLM Settlement**, the **Japan Airlines Settlement**, the **American Airlines Settlement**, and/or the **SAS Settlement Agreement**. **Your request for exclusion may not be effective unless you specify from which Proposed Settlement(s) you are seeking exclusion.**
- The case name: *In re Air Cargo Shipping Services Antitrust Litigation.*
- Your name, address, telephone number, and your signature.

- All trade names or business names and addresses you or your business has used, as well as any subsidiaries or affiliates who are requesting to be excluded from the class.

Your letter must be postmarked by [date] and sent to:

Air Cargo Settlement II
c/o The Garden City Group, Inc.
P.O. Box 9380
Dublin, OH 43017-4280
USA

If you ask to be excluded from any of the Proposed Settlements, you will not get any payment from any settlements from which you exclude yourself, and you cannot object to those particular settlement.  If you exclude yourself, you may be able to sue (or continue to sue) the Settling Defendants in the future.

**12. Can I remain as part of the class for some of the Proposed Settlements and exclude myself from others?**

Yes.  Because there are four separate Proposed Settlements (the **Air France-KLM Settlement**, the **Japan Airlines Settlement**, the **American Airlines Settlement**, and the **SAS Settlement**), you will need to decide, for each of the Proposed Settlements, whether to exclude yourself from the class, or whether to remain in the class for any or all of them.

**13. If I don't exclude myself, can I sue the Settling Defendants later?**

No. Unless you exclude yourself, you give up any right to sue the Settling Defendants for the claims that the Proposed Settlements resolve. If you have a pending lawsuit against the Settling Defendants involving the issues in this case, speak to your lawyer in that case immediately. (You must exclude yourself from *this* class in order to continue your own lawsuit.)

## 14. If I exclude myself, can I get money from the Proposed Settlements?

No. If you decide to exclude yourself, you will not be able to get money from the Proposed Settlements.   If you exclude yourself from some, but not all, of the Proposed Settlements, you will be eligible to receive payment from the Proposed Settlements for which you remain in the class.

# THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in this case?

The Court appointed Michael D. Hausfeld of Hausfeld LLP; Robert N. Kaplan of Kaplan Fox & Kilsheimer LLP; Hollis L. Salzman of Labaton Sucharow LLP; and Howard J. Sedran of Levin, Fishbein, Sedran, and Berman to represent the class. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 16. How will the lawyers be paid?

At a later date, Class Counsel will ask the Court to approve payment of attorneys' fees and reimbursement of reasonably incurred expenses. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the Proposed Settlements. You will receive notice of Class Counsel's fee and expense request and will have an opportunity to object to it.

For now, Class Counsel will ask only that when the Proposed Settlements are finally approved by the Court the Court approve payment of $1 million to cover anticipated future litigation expenses such as experts' fees and document database expenses, in the litigation against the remaining Defendants. If you wish to object to this expense request, you must file your objection by [date] as described in Question 17 below.

Any fees and expenses approved by the Court will be paid out of the settlement funds.

# OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you don't agree with the Proposed Settlements or some part of them.

-10-

## 17. How do I tell the Court that I don't like the Proposed Settlements?

If you're a class member, you can object to the Proposed Settlements if you don't like any part of them. You can give reasons why you think the Court should not approve one or all of them. The Court will consider your views. To object, you must send a letter that includes the following:

- A statement saying that you object to one or more of the Proposed Settlements in *In re Air Cargo Shipping Services Antitrust Litigation*.
- Your name, address, telephone number, and your signature.
- The reasons you object to the Proposed Settlements.
- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

You must file the objection with the Court at the following address, **received by [date]**:

> Clerk of Court
> United States District Court
> for the Eastern District of New York
> 225 Cadman Plaza East
> Brooklyn, NY 11201

