UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE

AIR CARGO SHIPPING SERVICES
ANTITRUST LITIGATION

MDL No. 1775

06-MD-1775 (JG) (VVP)

THIS DOCUMENT RELATES TO:
All Actions

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO THE APPLICATION OF
THE UNITED STATES DEPARTMENT OF JUSTICE TO INTERVENE AND TO
STAY DEPOSITION AND INTERROGATORY DISCOVERY**

Plaintiffs respond to the motion of the United States Department of Justice ("DOJ") to intervene and to stay deposition and interrogatory discovery in this action for five months. Plaintiffs do not object to the DOJ's motion to intervene pursuant to Rule 24,[1] but suggest that it is unnecessary to grant the DOJ's motion to stay.

The DOJ seeks a five-month stay of depositions and interrogatories "to protect the integrity of the Criminal Investigation and underlying grand jury proceedings, and to ensure that evidence is not disclosed to possible targets of the Criminal Investigation who would otherwise not yet be entitled to such information under the more restrictive discovery prescribed in the Federal Rules of Criminal Procedure." DOJ Br. at 1.[2] But under the discovery schedule that the parties now propose, depositions and interrogatories will be deferred until March 15, 2010, which the DOJ recognizes in its memorandum will satisfy the concern underlying the DOJ's motion. DOJ Br. at 18.

---

[1] Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.
[2] "DOJ Br." references the Memorandum of Law in Support of the Government's Application To Intervene and for a Stay of Deposition and Interrogatory Discovery, dated October 19, 2010 (ECF No. 1294-1).

Accordingly, plaintiffs respectfully suggest that the Court exercise its discretion under Rule 16(b)(4) and enter the Proposed Stipulated Amended Discovery and Class Certification Briefing Schedule, which was submitted to the Court in the form of a proposed order on October 11, 2010 (ECF No. 1283-1), and which has been agreed to by plaintiffs and all defendants but two.[3] The proposed amended schedule defers depositions and interrogatory responses until March 15, 2011. A copy of the Proposed Stipulated Amended Discovery and Class Certification Briefing Schedule is annexed as Exhibit 1 to the Declaration of Robert N. Kaplan, dated October 26, 2010 ("Kaplan Dec."), submitted herewith. As the DOJ observed, the proposed amended schedule "is consistent with the relief requested by the government." DOJ Br. at 18. Therefore, entry of the proposed amended schedule would render the DOJ motion moot.

## DISCUSSION

"A district court has broad discretion to manage pre-trial discovery." *Wood v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005). Rule 16(b) requires the Court to issue a scheduling order limiting the time to file motions and complete discovery. However, that schedule may be modified for good cause and with the judge's consent. Rule 16(b)(4); L.Civ.R.16.2; *Carovski v. Jordan*, No. 06CV716S, 2008 WL 2827477, at *5 (W.D.N.Y. July 21, 2008) ("[t]his Court has broad discretion in preserving the integrity of its Scheduling Orders . . . including the discretion to extend its deadlines when good cause is shown").

On November 12, 2009, the Court entered the Stipulated Discovery and Class Certification Briefing Schedule (ECF No. 1030) that currently governs this action. That schedule was the product of a lengthy negotiation and meet-and-confer process between

---

[3] Defendants Air New Zealand and Atlas Air Worldwide Holdings Inc./Polar Air Cargo LLC have not agreed to the schedule.

plaintiffs and the many defendants then in the action and was agreed to by plaintiffs and all but one defendant. That schedule provided for the production of certain documents by defendants at the beginning of 2010 and for the production of transaction and cost information by June 1, 2010. The schedule allowed plaintiffs to take up to 60 depositions of the defendants between March 15, 2010, and January 31, 2011, the date by which plaintiffs must currently file their class certification motion. Plaintiffs are also entitled during this time period to take any needed depositions under Rule 30(b)(6) on the topics of defendants' transaction and cost information and defendants' electronically stored information.

Under the predominance requirement of Rule 23(b)(3), for class certification, plaintiffs must demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members." In a *per se* horizontal price-fixing case, such as this, "[t]he three required elements of an antitrust claim [plaintiffs must prove] are (1) a violation of antitrust law; (2) injury and causation; and (3) damages." *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 105 (2d Cir. 2007) (quoting *In re Visa Check/Master Money Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001)). Thus, on a motion for class certification, plaintiffs must show, among other things, that there is common proof through defendants' documents and testimony of the conspiracy to fix prices of airfreight shipping services, including fuel and security surcharges, and of injury-in-fact. *See Cordes & Co.*, 502 F.3d at 105, 106. Plaintiffs anticipate showing injury-in-fact, in part, through economic analysis, including a statistical model, taking into account the effect on prices for airfreight shipping services of supply and demand factors, as well as the alleged conspiracy. *See, e.g., In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 256 F.R.D. 82, 97 (D. Conn. 2009).

