**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                :
IN RE                                                           :          06 MD 1775 (CBA)(VVP)
AIR CARGO SHIPPING SERVICES                                     :
ANTITRUST LITIGATION                                           :
                                                                :
MDL No. 1775                                                   :
                                                                :
THIS DOCUMENT RELATES TO:                                       :
                                                                :
ALL ACTIONS                                                     :
------------------------------------------------------------------x

### MEMORANDUM OF DEFENDANT AIR NEW ZEALAND LTD. IN OPPOSITION TO THE GOVERNMENT'S APPLICATION TO INTERVENE AND FOR A STAY OF DEPOSITION AND INTERROGATORY DISCOVERY

Roscoe C. Howard, Jr.
ANDREWS KURTH LLP
1350 I Street, NW, Suite 1100
Washington, D.C. 20005
Phone: (202) 662-2764
Facsimile: (202) 974-9544
Email: roscoehoward@andrewskurth.com

- and -

Michael J. Holland
CONDON & FORSYTH LLP
Times Square Tower
7 Times Square
New York, NY  10036
Tel: (212) 894-6740
Fax: (212) 370-4482
Email: holland@condonlaw.com

*Counsel for Air New Zealand Ltd*

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   FACTUAL BACKGROUND .......................................................................... 2

   A.   The Government's Four Year Eight Month Criminal Investigation ................................ 2
   B.   The Civil Class Action .................................................................................... 3
      1.   Discovery Schedule & Depositions ............................................................. 3
      2.   The Government's Use of Defendants to Obtain a Stay ............................ 4
      3.   The Government's Use of Plaintiffs to Obtain a Stay ............................... 5
      4.   Proposed Deposition of Bruce McCaffrey ................................................ 6

III.  ARGUMENT .................................................................................................. 7

   A.   The Government's Request for a Limited Stay of Discovery Should be Denied .............. 7
      1.   Overlap of Issues in Criminal and Civil Cases ......................................... 9
      2.   Status of the Criminal Case ...................................................................... 9
         a.   Citing the Twenty First Century case is Misleading ........................... 9
         b.   McCaffrey has no Fifth Amendment Issues ...................................... 10
         c.   Ullings/Martinair Indictment Cause Skepticism ............................... 11
         d.   There is No Indictment .................................................................... 12
      3.   Private Interest of Plaintiff ...................................................................... 12
      4.   Private Interests and Burden on the Defendant ....................................... 13
      5.   Public Interest .......................................................................................... 15
      6.   Efficient Management of the Court's Cases ............................................. 16
   B.   If a Stay is Granted, the Entire Civil Case Should be Stayed Pending Disposition of the
        Government's Criminal Investigation ............................................................. 18

IV.   CONCLUSION ............................................................................................. 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allstate Insurance Co. v. Howell*,
2010 WL 2091660 (E.D.N.Y. 2010)...................................................................................8, 9

*Arden Way Assocs. V. Boesky*,
660 F. Supp. 1494 (S.D.N.Y. 1987).......................................................................................9

*Hicks v. City of New York*,
268 F. Supp. 2d 238 (E.D.N.Y. 2003) ..............................................................................8, 17

*Javier H. v. Garcia-Botello*,
218 F.R.D. 72 (W.D.N.Y. 2003)......................................................................................17, 18

*Kashi v. Gratsos*,
790 F.2d 1050 (2d Cir. 1986)...........................................................................................7, 8

*Keating v. Office Thrift Supervision*,
45 F. 3d. 322 (9th Cir. 1995) ...............................................................................................9

*Motorola, Inc. v. Abeckaser*,
2009 U.S. Dist. LEXIS 24855 (E.D.N.Y. March 26, 2009) ...............................................7, 17

*Parker v. Dawson*,
2007 WL 2462677 (E.D.N.Y. 2007).....................................................................................8

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*,
175 F. Supp. 2d 573 (S.D.N.Y. 2001)...................................................................................9

*Twenty First Century Corp. v. LaBianca*,
801 F.Supp. 1007 (E.D.N.Y. 1992) .....................................................................................10

**STATUTES**

Sherman Act, 15 U.S.C. § 1.............................................................................................1, 6

**RULES**

Federal Rule of Criminal Procedure 11(b)(3)..........................................................................14

Federal Rule of Criminal Procedure 6(e).................................................................................14

Federal Rule Criminal Procedure 11(c)(2) ....................................................................14

Fifth Amendment ............................................................................................... passim

