**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

_____
                                                    )
IN RE: AIR CARGO SHIPPING SERVICES    )
ANTITRUST LITIGATION                              )         06-MD-1775 (JG)(VVP)
                                                    )
                                                    )
THIS DOCUMENT RELATES TO:                   )
ALL ACTIONS                                         )
_____)

**MEMORANDUM OF DEFENDANTS ATLAS AIR WORLDWIDE HOLDINGS, INC. AND POLAR AIR CARGO LLC IN OPPOSITION TO THE GOVERNMENT'S MOTION TO INTERVENE AND FOR A STAY OF DEPOSITION AND INTERROGATORY DISCOVERY**

Defendants Atlas Air Worldwide Holdings, Inc. ("AAWW") and Polar Air Cargo, LLC ("Polar") oppose the government's motion to stay all deposition and interrogatory discovery for five months. AAWW and Polar support and incorporate herein by reference the Memorandum of Defendant Air New Zealand Ltd. in Opposition to the Government's Application to Intervene and for a Stay of Deposition and Interrogatory Discovery. AAWW and Polar further oppose the government's motion to stay for the additional reasons that: (1) such a broad stay at this juncture in a four-year-old action, involving events that occurred many years ago with fading memories, would prejudice AAWW and Polar from engaging in discovery necessary to move the matter forward toward resolution; indeed, the government has made no showing (or even argued) that any of the discovery sought by or against Polar or AAWW would interfere with any part of the government's investigation, and in fact it plainly would not; and (2) rather than grant the government the blunderbuss stay that it is seeking, the Court has the more reasonable option of crafting a more narrow stay, wherein the government can seek protective orders against those limited number of

depositions and interrogatories it contends would interfere with the grand jury proceedings or its investigation, on a case by case basis.

The breadth of the government's proposed stay is unnecessarily overbroad and, as such, will create an undue burden on the interests of AAWW and Polar, and needlessly impair the progress of the case.  As the Court noted at the last Status Conference on October 14, 2010, this consolidated action is more than four years old and involves events that happened over ten years ago.  The rules in a civil case contemplate a "just, speedy, and inexpensive determination" of the relevant issues.  FED. R. CIV. P. 1.  And while AAWW and Polar do not dispute the government's desire to conduct an unimpeded investigation, AAWW and Polar submit that a broad stay of all deposition and interrogatory discovery for an additional five months is simply not necessary to achieve that end.  Indeed, discovery has been ongoing for nearly a year, with both Plaintiffs and Defendants, including AAWW and Polar, serving and responding to interrogatories without any noted prejudice to the government's investigation or the grand jury proceedings (nor any prior intervention by the government despite having sufficient notice).[1]

In particular, the information sought by AAWW and Polar in their interrogatories relates directly to Plaintiffs' allegations against AAWW, claiming that it can pierce the corporate veil and hold AAWW accountable for Polar's alleged conduct.  This has nothing to do with the government's investigation.  Yet under the broad stay that the government seeks, AAWW's pursuit of the basis for Plaintiffs' claims would be halted, for no appropriate reason.  Moreover, as stated at the last Status Conference, although this case is over four years old, AAWW and Polar have yet to

---

[1] Plaintiffs served interrogatories on every defendant, requesting information concerning meetings and communications relating to air cargo rates and surcharges, in January of this year.  Defendants have generally each provided responses and supplemental responses to Plaintiffs over the ensuing months.  Yet, despite notice, the government never moved for a stay of such discovery over the subsequent nine months, or claimed any harm to its investigation.

hear a single fact from Plaintiffs supporting a Sherman Act claim against either of them.  The First Amended Consolidated Complaint ("Complaint") barely makes mention of either AAWW or Polar, *see* Docket No. 271, ¶¶ 57-59,[2] let alone contain specific facts to substantiate or support Plaintiffs' claims.  Obviously, determining the factual bases of Plaintiffs' claims against AAWW and Polar is critical to their ability to defend themselves.  Yet, the government's request for a stay would impede that quest for yet another five months, without basis or reason, since there has been no showing that the information sought by AAWW and Polar would impede the government's investigation against anyone.[3]

Furthermore, in response to virtually every interrogatory that AAWW and Polar has served, Plaintiffs objected, stating that they could not adequately address the factual bases supporting the original claims against AAWW or Polar because "discovery is continuing and is far from complete."  Hartnagel Declaration ¶ 2, Ex. A, Interrogatory Nos. 1-6 (Plaintiffs' Joint Responses and Objections to Defendant Atlas Air Worldwide Holdings, Inc.'s First Set of Interrogatories to Plaintiffs).[4]  The government has not even argued, let alone shown, how AAWW and Polar's pursuit of appropriate answers to these interrogatories to counter the game of "dodge ball" played by Plaintiffs, would in any way interfere with its investigation.  *State Farm Mut. Auto. Ins. Co. v. CPT Medical Services, P.C.*, 375 F. Supp. 2d 141, 157 (E.D.N.Y. 2005) (denying a defendant's motion for a stay because it "would thwart the Court's interest in an expeditious and efficient discovery process and moving the case toward resolution, whether through settlement, dispositive

---

[2] These are the *only* references to either AAWW or Polar in the entire Complaint.

