```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

IN RE AIR CARGO SHIPPING
SERVICES ANTITRUST LITIGATION          1:06-md-01775-JG-VVP

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

            Intervenor.

- - - - - - - - - - - - - - - X

This Document Relates To:

ALL ACTIONS


- - - - - - - - - - - - - - - X
```

REPLY BRIEF IN SUPPORT OF THE GOVERNMENT'S
APPLICATION TO INTERVENE AND
FOR A STAY OF DEPOSITION AND INTERROGATORY DISCOVERY

Two parties, Air New Zealand Ltd., and Atlas/Polar (Atlas Air Worldwide Holdings, Inc. and Polar Air Cargo LLC) have filed responses opposing the Government's Application to Intervene and For a Stay of Deposition and Interrogatory Discovery. Neither party, however, disputes that:

- the criminal and civil cases overlap;

- the status of the Criminal Investigation is pre-indictment;

- the interests of plaintiffs would not be unduly hindered by the proposed stay; and

- this Court has broad discretion to stay the civil proceedings pending completion of a parallel criminal proceeding.

Rather, Air New Zealand objects to the stay arguing that the requested relief is unnecessary, and in the alternative, that if the Court does grant the government's motion, the stay is too narrow and should instead encompass the entire Civil Action. Atlas/Polar adopts Air New Zealand's primary objection, but also argues, in the alternative, that the proposed stay is too broad.

Neither party offers persuasive objections.

## I.
## The Stay is Necessary to
## Protect the Criminal Investigation

The government stated in its Memorandum that it "is filing this motion to protect the integrity of the Criminal Investigation, and to prevent a party from using civil discovery to circumvent the limitations of criminal discovery." (Memorandum of Law in Support of the Government's Application to Intervene and For a Stay of Deposition and Interrogatory Discovery, at 17 (hereinafter "Government's Memorandum")). Specifically, the government argued that depositions pursuant to the Federal Rules of Civil Procedure should not be used to obtain information about a criminal investigation that the narrower Rules of Criminal Procedure would not permit. Id. at 19-20.

On the eve of the October 14, 2010 Civil Class Action status conference, Air New Zealand informed three of the four proposed deponents that it was withdrawing those deposition notices. (See Memorandum of Defendant Air New Zealand Ltd., at 6 n.4 (Docket

No. 1304) (hereinafter "ANZ Response")).  At the hearing, counsel for Air New Zealand volunteered to the Court the reason it no longer wanted the depositions:

> As you have recognized, the two civil and criminal cases do overlap.  <u>Part of the criminal case has gone away and it has obviated our need to interview or take the depositions of three.</u>

(See Exhibit 2 of Plaintiffs Response to United States' Application to Intervene, at 12-13 (Docket No. 1302-1)).  This statement is consistent with Air New Zealand's prior statements about the depositions as documented by opposing counsel: Cargolux was told that "the sole purpose of the deposition is to obtain sworn testimony of [the witness] in order to use that testimony in ANZ's defense of the separate, criminal matter," (Exhibit B of Government's Memorandum, Letter from Heather Kafele to Roscoe Howard); and Martinair was informed that "[t]he deposition has been requested by ANZ's criminal defense counsel [and] does not relate to the civil litigation."  (Exhibit C of Government's Memorandum, Martinair Holland N.V.'s Objections).  Counsel for the government has had similar conversations with counsel for Air New Zealand.  (See Exhibit E of Government's Memorandum, Letter from William Martin to Roscoe Howard).

This case is unlike the great majority of decisions addressing stays of civil proceedings based on a parallel criminal proceeding, because most often these involve motions

3

filed by defendants seeking the relief based upon a Fifth Amendment privilege.  See, e.g., Allstate Ins. Co. v. Howell, 2010 WL 2091660 (E.D.N.Y. 2010).  Overwhelmingly, these are the cases which Air New Zealand has cited in its response (see ANZ Response at 7, 8, and 16), and they are largely inapposite to the issue on which the parties disagree.

Air New Zealand does cite one case on point, Javier H. v. Garcia-Botello, (see ANZ Response at 16), a decision in which the government had filed the motion to intervene.  However, the court in Javier H. granted the relief requested by the United States, and for the very reasons relied upon by the government in the motion now before this Court.  218 F.R.D. 72, 74-75 ("Allowing civil discovery to proceed would likely afford defendants access to evidence to which they are not entitled under the criminal discovery rules and, thereby, prejudice the proceedings.")  The court ultimately denied the motion to intervene because once the stay was issued, the government had no interest to protect.  Id.

Cases such as Allstate (cited by Air New Zealand) and Crawford & Sons, Ltd. v. Besser, 298 F. Supp. 2d 317 (E.D.N.Y. 2004) (cited by the government), are relevant to the extent they identify the multi-factor test the Court should apply, but the language emphasizing the importance of indictments in these cases does not apply to the interest the government has identified in the present motion.  To determine how much weight to give to the

4

government's interest in protecting an investigation, it is more useful to look at cases such as <u>Javier H.</u>, 218 F.R.D. 72, <u>SEC v. Downe</u>, 1993 WL 22126 (S.D.N.Y Jan. 26, 1993), and <u>Twenty First Century Corp. v. LaBianca</u>, 801 F. Supp. 1007 (E.D.N.Y.),[1] examples where the government filed the motions.

