

Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

December 2, 2010

**By Electronic Case Filing**

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re: *In re Air Cargo Shipping Services Antitrust Litigation*, MDL 1775

Dear Magistrate Judge Pohorelsky:

Plaintiffs respectfully move to compel Korean Air Line Co., Ltd. ("KE") to produce specifically identified documents related to the Korean Fair Trade Commission's ("KFTC") investigation of air cargo carrier price fixing. The December 1, 2009 letter agreement between KE and plaintiffs, as amended on December 18, 2009 (the "Letter Agreement"), provides in pertinent part that plaintiffs may obtain production of additional specifically identified documents, not otherwise covered by the parties' Letter Agreement, if they establish "(a) that the documents are relevant to a claim or defense asserted in the action; (b) that production of the documents will not require a generalized document search or other unreasonably burdensome collection effort by Korean Air; and (c) there exists good cause as to why plaintiffs require such documents in view of the documents already obtained pursuant to [the] Letter Agreement or otherwise." Ex. A at 3.

Pursuant to this provision, on August 30, 2010, plaintiffs requested KE to produce pre-existing business records and any testimony provided by KE to the KFTC in connection with its investigation of carrier pricing and surcharges in the air cargo industry, including the KE documents and testimony cited or referred to in the KFTC's opinion concerning Qantas Airways Limited ( "KFTC Qantas Opinion").[1] Thereafter, counsel for plaintiffs corresponded and conferred by telephone with counsel for KE regarding plaintiffs' requests. Ex. D. On October 1, 2010, KE advised plaintiffs that it would not produce the documents requested. Ex. E.[2]

---

[1] A copy of an email from Gary L. Specks to Peter E. Halle, copying J. Clayton Everett, Jr. and Aaron B. Hewitt, dated August 30, 2010 is Exhibit B. A certified translation of the KFTC Qantas Opinion accompanied plaintiffs' August 30, 2010 request for documents and is attached as Exhibit C.

[2] On October 13, 2010, plaintiffs served a formal Rule 34 request covering the same documents they had requested on August 30, 2010. *See* Ex. F.





On October 15, 2010, plaintiffs narrowed their request to the following documents: (1) complete copies of all KE testimony and documents referred to or cited in the KFTC Qantas Opinion; and (2) any KE documents or testimony provided by KE to the KFTC relating to meetings attended by KE on September 25, 2002, March 20, 2003 and June 30, 2004, which are discussed in the KFTC Qantas Opinion. Ex. G. Despite the fact that the parties had conferred by telephone prior to the service of plaintiffs' formal Rule 34 Requests, as required by the Letter Agreement, Ex. A. at 3, KE insisted that it be afforded a full 33 days to formally respond to Plaintiffs' Requests. Ex. H. On November 15, 2010, KE served formal objections to producing the documents covered by Plaintiffs narrowed request of October 15, 2010. See Ex. I .

Each of the criteria for production of additional documents covered by Plaintiffs' Rule 34 Requests 3 and 4 is satisfied.[3] KE should be ordered to produce the requested documents.

***RELEVANCE***

On May 27, 2010, the KFTC announced the imposition of fines totaling nearly 120 billion Korean Won on 19 air cargo carriers, including KE, for their participation in a conspiracy to fix fuel surcharges imposed on shipments to and from the Republic of Korea from December 1999 to July 2007. Exhibit J (certified translation). KE received the largest fine. The fines were a result of the same coordinated investigation by international antitrust authorities that resulted in the United States Department of Justice's February 14, 2006 raids, and led to the commencement of these civil actions in February 2006. Each of the 19 air cargo carriers fined by the KFTC is a defendant or a settled defendant/named co-conspirator in this case.

In its opinion, the KFTC found that KE, through meetings and communications with other air carriers (including meetings of the Cargo Subcommittee of the Korean Board of Airline Representatives) played a leadership role in implementing illegal agreements with its air carrier competitors to fix fuel surcharges on air cargo shipments from Korea to worldwide destinations, including the United States. Ex. B. The KFTC Qantas Opinion discussed three key price-fixing meetings, all of which were attended by KE and two of which were hosted by KE. These meetings took place in Seoul, Korea on September 25, 2002, March 20, 2003 and June 30, 2004. Ex. B at 28-33, 36-39. All three price-fixing meetings were the subject of testimony by KE employees, portions of which are cited and quoted in the KFTC Qantas Opinion. Ex. B at 32-33, 38. The three price-fixing meetings related to the imposition of fuel surcharges on air cargo shipments from Korea to worldwide destinations, including the United States.

