UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE

                                                  06-MD-1775

AIR CARGO SHIPPING SERVICES
ANTITRUST LITIGATION                          **ALL CASES**

M.D.L. No. 1775
----------------------------------------------------------x

**OPINION AND ORDER**

The United States Department of Justice ("the government") has moved to intervene in this action in order to obtain a stay of certain discovery – specifically, depositions and responses to interrogatories – until March 15, 2011 on the ground that it may interfere with their criminal investigation into the same antitrust violations that are alleged by the plaintiffs here. The plaintiffs and three of the defendants have responded to the motion. The plaintiffs do not oppose the motion to intervene, but suggest that modifications to the court's current order governing discovery and the briefing on class certification would be sufficient to satisfy the government's concerns. To that end they have submitted a proposed order with new deadlines that accommodate the government's concerns. The defendants Air New Zealand Ltd., Atlas Air Worldwide Holdings, Inc. and Polar Air Cargo, LLC oppose the motion. In the alternative, however, Atlas Air and Polar Air suggest that if a stay is granted it should be limited to specific depositions and interrogatories for which the government could seek protective orders as necessary.

Whether as of right under Rule 24(a) or by permission under Rule 24(b), courts in the Second Circuit have routinely granted motions made by prosecuting authorities

seeking to intervene in civil actions for the purpose of obtaining stays of discovery. *See, e.g., SEC v. Treadway*, No. 04 Civ. 3464, 2005 WL 713826, at *2 (S.D.N.Y. Mar. 30, 2005); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992). Here, there is no dispute that the subject matter of the government's criminal investigation is substantially the same as that alleged in the plaintiffs' consolidated amended class action complaint. Given that overlap, the government's interest in the criminal investigation "may be adversely affected by events in the civil action," and the investigation undoubtedly shares common issues of fact and law with this civil action. *Treadway*, 2005 WL 713826, at *2; *see also SEC v. Chestman*, 861 F.2d 49, 50 (2nd Cir. 1988) (finding intervention appropriate because of government's "discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter"). Intervention by the government is therefore appropriate.

Although articulated somewhat differently in various cases, the factors that courts have typically considered when addressing motions to stay discovery are the following:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously; (4) the private interests of, and the burden on, the defendants; (5) the interests of the courts and the public.

*Crawford & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) (*citing Gala Enterprises, Inc. v. Hewlett Packard Co.*, No. 96 Civ. 4864, 1996 WL 732636, at *2 (S.D.N.Y. Dec. 16, 1996); *Trustees of Plumbers Pen. Fund v. Transworld Mech.*, 886 F.Supp. 1134, 1139

(S.D.N.Y. 1995)).  The court's review of these factors discloses a sound basis for granting the limited stay sought by the government, and very little reason to deny it.

As noted earlier, the parties do not dispute that the criminal investigation and this civil action concern essentially the same factual and legal issues.  The investigation has yielded a number of indictments, some of them still pending.  Although none of the indictments name the three defendants who oppose the stay here, Air New Zealand has acknowledged that it is a target of the criminal investigation.  Moreover, Air New Zealand has essentially acknowledged, both in statements to the court and to counsel for a party from whom they sought to obtain deposition testimony, that they desire discovery to obtain information related to their defense of the criminal investigation.  Given the relatively brief, and limited, nature of the stay requested by the government, no significant burden would be imposed on the plaintiffs; indeed, they do not oppose a postponement of depositions and interrogatory responses.  For the same reason, the court perceives no significant burden on the defendants, and most of the defendants likewise do not oppose a stay.  The public interest is served by the stay to the extent that it furthers effective enforcement of the antitrust laws.  Finally, given the brief duration of the requested stay, the court's interest in expeditious resolution of cases is only modestly affected.  According to the revised schedule for discovery agreed upon by the plaintiffs and those defendants who have not opposed the stay, the stay would result in a six-month postponement of the class certification motion.  In view of the complexity of the case, the

history of proceedings to date, and the volume of the discovery that attends the making of the class-certification motion, such a delay is neither unexpected nor untoward.

Air New Zealand argues that it will suffer the burden of having to wait to obtain information to prepare its defense in this civil action. The delay, however, is modest – only three and a half months from now – and if other deadlines relating to the preparation of its defense are extended, Air New Zealand will not suffer any disadvantage in pursuing whatever discovery it needs. The only other possible detriment to which Air New Zealand alludes is the fading of a witness's memory. However, because the matters about which the witness of concern – Bruce McCaffrey – would apparently testify occurred a number of years ago, it is unlikely that any fading of memory that has not already occurred would be exacerbated during the modest period of the requested stay.

The proposal by the defendants Atlas Air and Polar Air that the court grant only a limited stay which would require the government to seek protective orders on a request-by-request basis is not workable. In addition to requiring the government to monitor all discovery requests served by the various defendants, the court would be called on to make request-by-request rulings on the validity of the government's motions for protective orders. Because the contemplated delay is short and will not unduly delay discovery and other pretrial proceedings, the proposal would achieve relatively little benefit at potentially great expense in judicial economy.

For the foregoing reasons, the government's motion is GRANTED. Discovery by means of depositions and interrogatory responses is stayed until March 15, 2011. The

parties may, however, serve interrogatories such that responses would be due on March 15, 2011. Separately, the court will enter the Stipulated Amended Discovery and Class Certification Briefing Schedule submitted with the Declaration of Robert N. Kaplan.

                                          **SO ORDERED:**

                                          */s/ Viktor V. Pohorelsky*
                                          VIKTOR V. POHORELSKY
                                          United States Magistrate Judge

Dated:    Brooklyn, New York
             December 3, 2010