

|  |
|---|
| 215.985.3270 ph |
| 215.985.3271 fax |
| 1604 Locust St |
| 2nd floor |
| Philadelphia, PA 19103 |

Brent W. Landau
215.985.3273
blandau@hausfeldllp.com

January 5, 2011

**By CM/ECF and Hand Delivery**
The Honorable John Gleeson
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:    *In re Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775

Dear Judge Gleeson:

     Plaintiffs respectfully submit this response to the December 31, 2010 letter from Atlas Air Worldwide Holdings, Inc. ("AAWW"), which requests a pre-motion conference in connection with a proposed motion for summary judgment. Because discovery into the relevant facts is ongoing, the motion would be premature, and the Court should establish a schedule that defers AAWW's filing of its motion, if any, until after the close of discovery. *See, e.g.*, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir. 2003); *Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94 (2d Cir. 2000).

     Enclosed are a preliminary Local Rule 56.1 counterstatement and a declaration pursuant to Federal Rule of Civil Procedure 56(d) regarding the further discovery that is required.[1] Significantly, the current discovery schedule postpones all depositions and interrogatories until March 15, 2011 or later, and AAWW is resisting Plaintiffs' requests that it produce additional documents relevant to its liability.[2]

     As Plaintiffs will explain in accordance with the briefing schedule ultimately set by the Court, there are no grounds for granting summary judgment to AAWW. Even on the basis of the documents produced to date, the evidence shows that AAWW participated in a price-fixing conspiracy (1) through the conduct of its own employees; (2) through its domination and control

---

[1] Because the counterstatement refers to information from documents produced by AAWW's wholly-owned subsidiary Polar Air Cargo, Inc. ("Polar"), and because Polar has designated even its most innocuous documents as "Highly Confidential," Plaintiffs are separately filing a motion for leave to file the counterstatement under seal.

[2] In his order granting the Department of Justice's stay motion, Magistrate Judge Pohorelsky rejected AAWW's proposal that depositions and interrogatories specifically regarding Plaintiffs' claims against it be allowed to go forward. *See* ECF No. 1327.

HAUSFELD LLP

The Honorable John Gleeson
January 5, 2011
Page 2

of Polar; and (3) because Polar was acting as AAWW's agent. *See, e.g.*, Plaintiffs' Preliminary Rule 56.1 Counterstatement ¶¶ 4, 11, 14, 21-23. Discovery yet to be taken will further address each of these issues. *See* Declaration of Brent W. Landau Regarding Further Discovery.[3]

Just this week Plaintiffs filed a motion to compel AAWW to produce certain documents relevant to its liability for Polar's conduct. *See* ECF No. 1356. Although the parties completed their meet-and-confer discussions on December 9, 2010, AAWW requested that Plaintiffs defer filing their motion to compel until after December 31, 2010, ostensibly so that AAWW could identify document requests for which no responsive documents existed and thereby narrow the matters in dispute. On December 30, 2010, however, AAWW informed Plaintiffs that it would not be able to complete this task prior to the time for filing Plaintiffs' motion. It now appears that the purpose of AAWW's request was to allow it to file its letter requesting a pre-motion conference before Plaintiffs filed their motion to compel.

AAWW's request for a pre-motion conference is merely the latest in a series of steps that it and its counsel have taken to "multipl[y] the proceedings in [this] case unreasonably and vexatiously." 28 U.S.C. § 1927.

- After the Court denied the portion of Defendants' motions that sought to dismiss Plaintiffs' Sherman Act claims, AAWW and Polar filed a motion for reconsideration that this Court denied, "[f]inding no merit in it." ECF No. 1090.

- After Magistrate Judge Pohorelsky set a briefing schedule for a motion to compel Polar to produce transaction and cost information for the period prior to July 27, 2004, but before such a motion was due to be filed, AAWW preemptively filed a motion in the United States Bankruptcy Court for the Southern District of Florida seeking to enjoin Plaintiffs from pursuing their discovery in this Court. *See* ECF No. 1080. This required Plaintiffs' counsel to prepare additional briefs and travel to a hearing in Miami in March 2010, where the bankruptcy judge denied AAWW and Polar's motion.

- More recently, AAWW and Polar unsuccessfully opposed a motion to compel production of transaction and cost information for the period after June 27, 2007, necessitating further motion practice and argument. *See* ECF No. 1293.

---

[3] Contrary to AAWW's assertion, the DOJ has not said that AAWW "never" was a subject or target of its investigation, only that, as of the day before Polar signed a plea agreement, AAWW was not "currently" a subject or target. *See* Plaintiffs' Preliminary Rule 56.1 Counterstatement, ¶ 8. Indeed, the DOJ agreed not to bring criminal charges against AAWW in exchange for AAWW's cooperation with its investigation, and its agreement provides that if AAWW fails to provide full and truthful cooperation, it will be subject to prosecution. *See id.*

**HAUSFELD**LLP

The Honorable John Gleeson
January 5, 2011
Page 3

- In July 2010, AAWW served Plaintiffs with a letter threatening Rule 11 sanctions if it was not dismissed from the action. Plaintiffs responded with a detailed letter explaining the legal and factual basis for their claims. Then, in September 2010, AAWW served a formal Rule 11 motion. Despite the rule's admonition that a sanctions motion "not be filed or be presented to the court" until 21 days after service, AAWW nevertheless referenced the motion in a publicly-filed letter during this "safe harbor" period. *See* ECF No. 1288. Then, after Plaintiffs served (but did not file) a response demonstrating that AAWW's motion was inappropriate, untimely, and unsupported by the evidence – and was itself sanctionable – AAWW abandoned its effort and never filed the motion. The exercise, however, forced Plaintiffs' counsel to expend substantial hours.

- In October 2010, in support of AAWW's claim that Plaintiffs had not come forward with "a single fact" supporting liability against it, AAWW filed a redacted version of Plaintiffs' interrogatory responses that omitted the significant amount of information that Plaintiffs had actually provided, contending that the redacted material was "not relevant." ECF No. 1305. Only after Plaintiffs sought leave to file the unredacted version under seal did AAWW admit to "an error" in not doing so originally. ECF No. 1310. Notably, the "corrected" brief AAWW later filed did not include AAWW's prior claim that the previously-redacted material was "not relevant." *See* ECF No. 1312.

Requiring Plaintiffs to respond to a summary judgment motion at this time would be both unfair, because Plaintiffs would be deprived of needed discovery, and a waste of the Court's and the parties' resources, because AAWW will undoubtedly file a second summary judgment motion after the close of discovery. Accordingly, the Court should order that the filing of AAWW's motion be deferred until after the close of discovery.

                                                                Respectfully submitted,

                                                                */s/ Brent W. Landau*

                                                                Brent W. Landau
                                                                Robert N. Kaplan
                                                                Hollis L. Salzman
                                                                Howard J. Sedran
                                                                *Plaintiffs' Co-Lead Counsel*

Enclosures
cc:    All counsel (by CM/ECF)