## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775<br><br>THIS DOCUMENT APPLIES TO:<br>ALL ACTIONS | 06-MD-1775 (JG)(VVP) |

## DECLARATION OF BRENT W. LANDAU REGARDING FURTHER DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(D)

1.      I am a partner in the law firm of Hausfeld LLP, one of the co-lead counsel for Plaintiffs.

2.      I submit this declaration, pursuant to Federal Rule of Civil Procedure 56(d), regarding further discovery required by Plaintiffs to respond to the prospective motion for summary judgment of Atlas Air Worldwide Holdings, Inc. ("AAWW").

3.      Plaintiffs allege, and intend to prove, that AAWW participated in a price-fixing conspiracy (1) through the conduct of its own employees; (2) through its domination and control of its wholly-owned subsidiary, Polar Air Cargo, Inc. ("Polar"); and (3) because Polar was acting as AAWW's agent. Discovery yet to be taken will further address each of these issues.

4.      On January 4, 2011, Plaintiffs moved to compel AAWW to produce all executed agreements and final transaction documents related to DHL's purchase of an interest in Polar Air Cargo Worldwide, Inc. *See* ECF No. 1356 (Ex. 1). As set forth in that motion, details of the transaction, in which AAWW caused Polar to convey its assets to another AAWW subsidiary and then to exit the business, are relevant to AAWW's domination and control of Polar, among other reasons. Plaintiffs informally requested these documents on August 18, 2010, and formally

requested them in Request No. 3 of Plaintiffs' Second Set of Requests for Production to Atlas Air Worldwide Holdings, Inc., dated September 22, 2010 ("Second AAWW Requests") (Ex. 2).

5.      Other documents requested informally on August 18, 2010, and formally in the Second AAWW Requests and Plaintiffs' Second Set of Requests for Production to Polar Air Cargo, LLC, dated September 22, 2010 ("Second Polar Requests") (Ex. 3), and relevant for the same purposes, include: (a) communications with DHL relating to the potential antitrust liability of Polar, Polar Worldwide, or AAWW (Second AAWW Request No. 4; Second Polar Request No. 5) and (b) board of directors minutes and memoranda regarding the DHL transaction (Second AAWW Request Nos. 7, 8; Second Polar Request Nos. 8, 9). AAWW and Polar have objected to producing these documents. Although the parties have met and conferred regarding these requests, AAWW and Polar have agreed to inform Plaintiffs whether responsive documents exist. If necessary, Plaintiffs anticipate moving to compel production of these documents at an appropriate time.

6.      In addition, Plaintiffs requested the following documents informally on August 18, 2010, and formally in the Second Polar Requests: (a) financial statements, summaries, or analyses sufficient to show Polar's assets, liabilities, revenues, and expenses for the period from January 1, 2007 through March 31, 2009 (Second Polar Request No. 1); (b) Polar's tax returns for the tax years from 2005 through 2009 (Second Polar Request No. 2); and (c) Polar's bank statements for the period from January 1, 2007 through March 31, 2009 (Second Polar Request No. 3). These documents go directly to the "undisputed facts" that AAWW has put in issue regarding its domination and control of Polar. *See* AAWW's Local Rule 56.1 Statement of Undisputed Material Facts, ECF No. 1353, ¶ 16 ("Polar had its own substantial assets…and was adequately capitalized…."); ¶ 17 ("Polar maintained its own bank accounts…."); ¶ 18 ("Polar

2

also maintained its own independent financial statements…and regularly filed its own Federal and state tax returns…."). Polar did produce tax returns for the period through June 27, 2007 but has otherwise objected to producing these documents. Although the parties have met and conferred regarding these requests, Polar has agreed to inform Plaintiffs whether responsive documents exist. If necessary, Plaintiffs anticipate moving to compel production of these documents at an appropriate time.

7.    On November 29, 2010, Plaintiffs informally requested production of documents related to meetings of the AAWW Compensation Committee regarding the compensation of Edward Hernandez and other employees. These documents are relevant to whether these individuals should be deemed to have been employees of AAWW rather than employees of Polar. If they are deemed to be AAWW employees, their knowledge of and participation in the conspiracy would be directly attributable to AAWW even without piercing the corporate veil. AAWW has so far refused to produce these documents, and Plaintiffs formally requested them in Request No. 1 of Plaintiffs' Third Set of Requests for Production to Atlas Air Worldwide Holdings, Inc., dated January 3, 2011 (Ex. 4), specifically referring to the compensation of Mr. Hernandez, Kersti Krepp, Hendrik Falk, and Richard Nuttall. AAWW's response to this formal request is not yet due, although Plaintiffs have requested that it be expedited so that any dispute can be promptly presented to the Court.

8.    Depositions are currently stayed until March 15, 2011. Plaintiffs anticipate deposing several current and former employees of AAWW and Polar, as well as current and former employees of their co-defendants. On January 3, 2011, Plaintiffs informally identified the following potential AAWW and Polar deponents and requested information about their locations and representation: Mr. Lane, Mr. Hernandez, Mr. Falk, Ms. Krepp, and Maria Chavez. *See* Jan.

3

3, 2011 Letter from Brent W. Landau (Ex. 5). These depositions and others will provide information about the relationship between AAWW and Polar and their role in the price-fixing conspiracy. To the extent that these deponents were AAWW employees (as it is undisputed that Mr. Lane was, and as Plaintiffs assert that Mr. Falk, Mr. Hernandez, and Ms. Krepp should be deemed to have been), their knowledge and participation is directly attributable to AAWW. But more generally, because Plaintiffs additionally argue that AAWW is liable for Polar's conduct under either a veil-piercing or agency theory, full discovery into Polar's participation in the conspiracy is required for Plaintiffs to respond to AAWW's motion for summary judgment.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: January 5, 2011.


Brent W. Landau
Brent W. Landau

4