UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION MDL No. 1775 | : : : : : | 06-md-1775 (JG)(VVP) |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS _____ | : : : : |  |

**PLAINTIFFS' SECOND SET OF REQUESTS
FOR PRODUCTION TO ATLAS AIR WORLDWIDE HOLDINGS, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Atlas Air Worldwide Holdings, Inc. ("AAWW") respond to the following Requests for Production and produce for inspection and copying by Plaintiffs all of the following documents, electronically stored information and things which are in the possession, custody, or control of AAWW or AAWW's agents or attorneys, within thirty (30) days following the date of service of these Requests.

**DEFINITIONS**

As used herein, the words and phrases set forth below shall have the meaning or meanings prescribed for them.  Plaintiffs adopt all defined terms as set forth in Local Civil Rule 26.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  The term "electronically stored information," abbreviated herein as "ESI," has the same meaning and scope in these Requests as it has in the Federal Rules of Civil Procedure.  In addition, the rules of construction applicable to all discovery requests as set forth in Local Civil Rule 26.3(d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are applicable to these Requests for Production.

1.  "AAWW" means Atlas Air Worldwide Holdings, Inc.

2.  "Airfreight Carrier" means any airline acting as an Airfreight Shipping Services provider.

3.  "Airfreight Shipping Services" means paid, private air transport of freight or other cargo by Airfreight Carriers.

4.  "You" has the meaning set forth in Local Civil Rule 26.3(c)(5).

5.  "DHL" means DHL Express; DHL Network Operations (USA), Inc.; Deutsche Post AG; and any affiliated companies.

6.  "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other person employed by Polar.

7.  "Polar" means Polar Air Cargo, LLC and Polar Air Cargo, Inc., the former name of Polar Air Cargo, LLC.

8.  "Polar Worldwide" means Polar Air Cargo Worldwide, Inc.

## INSTRUCTIONS

1.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests for Production shall be deemed to be continuing in nature so that, if you, your directors, officers, employees, agents, representatives or any person acting on your behalf, subsequently discover or obtain possession, custody or control of any document or ESI previously requested or required to be produced, you shall promptly make such document or ESI available.

2.  In producing documents and ESI, you are requested to furnish all documents, ESI or things in your possession, custody or control, regardless of the physical location of the documents or ESI, or whether such documents or ESI or other materials are possessed directly by you or your

directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3. In producing documents, you are requested to produce the original of each document requested, together with all non-identical copies and drafts of such document. If the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested document, ESI or thing cannot be produced in full, you are to produce it to the extent possible, indicating which document, ESI or portion of such document, ESI is being withheld, and the reason that document or ESI is being withheld.

5. Documents or ESI not otherwise responsive to these Requests shall be produced if such documents mention, discuss, refer to, or explain the documents or ESI that are called for by these Requests, or if such documents or ESI are attached to documents or ESI called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations or similar materials.

6. All documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business. If any documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each document the file(s) from which the document(s) was (or were) originally located.

7. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

8. Documents or ESI shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in

whose possession they were found and the business address of each document's or ESI's custodian(s).

9. Documents or ESI attached to each other should not be separated, including, but not limited to, hard-copy versions of documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

10. If a document or ESI once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document or ESI and state the details concerning its loss.

11. If you claim the attorney-client privilege or any other privilege or work product protection for any document or ESI, provide a detailed privilege log that contains at least the following information for each document or ESI that you have withheld:

    (a) state the date of the document or ESI equivalent;

    (b) identify each and every author of the document or ESI equivalent;

    (c) identify each and every person who prepared or participated in the preparation of the document or ESI equivalent;

    (d) identify each and every person who received the document or ESI equivalent;

    (e) identify each and every person from whom the document or ESI equivalent was received;

    (f) state the present location of the document or ESI equivalent and all copies thereof;

    (g) identify each and every person having custody or control of the document or ESI equivalent and all copies thereof;

      (h)      provide sufficient information concerning the document or ESI equivalent and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

12. Unless otherwise agreed, all ESI shall be produced in native format. To the extent that any such ESI is not reasonably usable in native format, then such ESI (including any metadata) shall also be produced in such other format as is reasonably usable.

13. Unless a different time period is specified, the relevant time period is January 1, 1998 through the present.

## REQUESTS FOR PRODUCTION

**Request No. 1**

Complete AAWW personnel files for Ronald Lane and Edward Hernandez.

**Request No. 2**

The final versions of the document produced with Bates number PACE00034446-PACE00034478 provided to DHL, Cargolux, or any other entity.

**Request No. 3**

All executed agreements and final transaction documents related to DHL's purchase of an interest in Polar Worldwide.

**Request No. 4**

All correspondence and memoranda reflecting communications with DHL relating to the potential antitrust liability of Polar, Polar Worldwide, or AAWW.

**Request No. 5**

All documents provided to the U.S. Department of Transportation relating to the existence of the U.S. Department of Justice investigation into Airfreight Shipping Services or this lawsuit.

**Request No. 6**

Documents sufficient to show the "independent tax and business reasons" that were "<u>not</u> dependent on the consummation of the DHL USA transaction" for the 2007 corporate restructuring involving AAWW, Polar, and Polar Worldwide. *See* Application of Polar Air Cargo, Inc., at 2 (D.O.T. Jan. 22, 2007).

**Request No. 7**

All minutes of the AAWW board of directors relating to (a) the 2007 corporate restructuring involving AAWW, Polar, and Polar Worldwide or (b) DHL's purchase of an interest in Polar Worldwide.

**Request No. 8**

All memoranda prepared for the AAWW board of directors relating to (a) the 2007 corporate restructuring involving AAWW, Polar, and Polar Worldwide or (b) DHL's purchase of an interest in Polar Worldwide.

Date: September 22, 2010

By: /s/ Melinda R. Coolidge

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
Melinda R. Coolidge
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

Howard J. Sedran
Austin Cohen
Keith J. Verrier
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

Hollis L. Salzman (HS-5994)
Jay L. Himes (JLH-7714)
Gregory S. Asciolla, Esq. (GA-2222)
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700

*Co-Lead Class Counsel*