# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †

* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

November 24, 2009

*Via E-mail and U.S. Mail*

Harvey J. Wolkoff
Ropes & Gray LLP
One International Place
Boston, MA 02110
Harvey.Wolkoff@ropesgray.com

Re:   *In re Air Cargo Shipping Services Antitrust Litigation*, 06-MD-1775 (JG)(VVP)

Dear Harvey:

This letter sets forth the agreement between Plaintiffs, on behalf of the alleged class, and Polar Air Cargo, LLC ("Polar") and Atlas Air Worldwide Holdings, Inc. ("Atlas"), concerning the production of documents in response to Plaintiffs' First Set of Requests for Production To All Defendants, dated June 8, 2007 ("Document Requests") in the above-referenced action ("Letter Agreement").

A.   **Polar's and Atlas's Initial Disclosure**

In order for Plaintiffs to understand the scope of Polar's production of documents to the United States Department of Justice ("DOJ"), in connection with the DOJ's investigation of air freight shipping services, Polar and Atlas will provide the following information to Plaintiffs.[1] The limited purpose of this disclosure is for Plaintiffs to determine whether to accept Polar's DOJ production in satisfaction of the Document Requests under the terms and conditions set forth below and to thereby avoid potential discovery disputes concerning the Document Requests. Plaintiffs agree that they will not use the information provided by Polar pursuant to this Paragraph "A" for any other purpose and, specifically, that they will not use such

---

[1] Atlas does not provide air cargo transportation services, and accordingly has not been the subject of any government investigation related to the allegations set forth in this suit concerning price fixing. Nor has the DOJ required Atlas to produce documents in connection with any such investigation, and in any event, Atlas does not have any such documents. Atlas thus has not made any productions of the type contemplated in this Letter Agreement.

LEVIN, FISHBEIN, SEDRAN & BERMAN

November 24, 2009
Page 2

information in any discovery dispute or other proceeding in connection with this litigation unless such information is otherwise produced to Plaintiffs in the course of litigation or through other communications with Polar or Atlas separate from this Letter Agreement. Any information or Documents provided to Plaintiffs pursuant to this Letter Agreement shall be subject to the Confidentiality Stipulation and Protective Order Governing Production of Documents Between Plaintiffs and Defendants, dated August 13, 2007, as modified by the Court's order of September 21, 2007.

(1) Polar and Atlas will answer the following questions: (a) did you make one or more productions of Documents (Documents include hard-copy documents and electronically stored information) to the DOJ in connection with its investigation of air freight shipping services; (b) were documents seized from you by the DOJ in connection with its investigation of air freight shipping services; (c) what was the approximate number of pages of Documents produced to and/or seized by the DOJ; (d) did the DOJ production include the search of Polar's or Atlas's or their affiliate(s)' files located outside the United States; and (e) from which custodians or sources and locations did Polar and Atlas produce documents to the DOJ, including custodians and files outside the United States.

(2) Polar and Atlas will provide the following information and documents: (a) organizational charts sufficient for Plaintiffs to assess the adequacy of Polar's and Atlas's search for Documents; (b) Documents, including grand jury subpoenas, and information sufficient to show the scope of documents requested by the DOJ and the extent to which such requests were narrowed or broadened, if at all, including any written agreements with the DOJ regarding the scope of Polar's and Atlas's production; and (c) information regarding the format in which the Documents were produced, including, without limitation, whether and what, if any, associated metadata and extracted text files were produced.

Plaintiffs reserve the right to ask reasonable follow-up questions with respect to the information provided by Polar and Atlas in response to paragraphs A(1) and A(2) above prior to advising Polar and Atlas whether they are willing to accept the DOJ production and limitation on future productions.

The information and Documents described in paragraphs A(1) and A(2) above shall be provided by December 4, 2009. Pending Plaintiffs' review of the information provided by Polar and Atlas pursuant to this Paragraph "A", the Document Requests shall be deferred and no response shall be required from Polar and Atlas, and Polar and Atlas reserve all rights and objections with respect to the Document Requests. Upon completion of such review, Plaintiffs shall advise Polar and Atlas if Plaintiffs are willing to accept the DOJ production and limitation on future productions by Polar and Atlas as described below.

