Order 2007-5-4
Served: May 9, 2007



**UNITED STATES OF AMERICA
DEPARTMENT OF TRANSPORTATION
OFFICE OF THE SECRETARY
WASHINGTON, D.C.**

Issued by the Department of Transportation
on the 23rd day of April, 2007

| | |
|---|---|
| Application of<br><br>**POLAR AIR CARGO, INC.**<br><br>for a disclaimer of jurisdiction and reissuance of certificates, or alternatively, approval of the transfer of certificates under 49 U.S.C. 41105 | **Docket OST-2007-27056** |
| Applications of<br><br>**POLAR AIR CARGO, INC.**<br><br>under 49 U.S.C. 41102 for renewal of certificates of public convenience and necessity for all-cargo service (U.S-Foreign Points) | **Dockets OST-1998-3491<br>OST-1999-6425<br>OST-2000-8445<br>OST-2001-9382** |
| Applications of<br><br>**POLAR AIR CARGO, INC.**<br><br>Under 49 U.S.C. 40109 for renewal of exemption authority (U.S.-Foreign Points) | **Dockets OST-1995-877<br>OST-1997-2352<br>OST-2001-9829<br>OST-2003-15447** |

**ORDER TRANSFERRING EXEMPTION AUTHORITY AND
REISSUING CERTIFICATES**

**Summary**

By this order, we transfer to Polar Air Cargo Worldwide, Inc., d/b/a Polar Air Cargo (Polar Worldwide) the foreign certificates and authorities currently issued to Polar Air Cargo, Inc (Polar), and reissue to Polar Worldwide the foreign certificates and other authorities previously held by Polar, as described in Attachment A herein.

**Background**

Polar is an all-cargo air carrier based in New York. By Order 94-6-24, issued June 17, 1994, the Department found Polar fit to conduct interstate and foreign scheduled air transportation of property and mail.[1] In 2001, Polar Worldwide,[2] a Delaware corporation owned by Atlas Air Worldwide Holdings, Inc. (AAWH),[3] acquired all of Polar's outstanding stock.

**The Application**

On January 22, 2007, Polar informed the Department of its intent to transfer its certificates of public convenience and necessity, exemptions, designations, frequency allocations, and related operating authorities to its holding company, Polar Worldwide.[4] The applicant indicates that Polar Worldwide will continue to conduct operations as a cargo air carrier under the name "Polar Air Cargo." Polar requests that the Department disclaim jurisdiction over its proposed transfers, stating that the transfers are merely incidental to an intra-corporate reorganization which the company is undergoing for business and tax purposes. In the alternative, the applicant requests that the Department approve the transfer of authorities to Polar Worldwide should it decide not to disclaim jurisdiction.

In support of its request, Polar states that the proposed transfer of route authorities is in the public interest, since it will benefit the shipping public and the air carrier's employees. The applicant maintains that the transaction will enable Polar Worldwide to continue Polar's legacy of being a leader in the scheduled all-cargo air transportation market, providing competitive service and shipping options throughout the world for businesses, governments, shippers, airlines, and freight forwarders. Polar indicates that it has entered into a Block Space Agreement with DHL Network Operations USA, Inc. (DHL), and states that as a long-term customer, DHL will generate revenues for Polar Worldwide, giving the company a solid operating and financial platform for the expansion of its scheduled air cargo business and promoting market efficiencies. With respect to competition, Polar states that the relationship with DHL, a global leader in logistics and express delivery, will enhance competitive service options for U.S. shippers and provide the air carrier with a stronger base from which to compete in the U.S. markets.

Polar asserts that the proposed transfer is consistent with U.S. international aviation policy and will have a positive impact on the U.S. trade position. The applicant maintains that the proposed transfer will strengthen a U.S certificated all-cargo airline operating over an extensive international route network in the highly competitive air cargo market. Further, the applicant claims that the transfer will ensure that the benefits currently being provided to consumers and shippers in these international markets are not only be maintained, but will be expanded through its strategic partnership with DHL.

---

[1]   In addition to the authority granted by that order, Polar holds several other certificates and authorities from the Department.

[2]   Previously known as Airline Acquisition Corp. I, Atlas Air Worldwide Holdings, Inc., established Polar Worldwide to facilitate its purchase of Polar. *See* Order 2001-12-15, issued December 19, 2001, at 2.

