**William R. Sherman**
Direct Dial: 202-637-1094
william.sherman@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS** LLP

February 18, 2011

The Honorable Viktor H. Pohorelsky
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

      Re:    <u>In re Air Cargo Shipping Services Antitrust Litigation</u>, MDL No. 1775

Dear Magistrate Judge Pohorelsky:

      Defendants Singapore Airlines Cargo Pte Ltd. and Singapore Airlines Limited (collectively "SIAC") write in opposition to plaintiffs' February 4, 2011 motion to compel SIAC to provide "full and complete" responses to plaintiffs' first set of interrogatories.  Plaintiffs' motion raises the following issues: (1) whether SIAC must provide information regarding meetings and communications that have no connection to cargo shipments to, from or within the United States, which are thus unquestionably outside the scope of this action; and (2) whether plaintiffs are entitled to dictate how SIAC conducts its internal investigation in order to answer plaintiffs' discovery requests, including whether plaintiffs are entitled to discover information about privileged communications between counsel for SIAC.  The third issue that plaintiffs purport to raise, with respect to supplementing SIAC's Rule 33(d) responses, is nonexistent, since SIAC has repeatedly agreed that it will do so in conformance with the Federal Rules.

      Plaintiffs' motion is neither meritorious nor interposed in good faith.  Plaintiffs misstate SIAC's position and the factual background to this purported "dispute."  Tellingly, although plaintiffs attach a series of exhibits to their motion, they do not attach the parties' correspondence on the issues they raise.  The full set of letters exchanged by the parties is attached hereto as Exhibits A to G.  That correspondence demonstrates that plaintiffs' representations to the Court are incorrect, and that their motion should be summarily denied.

      As an initial matter, the parties' correspondence reflects the fact that prior to the July 1, 2010 hearing on a discovery dispute involving defendants other than SIAC, plaintiffs and SIAC were not in disagreement on these issues.[1]  At the July 1 hearing, counsel for plaintiffs sought to establish "ground rules" for resolving the pending discovery disputes.  (7/1/10 Tr. at 87.)  The Court expressed its concern about interfering with agreements that other defendants had made with plaintiffs, or otherwise issuing a ruling that might affect parties who were not in dispute with plaintiffs.  (*Id*. at 72-73.)  Plaintiffs' counsel assured the Court that any deals with other defendants "won't change."  (*Id*. at 73.)  Even so, the Court never agreed that it was ruling with respect to any defendants or disputes beyond those before the Court on July 1.

      Nevertheless, plaintiffs explicitly claim that their current positions are based upon  the Court's July 1 comments and rulings, regardless of the previous discussions between the parties.  (*See* Motion at 1; Ex. B, Himes Aug. 24, 2010 Letter to Sherman, at 1.)   But plaintiffs attempt to distort the Court's July 1 statements beyond recognition on each of the issues they raise.

---

[1] *See, e.g.*, Ex. C, Sherman Sept. 10, 2010 Letter to Himes ("Plaintiffs apparently now wish to revisit our discussions in light of their reading of Magistrate Judge Pohorelsky's order of July 1, 2010.  As explained below, we disagree with that reading, but in any event it is simply incorrect to suggest that plaintiffs have previously indicated that they found SIAC's responses to be inadequate.").  *See also* Ex. D, Himes Sept. 21, 2010 Letter to Sherman (failing to respond to or contradict this statement).

LATHAM&WATKINS LLP

### 1. Geographic Scope of Responses

As the Court is well aware, following Judge Gleeson's ruling on defendants' motion to dismiss, the claims in this case are limited to cargo shipments "to, from and within the United States." (Aug. 21, 2009 Order Adopting Sept. 26, 2008 Report and Rec. with One Exception (Dkt. No. 938).) Plaintiffs insist that because they alleged a global conspiracy, they are entitled to discovery about cargo shipments anywhere in the world, regardless of whether such shipments have any connection to the claims remaining in this case. They are wrong. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (holding that "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken"); *Spencer Trask Software & Info. Serv. LLC v. RPOST Intern. Ltd.*, 383 F. Supp. 2d 428, 463 n.20 (S.D.N.Y. 2003) ("In response to the defendants' request that the Court limit discovery to the claims that have survived the motion to dismiss … discovery is, obviously, so limited."); *Devlin v. Trans. Comm. Int'l Union*, 2000 WL 28173, 5 (S.D.N.Y.) (same).

