


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG)(VVP)<br><br>This Document Relates to:<br>All Actions |
| BENCHMARK EXPORT SERVICES; FTS INTERNATIONAL EXPRESS, INC.; JSNP, INC.; OLARTE TRANSPORT SERVICE, INC.; R.I.M. LOGISTICS, LTD.; S.A.T. SEA & AIR TRANSPORT, INC.; VOLVO LOGISTICS AB, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRANCISCUS JOHANNES DE JONG,<br><br>Defendant. | Case No. 1:10-cv-01376 (JG)(VVP) |

## ORDER APPROVING AIR FRANCE-KLM SETTLEMENT AGREEMENT AND FINAL JUDGMENT

Plaintiffs and Defendants Société Air France ("Air France"), Koninklijke Luchtvaart Maatschappij N.V. ("KLM"), and Martinair Holland N.V. ("Martinair") (collectively, "Air France-KLM") entered into a Settlement Agreement to fully and finally resolve the Settlement Class's claims against Air France-KLM. On September 8, 2010, the Court entered its Order granting preliminary approval of the proposed settlement between Plaintiffs and Air France-KLM ("Preliminary Approval Order"). On October 21, 2010, this Court entered an Order Authorizing Dissemination of Class Notice and Scheduling Hearing for Final Approval of Proposed Settlements

(the "October 21, 2010 Order"). Among other things, the October 21, 2010 Order authorized Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Settlement Class. Notice was provided to the Class pursuant to the Preliminary Approval Order and the October 21, 2010 Order, and the Court held a fairness hearing on March 3, 2011.

Having considered Plaintiffs' Motion For Final Approval of Proposed Settlement with Air France-KLM, SAS, JAL and American Airlines, any objections filed of record, oral argument presented at the fairness hearing, and the complete record and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of this Action (and all actions and proceedings consolidated in this Action).

2. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3. The Preliminary Approval Order and October 21, 2010 Order outlined the form and manner by which the Plaintiffs would provide the Settlement Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Class who could be identified through reasonable effort, as well as extensive publication of a summary notice. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court. The Class Notice constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and fairness hearing and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice.

4. The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. Final approval of the Settlement Agreement with Air France-KLM is granted pursuant to Fed. R. Civ. P. 23(e), because the Settlement Agreement is "fair, reasonable and adequate" to the Class. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

6. The Preliminary Approval Order dated September 8, 2010 certified the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons or entities who purchased Airfreight Shipping Services for shipments to, from or within the United States directly from any of the Settling Defendants, any other Defendant, or from any of their parents, predecessors, successors, subsidiaries, or affiliates, at any time during the period from January 1, 2000, up to and including September 11, 2006.

As set forth in the Preliminary Approval Order, the definition of the Settlement Class specifically excluded "the Settling Defendants, the other Defendants, their parents, predecessors, successors, subsidiaries, and affiliates as well as all government entities."

7. The persons and entities identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class, not bound by this Order and Final Judgment, and may not make any claim or receive any benefit from the settlement, whether monetary or otherwise. Said excluded persons may not pursue any Released Claims on behalf of those who are bound by this Order and Final Judgment. Each Settlement Class member not appearing in Exhibit A is bound by this Order and Final Judgment, and will remain forever bound.

8. The Action is dismissed, with prejudice and in its entirety, on the merits, and except as provided for in the Settlement Agreement, without costs, as to Air France-KLM and any other Released Party who is a Defendant in the Action, including specifically Air France, KLM, Martinair, Franciscus de Jong, Bram Gräber, Jean Charles Foucault and Jean Paul Moreau. This dismissal shall

not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the Release set out in Paragraphs 32-34 of the Settlement Agreement.

9. The Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Claims released in Paragraphs 32-34 of the Settlement Agreement against any Released Party, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other court or forum wherever located.

10. Upon the occurrence of the Effective Date, the Releasing Parties remise, release, forever discharge, and covenant not to sue the Released Parties from and for Claims as set forth in Paragraphs 32-34 of the Settlement Agreement.

11. This Order and Final Judgment does not settle or compromise any claims by Class Representatives or the Settlement Class against the Defendants or other persons or entities other than the Released Parties, and all rights against any other Defendant or other person or entity are specifically reserved. The sales of Airfreight Shipping Services to members of the Settlement Class by Air France-KLM shall remain in these cases against the non-settling Defendants as a basis for damage claims and shall be part of any joint and several liability claims against any non-settling Defendant or other person or entity other than the Released Parties.

12. Neither the Settlement Agreement, nor this Order and Final Judgment, nor any other papers relating to the Settlement Agreement, nor any negotiations, discussions or proceedings in connection herewith shall be:

    (a) offered or received against any Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of

4

the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Released Party; or

      (b)    offered or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party.

13.    Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over the Action and the Settlement Agreement, including the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

14.    The escrow account established by the parties, and into which Air France-KLM has deposited eighty-seven million dollars ($87,000,000) as the Settlement Amount and five-hundred thousand dollars ($500,000) as the Notice Fund, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

15.    Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this final judgment of dismissal forthwith as to the Released Parties.

**IT IS SO ORDERED.**

Dated: March 3, 2011  
Brooklyn, NY

                                        s/John Gleeson  
                                        HON. JOHN GLEESON  
                                        UNITED STATES DISTRICT JUDGE