

Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

March 29, 2011

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re: *In re Air Cargo Shipping Services Antitrust Litigation MD-06-1775*

Dear Magistrate Judge Pohorelsky:

Pursuant to Rule[1] 28(b) and Article 1 of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, 23 U.S.T. 2555, 847 U.N.T.S. 231 (the "Hague Convention" or "H.C."), plaintiffs request an order issuing a letter of request for international judicial assistance to compel the testimony of Moon-ho Song (the "Letter of Request") (Ex. A).[2]

Moon-ho Song, a former Korean Air Lines Co. Ltd ("KE") employee and its former Regional Director, Korea and General Manager, Cargo Strategy and Development, is believed to possess knowledge that goes to the heart of Plaintiffs' claims. Plaintiffs base this belief, in part, on a resolution of the Korean Fair Trade Commission, Resolution No. 2010 –143 issued November 29, 2010 (the "KFTC Order") (*See* Letter of Request, Schedule B) (certified translation), finding that KE, in concert with many defendants in this case, fixed prices of air freight shipping services on shipments from Korea to worldwide destinations, including the United States. KE had previously pled guilty in the United States to participating in a conspiracy to fix the prices of cargo charged to customers in the United States and elsewhere from January 1, 2000 to February 14, 2006. *See* Ex. C.

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure.
[2] Song has stated that he will come to the U.S. for his deposition if KE requests him to do so and he is reimbursed for his expenses. (Ex. B). Plaintiffs have requested KE's counsel to ask Song, on behalf of KE, to appear for his deposition in the U.S. and have advised that Plaintiffs will reimburse Song for reasonable travel expenses. KE's counsel has responded that KE will tell Song that KE does not oppose him coming to the U.S. for his deposition if he chooses to do so, but will not request Song to do so. Plaintiffs seek issuance of a letter request to compel Song's deposition in Korea because Plaintiffs do not know whether they will be able to secure Song's appearance in the U.S. and are attempting to complete his deposition by July 1, 2011, as contemplated by the discovery schedule [ECF No. 1335]. Plaintiffs reserve their right to move to compel KE to request Song appear in the U.S. for deposition.

NEW YORK, NY     LOS ANGELES, CA     SAN FRANCISCO, CA
MORRISTOWN, NJ     CHICAGO, IL



**■■**KAPLAN*FOX*

Hon. Viktor V. Pohorelsky
March 29, 2011
Page 2

      The KFTC Order cites Song's testimony and business diary as a basis for its findings. The KFTC Order identifies the person who held Song's former position with KE (*i.e.*, Song) as a participant in collusive conduct on behalf of KE and as knowledgeable about the collusive conduct of others. See pages 60-63, 67-70, 75-78, 84-87, 89, 93, 102-06, 115-118, 121, 128-129, and 133-34 of the KFTC Order quoting from Song's testimony and citing his business diary. KE's supplemental interrogatory responses (Ex. D) also identify Song as attending meetings with competitors regarding fuel surcharges on air freight shipping services from Korea to the U.S.

      Rule 28(b) governs the taking of depositions in a foreign country. Under Rule 28(b)(1)(A) and (B), when the country where discovery is sought is a signatory to the Hague Convention, as is the case here, depositions may be taken in accordance with the convention. Under Rule 28(b)(2), a United States court may issue a letter of request seeking the voluntary assistance of the court or other agency of the foreign country to compel the deponent to provide evidence "on appropriate terms after an application and notice of it."[3]

      When deciding whether to issue a letter of request, courts apply the "liberal discovery" standard permitted under the Federal Rules of Civil Procedure,[4] regardless of whether a letter of request is directed at a litigant or a non-party.[5] A letter of request is permitted when a litigant seeks to depose a non-party witness not subject to the court's jurisdiction.[6] Evidence may compelled pursuant to a letter of request.[7]

      A letter of request must specify certain information, all of which appears in plaintiffs' proposed Letter of Request (Ex. A).[8] Specifically, a letter of request must provide the following information: (i) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority (Ex. A at § II, No. 1a); (ii) names and addresses of the parties to the proceedings and their representatives (Ex. A at § II, No. 2); (iii) nature of the proceedings for which the evidence is required, giving all necessary information (Ex. A at § II, No. 3); and (iv) evidence to be obtained or other judicial act to be performed (Ex. A at § II, No. 4).[9]

