## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG)(VVP)<br><br>This Document Relates to:<br>All Actions |

### FINAL JUDGMENT

Plaintiffs and Defendant Japan Airlines International Co. ("JAL") entered into a Settlement Agreement to fully and finally resolve the Settlement Class's claims against JAL. On March 3, 2011, the Court conducted a fairness hearing on the proposed settlement and entered an Order granting final approval of the settlement between Plaintiffs and JAL.

**IT IS THEREFORE HEREBY ADJUDGED AND DECREED:**

1. The Preliminary Approval Order dated September 8, 2010 certified the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons or entities (but excluding JAL, Defendants, their parents, predecessors, successors, subsidiaries, affiliates, as well as government entities) who purchased Airfreight Shipping Services for shipments to, from or within the United States directly from the JAL or any of the Defendants, or from any of their parents, predecessors, successors, subsidiaries, or affiliates, at any time during the period from January 1, 2000, up to and including September 11, 2006.

2. The persons and entities identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim or receive any benefit from the settlement, whether monetary or otherwise. Said excluded persons may not pursue any claims released under the Settlement Agreement on

behalf of those who are bound by this Final Judgment. Each Settlement Class member not appearing in Exhibit A is bound by this Final Judgment and will remain forever bound.

3.  *In re Air Cargo Shipping Services Antitrust Litigation*, 06-MD-1775 (JG) (VVP) (E.D.N.Y.), and all actions filed in or transferred to the United States District Court for the Eastern District of New York for consolidation and/or coordination with this multidistrict litigation, specifically including the actions captioned *Benchmark Export Services, et al. v. AMR Corporation and American Airlines, Inc.*, Case No. 10-CV-3398(JG)(VVP) (E.D.N.Y.), *Benchmark Export Services et al. v. China Airlines Ltd.*, Case No. 10-CV-0639(JG)(VVP) (E.D.N.Y.), *Benchmark Export Services et al. v. McCaffrey*, Case No. 10-CV-10253-NMG (D. Mass.), *Benchmark Export Services et al. v. De Jong,* Case No. 2:10-CV-00007-TB (E.D.N.C.), and *Benchmark Export Services et al. v. Sanfilippo*, Case No. 10-CV-01084 JFW- AGR (C.D. Cal.), (collectively, the "Action") are dismissed, with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreement, without costs, as to JAL and any other party released under the Settlement Agreement. This dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the release set out in the Settlement Agreement.

4.  The Plaintiffs, each member of the Settlement Class who has not timely and validly elected to be excluded from the Settlement Class, and their past and present parents, subsidiaries, affiliates, divisions, and departments, their respective past and present officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing (jointly and severally, and individually and collectively, the "Releasors") are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any claims released in the Settlement Agreement against JAL, its parents, subsidiaries, affiliates, divisions, and departments, its respective

2

past and present officers, directors, employees, agents, attorneys, servants, and representatives of each of the aforesaid entities, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing (jointly and severally, individually and collectively, the "Releasees"), either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other court or forum wherever located. "Releasees" does not include any Defendant in the Action other than JAL.

5.   Upon the occurrence of the first date by which all the following events have occurred: (a) the Japan Reorganization Court, the U.S. Bankruptcy Court, and this Court shall have entered an order, judgment or equivalent decree approving, to the extent required, the Settlement Agreement (an "Approval Order"); (b) the time for appeal or to seek permission to appeal from each of the Approval Orders and this Final Judgment has expired, or, (c) if appealed, each of the Approval Orders and this Final Judgment has been affirmed in its entirety by the court of last resort to which each such appeal has been taken and such affirmance has become no longer subject to further appeal or review (without taking into account the provisions of Rule 60 of the Federal Rules of Civil Procedure or the All Writs Act, 28 U.S.C. §1651) (the "Effective Date"), the Releasors shall be deemed to covenant not to sue and completely release, acquit, and forever discharge the Releasees from any and all claims, demands, actions, suits, and causes of action, damages, and liabilities of any nature, -- including without limitation claims for costs, expenses, penalties, and attorneys' fees -- whether class, individual, or otherwise, that the Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against any of the Releasees or any of them, whether known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, on account of or arising out of or resulting from or related to

3

the direct purchase from JAL or any other Defendant of paid private air transport of freight or other cargo by any airline acting as a provider of such services ("Airfreight Shipping Services") to, from or within, the United States, during the period from and including January 1, 2000, up to and including September 11, 2006, or from any conduct regardless of where it occurred at any time prior to the Effective Date concerning the pricing, selling, discounting, or marketing of Airfreight Shipping Services for shipments to, from or within the United States, including without limitation, claims based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the First Consolidated Amended Complaint filed in *In re Air Cargo Shipping Services Antitrust Litigation*, 06-MD-1775 (JG) (VVP) (E.D.N.Y.), or otherwise the subject of that litigation, which arise under any antitrust, unfair competition, unfair practices, price discrimination, unitary pricing trade practice, consumer protection, unjust enrichment, civil conspiracy law. However, nothing shall release any claims (a) made with respect to any indirect purchase of Airfreight Shipping Services, and/or (b) involving any negligence, breach of contract, bailment, failure to deliver, lost goods, damaged or delayed goods or similar claim between any of the Releasees and any of the Releasors relating to Airfreight Shipping Services.

6. The release of claims and the covenant not to sue provided under Paragraph 5 of this Final Judgment shall not apply to any person who refused to comply with a reasonable request by Settlement Class Counsel, properly made under the terms of the Settlement Agreement, that the person be interviewed, provide a declaration or affidavit, or appear to testify at deposition or trial, and who, at the time of the refusal, is a current or former employee, officer, or director of JAL. A person's invocation of his or her right against self-incrimination to resist providing information concerning anticompetitive behavior regarding Airfreight Shipping Services is a refusal to comply for the purposes of this Paragraph.

4

7.  This Final Judgment does not settle or compromise any claims by Plaintiffs or the Settlement Class against any persons or entities other than the Releasees, and all rights against any other Defendant or other person or entity are specifically reserved.

8.  Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction over the Action and the Settlement Agreement, including the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

9.  Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this final judgment of dismissal forthwith as to the Releasees.

Dated: __April 6__, 2011

HON. JOHN GLEESON
UNITED STATES DISTRICT JUDGE

5