Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 East 55th Street
First Floor
New York, NY 10022
telephone 212-318-6000 • facsimile 212-319-4090 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

1(212) 318-6085
barrysher@paulhastings.com

April 8, 2011

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re:   *In re Air Cargo Shipping Services Antitrust Litigation MD-06-1775*

Dear Magistrate Judge Pohorelsky:

On March 18, 2011, Plaintiffs served upon Korean Air Line Co., Ltd. ("KE" or "Company") a Notice of Deposition ("Notice") (attached as Ex. A). KE respectfully seeks a protective order preventing Plaintiffs from inquiring into the identities of confidential witnesses who provided testimony to the Korean Fair Trade Commission ("KFTC").

### A.   This Court Recognizes And Defers To Confidentiality Requirements Of Foreign Enforcement Agencies In Connection With Their Investigations

Permitting Plaintiffs to seek information from KE regarding confidential witnesses would conflict with the KFTC's regulatory requirements and Korean law. In connection with its enforcement activities, the KFTC prohibits cooperating companies from revealing the identities of confidential witnesses interviewed by the KFTC.[1] Indeed, the KFTC previously issued a directive to KE ordering the Company to refrain from disclosing the contents of the KFTC's investigation reports to any third party and threatening the Company with sanctions if it failed to comply. *See* Oct. 29, 2009 Letter from Bong Sam Shin, Director – International Cartel Division, KFTC (attached as Ex. B). And in a January 18, 2011 letter to this Court, the KFTC explained its leniency program, including the fact that "the leniency program's rules prohibit [the KFTC] from disclosing investigation evidence and witness identities." *See* January 18, 2011 Letter from Jeoungkee Kim, Director – International Cartel Division, KFTC (attached as Ex. C).

This Court has denied similar discovery requests by civil plaintiffs when a foreign state's interests in confidentiality in connection with its investigations were at issue. Just over seven months ago, Judge Gleeson denied a motion to compel filed by civil plaintiffs seeking the production of two documents relating to the European Commission's

---

[1] The KFTC's position is based in part on the Korean statutory scheme, which prohibits the disclosure of information concerning individuals that would infringe on secrets or privacy rights. *See* Korean Official Information Disclosure Act Article 9(1)(6).

LEGAL_US_E # 92542793.3

The Honorable Viktor V. Pohorelsky
April 8, 2011
Page 2

antitrust investigation of Visa and MasterCard. *See In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, 2010 WL 3420517, *10 (E.D.N.Y. Aug. 27, 2010). The Court concluded that the European Commission's interest in preserving the confidentiality required in its investigations outweighed the civil plaintiffs' interests in obtaining discovery. *Id.* at *9. Judge Gleeson acknowledged the importance of confidentiality in cartel investigations and determined that permitting the disclosure of the materials would undermine that interest. *Id.* This rationale applies squarely in the current context given that the KFTC too imposes confidentiality requirements in order to support its enforcement activities.

In issuing his opinion, Judge Gleeson distinguished a prior ruling in this case that declined to defer to a broad national "blocking" statute that a party attempted to rely upon to prevent production of documents. *Id.* at *7-8 ("The sort of blanket prohibition imposed by the French blocking statute is different in kind from the interest asserted by the European Commission in this case. The Commission seeks to restrict access to its own investigative and adjudicative procedures.") The situation here is analogous to *In re Payment Card Interchange Fee.* Similar to the European Commission, the KFTC relies on confidentiality to facilitate cooperation and candor in connection with its investigations, and believes it would not receive the cooperation of amnesty applicants and witnesses without the promise of confidentiality. (See Ex. C). Because Plaintiffs' Notice of Deposition seeks to delve into topics that would expressly undermine the KFTC's policy of confidentiality, this Court should grant KE's motion for a protective order.

**B.      Permitting Plaintiffs To Depose KE Regarding The Identity Of Confidential Witnesses Would Offend International Comity.**

Considerations of international comity also favor granting the protective order sought by KE. International comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 164 (1895). The doctrine is "more than mere courtesy and accommodation." *Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 440 (3d Cir. 1971). "Courts afford respect to the laws and procedures of other nations partly out of a sense of fairness, but also in the hope of securing reciprocal respect and cooperation from the institutions of foreign nations." *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, 2010 WL 3420517 at *5.

U.S. discovery principles must be balanced with foreign sovereign interests. Although courts weigh several factors in applying international comity principles,[2] the most

---

[2] U.S. courts apply the following factors in balancing the need for discovery with foreign sovereignty: (1)the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. See *Societe National Industrielle Aerospatiale v. United States Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 544 n.28.

LEGAL_US_E # 92542793.3

The Honorable Viktor V. Pohorelsky
April 8, 2011
Page 3

important factor in an international comity analysis is whether the requested discovery would undermine important interests of the foreign state. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.3d 1468, 1476 (9th Cir. 1992). Where permitting the requested discovery would undermine an important foreign interest and not serve the interests of the United States, there is no reason to offend international comity. *See In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, 2010 WL 3420517 at *9.

As set out above, the KFTC's anti-cartel enforcement activities rely on the cooperation of amnesty applicants and witnesses to obtain vital evidence and testimony. The KFTC believes it would not receive the cooperation of amnesty applicants and witnesses without the promise of confidentiality. The United States Department of Justice ("DOJ") similarly has emphasized the importance of confidentiality in maintaining an effective leniency program and anti-cartel enforcement regime. *See* Letter of S. Hammond, Deputy Assist. Att'y Gen. for Crim. Enf., Antitrust Div., Dep't of Justice, *In re Flat Glass Antitrust Litig. (II),* No. 08-MC-180, MDL 1942 (Doc. No. 200-6), at 3 (Oct. 6, 2009) (attached as Ex. D).

The KFTC's decision to redact the witnesses' identities reinforces that disclosure of the witnesses would undermine the KFTC's investigative activities by discouraging potential leniency applicants and cooperating witnesses from providing essential evidence and testimony. U.S. courts recognize this same principle by routinely refusing to allow discovery into the identities of confidential witnesses and informants, recognizing the critical role they play in connection with enforcement activities. *See In re Methionine Antitrust Litigation*, No. 99-CV-3491 (N.D. Cal. June 17, 2002) (Order on Plaintiffs' Motion to Compel Production of Documents Submitted to Governmental Authorities) (refusing to compel production of unredacted versions of European Commission decision).

Permitting Plaintiffs to depose Korean Air regarding the identity of confidential witnesses that provided testimony to the KFTC will harm the KFTC's efforts to enforce Korean law, while failing to serve significant U.S. interests. In fact, the interests of the United States in enforcing its own antitrust laws are aligned with interests of the KFTC. If the promise of confidentiality is violated, the KFTC may be unable to obtain the evidence it needs to combat international cartels effectively. The DOJ's anti-cartel enforcement efforts, which depend on close cooperation with foreign competition authorities, would be equally harmed. *See* M. Delrahim, Deputy Assist. Att'y Gen., Antitrust Div., Antitrust Enforcement Priorities and Efforts Towards International Cooperation (Nov. 15, 2004) ("[n]owhere is the issue of international coordination more crucial to our enforcement mission than in the area of cartels.")

\*      \*      \*

For the foregoing reasons, Korean Air's motion for a protective order should be granted.

The Honorable Viktor V. Pohorelsky
April 8, 2011
Page 4

Respectfully submitted,


 /s/  Barry G. Sher
Barry G. Sher
Kevin C. Logue
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000
*Counsel for Korean Air Line Co., Ltd.*