

Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

April 20, 2011

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

    Re:    *In re Air Cargo Shipping Services Antitrust Litigation*, MDL 1775

Dear Magistrate Judge Pohorelsky:

    Plaintiffs respectfully move this Court for an order directing Korean Air Lines Co., Ltd. ("KE") to request its former employee, Moon-ho Song, to travel from the Republic of Korea to the United States to be deposed by the plaintiffs.

    Mr. Song is a former KE employee and its former Regional Director, Korea and General Manager, Cargo Strategy and Development. He is believed to possess knowledge that goes to the heart of Plaintiffs' claims against KE. Plaintiffs base this belief, in part, on a resolution of the Korean Fair Trade Commission, Resolution No. 2010 –143 issued November 29, 2010 (Ex. 1) (certified translation), finding that KE, in concert with many defendants in this case, fixed prices of air freight shipping services on shipments from Korea to worldwide destinations, including the United States. KE had previously pled guilty in the United States to participating in a conspiracy to fix the prices of cargo charged to customers in the United States and elsewhere from January 1, 2000 to February 14, 2006. *See* Ex. 2.

    The KFTC resolution cites Mr. Song's testimony and business diary as a basis for its findings. The KFTC resolution identifies the person holding Mr. Song's former position with KE (*i.e.*, Mr. Song) as a participant in collusive conduct on behalf of KE and as knowledgeable about the collusive conduct of others.[1]

    **(filed under seal).**    **REDACTED**

    Mr. Song has stated that he is willing to come to the U.S. to be deposed by plaintiffs, if requested by KE and if he is reimbursed for his travel expenses. Ex. 4. As the Court is aware, plaintiffs have commenced the lengthy process under the Hague Convention[2] of seeking a letter of request for international judicial assistance to compel the testimony of Song in Korea. *See* ECF No. 1451. Because of South Korea's reservations to the Hague Convention, if Mr. Song's testimony is taken in Korea it most likely must be taken before a Korean Court in the context of

---

[1] Ex 2 at 60-63, 67-70, 75-78, 84-87, 89, 93, 102-06, 115-118, 121, 128-129, and 133-34.
[2] The "Hague Convention" is a reference to the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, 23 U.S.T. 2555, 847 U.N.T.S. 231.



the Korean judicial system. Furthermore, plaintiffs are advised that it may take up to six weeks after service of the letter of request for a testimony date to be set and for Mr. Song to be notified. Plaintiffs have also been advised that because the Hague Convention did not come into force between Korea and the United States until March 2010 (Ex. 5), there is no precedent for the procedures that will be followed during the course of the testimony, and it is uncertain as to whether a United States attorney will even be allowed to examine the witness. Due to the expense and shortcomings of proceeding in Korea under the Hague Convention, plaintiffs simultaneously requested KE's counsel to ask Mr. Song, on behalf of KE, to appear for his deposition in the U.S. on a date certain and advised that plaintiffs would reimburse Mr. Song for his reasonable travel expenses. Ex. 6.

KE has refused to request Mr. Song to travel to the U.S. for his deposition because it states that it does not have control over Mr. Song. Ex. 7. Control, however, is not the issue. Mr. Song has already stated that he will appear for deposition in the United States if KE simply requests him to do so. Ex. 4. A modicum of cooperation by KE would solve the problem and minimize all parties' expense.

For the foregoing reasons, the Court should grant plaintiffs' motion.

Respectfully Submitted,

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By: ___/s/ Gary L. Specks___

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

By: ___/s/ Michael D. Hausfeld___

Hollis L. Salzman (HS-5994)
Jay L. Himes (JLH-7714)
Gregory S. Asciolla, Esq. (GA-2222)
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700

By: ___/s/ Hollis L. Salzman___

Howard J. Sedran, Esq.
Austin Cohen, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

By: ___/s/ Howard J. Sedran___