**William R. Sherman**  555 Eleventh Street, N.W., Suite 1000
Direct Dial: 202-637-1094  Washington, D.C. 20004-1304
william.sherman@lw.com  Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

April 28, 2011

The Honorable Viktor V. Pohorelsky　　　Re:　*In re Air Cargo Shipping Services*
United States District Court for the　　　　　　　*Antitrust Litigation*, MDL No. 1775
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Magistrate Judge Pohorelsky:

　　　Defendants Singapore Airlines Cargo Pte Ltd. and Singapore Airlines Limited (collectively "SIAC") write in opposition to Plaintiffs' April 19, 2011 Letter Motion to Compel Singapore Air to Comply with the Court's March 4, 2011 Order (Doc. No. 1453).  As counsel for SIAC previously predicted, plaintiffs now seek to modify or abandon their proposed "compromise" for responding to the subject interrogatories, which the Court accepted based upon plaintiffs' insistence that it would not require any defendant to produce more than it had already compiled, and thus "[took] the burden off the table." (Ex. A, July 1, 2010 Tr. at 102; Ex. B, Mar. 3, 2011 Tr. at 13, 21-22.)  SIAC has more than complied with their obligations in accordance with the Court's comments and orders of March 4, 2011 and July 1, 2010.  Indeed, SIAC has provided <u>more</u> information than most defendants responding to plaintiffs' interrogatories, and has gone beyond what the Court ordered in gathering the information provided to plaintiffs.

　　　Moreover, even if plaintiffs were dissatisfied with SIAC's responses, they simply ignored both the Federal Rules of Civil Procedure and this Court's rules by failing even to attempt to meet and confer with SIAC before filing their motion.  Presumably, plaintiffs will claim that they wanted to put this issue on the agenda for the May 3 status conference, but that is no excuse for purposely defying the rules of procedure and this Court.  Unless and until the meet and confer process has been exhausted and issues still remain, plaintiffs' motion should be summarily denied.

**1.　Plaintiffs' Motion Should Be Denied because Plaintiffs Failed to Confer with SIAC before Filing their Motion**

　　　As an initial matter, plaintiffs' motion to compel should be denied because they have ignored all the rules requiring them to meet and confer on discovery motions.  On April 15, 2011, SIAC served supplemental interrogatory responses on plaintiffs in compliance with the Court's directive at the March 3, 2011 hearing and the March 4, 2011 Order.  (*See* Ex. C, SIAC's Supp. Int. Resp.; Ex. B, Mar. 3 Tr.)  Other than an apparently wayward email from Mr. Specks, SIAC heard nothing from plaintiffs about those responses prior to receiving their motion to compel.

　　　Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

court action." The conference requirement is a prerequisite to filing a discovery motion, and a motion lacking evidence that such a conference occurred is improper. *Tri-Star Pictures, Inc. v. Unger,* 171 F.R.D. 94, 98-100 (S.D.N.Y. 1997); *Sils Brokerage Corp. v. U.S. Underwriters Ins. Co.,* 2011 U.S. Dist. LEXIS 25486, at *3 (E.D.N.Y. Mar. 14, 2011). Indeed, "[u]nder ordinary circumstances…the failure to meet and confer mandates denial of a motion to compel." *Prescient Partners, L.P. v. Fieldcrest Cannon*, 1998 U.S. Dist. LEXIS 1826, at *8 (S.D.N.Y. Feb. 18, 1998). Local Civil Rule 37.3(a) for the Eastern District of New York and the Rules of Practice of this Court likewise mandate that "counsel discuss their disputes *in person or by telephone* before seeking judicial intervention." Rules of Practice of Magistrate Judge Viktor V. Pohorelsky § I.B (citing Local Civil Rule 37.3(a)) (emphasis in original). Failure to observe the conference requirement of Rule 37.3(a) is grounds for denying a motion to compel. *Wiwa v. Royal Dutch Petroleum Co.,* 2006 U.S. Dist. LEXIS 65601, at *20-21 (S.D.N.Y. Sept. 12, 2006).

These rules are imposed upon counsel for a good reason: discovery disputes should be brought before the Court only after the parties attempt to resolve the issues that inevitably arise in the course of discovery. SIAC has told plaintiffs that it is willing to further supplement its interrogatory responses in an effort to informally resolve this dispute. Plaintiffs, however, appear to believe that the Court's willingness to schedule regular status conferences relieves them of their responsibility to meet and confer. For this reason alone, plaintiffs' motion should be denied.

**2.      SIAC's Supplemental Interrogatory Responses Comply with the Court's Order**

In any event, plaintiffs' motion is baseless. Although plaintiffs attempt to mischaracterize SIAC's supplemental interrogatory responses, SIAC has fully complied with the Court's March 4, 2011 Order.

