

Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

May 4, 2011

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

     Re: *In re Air Cargo Shipping Services Antitrust Litigation MD-06-1775*

Dear Magistrate Judge Pohorelsky:

  Pursuant to Rule[1] 28(b) and Article 1 of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, 23 U.S.T. 2555, 847 U.N.T.S. 231 (the "Hague Convention" or "H.C."), plaintiffs request an order issuing a letter of request for international judicial assistance to compel the testimony of Soon Young Lee (the "Letter of Request") (Ex. A).[2]

  Soon Young Lee, a former KE employee, is believed to possess knowledge central to Plaintiffs' claims. Plaintiffs base this belief, in part, on a resolution of the Korean Fair Trade Commission, Resolution No. 2010-143 issued November 29, 2010 (the "KFTC Order") (*See* Letter of Request, Schedule A) (certified translation), finding that KE, in concert with many defendants in this case, fixed prices of air freight shipping services on shipments from Korea to worldwide destinations, including the United States. KE had previously pled guilty in the United States to participating in a conspiracy to fix the prices of cargo charged to customers in the United States and elsewhere from January 1, 2000 to February 14, 2006. *See* Ex. B.

  The KFTC Order cites inculpatory statements at four meetings in 2004 and 2005 attended by Lee as a basis for its findings. The KFTC Order identifies meetings at which employees of KE shared with employees of competitors KE's plan to raise the ceiling of its fuel surcharge methodology, its progress in raising the upper limit of its fuel surcharge methodology, the details on its fuel surcharge methodology increase, the fact that KE had raised the ceiling for its fuel surcharge methodology, and the date on which KE would raise its fuel surcharges. The KFTC Order establishes that up to three employees of KE engaged in this collusive conduct on behalf of KE at the four meetings and are knowledgeable about the collusive conduct of others. *See* pages 123-25 (October 14, 2004 meeting), 125-27 (November 3, 2004 meeting), 134-37 (June 15, 2005 meeting), and 145-48 (September 29, 2005 meeting) of the KFTC Order quoting from KE employees' testimony and citing their business records.

**REDACTED**

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure.

[2] Plaintiffs reserve their right to move to compel Korean Air Lines Co. Ltd to request Lee appear in the U.S. for deposition.


Rule 28(b) governs the taking of depositions in a foreign country. Under Rule 28(b)(1)(A) and (B), when the country where discovery is sought is a signatory to the Hague Convention, as is the case here, depositions may be taken in accordance with the convention. Under Rule 28(b)(2), a United States court may issue a letter of request seeking the voluntary assistance of the court or other agency of the foreign country to compel the deponent to provide evidence "on appropriate terms after an application and notice of it."[3]

When deciding whether to issue a letter of request, courts apply the "liberal discovery" standard permitted under the Federal Rules of Civil Procedure,[4] regardless of whether a letter of request is directed at a litigant or a non-party.[5] A letter of request is permitted when a litigant seeks to depose a non-party witness not subject to the court's jurisdiction.[6] Evidence may compelled pursuant to a letter of request.[7]

Plaintiffs' proposed Letter of Request contains all information required under Article 3 of the Hague Convention.[8] Specifically, the Letter of Request includes the following information: (i) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority (Ex. A at § II, No. 1a); (ii) names and addresses of the parties to the proceedings and their representatives (Ex. A at § II, No. 2); (iii) nature of the proceedings for which the evidence is required, giving all necessary information (Ex. A at § II, No. 3); (iv) evidence to be obtained or other judicial act to be performed (Ex. A at § II, No. 4); (v) the names and addresses of the persons to be examined (Ex. A § II, No. 5); (vi) questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined (Ex. A at § II, No. 6); (vii) documents or other property, real or personal, to be inspected (Ex. A at § II, No. 7); (viii) any special requirement that the evidence is to be given on oath or affirmation, and any special form to be used (Ex. A at § II, No. 8); and (ix) any special method or procedure to be followed under Article 9 (Ex. at § II, No. 9).[9]

As required, plaintiffs have requested that the parties be notified of the time and place of the deposition, and have arranged for designees in South Korea and the United States to act as

---

[3] *See* Rule 28(b)(1)(B) and (2)(A); MANUAL FOR COMPLEX LITIGATION (FOURTH), § 11.494 at 106-7; *see also Brake Parts, Inc. v. Lewis*, 2009 U.S. Dist. LEXIS 57512, *5 (E.D. Ky. July 6, 2009) (a U.S. court has inherent authority to issue letter of request to a foreign tribunal); *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 363-64 (D. Kan. 2010).