You must also mail copies of the objection to the following attorneys, **postmarked by [date]**:

| | |
|---|---|
| Michael D. Hausfeld | Robert N. Kaplan |
| Hausfeld LLP | Kaplan Fox & Kilsheimer LLP |
| 1700 K Street, NW | 850 Third Avenue, 14th Floor |
| Suite 650 | New York, NY 10022 |
| Washington, DC 20006 | |
| | |
| Hollis Salzman | Howard J. Sedran |
| Labaton Sucharow LLP | Levin, Fishbein, Sedran & Berman |
| 140 Broadway | 510 Walnut Street |
| New York, NY 10005 | Philadelphia, PA 19106 |

*Class Counsel*

James R. Warnot, Jr.
Thomas A. McGrath
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105

*Counsel for Société Air France*

Daniel G. Swanson
D. Jarrett Arp
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

*Counsel for Martinair Holland N.V.*

Steven A. Reiss
Richard A. Rothman
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*Counsel for AMR Corporation and
American Airlines, Inc.*

John M. Nannes
Gary A. MacDonald
Skadden Arps Slate Meagher & Flom
1440 New York Avenue, NW
Washington, DC 20005-2111

*Counsel for KLM Royal Dutch Airlines*

William Karas
Kenneth P. Ewing
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

*Counsel for Japan Airlines
International Co., Ltd.*

Jeffrey Blumenfeld
George D. Ruttinger
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

*Counsel for Scandanavian Airlines
System and SAS Cargo Group A/S*

## 18. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Proposed
Settlements. You can object to one or more of the Proposed Settlements only if you stay
in the class for those particular Proposed Settlements. If you exclude yourself, you have
no basis to object because the Proposed Settlements no longer affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Proposed Settlements
and the request for litigation expenses. You may attend and you may ask to speak, but
you don't have to.

## 19. When and where will the Court decide whether to approve the Proposed Settlements?

The Court will hold a Fairness Hearing at [time] on [date], in Courtroom [number] at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201. At this hearing the Court will consider whether the Proposed Settlements are fair, reasonable, and adequate and whether to approve the request for litigation expenses. If there are objections, the Court will consider them. Judge Gleeson will listen to people who have asked to speak at the hearing (see Question 20). After the hearing, the Court will decide whether to approve the Proposed Settlements.

The Court may change the time and date of the Fairness Hearing. Notice of any change will be posted at the courthouse or on the Court's website.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Gleeson may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating the following:

- "Notice of Intention to Appear in *In re Air Cargo Shipping Service Antitrust Litigation*"
- The position you will take on the Proposed Settlements and your reasons.
- Your name, address, telephone number, and your signature.
- Proof of your membership in the class, such as invoices showing that you satisfy the definition in Question 6.

Your Notice of Intention to Appear must be filed with the Court at the following address, **received by [date]:**

Clerk of Court
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

You must also mail copies of the Notice of Intention to Appear to the attorneys listed in Question 16 above.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

You are not required to do anything at this time. If you do nothing, you will remain in the settlement class for each of the Proposed Settlements. At a later date, you will receive notice of the Plan of Allocation and information about how to make a claim. If you received this notice package by mail, the future notice will be sent to you at the same address. If you did not receive this notice package by mail, you must register to receive future communications. You can register online at www.aircargosettlement2.com, or by writing to the settlement administrator at Air Cargo Settlement II, c/o The Garden City Group, Inc., PO Box 9380, Dublin, OH 43017-4280, U.S.A.

## GETTING MORE INFORMATION

### 23. Are there more details about the Proposed Settlements?

This notice summarizes the Proposed Settlements. More details are in the settlement agreements. You can get a copy of the settlement agreements by visiting www.aircargosettlement2.com.