With the goal of preparing their motion for class certification, between early 2010 and late summer 2010, plaintiffs undertook a massive review of the documents produced by the defendants under the existing schedule. *See* Kaplan Dec. ¶ 2. Further, since June 1, 2010, plaintiffs have been engaged in an informal dialogue with most of the defendants to obtain clarification of various aspects of the transaction and cost information that they have produced, which dialogue is still ongoing. *See* Kaplan Dec. ¶ 4.

On or about September 21, 2010, the DOJ advised plaintiffs that the DOJ intended to move to intervene to defer certain discovery in this action for six months due to the DOJ's ongoing criminal investigation.[4] Kaplan Dec. ¶ 5. At the time of the DOJ's request, plaintiffs were in the final stages of selecting witnesses from the defendants to be deposed prior to filing plaintiffs' class certification motion. Plaintiffs were prepared to serve notices of depositions on 16 defendants, for the depositions of a total of 25 witnesses, but did not do so due to the expected DOJ motion. Kaplan Dec. ¶ 6.

A delay in depositions will cause plaintiffs substantial prejudice if not accompanied by a recalibration of the remaining deadlines in the schedule. In particular, plaintiffs must have a fair opportunity to depose defendants prior to the preparation of the class certification brief that is currently due on January 31, 2011. In addition, plaintiffs must have time to complete their discussions with various defendants to obtain usable transaction and cost information for plaintiffs' experts' injury-in-fact analysis. Therefore, plaintiffs and all but two defendants negotiated a proposed revision to the existing schedule which would resolve the DOJ's concerns while minimizing any resulting prejudice to the parties.

---

[4] In its motion one month later, the DOJ seeks to stay depositions and interrogatories for five months.

The proposed revised schedule essentially contemplates an extension by six months of the existing deadlines. Thus, for example, the filing of plaintiffs' class certification motion is extended six months from January 31, to July 29, 2011. Similarly, the proposed revised schedule contemplates that the parties will have three-and-a-half months (approximately the same as remained under the current schedule when the DOJ advised that it was going to seek to defer depositions) to take depositions prior to the filing of plaintiffs' class certification motion. Because of the additional time plaintiffs will have before filing their opening class certification papers, plaintiffs agreed to defendants' request for an additional month to file their opposing papers. *See* page 16 of the transcript of the October 14, 2010 hearing, annexed as Exhibit 2 to the Kaplan Dec. Under the current schedule, full briefing on class certification would be completed by August 1, 2011. Under the proposed revised scheduled, briefing would now be completed by February 27, 2012.

The proposed revised schedule also adds dates pertinent to the discovery obligations of Air India, China Airlines Ltd., Eva Airways Corporation, and Malaysia Airlines (the "Benchmark Corporate Defendants"), who were not parties to this action at the time the operative schedule was entered. Under the proposed revised schedule, the Benchmark Corporate Defendants are required to produce by November 30, 2010, documents they produced to the DOJ. *See* Kaplan Dec. ¶ 10. In addition, while plaintiffs and the Benchmark Corporate Defendants are still negotiating the production of transaction and cost information, the proposed revised schedule contemplates that these negotiations are to be completed by October 29, 2010. *See* Kaplan Dec. ¶ 10. Assuming the negotiations are successful, in light of plaintiffs' experience with the production of similar information from the original corporate defendants,

plaintiffs anticipate that it will take until the end of the year for the Benchmark Corporate Defendants' production of such data to be complete. *See* Kaplan Dec. ¶ 11.

## CONCLUSION

Plaintiffs do not oppose the DOJ's motion to intervene. On the merits of the DOJ's motion, plaintiffs respectfully request that the Court enter instead the previously submitted Proposed Stipulated Amended Discovery and Class Certification Briefing Schedule, which the DOJ states will satisfy its concerns.

Dated:  New York, New York
             October 26, 2010

Respectfully submitted,

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
Jason A. Zweig (JZ-8107)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY  10022
(212) 687-1980

Howard J. Sedran
Austin B. Cohen
LEVIN, FISHBEIN, SEDRAN
 & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By: ___/s/ *Howard J. Sedran*___

By: ___/s/ *Robert N. Kaplan*___

Hollis L. Salzman (HS-5994)
Jay L. Himes (JH-7714)
Gregory S. Asciolla (GA-2222)
LABATON SUCHAROW LLP
140 Broadway
New York, NY  10005
(212) 907-0700

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC  20006
(202) 540-7200

By: ___/s/ *Hollis L. Salzman*___

By: ___/s/ *Michael D. Hausfeld*___

*Co-Lead Counsel*