I.       INTRODUCTION

For almost five years, the Department of Justice ("DOJ") has been actively investigating

air cargo carriers, including Air New Zealand Limited, in connection with an alleged global price

fixing conspiracy in violation of the Sherman Act, 15 U.S.C. § 1.  During the course of this

investigation, Air New Zealand and other airlines have provided millions of pages of documents

and countless hours of witness testimony to DOJ pursuant to grand jury subpoenas and informal

requests.  Approximately a dozen airlines and individuals have pled guilty as a result of the

investigation.  Neither Air New Zealand nor any of its employees have been indicted.  Indeed,

DOJ recently informed undersigned Counsel that it would not seek an indictment against Air

New Zealand on particular allegations of illegal cartel activity which were the primary focus of

the first three years of DOJ's investigation.  Throughout the pendency of the almost five year

criminal investigation, a parallel class action suit has been on-going before this Court.  Discovery

was ordered in the instant matter and has been proceeding without any suggestion from DOJ  that

such discovery would compromise the integrity of its investigation.  To the contrary, as late as

May of this year, counsel for Air New Zealand was told that DOJ saw no reason and did not

intend to intervene in the class action merely because Air New Zealand planned to depose party

defendants.

DOJ has had ample opportunity to intervene in the case at bar and has declined to do so

until this eleventh hour.  Now that Air New Zealand is exercising its rights under the Federal

Rules of Civil Procedure and the agreed upon Discovery Schedule to obtain evidence in the

instant matter, the DOJ has suddenly identified an interest which it claims outweighs the orderly

and expeditious resolution of the civil case.  DOJ's arguments are disingenuous and its requested

relief is unnecessary given the uncertainty as to the status of the DOJ investigation and any

1

potential criminal case.  Accordingly, Air New Zealand requests that the government's request for a stay of discovery be denied.

II.     FACTUAL BACKGROUND

    A.     The Government's Four Year Eight Month Criminal Investigation

On February 14, 2006, the Department of Justice's Antitrust Division, along with several competition commissions in other countries, participated in coordinated searches of air cargo offices of a number of domestic and foreign airlines around the world resulting in the seizure of millions of pages of documents, both electronic and hard copy.  Since the initial search, DOJ has served Air New Zealand with three grand jury subpoenas with which Air New Zealand continues to comply.  In fact, Air New Zealand received a subpoena for additional information as recently as October 5, 2010.  In addition to document collection and production, Air New Zealand, at its own expense, has made approximately one dozen of its current and former employees available to DOJ for interview and grand jury testimony over the past four years.  Yet, it appears no conclusions have been reached in the government's "on-going" criminal investigation, in spite of Air New Zealand's agreement to DOJ's request for an extension of the statute of limitations with respect to the particular allegations of illegal price fixing activities from 2006 to 2009, which were the initial focus of DOJ's investigation.  On October 14, 2010, DOJ informed undersigned counsel that it would not seek an indictment on those allegations.

While Air New Zealand has been diligently responding to requests for documents and access to its employees, almost a dozen other air carriers and, in some cases, their employees have pled guilty to various offenses with respect to air cargo transport, been sentenced and either served jail time or paid a fine.

B.      The Civil Class Action

Following the government's investigation of air cargo carriers, a multi-district class action lawsuit filed against over thirty corporate and individual defendants was consolidated in this court in June 2006.  For the first several years, pending motions to dismiss occupied the bulk of the Court's attention.  However, in the past year significant progress has been made in this matter.  Most of the defendants in the case have produced voluminous documents to the plaintiffs.  In fact, most defendants have agreed to produce all documents to the plaintiffs that had been previously produced to DOJ. Air New Zealand has diligently followed the discovery schedule and produced cost and transactional data to the plaintiffs in addition to the more than one million pages of documents that have been produced.  Moreover, and notably missing from the government's recitation of facts, many defendants have already responded to interrogatories, disclosing the type of evidence that the government now seeks to protect.

1.      Discovery Schedule & Depositions

On November 16, 2009, this Court entered a Stipulated Discovery and Class Certification Briefing Schedule.  Pursuant to this schedule, party depositions commenced on March 15, 2010, and were to end by January 31, 2011.   In May of 2010, counsel for Air New Zealand contacted Katherine Schlech, the DOJ attorney leading the criminal investigation into Air New Zealand, and informed her that Air New Zealand intended to take the depositions of several parties in the civil action.  When Air New Zealand inquired whether DOJ would intervene to prevent the depositions, Ms. Schlech stated that DOJ would not intervene and saw no reason to do so.