[3] By extension, AAWW and Polar also oppose Plaintiffs' request that this Court enter the Proposed Stipulated Amended Discovery and Class Certification Briefing Schedule in lieu of the government's proposed stay of discovery.  Plaintiffs' request for a six-month extension of discovery and all existing deadlines would needlessly delay this matter beyond even what the government is requesting.

[4] The parties recently began meet and confer discussions concerning these objections, but no agreements have been reached.

motions or trial"). In point of fact, the interrogatories served on Plaintiffs and their responses are entirely unrelated to the government's investigation, and would not obstruct or interfere with the government's ability to abide by Fed. R. Crim. P. 6(e) or to effectively prosecute its case. Nor does the government specifically claim otherwise, other than to make a general, overbroad request. For that reason, AAWW and Polar are submitting the interrogatories and Plaintiffs' responses to the Court for its review, to show how divorced from the government's investigation these questions and responses are.[5]

The government is well aware that AAWW and Polar oppose its motion for a stay, since the government was present in open court when AAWW and Polar interposed their objection. Despite this, the government has not undertaken to argue that any of the discovery AAWW and Polar seek would interfere with its investigation. Instead, the government has directed its concern only at the deposition discovery sought by Air New Zealand. The Court may decide that such discovery, at least in part, should be stayed or modified. Nonetheless, the government has made no showing about any of the other discovery beyond that sought by Air New Zealand, and certainly not about the limited discovery sought by AAWW and Polar. Under these circumstances, putting a halt to all discovery, whether the government has shown a specific relationship to its investigation or not, is simply unnecessary and inappropriate.

Therefore, AAWW and Polar believe that the government simply has not made out its case for an overbroad and general stay. However, should the Court grant the government's motion to intervene and for a stay, AAWW and Polar respectfully submit that any stay should be limited to

---

[5] Plaintiffs have asserted that portions of their non-responses are "Highly Confidential," due to the reference and description of documents produced by Polar that Polar itself marked Highly Confidential. Those portions are not relevant to the present issue. Therefore, AAWW and Polar are submitting Plaintiffs' responses to the interrogatories in partially redacted format.

that discovery which the government can specifically identify as interfering with its stated priorities: (1) to protect the integrity of the criminal investigation as per Fed. R. Crim. P. 6(e); and (2) to prevent a party from using civil discovery to circumvent the limitations of criminal discovery. *See* Memorandum of Law in Support of the Government's Application to Intervene and for a Stay of Deposition and Interrogatory Discovery at 1, 19-20.  A properly-tailored stay could accomplish the dual purpose of furthering the public interest while not inconveniencing the Court by delaying resolution of the ongoing civil case and prejudicing the parties from engaging in discovery that would move the action towards resolution.  *See Allstate Ins. Co. v. Howell*, __ F. Supp. 2d __, 2010 WL 2091660, at *2 (E.D.N.Y. May 25, 2010) (Pohorelsky, M.J.) (denying, in part, defendants' motion for a stay because "[t]he court is confident that discovery can be managed here to avoid unnecessary duplication of effort without a complete stay of discovery as to the corporate defendants.").

## CONCLUSION

Given that the government's intent is to protect the integrity of the criminal investigation and grand jury proceedings, anything that can be accomplished in the civil case without interfering in those aspects of the criminal case should go forward.  A stay of all deposition and interrogatory discovery is overly broad and simply beyond what is necessary or appropriate to achieve the government's limited goal.  AAWW and Polar respectfully request that discovery, in this more than four-year-old action, not be ground to a halt.  Should the government have any objection to a particular discovery request, whether by deposition, interrogatory, or otherwise, specific requests can be made to the Court on a case by case basis, such that the government's interests can be preserved while allowing the civil case to be properly litigated without undue interruption.

-6-

Dated:  October 26, 2010

Respectfully submitted,

/s/ Harvey J. Wolkoff
Harvey J. Wolkoff (admitted *pro hac vice*)
David Hartnagel (admitted *pro hac vice*)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel:  617-951-7000
Fax:  617-951-7050

*Attorneys for Defendants*
*Atlas Air Worldwide Holdings, Inc. and*
*Polar Air Cargo LLC*

## CERTIFICATE OF SERVICE

      I, David Hartnagel, hereby certify that on October 26, 2010, I caused a true and correct copy of the above document to be served via the Court's ECF system to all attorneys of record in this action.

                      /s/ David Hartnagel
                      David Hartnagel