In <u>Downe</u>, the court cited the seminal case of <u>Campbell v. Eastland</u>, 307 F.2d 478 (5th Cir. 1962), stating that "[t]he Court recognizes that a stay of discovery is often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a <u>potential</u> criminal prosecution which parallels the subject matter of the civil action." <u>SEC v. Downe</u>, 1993 WL 22126 at *11 (emphasis added). Similar to Air New Zealand, the defendant in <u>Downe</u> argued that

> the United States Attorney has failed to demonstrate good cause for the stay because an indictment has not been returned with respect to the subject matter of the instant case. Defendant Greenberg contends that, in the absence of an indictment, the purported disadvantage to the United States Attorney in allowing civil discovery is "purely speculative" at this juncture.

<u>Id</u>. at 13. The court found this "unpersuasive." <u>Id</u>. The court

---

[1] Air New Zealand curiously argues that the government's citation to <u>Twenty First Century</u> is misleading because "<u>defendants</u> requested a stay of discovery because most of the co-conspirators had been indicted and a trial date had been set." (<u>See</u> <u>ANZ Response</u> at 9). Air New Zealand is correct that defendants did file a motion in that case, but, as the second sentence of the opinion states, "The government [also] moves to intervene for the same purpose – to move for a stay of all civil discovery." <u>Twenty First Century</u>, 801 F. Supp. at 1008. The citations are only to text relevant to that portion of the opinion. (<u>Government's Memorandum</u> at 5, 7).

5

concluded that "where a party or witness in a civil case is cooperating with a grand jury investigation relating to the subject matter of the civil suit, there is a compelling reason to stay discovery of the civil case pending resolution of the criminal investigation."  Id.  The individual who Air New Zealand seeks to depose, Bruce McCaffrey, is obligated under the terms of his plea agreement to cooperate with the government's ongoing Criminal Investigation.[2]

In Twenty First Century, the court considered two motions; one from a civil defendant who was an unindicted co-conspirator in a parallel criminal action, and a second motion from the United States.  801 F. Supp. at 1008-09.  It is noteworthy that the court analyzed the motions' arguments separately, recognizing the government's interest in preventing a party from circumventing criminal discovery rules, and the witness's interest in preserving his Fifth Amendment privilege.  Id. at 1010-11.  Although the court notes that "courts are more likely to grant such stays when an indictment has already been issued," it did not appear to credit the government's interest based on this fact.  Id.  Rather, this fact (including that the government

---

[2] Air New Zealand also suggests that the stay is not necessary because they contend that Bruce McCaffrey no longer has a Fifth Amendment privilege with regard to this conduct. (ANZ Response at 6-7, 10).  Their argument, however, conflates the government's interest in preventing a party from using compulsory civil process to disrupt the Criminal Investigation, with the interest of a likely witness (McCaffrey or others) in avoiding the Hobson's choice with regard to exercising his Fifth Amendment privilege against self-incrimination.

anticipated trial to begin within weeks) figured into the court's analysis of judicial economy.  Id.

## II.
## The Recommended Stay Is Appropriate

### A. Judicial Economy

The Court can expect that the orderly progress of the Criminal Investigation will inure efficiencies to the Civil Class Action.  Already numerous civil defendants have pled guilty to criminal violations.  When these defendants settle with the civil plaintiffs, they are in a position to be dismissed as parties from the civil litigation.  Moreover, to the extent that the Court gives credence to Air New Zealand's concern that the Criminal Investigation is proceeding too slowly,[3] the government reiterates its offer to provide for the Court, in camera, details as to the status and progress of the Criminal Investigation.

### B. Appropriate Scope of Remedy

The two objecting parties argue that the Court should fashion a remedy different than that proposed in the government's motion.  As noted earlier, Atlas/Polar requests this Court fashion a narrower stay, and Air New Zealand requests that the

---

[3] Notably, Air New Zealand's arguments regarding the pace of the Criminal Investigation do not address the fact that as are result of this investigation nearly twenty companies and more than a dozen executives have been criminally charged, as of November 1, 2010.

7

stay apply to the entire civil proceeding.

The government acknowledges that the Court has room to fashion an adequate remedy different from the one proposed by the government. For example, plaintiffs' motion proposing a new scheduling order differed slightly from what the government proposed, but is sufficient from the perspective of the government.

Regarding a narrower stay to cover only certain subject matters, as proposed by Atlas/Polar, the government is concerned that the practical outcome might be a complicated process that would require the ongoing attention of the government to guard the public interest. Because the current need is for a stay of a relatively short time, the government contends that the best remedy is a moderately broad, but straightforward stay of discovery.

CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court enter an order staying all deposition and interrogatory discovery for five months.

Dated:    Washington, D.C.
          November 2, 2010

                        Respectfully Submitted,

                        /S/ William M. Martin
                      Mark Rosman
                      Steven De Salvo
                      Katherine Schlech
                      William Martin
                      Matthew Lunder
                      Jason David Jones
                      Trial Attorneys
                      United States Department of Justice
                      Antitrust Division
                      Nat'l Criminal Enforcement Section
                      202-616-2371

CERTIFICATE OF SERVICE

This is to certify that on November 2, 2010, a true and correct copy of this notice, the Reply Brief in Support of the Government's Application to Intervene and For a Stay of Deposition and Interrogatory Discovery, and the proposed order granting such motion was served via the ECF system on all parties to this matter.

Dated:   Washington, D.C.
         November 2, 2010

                              Respectfully Submitted,



                              ___/S/ William M. Martin___
                              Mark Rosman
                              Steven De Salvo
                              Katherine Schlech
                              William Martin
                              Trial Attorneys
                              United States Department of Justice
                              Antitrust Division
                              Nat'l Criminal Enforcement Section
                              202-616-2371