---

[3] Despite KE's objections, there is no issue of comity or confidentiality posed by this motion. No provision of the Korean Monopoly Regulation and Fair Trade Act, the Notice Concerning Detailed Guideline on Imposing Fines, the Notification on Implementation of Leniency Program, or any other Korean law, precludes disclosure by KE of the KE documents and testimony cited and quoted in the KFTC Qantas Opinion. See *Hartford Fire Ins. Co. v. California*, 509 US 764, 799 (1993) (international comity is only an issue where a defendant's compliance with the laws of two sovereigns is impossible, *i.e.* where there is a true conflict between the laws of the United States and another country). Nor does KE have standing to assert any law enforcement or investigative privilege that may be held by the KFTC. KE has no such privilege and the documents at issue are not being sought from the KFTC. Plaintiffs are not, as part of this motion, seeking production of KE's leniency submission to the KFTC.





The KFTC opinion also relied upon and quoted the testimony of Song Moon-ho, a division-level executive of KE, who provided testimony to the KFTC relating to KE's anti-competitive motive for orchestrating the imposition and implementation of fuel surcharges on air cargo shipments. Ex. B at 21, 23. The KFTC Qantas Opinion also cites and relies upon at least three internal KE documents relating to KE's decisions to utilize and impose fuel surcharges on its air cargo shipments from Korea. Ex. B at 21, 23.

KE cannot seriously contest that these documents are relevant to plaintiffs' claim that KE participated in a global conspiracy to, among other things, fix fuel surcharge levels, including fuel surcharge levels on air cargo shipments from Korea to the United States.

***BURDEN***

Production of the subject documents will not require a generalized document search or unreasonably burdensome document collection effort. The documents are undoubtedly in the possession of, and readily available, to KE outside counsel, or KE in-house counsel who have represented KE in connection with the KFTC's proceedings. The documents and testimony sought are "specifically identified," described with particularity, readily identifiable and constitute a small subset of the documents and testimony provided by KE to the KFTC.

***GOOD CAUSE***

Good cause exists for production of the documents plaintiffs are seeking. First, the documents go to the heart of plaintiffs' global price-fixing claims against KE. Second, KE has not produced to plaintiffs any documents or testimony relating to the key September 25, 2002, March 20, 2003 and June 30, 2004 price-fixing meetings or any of the KE documents or testimony cited or quoted in the KFTC Qantas Opinion. Declaration of Elana Katcher, Ex. K, at ¶¶ 3-5. Third, no other defendant or non-party has produced any documents reflecting or relating to the three key price fixing meetings discussed in the KFTC Qantas opinion or any of the KE documents or testimony referred to or cited in the KFTC Qantas Opinion. *Id.* Accordingly, there is "good cause as to why plaintiffs require [the documents they are seeking here] in view of the documents already obtained pursuant to [the] Letter Agreement or otherwise."

The agreed-upon criteria for production of the documents plaintiffs are seeking are met. Plaintiffs respectfully request entry of an order requiring KE to produce the following:

1. Complete copies of all KE testimony and documents referred to, cited or partially quoted from in the KFTC Qantas Opinion; and

2. Any KE documents or testimony provided by KE to the KFTC relating to the September 25, 2002, March 20, 2003 and June 30, 2004 meetings referred to and discussed in the KFTC Qantas Opinion.





Respectfully Submitted,

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By: *__/s/ Gary L. Specks__*

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

By: *__/s/ Michael D. Hausfeld__*

Hollis L. Salzman (HS-5994)
Jay L. Himes (JLH-7714)
Gregory S. Asciolla, Esq. (GA-2222)
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700

By: __/s/ Hollis L. Salzman__

Howard J. Sedran, Esq.
Austin Cohen, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

By: *__/s/ Howard J. Sedran__*

cc: All Counsel of Record (via ECF)