LEVIN, FISHBEIN, SEDRAN & BERMAN

November 24, 2009
Page 3

### B. The Limitation on Plaintiffs' Additional Request for Production of Documents

If, under the procedure set forth in Paragraph "A" above, Plaintiffs accept Polar's DOJ production in satisfaction of the Document Requests, then, with respect to Polar and Atlas, no response thereto shall be required from Polar or Atlas, and Polar and Atlas reserve all rights and objections with respect to the Document Requests. In addition, Plaintiffs agree that they will not seek any further production of documents from Polar or Atlas except as follows:

1. Documents specifically identified by Plaintiffs where gaps in the production are evident, such as missing attachments and missing links in e-mail chains; and,

2. Transactional Information and Cost Information (whether in electronic or paper form) as defined in the Stipulation and Order Regarding Preservation of Documents and Electronically Stored Information, dated March 11, 2008.

With respect to items 1 and 2 above, it is agreed that Polar and Atlas will not be obligated to produce such materials by virtue of this Letter Agreement, and the parties do not resolve the scope of such future discovery and reserve all rights to obtain or resist it, but Polar and Atlas shall immediately begin to discuss with Plaintiffs the production of Transactional Information and Cost Information.

In addition to the above, Plaintiffs may request other specifically identified documents relevant to a claim or defense asserted in this action, provided that Plaintiffs negotiate such requests with Polar and Atlas in good faith prior to serving additional document requests or pursuing motion practice. To the extent that the parties cannot agree as to any such additional document requests and resolution of the issue by the Court is required, it is agreed that Plaintiffs will be entitled to the additional documents only if they establish (a) that the documents are relevant to a claim or defense asserted in this action; (b) that production of the documents will not require a generalized document search or other unreasonably burdensome collection effort by Polar and Atlas; and[2] (c) there exists good cause as to why Plaintiffs require such documents in view of the documents already obtained pursuant to this Letter Agreement or otherwise.

---

[2] The reference to a generalized document search referenced in subparagraph (b) above does not include a request for specifically identified Documents, which may require Defendant to conduct a limited search of files where such Document(s) may reasonably be located. By way of example only, a request for the following Documents would not be considered as requiring a generalized search: (a) a memorandum reflecting a 2002 meeting between employees of Polar and company y; and (b) expense reports of employee B during a reasonable period.

24022567_1-2.DO

LEVIN, FISHBEIN, SEDRAN & BERMAN

November 24, 2009
Page 4

### C. The Production of Documents Provided to the DOJ

If, under the procedure set forth in Paragraph "A" above, Plaintiffs accept Polar's DOJ production in satisfaction of the Document Requests, then the following shall apply to the scope of documents Polar and Atlas are required to produce. Plaintiffs are enjoined from pursuing against Polar or Atlas claims that arose prior to July 27, 2004. Accordingly, this production will be made with the express understanding that any documents produced by Polar and Atlas that pre-date July 27, 2004, the effective date of Polar's and Atlas's reorganization in bankruptcy, cannot and will not in any way be used against Polar or Atlas in this proceeding with respect to any claims that arose prior to July 27, 2004.