[3]   AAWH is the parent of Atlas Air, Inc., a certificated air carrier authorized to conduct interstate, overseas, and foreign air transportation of property and mail. *See* e.g., Order 92-11-12, issued November 5, 1992.

[4]   Polar provided a list of those certificates and authorities as an attachment to its January 22, 2007, application.

Moreover, Polar asserts that the proposed transfer will benefit its employees. In this regard, it notes that the company will become financially and operationally stronger, considering the many benefits its long-term partnership with DHL will offer.[5]

Finally, Polar stated to the Department that it intends to convert from a California corporation to a California limited liability corporation, Polar Air Cargo, LLC (Polar LLC). The applicant asked the Department to disclaim jurisdiction over the proposed reincorporation.

Interested parties were given 21 days to file answers in response to Polar's application. The application is unopposed.

**Interim Action**

On March 14, 2007, Polar and Polar Worldwide ("the Parties") filed a request in Docket OST-2007-27056, for an immediate exemption, authorizing Polar Worldwide to conduct scheduled all-cargo service between the United States and Colombia, pending Department action on the remainder of Polar's January 22, 2007, application. In the request, the Parties stated that the Colombia Civil Aviation Authority advised Polar that it had established a firm deadline of March 20, 2007, for submitting an application for reissuance of Polar's Colombia license to Polar Worldwide.[6] The Parties further stated that the completed Colombian application had to include evidence that the U.S. Department of Transportation had granted Polar Worldwide authority to serve Colombia and that the U.S. Government had designated Polar Worldwide under the U.S.-Colombia bilateral agreement.

By Order 2007-3-5, issued March 19, 2007, the Department found Polar Worldwide fit to operate as an all-cargo air carrier and issued the company a certificate of public convenience and necessity to conduct interstate scheduled air transportation of property and mail. The Department also issued to Polar Worldwide an exemption to conduct all-cargo service in the U.S.-Colombia market. At that time, we noted that Polar was authorized to provide U.S.-Colombia service and that the requirement to reissue a certificate in this matter was based solely on a proposed intra-corporate reorganization. Under the circumstances, we found it in the public interest to issue Polar Worldwide an interstate certificate, and U.S.-Colombia exemption authority. As a final matter, we deferred action on Polar's certificate transfer request. We now find it appropriate to act on Polar's request to transfer its certificates and authorities to Polar Worldwide.

As a related matter, we note that in Order 2007-3-15, we denied Polar's request to disclaim jurisdiction over its proposed transfer. However, we did grant Polar's request to disclaim jurisdiction over the company's reincorporation from a California corporation to a California limited liability company.

---

[5] The applicant stated to the Department that when Polar Worldwide begins operations, flight crewmembers formerly employed by Polar would service those operations. As a result, the existing collective bargaining agreement between Polar and its pilots union will remain in effect.

[6] Polar currently holds authority from the Colombia Civil Aviation Authority to conduct scheduled all-cargo air transportation in the U.S.-Colombia market. Polar is seeking reissuance of the subject authority to Polar Worldwide from the Colombian aviation authorities.

**Transfer of Authority**

The Statute provides that no certificate can be transferred unless the Department approves the transfer as being consistent with the public interest.  In applying this standard to foreign certificates, the Department considers whether the proposed route transfer is consistent with our international aviation policy, the likely effects of a proposed route transfer on competition in the domestic airline industry, the viability of each applicant, and the trade position of the United States.

For its part, Polar has offered persuasive arguments supporting its transfer request.  We find that the proposed transaction is in the public interest and will enable Polar Worldwide to expand its operations and improve its long-term position in the air cargo market, thus promoting competition.  Polar's commercial agreement with DHL will not only enhance the viability of the air carrier, it will also allow Polar Worldwide to strengthen its operations in the international market, supporting the Department's international aviation policies and benefiting the trade position of the United States.

In consideration of the above, we have decided to approve the transfer of Polar's foreign certificate and other authorities to Polar Worldwide.  However, we will not here transfer Polar's interstate authority.  As noted above, by Order 2007-3-15, the Department issued to Polar Worldwide an interstate certificate of public convenience and necessity to conduct scheduled air transportation of property and mail.  Therefore, Polar's request for the transfer of its interstate certificate to Polar Worldwide is now moot.  We will cancel Polar's interstate certificate upon the effectiveness of Polar Worldwide's interstate certificate (*see* Order 2007-3-15).