SIAC has repeatedly told plaintiffs that it does not take the position that its discovery responses will literally be limited to actual shipments to, from or within the United States. Rather, SIAC has made clear that it will provide information about facts (*e.g.*, meetings, communications, surcharge decisions, etc.) that relate to shipments to, from or within the United States. As counsel for SIAC has explained:

> Thus, for example, if events that occurred at SIAC's home office in Singapore affected prices or surcharges on cargo shipments to or from the United States, those facts should be included in SIAC's responses to plaintiffs' interrogatories. On the other hand, however, events that . . . concerned shipments from a non-US location to another non-US location are beyond the scope of plaintiffs' remaining claims, and beyond any reasonable search obligation in response to plaintiffs' interrogatories." (Ex. C, Sherman Sept. 10, 2010 Letter to Himes.)

Plaintiffs explicitly accepted this position in discussions between the parties, as indicated in several letters, including plaintiffs' own correspondence:

> "We are willing to exclude from the geographical scope of our requests any communications and meetings (collectively, 'Communications') that have no connection to U.S. commerce. Accordingly, Singapore need not identify Communications limited to rates or surcharges on wholly foreign routes with no connection to U.S. commerce." (Ex. A, Himes May 24, 2010 Letter to Sherman.)

Plaintiffs ignore their previous representation and now claim that this Court's July Order gives them *carte blanche* to conduct worldwide discovery, including with respect to events and cargo shipments that have no relation to U.S. commerce. In fact, the Court's statements support the position taken by SIAC's counsel set forth above. The Court indicated that it was not comfortable with limiting defendants' responses to just offices that had traffic with the United States, but expressed concern with the burden associated with a worldwide search, and noted that following the dismissal of plaintiffs' claims based upon foreign shipments that did not involve the U.S., "proof of your case doesn't depend on knowing every particular surcharge or every particular communication or every particular meeting that may have occurred," and that plaintiffs should instead focus upon facts related to shipments to or from the United States. (Tr. at 88-89.)

LATHAM&WATKINS LLP

> Moreover, plaintiffs repeatedly assured the Court that they were not seeking what they now claim SIAC must produce:

>> "We are not asking them to go to any office or interview people at any office that did not have surcharges or rates to or from the U.S."  (Tr. 86 (Mr. Specks).)

>> "We haven't asked for them to give us anything that does not encompass shipments to the United States."  (Tr. 87 (Mr. Specks).)

> In short, plaintiffs' current position contradicts their own previous representations, their statements to the Court, the Court's comments, and any reasonable discovery scope given the claims remaining in the case.  SIAC has made clear that its responses will encompass facts that relate to shipments to, from or within the United States.  The Court should deny plaintiffs' request for more.

## 2. Plaintiffs' Attempt to Intrude Upon SIAC's Internal Fact Gathering and Privileged Communications

> Plaintiffs argue next that SIAC must tell them "from where the information will be gathered" in responding to their interrogatories, including revealing the fact of conversations between SIAC's counsel.  (Mot. at 1.)  Plaintiffs purport to find this obligation not in any rule or case law, but in the Court's July 1, 2010 Order.  Again, plaintiffs are wrong.