---

[3] *See* Rule 28(b)(1)(B) and (2)(A); MANUAL FOR COMPLEX LITIGATION (FOURTH), § 11.494 at 106-7; *see also Brake Parts, Inc. v. Lewis*, 2009 U.S. Dist. LEXIS 57512, *5 (E.D. Ky. July 6, 2009) (a U.S. court has inherent authority to issue letter of request to a foreign tribunal); *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 363-64 (D. Kan. 2010).
[4] *In re Urethane*, 267 F.R.D. at 365 & n.19.
[5] *Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 541 (1987); *In re Global Power Equip. Group Inc.*, 418 B.R. 833, 850-851 (D. Del. 2009).
[6] *In re Urethane Antitrust Litig.*, 267 F.R.D. at 364; *SEC v. Leslie*, 2009 U.S. Dist. LEXIS 24737, *8 (N.D. Cal. Mar. 16, 2009); *Abbott Labs v. Impax Labs., Inc.*, 2004 U.S. Dist. LEXIS 13487, *6-7 (D. Del. July 15, 2004).
[7] H.C. Art. 10, 16-17; MANUAL, § 11.494 at 108.
[8] The Letter of Request submitted herewith tracks the format of the recommended model letter of request (*see* 28 U.S.C.A. § 1781, at pp. 59294 (Thompson West 2006)) and contains language commonly used in requests for international judicial assistance under the Hague Convention. *See* H.C., Art. 3.
[9] *See* H.C., Art. 3(a)-(d).

Hon. Viktor V. Pohorelsky
March 29, 2011
Page 3

      H.C. Article 3 also provides that, "[w]here appropriate, the Letter shall specify" the following: (i) names and addresses of the persons to be examined (*see* Ex. A at § II, No. 5); (ii) questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined (Ex. A at § II, No. 6); (iii) documents or other property, real or personal, to be inspected (Ex. A at § II, No. 7); (iv) any special requirement that the evidence is to be given on oath or affirmation, and any special form to be used (Ex. A at § II, No. 8); and (v) any special method or procedure to be followed under Article 9 (Ex. at § II, No. 9).[10]

      As required, plaintiffs have requested that the parties be notified of the time and place of the deposition, and have arranged for designees in South Korea and the United States to act as liaisons with the South Korean court and the parties with respect to deposition logistics (*see* Ex. A at § I, No. 2, § II, No.10).[11] Plaintiffs have requested that the appropriate judicial authority for the Republic of Korea submit to this Court a note of fees and costs that are reimbursable under the Hague Convention (*see* Ex. A at § II, No. 13).[12] Plaintiffs will reimburse the South Korean judicial authority for costs incurred in the taking the deposition.

      U.S. Department of State guidelines on obtaining judicial assistance from the Republic of Korea specify how letters of request to that country should be issued.[13] When seeking to compel the testimony of a South Korean witness, the letter of request must be sent directly to the appropriate judicial authority for the Republic of Korea (with translations) by the issuing Court.[14,15] Letters of request must be submitted in duplicate, with Korean translations in duplicate, and should be signed by the issuing judge and stamped with the seal of the issuing court. Accordingly, Plaintiffs will submit certified translations of the Letter of Request to the Court, for signature and seal, if this motion is granted.

      Plaintiffs respectfully request that the Court grant plaintiffs' motion and execute the Letter of Request and that all materials be sent directly to the appropriate judicial authority for the Republic of Korea at the address in the Letter of Request (Ex A at § I, No. 2).

      Any papers received by plaintiffs or their designees from South Korean judicial authorities or the South Korean Court, including all notices of hearing as well as the executed Letter of Request, will be provided to the Clerk of Court for filing on the case docket.

---

[10] *See* H.C., Art. 3(e)-(i).
[11] H.C., Art. 7.
[12] H.C., Art. 14 & 26.
[13] *See* http://travel.state.gov/law/judicial/judicial_4735.html#summary (last visited March 29, 2011).
[14] http://travel.state.gov/law/judicial/judicial_4735.html#compulsioncivil (last visited March 29, 2011)
[15] "[A] letter rogatory may be transmitted directly by a United States court to the 'foreign tribunal . . . to whom it is addressed.'" *SEC v. Leslie*, 2009 U.S. Dist. LEXIS 24737, *6 (N.D. Cal. Dec. 2, 2009)

**KAPLAN*FOX***

Hon. Viktor V. Pohorelsky
March 29, 2011
Page 4

Respectfully Submitted,

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY  10022
(212) 687-1980

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC  20006
(202) 540-7200

Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By: ___/s/ Michael D. Hausfeld___

By: ___/s/ Gary L. Specks___

Hollis L. Salzman (HS-5994)
Jay L. Himes (JLH-7714)
Gregory S. Asciolla, Esq. (GA-2222)
LABATON SUCHAROW LLP
140 Broadway
New York, NY  10005
(212) 907-0700

Howard J. Sedran, Esq.
Austin Cohen, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

By: ___/s/ Howard J. Sedran___

By: ___/s/ Hollis L. Salzman___