As the Court will recall, it ruled on March 3 that SIAC was required to follow the Court's previous ruling with respect to interrogatory answers, delivered at the July 1, 2010 hearing with respect to defendants Qantas, Korean Air, and Air New Zealand. At that hearing on July 1, plaintiffs' counsel proposed a "compromise" whereby defendants need not "review any documents" to respond to the outstanding interrogatories, but instead should provide "all the facts they presently know, their attorneys know." (Ex. A, July 1 Tr. at 102.) The Court accepted that proposal, notwithstanding its expressed reservations about the scope of plaintiffs' interrogatories, with the understanding "[t]hat takes the burden off the table." (*Id.*) The Court explicitly clarified the scope of the proposal by asking plaintiffs' counsel:

> The Court:   It's asking you to tell them the dates, times, places of meetings that discuss these issues that your clients participated in. Not asking you for anything else. That's the way I understand the interrogatory. Right?
>
> Mr. Sedran:   Yes, sir.

(*Id.* at 103.) The Court also explicitly rejected plaintiffs' attempt to expand the information to include the substance of the meetings, although agreeing that plaintiffs were entitled to know the subject of the meetings. (*Id.* at 104.) As the Court noted, that information was sufficient to allow plaintiffs to follow up with further discovery, *e.g.*, in depositions. (*Id.* at 104-05.)

On March 3, the Court adopted this ruling with respect to SIAC, again rejecting plaintiffs' attempt to expand the scope of the information to be provided. (*See* Ex. B, Mar. 3 Tr.

at 34-35.)  The Court specified -- and plaintiffs have conceded -- that the information required in SIAC's responses was limited to information currently known by SIAC and their counsel in connection with this case, the DOJ investigation, and the EC investigation.  (*See* Pls.' Mot. at 2; Ex. B, Mar. 3 Tr. at 34-35.)  Thus, SIAC was required to provide information that was already within the knowledge of SIAC or its lawyers about meetings related to surcharges, rates, etc., including dates, locations, participants, and the subjects of such meetings.  (*See* Ex. B, Mar. 3 Tr. at 13.)

That is exactly what SIAC has done.  Plaintiffs can hardly complain that SIAC has failed to provide extensive information.  The chart produced by SIAC includes 321 entries, far more than the charts provided by most other defendants, including those who plaintiffs told the Court on March 3 had fully complied with their obligations.[1]  (*See* Ex. B, Mar. 3 Tr. at 16.)  And, despite plaintiffs' caterwauling, the chart produced by SIAC <u>does</u> provide the subject matter of each meeting, in the column entitled "Description of Meeting."

Plaintiffs object to SIAC's notation that the list of SIA/SIAC attendees at the meetings "is based upon the best available information currently in the possession of SIAC and their counsel, and is not an admission that SIAC and/or the individual representatives listed were, or were not, in fact present."  (*See* Pls.' Mot. at 3.)  But this notation is provided precisely because SIAC's counsel, in complying with plaintiffs' "compromise," is providing the best information currently available.  For example, if SIAC has a list of committee members, and the date of a committee meeting, and no reason to believe that the SIAC representative on that committee did not attend the meeting, that information has been supplied to plaintiffs.  The cautionary footnote is only to remind plaintiffs that this is SIAC's current information, and to inform plaintiffs that SIAC reserves its right to amend the answer if further investigation reveals that the person listed did not actually attend.

Plaintiffs also complain because the cover letter accompanying SIAC's responses explains that the information is provided in the format it was gathered by SIAC and its counsel, *i.e.*, by the type of meeting, not by the subject matter discussed therein, even though (as noted above), the description of the meetings essentially provides the subject matter.  But again, SIAC was simply explaining that plaintiffs were receiving the information currently known to SIAC and its counsel -- exactly what plaintiffs themselves suggested, and what the Court ordered.

Finally, along the same lines, plaintiffs now say that the chart they requested must include not only meetings, but any other communications on the subject topics.  But that is not what they told the Court on July 1 ("dates, times, places of <u>meetings</u> . . ."). (Ex. A, July 1, Tr. at 103) (emphasis added).)  More importantly, SIAC has produced the information it has currently compiled.  Information about other communications is contained in the documents that SIAC has produced and is in the process of producing to plaintiffs.  The burden of compiling a list of communications other than meetings from those documents is thus the same for both SIAC and plaintiffs, and such a list is beyond what plaintiffs' "compromise" requires and what the Court has ordered.  In short, SIAC has fully complied with the Court's order, and plaintiffs' motion should be denied.[2]

---

[1]    The Court:  I saw a couple of other airlines . . . what they submitted and is that what you were looking for?

Mr. Sedran:  Exactly, Your Honor.

[2]    Plaintiffs also complain that the responses are not verified, an issue easily resolved.  SIAC intends to serve a verified copy in short order.

        Respectfully submitted,

        */s/ William R. Sherman*
        Margaret M. Zwisler
        William R. Sherman
        LATHAM & WATKINS LLP
        555 Eleventh Street, N.W., Suite 1000
        Washington, D.C. 20004
        (202) 637-2200 (telephone)
        (202) 637-2201 (facsimile)
        *Counsel for Singapore Airlines Cargo Pte Ltd and*
        *Singapore Airlines Limited*