[4] *In re Urethane*, 267 F.R.D. at 365 & n.19.

[5] *Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 541 (1987); *In re Global Power Equip. Group Inc.*, 418 B.R. 833, 850-851 (D. Del. 2009).

[6] *In re Urethane Antitrust Litig.*, 267 F.R.D. at 364; *SEC v. Leslie*, 2009 U.S. Dist. LEXIS 24737, *8 (N.D. Cal. Mar. 16, 2009); *Abbott Labs v. Impax Labs., Inc.*, 2004 U.S. Dist. LEXIS 13487, *6-7 (D. Del. July 15, 2004).

[7] H.C. Art. 10, 16-17; MANUAL, § 11.494 at 108.

[8] The Letter of Request submitted herewith tracks the format of the recommended model letter of request (*see* 28 U.S.C.A. § 1781, at pp. 59294 (Thompson West 2006)) and contains language commonly used in requests for international judicial assistance under the Hague Convention. *See* H.C., Art. 3.

[9] *See* H.C., Art. 3(a)-(i).



liaisons with the South Korean court and the parties with respect to deposition logistics (*see* Ex. A at § I, No. 2, § II, No. 10).[10] Plaintiffs have requested that the appropriate judicial authority for the Republic of Korea submit to this Court a note of fees and costs that are reimbursable under the Hague Convention (*see* Ex. A at § II, No. 13).[11] Plaintiffs will reimburse the South Korean judicial authority for costs incurred in the taking the deposition.

    U.S. Department of State guidelines on obtaining judicial assistance from the Republic of Korea specify how letters of request to that country should be issued.[12] When seeking to compel the testimony of a South Korean witness, the letter of request must be sent directly to the appropriate judicial authority for the Republic of Korea (with translations) by the issuing Court.[13,14] Letters of request must be submitted in duplicate, with Korean translations in duplicate, and should be signed by the issuing judge and stamped with the seal of the issuing court. Accordingly, Plaintiffs will submit certified translations of the Letter of Request to the Court, for signature and seal, if this motion is granted.

    Plaintiffs respectfully request the Court grant plaintiffs' motion for an order issuing a Letter of Request to compel the testimony of Soon Young Lee.

    Any papers received by plaintiffs or their designees from South Korean judicial authorities or the South Korean Court, including all notices of hearing as well as the executed Letter of Request, will be provided to the Clerk of Court for filing on the case docket.

---

[10] H.C., Art. 7.

[11] H.C., Art. 14 & 26.

[12] *See* http://travel.state.gov/law/judicial/judicial_4735.html#summary (last visited May 4, 2011).

[13] http://travel.state.gov/law/judicial/judicial_4735.html#compulsioncivil (last visited May 4, 2011)

[14] "'[A] letter rogatory may be transmitted directly by a United States court to the 'foreign tribunal . . . to whom it is addressed.'" *SEC v. Leslie*, 2009 U.S. Dist. LEXIS 24737, *6 (N.D. Cal. Dec. 2, 2009)



Hon. Viktor V. Pohorelsky
May 4, 2011
Page 4

                                            Respectfully Submitted,

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By: _/s/ Gary L. Specks_

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

By: _/s/ Michael D. Hausfeld_


Hollis L. Salzman (HS-5994)
Jay L. Himes (JLH-7714)
Gregory S. Asciolla, Esq. (GA-2222)
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700

By: _/s/ Hollis L. Salzman_

Howard J. Sedran, Esq.
Austin Cohen, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

By: _/s/ Howard J. Sedran_