### 24. How do I get more information?

If you have questions or want more information, you can visit the official settlement website at www.aircargosettlement2.com. If the answer to your question cannot be located on the website, you may contact the settlement administrator by email at administrator@aircargosettlement.com. You may also call the settlement administrator toll-free at 1-888-291-9655 in the U.S., U.S. territories, and Canada. Outside the U.S. and Canada, you may call 1-614-553-1296, but toll charges will apply. You may also write to:

Air Cargo Settlement II
c/o The Garden City Group, Inc.
P.O. Box 9380
Dublin, OH 43017-4280
USA

You may also write to any of Class Counsel at the following addresses:

Michael D. Hausfeld
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006

Robert N. Kaplan
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022

Hollis Salzman
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

Howard J. Sedran
Levin, Fishbein, Sedran  & Berman
510 Walnut Street
Philadelphia, PA 19106

## 25. Can I update my address?

Yes. If your address changes, please enter your current information online at www.aircargosettlement2.com, or send it to the settlement administrator at:

Air Cargo Settlement II
c/o The Garden City Group, Inc.
P.O. Box 9380
Dublin, OH 43017-4280
USA

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

4841-5484-3399 4844-0355-1239

# EXHIBIT 2

Legal Notice

# If you purchased Air Cargo Shipping Services to, from, or within either the United States or Canada from January 1, 2000 to September 11, 2006, your rights could be affected by Proposed Settlements

**What are the Settlements about?**

Plaintiffs claim that Air France, KLM, Martinair, AMR Corporation, American Airlines, SAS, Japan Airlines, and numerous other air cargo carriers conspired to fix the prices of air cargo shipping services in violation of U.S. antitrust laws and Canadian competition law. A settlement with Air France, KLM, and Martinair provides $87 million to direct purchasers to, from, or within the U.S. A settlement with AMR and American Airlines provides $5 million to direct purchasers to, from, or within the U.S. A settlement with SAS provides $13.93 million to direct purchasers to, from, or within the U.S. Two separate settlements with Japan Airlines provide $12 million to direct purchasers to, from, and within the U.S. and $738,000 CDN to direct and indirect purchasers to, from, or within Canada. The settling carriers deny liability but have settled to avoid the cost and risk of a trial.

**Who is a Class Member?**

You are a class member in the U.S. settlements if you purchased air cargo shipping services, directly from one or more defendants in the U.S. case, for shipments to, from, or within the U.S. You are a class member in the Canadian settlement if you purchased air cargo shipping services, from any air cargo carrier or freight forwarder, for shipments to, from, or within Canada (excluding shipments to or from the U.S.). All you need to know is in the full Notice, including information on who is or is not a class member.

**Will I get a payment?**

If you are a class member in the U.S. settlements and do not opt out, you will be eligible to file a claim and receive a payment at a future date. Canadian Class Counsel will petition to have the Canadian fund held in trust for future benefit of the Canadian classes.

**What are my rights?**

If you do not want to take part in the U.S. settlements, you have the right to opt out. To opt out of the U.S. settlements, you must do so by Month xx, 2010. The deadline to opt out of the Canadian proceeding expired on November 12, 2008. Class members have the right to object to the U.S. and/or Canadian settlements. If you object, you must do so by Month xx, 2010. You may speak to your own attorney at your own expense for help.

A Final Approval Hearing to consider approval of the U.S. settlements and request for litigation expenses will be held at the United States District Court for the Eastern District of New York on Month xx, 2010. Final Approval Hearings to consider approval of the Canadian settlement and request for fees and disbursements will be held at the Ontario Superior Court of Justice on Month xx, 2010; the Québec Superior Court on Month xx, 2010; and the Supreme Court of British Columbia on Month xx, 2010.

For more information on how to opt out of the U.S. settlements or object or the locations and times of the Hearings, visit www.aircargosettlement2.com or call toll-free 1-888-291-9655. Outside the U.S. and Canada, call 1-614-553-1296 (toll charges apply).

**This is a Summary, where can I get more information?**

You can get complete Settlement information, including a copy of the full Notice, by registering at www.aircargosettlement2.com, calling the number below, or writing to Air Cargo Settlement II, c/o The Garden City Group, Inc., P.O. Box 9380, Dublin, OH 43017-4280, USA.

**1-888-291-9655**          **www.aircargosettlement2.com**