On August 27, 2010, after almost a year of document production and responses to interrogatories by the defendants in this matter, Air New Zealand noticed the depositions of three

parties, Cargolux Airlines International S.A., Martinair Holland N.V., and Bruce McCaffrey; and one former party, Lufthansa.

On September 3, 2010, William Martin of DOJ, and Ms. Schlech twice contacted counsel for Air New Zealand requesting a voluntarily postponement of the noticed depositions until the end of February 2011, as it now requests this Court to order.  Air New Zealand declined DOJ's request and Mr. Martin indicated that the government would intervene to request a stay.   Mr. Martin renewed his request in a letter to Counsel for Air New Zealand dated September 14, 2010, which was copied to counsel for the proposed deponents.[1]

2.      The Government's Use of Defendants to Obtain a Stay

The next day, September 15, 2010, counsel for Cargolux wrote to counsel for Air New Zealand stating that "in the letter from William Martin to Roscoe [Howard, counsel for Air New Zealand], the DOJ has indicated that the depositions would impermissibly interfere with its ongoing criminal investigations and sought a stay of the depositions.  Cargolux objects to proceeding with the noticed deposition until DOJ's objection is resolved."[2]

Less than a week later, in a letter dated September 21, 2010, Counsel for Martinair forwarded objections to counsel for Air New Zealand stating, *inter alia:*

> 12.    Martinair objects to each deposition topic under the Federal Rules of Criminal Procedure [sic] to the extent that it calls for the disclosure of information which is the subject of an ongoing grand jury investigation, was provided to the grand jury on a confidential basis and/or would be contrary to Martinair's obligations pursuant to the plea agreement it entered into with the United States on or about  June 24, 2008.[3]

---

[1]    *See* Government's Memorandum in Support of Application to Intervene and for a Stay, hereinafter, Gov't. Mem., Exhibit E.

[2]    Gov't Mem., Exhibit B.

[3]    Gov't Mem., Exhibit C.

4

### 3.    The Government's Use of Plaintiffs to Obtain a Stay

Presumably, after defendants Martinair and Cargolux failed to convince Air New Zealand not to proceed with its noticed depositions, the government contacted plaintiffs' counsel to urge them to approach the carrier defendants in the civil case for a voluntary stay. *See* Letter from Plaintiffs' Counsel on October 11, 2010, Doc. No. 1283.  On September 30, 2010, Air New Zealand received notice that plaintiffs were proposing a voluntary six month stay of proceedings because of the government's interest in seeking a stay.  Air New Zealand was informed that plaintiffs would not seek a stay of all discovery but, as requested by the government, proposed a stay as to only depositions and interrogatories. In effect, it was proposing a stay against Air New Zealand alone, as requested by the government.

All the defendant airlines except Air New Zealand and Atlas Worldwide Holdings, Inc. /Polar Air Cargo LLC, agreed to a voluntary stay of depositions and interrogatories until February 28, 2011, as requested by the government. *See* Proposed Amended Discovery Schedule and Class Certification Briefing Schedule, Doc. No. 1283-1.  The proposed stay and amended discovery schedule are currently under consideration by this Court.

While the plaintiffs have proposed a voluntary stay as to some aspects of discovery and given themselves more time for class certification, defendants would still be required to comply with document requests and inquiries as to past productions while receiving no reciprocal information.

4.    Proposed Deposition of Bruce McCaffrey[4]

On August 27, 2010, Air New Zealand noticed the deposition of Bruce McCaffrey, a former air cargo employee of Qantas Airways.  On May 15, 2008, Mr. McCaffrey pled guilty to a one-count information charging him with a violation of the Sherman Act.  *See* McCaffrey docket attached as Exhibit A, *infra*.  Mr. McCaffrey was sentenced to 6 months in prison on July 28, 2008, and ordered to self-surrender to the Federal Bureau of Prisons on July 12, 2009.  *Id.* His surrender date was repeatedly delayed due to a serious health condition.  Counsel for Air New Zealand previously represented to the Court its belief that Mr. McCaffrey was suffering from a terminal illness.  Mr. McCaffrey's counsel has since confirmed that while Mr. McCaffrey had suffered a stroke, his prison sentence was delayed because he was suffering from renal failure which required a kidney transplant.  McCaffrey received a kidney transplant just before he began his prison sentence on January 20, 2010.  He was released from custody on July 16, 2010.