Except as set forth below, Polar and Atlas will produce to Plaintiffs all of the Documents produced to the DOJ on or before November 13, 2009 in connection with its investigation of airfreight shipping services in response to the DOJ subpoena(s) or by agreement with the DOJ. Plaintiffs reserve the right to seek production of Documents created for ordinary business purposes produced to the DOJ after November 13, 2009, and Polar and Atlas reserve the right to object to such request. The production shall be in the same form produced to the DOJ except, however, if Polar has any of the Documents in a searchable electronic form, they shall be produced in that format to Plaintiffs, subject to further agreement concerning production format issues. Such production shall include the production of narrative answers provided to the DOJ in lieu of producing Documents. Polar may, in the first instance, redact personal information reflected in the Documents or narrative responses provided to the DOJ; however, telephone or cell phone numbers of any Polar's employees will not be redacted. Plaintiffs reserve the right to seek production of the redacted information. Only Documents created or obtained for ordinary business purposes within the time period specified in the DOJ subpoena(s) served on Polar need to be produced and other Documents specifically prepared for the DOJ need not be produced, such as financial condition Documents, unless otherwise agreed by the parties, provided, however, that Polar will provide documents, including grand jury subpoenas, and information sufficient to show the scope of documents requested by the DOJ and the extent to which such requests or search requirements were narrowed or broadened, if at all. Additionally, Polar agrees to produce custodian logs and/or any indices that Polar produced to DOJ. Plaintiffs reserve the right to seek production of custodian and/or indices even if these documents were not produced to DOJ. Polar has the right to withhold Documents produced to the DOJ on the basis of privilege or work product protection and will provide Plaintiffs with a log of any such Documents.

LEVIN, FISHBEIN, SEDRAN & BERMAN

November 24, 2009
Page 5

### D. Files Seized by the DOJ

If, under the procedure set forth in Paragraph "A" above, Plaintiffs accept Polar's DOJ production in satisfaction of the Document Requests, then the following shall apply to any documents that were seized by the DOJ. Plaintiffs are enjoined from pursuing against Polar or Atlas any claims that arose prior to July 27, 2004. Accordingly, this production will be made with the express understanding that any documents produced by Polar and Atlas that pre-date July 27, 2004, the effective date of Polar's and Atlas's reorganization in bankruptcy, cannot and will not in any way be used against Polar or Atlas in this proceeding with respect to any claims that arose prior to July 27, 2004.

With respect to Documents that were seized by the DOJ in connection with its investigation of air freight shipping services, Polar shall be obligated to produce all Documents from those seized files that are responsive to the DOJ subpoenas or DOJ requests without regard to whether the DOJ subpoenas or DOJ requests called for production of documents located outside of the United States, subject to privilege and work product protections. For clarity, Polar will be entitled to withhold, although it is not required to withhold, from production to Plaintiffs those seized files that are (a) subject to a claim of privilege or work product; or (b) not responsive to the DOJ subpoena(s) or DOJ requests. Polar has the right to withhold Documents seized by the DOJ on the basis of privilege or work product protection and will provide Plaintiffs with a log of any such Documents.

### E. Defendants Whose DOJ Productions Did Not Include the Production of Documents Located Outside the United States

If Polar's production of Documents to the DOJ in connection with its investigation of air freight shipping services did not include the production of Documents located outside the United States, after receiving Polar's Initial Disclosure pursuant to Paragraph A, and after Plaintiffs determine whether they are willing to accept the DOJ production and limitation on future productions, Plaintiffs agree to a production of Polar's DOJ production in the first instance pursuant to Paragraphs "C" and "D" above, reserving all rights to request additional Documents located outside the United States after Plaintiffs have first reviewed Polar's DOJ production. The limitations set forth in Paragraph "B" above shall apply with respect to Documents located within the United States. Participation in this Letter Agreement shall not preclude Polar or Atlas from lodging objections to the production of Documents located outside the United States. If Plaintiffs decide that Polar's production to the DOJ is insufficient to satisfy its document discovery obligations pursuant to this Letter Agreement, then Plaintiffs and Polar will negotiate in good faith a further production commensurate in scope with the productions of other Defendants whose DOJ productions Plaintiffs have deemed to satisfy their document discovery obligations.

24022567_1-2.DO

Levin, Fishbein, Sedran & Berman

November 24, 2009
Page 6

F. **No Other Limitation**

Nothing herein shall limit Plaintiffs' rights to obtain discovery of expert materials under Rule 26. This Agreement does not apply to Plaintiffs' rights to obtain other forms of discovery, including interrogatories, depositions and requests for admission.

Very truly yours,

*Howard J. Sedran*

*Michael D. Hausfeld*

*Robert N. Kaplan*

*Hollis L. Salzman*

Agreed and accepted:

*Harvey J. Wolkoff*

24022567_1-2.DO