**Renewal Requests and Term of Authorities**

As stated, above, we have decided to approve the transfer of Polar's foreign certificate and other authorities to Polar Worldwide.  In this regard, we note that three of Polar's certificates authorizing the air carrier to engage in various foreign air transportation services (Routes 696, 705, and 727), were due to expire on April 11, 2006, October 13, 2001, and June 19, 2003, respectively, but were kept in force pursuant to the provisions of the Administrative Procedure Act (APA), 5 U.S.C. 558(c), as implemented by 14 CFR Part 377, pending Department action on Polar's timely-filed renewal applications.[7]  We also note that Polar's authority to serve the U.S.-South Africa market, on Route 651 (a certificate that authorizes, for the most part, service between the United States and various foreign points that is unrestricted/unlimited), was due to expire on January 12, 2005, but was kept in force pursuant to the provisions of the APA, pending Departmental action on Polar's timely-filed renewal application.[8]  In light of the fact that we have decided to grant Polar's request to transfer all of its certificates and authorities to Polar Worldwide, we find it appropriate and in the public interest to grant all of Polar's earlier-filed and timely-filed certificate renewal applications in these matters.

Polar's certificates for Routes 696 and 727, and its authority on Route 651 to serve the U.S.-South Africa market, involve service in limited-entry markets.  Thus, consistent with our standard policy

---

[7]  See Attachment A for more detail on these authorities, the expiration dates, and the timely filed renewal applications.
[8]  *Id.*

in this regard, these authorities will be renewed for a period of five years under 49 U.S.C. 41102(c) in the form attached.[9]

Polar's certificate for Route 705, originally granted for a five-year term by Order 96-9-16, authorizes service between the United States and Thailand (a limited-entry market at the time the certificate for Route 705 was issued). Subsequently, however, the United States and Thailand reached an open skies agreement. Under these circumstances, we will (1) grant Polar's request to renew its U.S.-Thailand authority; (2) make the authority effective for an indefinite term instead of the requested five-year term; (3) reflect the U.S.-Thailand open-skies authority on Route 561; and (4) terminate Polar's U.S.-Thailand certificate on Route 705 as duplicative.

We also note that four of the exemption authorizations currently held by Polar, as listed in Attachment A to this order, were due to expire, but were kept in force pursuant to the provisions of the APA, pending Departmental action on Polar's timely-filed renewal applications.[10] As discussed, above, in the circumstances presented, we find it appropriate and in the public interest to grant all of Polar's earlier-filed and timely-filed exemption renewal applications in these matters. Consistent with our standard policy, the subject exemptions will be renewed for two-years.

### EFFECTIVE AUTHORITY CONDITIONS AND LIMITATIONS

The authority contained in the transferred certificates and other subject authorities will not become effective until Polar Worldwide has provided evidence that it has received an Air Carrier Certificate from the FAA to conduct operations under such authority.

### ACCORDINGLY:

1. We grant the October 3, 2005, application of Polar Air Cargo, Inc., in Docket OST-2000-8445, to renew for five years its certificate for Route 696 to provide scheduled foreign air transportation of property and mail between the coterminal points Miami, Florida, and Los Angeles, California; the intermediate points Curaçao, Netherlands Antilles, Santiago, Chile; Barranquilla, Colombia; and Panama City, Panama; and the coterminal points Manaus, Rio de Janeiro, and São Paulo, Brazil.

2. We grant the April 9, 2001, application of Polar Air Cargo, Inc., in Docket OST-2001-9382, to renew its U.S.-Thailand certificate authority (previously issued on Route 705). The renewed U.S.-Thailand authority will be reflected on Route 651 and will remain in effect indefinitely.[11]

3. We grant the December 9, 2002, application of Polar Air Cargo, Inc., in Docket OST-1998-3491, to renew for five years its certificate for Route 727 to provide scheduled foreign air transportation of property and mail between a point or points in the United States, and two points in Japan, and beyond each of those points to one point.