> It is axiomatic that counsel for SIAC is required to undertake a thorough, good faith investigation in order to respond to plaintiffs' interrogatories, consistent with the Federal Rules and counsel's ethical obligations.  Fed. R. Civ. P. 26(g).  No rule or case allows plaintiffs to dictate how that investigation is to be conducted.  *See Rubinow v. Boehringer Ingelheim Pharms., Inc.*, 2010 U.S. Dist. LEXIS 45704, 19–20 (D. Conn. 2010).  ("Plaintiff is not entitled to dictate the specific manner in which the Defendant responds to her interrogatories.")  At most, a responding party may be required to describe the inquiry that it made if it fails to provide the requested information.  *See, e.g., Zanowic v. Reno*, 2000 WL 1376251, *3 n.1 (S.D.N.Y. Sept 25, 2000) (holding that responding party "must *either* provide the information sought *or* describe his efforts to obtain the information.") (emphasis added).  That is not the case here.

> Plaintiffs' assertion that they can require information about communications between SIAC's counsel is apparently based upon a discussion at the July 1 hearing about whether facts could be shielded under a claim of work product or privilege.  The Court's comments are similar to the position expressed by SIAC's counsel in communications with plaintiffs, and confirm that plaintiffs are entitled only to the underlying facts, not to counsel's communications in the course of gathering those facts:

>> "What I was trying to articulate was my view as to the limits of work product . . . the facts are not covered by work product, even if you got them through . . . a communication with your client; and what is covered is the communication and you don't have to disclose the communications themselves, but the facts in the communications have to be disclosed."  (Tr. at 79.)

> Similarly, SIAC's counsel explained to plaintiffs:

>> On the scope of information to be included in any supplemental interrogatory responses of [SIAC], I did not refuse to represent whether those answers would include responsive information from the jurisdictions you list, or indeed any other jurisdiction.  What I refused to do is to agree that plaintiffs can dictate how SIAC

LATHAM&WATKINS LLP

must conduct the reasonable investigation required by the Federal Rules of Civil Procedure (*e.g.*, by requiring that I interview counsel representing SIAC in other jurisdictions), or that plaintiffs are entitled to discover the details of any privileged conversations between counsel for SIAC. I have repeatedly assured plaintiffs that this position does not mean that SIAC will claim that privilege or work product precludes it from providing factual information to which plaintiffs are entitled. (Ex. G, Sherman Oct. 4, 2010 Letter to Verrier, at 1.)

Neither the Rules nor this Court's July 1 order requires anything more. The Court should deny plaintiffs' request.

### 1. Supposed Rule 33(d) Dispute

Plaintiffs ask that SIAC be ordered to supplement its Rule 33(d) response. But SIAC has already agreed, throughout its discussions with plaintiffs, to do so. *See, e.g.*, Sherman letter of September 24, 2010 ("SIAC has agreed to supplement those 33(d) responses with facts known to SIAC that are not reflected in documents produced to plaintiffs.") (Attached as Ex. E.)

SIAC has never claimed that its identification of documents pursuant to Rule 33(d) fulfilled its discovery obligation if those documents did not disclose all relevant facts in response to those interrogatories. SIAC has likewise never refused to provide the basic information that plaintiffs request and that the Court ordered on July 1 (*i.e.*, dates, times, places and subjects of meetings, if currently known to counsel). Plaintiffs originally insisted that SIAC provide a "narrative" response, irrespective of its Rule 33 responses. (*See* Ex. B, Himes Aug. 24, 2010 Letter to Sherman; Ex. D, Himes Sept. 21, 2010 Letter to Sherman.) The Court never imposed such a requirement, if by "narrative" plaintiffs mean anything more than the factual information identified above. Plaintiffs now appear to recognize this; their motion concedes that in supplementing its prior Rule 33(d) responses, SIAC "need not repeat the information contained in its prior Rule 33 response." (Mot. at 3.) Plaintiffs' request should be denied as moot.

Respectfully submitted,

*/s/ William R. Sherman*
Margaret M. Zwisler
William R. Sherman
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200 (telephone)
(202) 637-2201 (facsimile)
*Counsel for Singapore Airlines Cargo Pte Ltd and Singapore Airlines Limited*