Following notice of the deposition, Mr. McCaffrey's counsel contacted counsel for Air New Zealand stating that, while  reserving  the right to object to the deposition notice at a later date, Mr. McCaffrey's counsel was unavailable on the date proposed by Air New Zealand.  At that time, counsel for Air New Zealand stated he would agree to temporarily postpone the deposition until a mutually acceptable date for all parties could be found.  Mr. McCaffrey's counsel has neither objected to the deposition notice nor stated that he would seek a Protective Order from the Court.  Since Mr. McCaffrey has pled guilty and served his sentence, he no

---

[4]    On October 13, 2010, counsel for Air New Zealand informed counsel for Cargolux that it would be withdrawing its 30(b)(6) Notices of Deposition as to Cargolux, Martinair and Lufthansa.  Accordingly, only Air New Zealand's Notice of Deposition to Bruce McCaffrey remains pending.

longer has a Fifth Amendment right to assert with respect to the air cargo investigation.

III.           ARGUMENT

Defendant Air New Zealand objects to the government's request for a stay of discovery because it is unnecessary and the government has not, and cannot, meet its burden of establishing why the extraordinary measure of a stay should be ordered  by this Court more than four years into the litigation.[5]  Courts have broad discretionary authority to stay a civil proceeding "pending the completion of parallel criminal prosecutions if the interests of justice so require." *Motorola, Inc. v. Abeckaser,* 2009 U.S. Dist. LEXIS 24855, *3 (E.D.N.Y. March 26, 2009) *citing U.S. v. Kordel,* 397 U.S. 1, 12 n.27 (1970); *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir. 1986).  The underpinning's of the government's argument as to why this Court should grant a stay of discovery is that without the stay, its criminal investigation, which has been on-going for almost five years, will be put in jeopardy and that defendants *might* have access to information which they would not otherwise have under the Federal Rules of Criminal Procedure.  As discussed, *infra,* the government's argument fails to justify the extraordinary relief requested by the government.

Should the Court nonetheless determine that the interests of justice require a stay, Air New Zealand urges the Court to stay the entire civil proceeding to avoid the unfairness of forcing defendants to continue to produce documents and answer questions propounded by plaintiffs without the benefit of receiving any reciprocal discovery.

A.       The Government's Request for a Limited Stay of Discovery Should be Denied

It is well-settled that a Court has the authority to stay an action pending the outcome of

---

[5]     Air New Zealand does not contest the government's intervention but is wary of its timing given that Air New
*(footnote continued on next page)*

criminal proceedings. *Kashi v. Gratsos*, 790 F.2d 1050, 1058 (2d Cir. 1986). However, the

"court's interest is usually best served by discouraging motions to stay." *Hicks v. City of New*

*York,* 268 F. Supp. 2d 238, 243 (E.D.N.Y. 2003) *citing United States v. Private Sanitation Assoc.*

*of Nassau/Suffolk Inc., et all,* 811 F. Supp. 802, 808 (E.D.N.Y. 1992) To determine whether a

stay is appropriate, the courts in this District and Circuit have generally considered the following

factors:

1. The extent to which the issues in the criminal case overlap with
   those presented in the civil case;
2. The status of the case, including whether the defendant has been
   indicted;
3. The private interest of the plaintiff in proceeding expeditiously,
   weighed against the prejudice to plaintiff caused by the delay;
4. The private interests of and burden on the defendant;
5. The public interest; and
6. The interest of the Court in the efficient management of cases.

*Allstate Insurance Co. v. Howell*, 2010 WL 2091660 (E.D.N.Y. 2010), cited in *Parker v.*

*Dawson,* 2007 WL 2462677 (E.D.N.Y. 2007). The most important factor in determining

whether a stay is appropriate is whether an indictment has issued. *See Allstate Insurance*

*Company, et al v. Howell,* 2010 WL 2091660, *1 (E.D.N.Y. 2010). The majority of courts in

this Circuit "will stay a civil proceeding when the criminal investigation has ripened into an

indictment, … but will deny a stay of the civil proceeding where no indictment has issued." *Id.*

*citing In re Pharmaceutical,* 133 F.R.D. 12, 13 (S.D.N.Y 1990); *Sterling Nat'l Bank v. A-1*

*Hotels Int'l, Inc.,* 175 F. Supp. 2d 573, 578 (S.D.N.Y. 2001) ("it is universally agreed that the

mere pendency of a criminal investigation standing alone does not require a stay"); *see e.g.*

*Keating v. Office Thrift Supervision,* 45 F. 3d. 322, 324 (9th Cir. 1995); *Arden Way Assocs. V.*

---

Zealand alerted DOJ of its intent to depose parties in the civil litigation early this spring.