---

[9] 14 CFR Part 399.120.
[10] See Attachment A for more detail on these authorities, the expiration dates, and the timely filed renewal applications.
[11] Upon the effectiveness of Polar Worldwide's certificate authority for Route 561 (which will include U.S.-Thailand authority), we will, by separate order, terminate (as duplicative), Polar's U.S.-Thailand certificate authority on Route 705.

4.  We grant the July 9, 2004, application of Polar Air Cargo, Inc., in Docket OST-1999-6425, to renew for five years its U.S.-South Africa certificate authority on Route 651.

5.  We grant the September 6, 2002, application of Polar Air Cargo, Inc., in Docket OST-1995-877, to renew for two years its exemption authority to provide scheduled foreign air transportation of property and mail between (i) New York, New York, and Moscow, Russia, via Prestwick, Scotland, and (ii) Anchorage, Alaska, and Khabarovsk, Russia, via Seoul, Taipei, and Hong Kong.

6.  We grant the December 4, 2002, application of Polar Air Cargo, Inc., in Docket OST-1997-2352, to renew for two years its exemption authority to provide scheduled foreign air transportation of property and mail between Miami, Florida, and Caracas, Venezuela, and beyond Caracas to Rio de Janeiro and São Paulo, Brazil.

7.  We grant the May 23, 2003, application of Polar Air Cargo, Inc., in Docket OST-2001-9829, to renew for two years its exemption authority to provide scheduled foreign air transportation of property and mail between a point or points in the United States, via intermediate points, to Manaus, Brasilia, Rio de Janeiro, São Paulo, Recife, Porto Alegre, Belem, Belo Horizonte, and Salvador de Bahia, and beyond Brazil to Argentina, Uruguay, Paraguay, and Chile.

8.  We grant the May 11, 2005, application of Polar Air Cargo, Inc., in Docket OST-2003-15447, to renew for two years its exemption authority to provide scheduled foreign air transportation of property and mail between any point or points in the United States, via intermediate points, and any point or points in Iraq and beyond.

9.  We transfer and reissue to Polar Air Cargo Worldwide, Inc., d/b/a Polar Air Cargo, the certificates of public convenience and necessity currently issued to Polar Air Cargo, Inc., authorizing the carrier to engage in foreign scheduled air transportation of property and mail as set out in Attachment A (certain of these certificates have been renewed herein, as described in the ordering paragraphs, above).

10.  We transfer to Polar Air Cargo Worldwide, Inc., d/b/a Polar Air Cargo all other foreign authorities currently issued to Polar Air Cargo, Inc., authorizing the carrier to engage in foreign scheduled air transportation of property and mail as set out in Attachment A (certain of these authorities have been renewed herein, as described in the ordering paragraphs, above).

11.  The exemption authorizations transferred in Attachment A are subject to the standard U.S. Carrier Exemption Conditions set forth in Attachment B.

12.  The frequency allocations transferred in Attachment A (for U.S.-Hong Kong, U.S.-Brazil, and U.S.-China services), are subject to the condition that the frequencies will expire and will revert automatically to the Department if they are not used for a period of 90 days.

13. All of the authority renewed, transferred, and/or reissued here shall not become effective until the Department has received evidence that Polar Air Cargo Worldwide, Inc., d/b/a Polar Air Cargo, has received an Air Carrier Certificate from the Federal Aviation Administration.[12]

14. Unless disapproved by the President of the United States under section 41307 of the Statute, this order shall become effective on the 61st day after its submission for section 41307 review or upon the date of receipt of advice from the President or his designee under Executive Order 12597 and implementing regulations that he or she does not intend to disapprove the Department's order under that section, whichever comes earlier.[13]

15. We will serve this order on the persons listed in Attachment C to this order.

By:

**ANDREW B. STEINBERG**
**Assistant Secretary**
**for Aviation and International Affairs**

An electronic version of this document is available on the World Wide Web at:
*http://dms.dot.gov*

---

[12] Upon the effectiveness of Polar Worldwide's transferred certificate authority, we will, by separate order, terminate Polar's interstate certificate, as discussed in the text of this order.

[13] This Order was submitted for section 41307 review on April 23, 2007. On May 9, 2007 we received notification that the President's designee under Executive Order 12597 and implementing regulations did not intend to disapprove the Department's order.