*Boesky,* 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987).  In the instant case, the weighing of these factors mitigates against staying the civil action while allowing the deposition to proceed as noticed.

### 1.   Overlap of Issues in Criminal and Civil Cases

The overlap of the civil and criminal cases is a given.  All civil plaintiffs have done is copy the criminal investigation to develop their complaint.  Civil plaintiffs provide no new or different theories of liability and simply track the government's investigation to determine liability of civil defendants and negotiate settlements.  The government puts its reliance on this factor because it has no other arguments to make.  As discussed *infra,* this factor is not as important as the DOJ suggests since significant disclosure of the criminal evidence has already occurred in the civil discovery that has taken place in this matter.

### 2.   Status of the Criminal Case

#### a.   *Citing the Twenty First Century case is Misleading*

DOJ claims that this Court should grant its request for a stay in the interest of protecting its "ongoing" criminal investigation.  It then cites cases in its memorandum in which stays of discovery were granted but fails to provide the pertinent facts concerning the reason for the stays.  In *Twenty First Century Corp. v. LaBianca,* 801 F.Supp. 1007 (E.D.N.Y. 1992) *defendants* requested a stay of discovery because most of the co-conspirators had been indicted and a trial date had been set.   Moreover, while the underlying issues in *Twenty First Century* were substantially the same in both the civil and criminal cases, no discovery had commenced in the civil matter.  *Id.* at 1008.  The Court ultimately found that a stay of the entire civil case until the disposition of the criminal case was appropriate because indictment had occurred, the scheduling of a criminal trial ensured that little delay to the civil case would be occasioned by the stay, and

there was a risk that one of the defendants, who had not yet been sentenced, would invoke his Fifth Amendment right against self-incrimination during any civil discovery. *Id.* at 1010 – 1011. The court did not want to put the unindicted defendant in the position of making the "unpleasant choice" of invoking his Fifth Amendment right or face an adverse inference in the civil mater. *Id.* at 1011.

Unlike *Twenty First Century*, neither Air New Zealand, nor any of its former or current employees, has been indicted. Mr. McCaffrey has already pled guilty and served his sentence in connection with the air cargo conspiracy. Therefore, Mr. McCaffrey will not face the "unpleasant choice" identified by the Court in *Twenty First Century*. Moreover, unlike *Twenty First Century,* the case at bar has already resulted in substantial discovery. For example, Mr. McCaffrey's employer, Qantas, has already produced to plaintiffs all the documents it has given to DOJ and has responded to interrogatories regarding Qantas' alleged collusive activities with Air New Zealand.[6]

### b.   *McCaffrey has no Fifth Amendment Issues*

DOJ raises the specter that if Air New Zealand is allowed to proceed with Mr. McCaffrey's deposition, it would be able to circumvent the limited scope of discovery under the criminal rules by obtaining discovery in the civil case.[7] However, DOJ has repeatedly told Air New Zealand that the government's strongest evidence of collusion is Air New Zealand's own documents. In addition, DOJ has told Air New Zealand that the criminal investigation focuses on allegations that Air New Zealand was involved in a global conspiracy to fix underlying cargo

---

[6] Qantas' Answer to Interrogatories are protected by Court Order 06-MD-1775. If the Court wishes to examine the response, Air New Zealand would be happy to provide it *in camera.*

[7]    Gov't Mem. at 11-16.

rates, surcharges and divert customers from as early as 1995 and continuing at least until 2006. It is highly unlikely that the government's seemingly endless criminal investigation into eleven years of Air New Zealand's alleged conduct hinges on the testimony of a single former employee of Qantas Airways.

        c.     *Ullings/Martinair Indictment Cause Skepticism*

The government has provided the Court with a copy of a recent indictment captioned *U.S. v. Ullings.*[8]   The *Ullings* indictment is noteworthy in several respects. First, the single count indictment charges Maria Christina Ullings, the former Vice President of Cargo Sales and Marketing with Martinair Holland, with a Sherman Act violation during the precise period covered by Martinair Holland's plea agreement.  Second, the indictment was filed on September 21, 2010, the same day that Counsel for Martinair Holland noted his objection to Air New Zealand's Notice of Deposition.  The timing of this indictment should cause this Court concern because Martinair Holland entered into a plea agreement with the government on July 22, 2008, in the District of Columbia and was sentenced the same day.  *See* Exhibit B, *infra*.  Ms. Ullings was "carved out" of Martinair's plea agreement.  Ms. Ullings resides in the Netherlands, which has no extradition treaty with the United States covering anti-trust activities.  It seems a remarkable coincidence that more than two years after Martinair's guilty plea, and on the same day that Martinair's counsel objects to Air New Zealand's deposition, Maria Ullings is indicted and that indictment is presented to this court as support of the government's claim that "[t]he Criminal Investigation is at a stage where a stay of deposition and interrogatory discovery in the

---

[8]   Gov't Mem. Exhibit D.  Contrary to the government's representation, the Ullings indictment was not filed in the Eastern District of New York, but in the Northern District of Georgia.

Civil Class Action is appropriate."[9]  It appears that this indictment of Ms. Ullings is nothing more than a "show-piece," with no real threat to Ms. Ullings, so the government can simply bolster an otherwise meritless argument.

> d.    *There is No Indictment*

While DOJ currently seeks a stay only until the end of February 2011, there is serious doubt as to whether its investigation, after almost five years, will ever ripen into an indictment. During the past month DOJ had continued to seek cooperation of Air New Zealand employees who they have ignored over the past five years.  Many of these employees reside abroad.  We assume there is also documentary evidence abroad that DOJ is seeking.  DOJ's actions are those of a federal investigation in the middle of its efforts, and not at an end.  At this point, DOJ has informed Air New Zealand they have not even made a decision as to where the indictment would be returned.

Even if an indictment is returned, a myriad of motions, and other procedural delays loom for this matter.  DOJ's representation of needing a stay of five months is ethereal and unrealistic. If this Court grants a stay and an indictment issues, the government will undoubtedly seek an extension of the stay pending resolution of the indictment. At the time an indictment is in hand would be a more appropriate time for the government to seek a stay.  That is the holding of the case law and would be more appropriate in this matter.

> 3.    <u>Private Interest of Plaintiff</u>

Air New Zealand concedes that the plaintiffs, by proposing a voluntary stay until the end of February 2011, have signaled their lack of concern about the need for an expeditious

---

[9]    Gov't Mem. at 17.

conclusion to the civil litigation.  However, Air New Zealand would point out not only that the plaintiffs' proposed stay was spurred by DOJ's request to plaintiffs counsel, but also that plaintiffs  are in the position to gain from the stay as they will continue to receive documents and information from defendants while obtaining extensions of their own deadlines and building arguments for certification.

4.      Private Interests and Burden on the Defendant

While most of the other defendants in the case at bar would suffer no detriment from the government's proposed stay, it would impose a significant burden on Air New Zealand.  Some of the other defendants in this case have already pled guilty, are attempting to settle with plaintiffs or have not yet produced any documents or information to plaintiffs.  These defendants would welcome the respite that the government's proposal would provide.    Air New Zealand is not similarly situated.  As previously stated, Air New Zealand has already produced to plaintiffs all the documents that it provided  to DOJ.  Additionally, Air New Zealand has answered interrogatories, provided cost and transactional data and continues to answer questions from plaintiffs regarding its submissions.  All of these actions have been taken in the good faith expectation that Air New Zealand too would be able to participate in and benefit from the discovery process so as to prepare its defense in the civil matter.

Nevertheless, the government claims a stay is necessary in order to "safeguard the integrity of the grand jury process and witnesses who *might* testify in connection with" the government's investigation.[10]  The one civil defendant that Air New Zealand wishes to depose, Bruce McCaffrey, has already pled guilty in the criminal investigation pursuant to an agreement

---

[10]   Gov't Mem. at 3 fn.1.

13

with the government.  Under Federal Rule Criminal Procedure 11(c)(2), the parties must disclose a plea agreement in open court unless, for good cause shown, the court allows the parties to disclose the plea in camera.   Moreover, the judge taking the plea must determine, on the record, that there is a factual basis for the plea. Fed. R. Crim P. 11(b)(3).  Because the proceedings of Mr. McCaffrey's plea were not placed under seal, both the plea agreement and the factual basis for it should be part of the public record.

Air New Zealand notes that the government is correct that *it* is prohibited from publicly disclosing matters occurring before the grand jury pursuant to Federal Rule of Criminal Procedure 6(e).[11]  However, this restriction is *not* placed on the witnesses who have testified before the grand jury.  Mr. McCaffrey is under no restriction barring him from discussing the subject of his grand jury testimony or the facts to which he testified.  After interviewing Mr. McCaffrey, an industry publication, reported that  Mr. McCaffrey did not participate in a price fixing conspiracy, but rather, had to take a guilty plea because he could not afford the legal fees.[12] Bruce McCaffrey is sixty-seven years old and has quite recently suffered from life threatening health conditions.   Under the circumstances, Mr. McCaffrey's unavailability as a witness in either a criminal or civil trial to be held at some future date cannot be discounted.   It would be unfair for Air New Zealand to be denied the ability to question him, if for no other reason than to preserve his testimony.   The government has been investigating Air New Zealand for almost five years now but states that Air New Zealand should not be allowed to take the deposition of a witness "who *might* testify in connection" with its criminal investigation.  The

---

[11]   Gov't Mem. at 3 fn.1.
[12]   *See* http://www.aircargonews.com/090112/FT090112.html;
       http://www.aircargonews.com/090129/FT090126.html, last accessed Oct. 26, 2010.

government, who claims that it cannot even tell this Court that Mr. McCaffrey will indeed testify

against Air New Zealand, nonetheless requests the Court to deny Air New Zealand the right to

information which may exculpate it in the civil matter on the mere assertion that Mr. McCaffrey

*might* testify *if* the government indicts Air New Zealand and *if* that indictment proceeds to trial

and *if* Mr. McCaffrey is available as a witness at some unknown date in the future.

It is also noteworthy that DOJ, and the civil plaintiffs are looking into matters which

occurred more than a decade ago. Air New Zealand has waited until the appropriate time, when

party discovery was scheduled by this Court, to attempt to gain information from witnesses as

soon as possible to limit the predictable fading of memory.

5.     Public Interest

The government claims that the sole interest of the public is in protecting the integrity of

the grand jury and that if the government's witnesses are deposed, the direction of the

government's investigation will be disclosed.  Again, Air New Zealand notes that DOJ has

repeatedly claimed that it has already told Air New Zealand the direction and scope of its

investigation into Air New Zealand and its employees.  Moreover, DOJ has given Air New

Zealand examples of alleged conspiratorial conduct while Qantas has revealed similar

information in its response to interrogatories.  DOJ also claims that "*certain employees of the*

*defendants may be called before a grand jury and may also be required to testify in a deposition.*

*These witnesses would be placed in the untenable position of having to choose between asserting*

*their Fifth Amendment right*" and the negative inference that accompanies it or risk self-

incrimination.[13]  Interestingly, Air New Zealand raised these very issues with  DOJ in May of

---

[13]   Gov't Mem. at 20.

this year, in the context of its own employees facing this potential dilemma. Yet, DOJ was indifferent to their plight. It now represents to this Court that this is an overriding public concern. Many of Air New Zealand's employees have already testified before the grand jury or been interviewed by DOJ. Therefore DOJ already has a record of what those employees would testify to if called at trial. In light of this, the government's argument that Air New Zealand would be able to fabricate exculpatory evidence seems highly implausible.[14]

6.   Efficient Management of the Court's Cases

The final factor for the Court to consider is its own resources and how a stay of discovery would affect its efficient management of the case. *See Hicks*, 268 F. Supp. 2d 238 (E.D.N.Y. 2003); *see also Motorola, Inc. v. Gad Abeckaser,* 2009 U.S. Dist. LEXIS 24855, *7 (E.D.N.Y. 2009)(finding that the court had an interest in the efficient resolution of the civil case since no indictment had issued, no Fifth Amendment rights were in jeopardy, discovery had closed and motions were pending before the court); *see also Javier H. v. Garcia-Botello,* 218 F.R.D. 72, 74 (W.D.N.Y. 2003)(finding that a stay would be a better use of the court's time and resources by resolving any issues of self-incrimination and resolving common issues of fact.)

The discovery schedule in this case was set on November 16, 2009, with party depositions set to commence on March 15, 2010. The government knew as early as May of this

---

[14]   DOJ's argument that witnesses would be intimidated, or be convinced to change their testimony because of actions by Air New Zealand's counsel when deposing them is ludicrous and demonstrates the absurdity of the government's position. *See* Gov't Mem. at 15-16. First, counsel for Air New Zealand are officers of this Court and would never engage in felonious conduct for any purpose. Second, deposition witnesses are accompanied by counsel who protect their interests during questioning. Third, a DOJ attorney on September 7, 2010, contacted counsel for a former Air New Zealand employee, offering immunity, insisting that the employee tell the "truth." She then proceeded, to tell counsel what "the truth" was and insisted on testimony consistent with her version of the facts. Although these actions will be addressed in other fora, Air New Zealand counsel does not engage in such tactics or witness coaching. Air New Zealand's counsel takes umbrage in the subtle suggestion that we do.

year that Air New Zealand intended to depose several parties to the civil action, yet it advised Air New Zealand that it saw no reason to intervene.  Then, when Air New Zealand did notice the depositions the government again dragged its feet and only submitted a motion to intervene once it knew that plaintiffs could not convince Air New Zealand to submit to a voluntary stay.  Air New Zealand has acted in good faith with regards to giving the government ample notice of these depositions.  The government should not be rewarded for its untimely action.  Further, while the government's proposed intervention states that it wishes a stay until only February 28, 2011, it is more likely that a stay of interrogatories and depositions will be needed until the disposition of a criminal trial if Air New Zealand is indicted.   If so, it is more likely that the government will request that any stay be extended from five months into a year or more.  This would severely and unduly delay the proper adjudication of this instant matter which has already clogged the court's calendar and drained its resources.

Unlike the situation in *Javier H, supra,* a stay of civil discovery pending resolution of the criminal case is not likely to result in more efficient resolution of the civil case.  Almost a dozen defendants in the civil case have pled guilty, paid fines or been sentenced to prison time in the criminal case.  Nevertheless, many of these parties, years later, still remain as defendants to the civil case with little or no prospect of settling with plaintiffs.  Air New Zealand would like to push toward a trial of the civil case, which it does not believe has merit.  Neither this Court nor Air New Zealand should be forced to wait for discovery that might lead to information that will resolve the civil matter while DOJ fumbles around with its criminal investigation.  Accordingly, it is in the court's interest and best use of judicial resources to deny the government's requested stay.

17

B.  If a Stay is Granted, the Entire Civil Case Should be Stayed Pending Disposition of the Government's Criminal Investigation

Should the Court grant a stay, Air New Zealand requests that the Court stay the entire case pending the disposition of the criminal investigation.  As discussed *supra,* Air New Zealand has provided and continues to provide plaintiffs with information and it would be unfair and a burden on Air New Zealand, and other defendants, to do so without receiving reciprocal information.  Furthermore, should the government's investigation ripen into indictment of Air New Zealand and/or its employees, these employees would face the "unpleasant choice" of choosing between taking the Fifth Amendment and the negative inference it carries with it and potential self-incrimination they could face during civil discovery, as the government points out in its brief.  Therefore, Air New Zealand requests that if a stay is entered in the case at bar, it is entered as to the entire proceeding until the government's criminal investigation has come to some disposition.

IV.  CONCLUSION

Because the government cannot meet its burden of proof to show that the factors a court must consider before granting a stay weigh in its favor, the government's request for a limited stay

of discovery should be denied.  In addition, Air New Zealand should be allowed to take the deposition of Bruce McCaffrey.

Dated:   Washington, D.C.
October 26, 2010

Respectfully submitted,


/S/ ROSCOE C. HOWARD JR.
Roscoe C. Howard, Jr.
ANDREWS KURTH LLP
1350 I Street, NW, Suite 1100
Washington, D.C. 20005
Phone: (202) 662-2764
Facsimile: (202) 974-9544
Email: roscoehoward@andrewskurth.com
- and -
Michael J. Holland
CONDON & FORSYTH LLP
Times Square Tower
7 Times Square
New York, NY  10036
Tel: (212) 894-6740
Fax: (212) 370-4482
Email: holland@condonlaw.com

*Counsel for Air New Zealand Ltd.*

## **CERTIFICATE OF SERVICE**

I, Roscoe C. Howard, Jr., declare that on October 26, 2010, I caused a true and correct copy of Air New Zealand's Motion in Opposition to Government's Request for Stay, dated October 26, 2010, and this Certificate of Service to be delivered via the Court's ECF system to all counsel of record and to the party listed below via Federal express:

Jan Lillieborg, *pro se*
Badhusvägen 11
165 71 Hässelby, Sweden

/S/ ROSCOE C. HOWARD JR.
Roscoe C. Howard, Jr.