# Exhibit B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 07-184 JDB |
| | ) | |
| | ) | Filed:     August 1, 2007 |
| v. | ) | |
| | ) | Violation: |
| KOREAN AIR LINES CO., LTD., | ) | Count I: 15 U.S.C. §1 (Sherman Act) |
| | ) | Count II: 15 U.S.C. §1 (Sherman Act) |
| Defendant. | ) | |
| | ) | |

**FILED**

AUG 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLEA AGREEMENT

The United States of America and Korean Air Lines Co., Ltd. ("defendant"), a

corporation organized and existing under the laws of the Republic of Korea, hereby enter into the

following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

    (a)      to be represented by an attorney;

    (b)      to be charged by Indictment;

    (c)      as a corporation organized and existing under the laws of the Republic of

Korea ("Korea"), to decline to accept service of the Summons in this case, and to contest

venue and the jurisdiction of the United States to prosecute this case against it in the

United States District Court for the District of Columbia;

(d)      to plead not guilty to any criminal charge brought against it;

(e)      to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(f)      to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g)      to appeal its conviction if it is found guilty; and

(h)      to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court for the District of Columbia.  The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c).  Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a two-count Information to be filed in the United States District Court for the District of Columbia.  Count One of the Information will charge the

2

defendant with participating in a combination and conspiracy to suppress and eliminate

competition by fixing the cargo rates charged to customers in the United States and elsewhere

for international air shipments, from at least January 1, 2000 until at least February 14, 2006, in

violation of the Sherman Antitrust Act, 15 U.S.C. § 1.  Count Two of the Information will charge

the defendant with participating in a combination and conspiracy to suppress and eliminate

competition by fixing wholesale and passenger fares charged for flights from the United States to

Korea, from at least January 1, 2000 until at least July 16, 2006 in violation of the Sherman

Antitrust Act, 15 U.S.C. § 1.

      3.     The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to

the criminal charges described in Paragraph 2 above and will make a factual admission of guilt

to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSES CHARGED

      4.     Had this case gone to trial, the United States would have presented

evidence sufficient to prove the following facts against defendant:

      (a)     As to Count One of the Information:

      (i)     For purposes of Count One covered by this Plea Agreement, the "relevant

period" is that period from at least January 1, 2000, until at least February 14, 2006. During the

relevant period, the defendant was a corporation organized and existing under the laws of Korea

and had its principal place of business in Seoul, Korea.  During the relevant period, the

defendant provided international air transportation for cargo on trans-Pacific routes to and from

the United States ("air cargo services") and employed more than 5,000 individuals.  For its air

3

cargo services, the defendant charged its customers a price that consisted of a base rate and, at times during the relevant period, various surcharges and fees, such as a fuel surcharge and a security surcharge. The base rate, surcharges, and fees charged by the defendant to customers for air cargo services are collectively referred to herein as the "cargo rate." During the relevant period, the defendant's sales of air cargo services from the United States totaled at least $763.6 million.

(ii)    During the relevant period, the defendant, through its officers and employees, including high-level personnel of the defendant, participated in a conspiracy with one or more providers of air cargo services, a primary purpose of which was to suppress and eliminate competition by fixing one or more components of the cargo rates charged to customers for certain U.S./trans-Pacific air cargo services. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of one or more providers of air cargo services. During these discussions and meetings, agreements were reached to fix one or more components of the cargo rates to be charged to purchasers of certain U.S./trans-Pacific air cargo services.

(iii)    During the relevant period, certain air cargo shipments provided by one or more of the conspirator carriers, and aircraft necessary to transport the air cargo shipments, as well as payments for the air cargo shipments, traveled in interstate and foreign commerce. Certain of the business activities of the defendant and its co-conspirators in connection with the sale and provision of U.S./trans-Pacific air cargo services affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

4

    (b)    As to Count Two of the Information:

    (i)    For purposes of Count Two covered by this Plea Agreement, the "relevant period" is that period from at least January 1, 2000, until at least July 16, 2006. During the relevant period, the defendant was a corporation organized and existing under the laws of Korea. The defendant has its principal place of business in Seoul, Korea. During the relevant period, the defendant provided international air transportation for passengers ("passenger transportation services"), was engaged in the sale of passenger transportation services to passengers and travel agents in the United States, and employed more than 5,000 individuals. For its passenger transportation services, the defendant charged passengers who purchased tickets directly from it a fare that consisted of both a base fare and, at times during the relevant period, a fuel surcharge (collectively referred to herein as the "passenger fare"). The defendant also sold "H" class passenger tickets to travel agents in the United States, who resold the passenger tickets in the Korean ethnic travel market in the United States. The travel agents who bought "H" class passenger tickets from the defendant for resale in the Korean ethnic travel market in the United States paid a discounted passenger fare or "wholesale fare" for those tickets. During the relevant period, the defendant's wholesale sales of "H" class passenger tickets to travel agents for flights from the United States to Korea, from certain U.S. cities in which both the defendant and its co-conspirator operated, totaled at least $224.8 million.

    (ii)    During the relevant period, the defendant, through its officers and employees, including high-level personnel of the defendant, participated in a conspiracy with another trans-Pacific passenger airline, the primary purpose of which was to suppress and

5

eliminate competition by fixing certain "H" class wholesale fares and one or both components of passenger fares on flights from the United States to Korea. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of another trans-Pacific airline. During these discussions and meetings, agreements were reached to fix one or both components of the passenger fares on flights from the United States to Korea and to fix wholesale fares on "H" class passenger tickets to the Korean ethnic travel market in the United States from certain airports in the United States to Korea.

        (iii)    During the relevant period, passengers who bought tickets sold by one or both of the conspirator carriers, and aircraft necessary to transport passengers, as well as payments for the trans-Pacific passenger transportation services, traveled in interstate and foreign commerce. The business activities of the defendant and its co-conspirator in connection with the sale and provision of certain trans-Pacific passenger transportation services to passengers affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## POSSIBLE MAXIMUM SENTENCE

        5.    The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for each violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

        (a)    $100 million (15 U.S.C. § 1);

        (b)    twice the gross pecuniary gain the conspirators derived from the crime (18

U.S.C. § 3571(c) and (d)); or

      (c)    twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6.    In addition, the defendant understands that for each count:

      (a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

      (b)    pursuant to §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

      (c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant and their cooperating officers and employees

7

provide to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of Counts One and Two is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $300 million, pursuant to 18 U.S.C. § 3571(d), payable in installments as set forth below with interest accruing under 18 U.S.C. § 3612(f)(1)-(2) ("the recommended sentence").  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0.  The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.  The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

**Guidelines Analysis**

(a)     Pursuant to U.S.S.G. § 8C2.5, the defendant's culpability score is 8.  This number is calculated by starting with 5 points, pursuant to U.S.S.G. § 8C2.5(a); adding 5 points because the organization has 5,000 or more employees and an individual within high-level personnel of the organization participated in, condoned or was willfully ignorant of the offenses, pursuant to U.S.S.G. § 8C2.5(b)(1)(A); and subtracting 2 points because the defendant fully

cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, pursuant to U.S.S.G. § 8C2.5(g)(2). Accordingly, the minimum multiplier to be applied to the base fine is 1.6 and the maximum multiplier is 3.2, pursuant to U.S.S.G. § 8C2.6.

(b)     The base fine is 20% of the volume of commerce, pursuant to U.S.S.G. § 2R1.1(d)(1) and § 8C2.4(a) and (b). The parties agree that the affected volume of commerce attributable to the defendant for Count One is $763.6 million and for Count Two, adjusted to reflect information provided to the United States pursuant to U.S.S.G. § 1B1.8, is $224.8 million. Pursuant to U.S.S.G. §§3D1.2(d), 3D1.3(b) and 8C2.3(b), the two Counts are grouped, and the base fine for relevant air cargo shipments and passenger flights from the United States is $197.7 million (20% of $988.4 million). Applying the multipliers of 1.6 and 3.2 to this amount, the fine range for the relevant air cargo shipments and passenger flights from the United States is between $316.3 million and $632.6 million.

(c)     The volume of affected commerce calculation in paragraph 7(b) above does not include commerce related to the defendant's cargo shipments on routes into the United States. The defendant takes the position that any agreements reached with competitors with respect to cargo shipments on routes into the United States should not be included in the defendant's volume of affected commerce calculation pursuant to U.S.S.G. § 2R1.1(d)(1). The United States disputes the defendant's position and contends that the defendant's cargo shipments on routes into the United States during the charged conspiracy period for Count One violated the U.S. antitrust laws. Moreover, the United States asserts that a Guidelines fine

9

calculation that fails to account for cargo shipments into the United States affected by the conspiracy charged in Count One would understate the seriousness of, and the harm caused to U.S. victims by, the offense and would not provide just punishment.

(d)      The parties recognize the complexity of litigating the issues set forth in Paragraph 8(c) and the resulting burden on judicial and party resources, and agree that the appropriate resolution of this issue is to apply the defendant's discount for early cooperation and substantial assistance to a point above the bottom of the Guidelines sentencing range.  On that basis, and subject to the full and continuing cooperation of the defendant, as described in Paragraph 12 below, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §8C4.1, for a downward departure from the Guidelines fine range of $316.3 million to $632.6 million and request that the Court impose a fine of $300 million, payable as set forth in Paragraph 8(e) below, because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the air transportation industry.

(e)      The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b), that the fine be paid in the following installments:  within thirty (30) days of imposition of sentence -- $50 million (plus any accrued interest); at the one-year anniversary of imposition of sentence ("anniversary") -- $50 million (plus any accrued interest); at the two-year anniversary -- $50 million (plus any accrued interest); at the three-year anniversary -- $50 million (plus any accrued interest); at the four-year anniversary -- $50 million (plus any accrued interest); and at the five-year anniversary -- $50

10

million (plus any accrued interest); provided, however, that the defendant shall have the option at any time before the five-year anniversary of prepaying the remaining balance (plus any accrued interest) then owing on the fine.

    (f)  The defendant understands that the Court will order it to pay a $400 special assessment per count, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

    (g)  Based on the defendant's substantial assistance and improvements in its corporate compliance program, both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

    (h)  The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 9, will provide sufficient information concerning the defendant, the crimes charged in this case, and the defendant's role in the crimes to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty pleas and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

11

(i)      The United States contends that had this case gone to trial, the United

States would have presented evidence to prove that the gain derived from or the loss resulting

from the charged offenses is sufficient to justify the recommended sentence set forth in this

paragraph, pursuant to 18 U.S.C. § 3571(d).  For purposes of these pleas and sentencing only, the

defendant waives its rights to contest this calculation.

9.      Subject to the ongoing, full, and truthful cooperation of the defendant described in

Paragraph 12 of this Plea Agreement, and before sentencing in the case, the United States will

fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's

cooperation and its commitment to prospective cooperation with the United States' investigation

and prosecutions, all material facts relating to the defendant's involvement in the charged

offense, and all other relevant conduct.

10.     The United States and the defendant understand that the Court retains complete

discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea

Agreement.

(a)      If the Court does not accept the recommended sentence, the United States

and the defendant agree that this Plea Agreement, except for Paragraph 10(b) below,

shall be rendered void.

(b)      If the Court does not accept the recommended sentence,

the defendant will be free to withdraw its guilty pleas (Fed. R. Crim. P. 11(c)(5) and (d)).

If the defendant withdraws its pleas of guilty, this Plea Agreement, the guilty pleas, and

any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding

12

the guilty pleas or this Plea Agreement or made in the course of plea discussions with an

attorney for the government shall not be admissible against the defendant in any criminal

or civil proceeding, except as otherwise provided in Fed. R. Evid. 410.  In addition, the

defendant agrees that, if it withdraws its guilty pleas pursuant to this subparagraph of the

Plea Agreement, the statute of limitations period for any offense referred to in Paragraph

14 of this Plea Agreement shall be tolled for the period between the date of the signing of

the Plea Agreement and the date the defendant withdrew its guilty pleas or for a period of

sixty (60) days after the date of the signing of the Plea Agreement, whichever period is

greater.

11.    In light of pending civil class action lawsuits filed against the defendant, which

potentially provide for a recovery of a multiple of actual damages, the United States agrees that

it will not seek a restitution order for the offenses charged in the Information.

## DEFENDANT'S COOPERATION

12.    The defendant and its subsidiaries will cooperate fully and truthfully with the

United States in the prosecution of this case, the conduct of the current federal investigation of

violations of federal antitrust and related criminal laws involving the sale of international air

cargo transportation services and/or passenger transportation services, any other federal

investigation resulting therefrom, and any litigation or other proceedings arising or resulting

from any such investigation to which the United States is a party ("Federal Proceeding").  The

ongoing, full, and truthful cooperation of the defendant and its subsidiaries shall include, but not

be limited to:

13

(a)     producing to the United States all non-privileged documents, information, and other materials (with translations into English), wherever located, in the possession, custody, or control of the defendant or any of its subsidiaries, requested by the United States in connection with any Federal Proceeding; and

(b)     using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 13 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant or any of its subsidiaries as may be requested by the United States – but excluding  J.D. Cha, J.W. Kim, J.J. Choi, H.S. Kim, T.S. Suk, K.C. Oh, and Bernard Akle – including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

13.     The ongoing, full, and truthful cooperation of each person described in Paragraph 12(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the

14

request of attorneys and agents of the United States;

(c)    responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)    otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)    when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)    agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 15(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 15(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

15

## GOVERNMENT'S AGREEMENT

14.     Upon acceptance of the guilty pleas called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 12 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant or any of its subsidiaries for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the sale of international air cargo transportation services and/or passenger transportation services. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

15.     The United States agrees to the following:

(a)     Upon the Court's acceptance of the guilty pleas called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 15(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the defendant or its subsidiaries for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant or its subsidiaries that was undertaken in furtherance of an antitrust conspiracy involving the sale of international air cargo transportation services and/or passenger transportation services ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to J.D. Cha, J.W. Kim, J.J. Choi, H.S. Kim, T.S. Suk, K.C. Oh, and Bernard Akle;

16

(b)      Should the United States determine that any current or former director, officer, or employee of the defendant or its subsidiaries may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)      If any person requested to provide cooperation under Paragraph 15(b) fails to comply with his or her obligations under Paragraph 13, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)      Except as provided in Paragraph 15(e), information provided by a person described in Paragraph 15(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)      If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 13 of this Plea Agreement, the agreement in Paragraph 15(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case

17

shall be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)     Documents provided under Paragraphs 12(a) and 13(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its subsidiaries.

16.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

17.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the convictions resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency

18

considering such administrative action of the fact, manner, and extent of the cooperation of the defendant and its subsidiaries as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

18.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charges, any possible defenses to the charges, and the nature and range of possible sentences.

## VOLUNTARY PLEA

19.     The defendant's decision to enter into this Plea Agreement and to tender pleas of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

20.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of its subsidiaries have failed to provide full and truthful cooperation, as described in Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its

obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its subsidiaries shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant and its subsidiaries agree that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or its subsidiaries for any offense referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

21.     The defendant understands and agrees that in any further prosecution of it or its subsidiaries resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's or its subsidiaries' violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its subsidiaries, or current or former directors, officers, or employees of it or its subsidiaries to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its subsidiaries in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

22.     This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

23.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

24.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

25.    A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: _August 1st, 2007_

BY: _Kyung H. Chang_
KOREAN AIR LINES CO., LTD.
By: Kyung H. Chang
Its: Executive Vice President
    Corporate Strategy & Planning Div.

BY: _Willard K. Tom_
Nathan J. Andrisani
John Hemann
Willard K. Tom
Counsel for Korean Air Lines Co., Ltd.

Respectfully submitted,

BY: _____
Mark R. Rosman, Assistant Chief
Brent Snyder, Trial Attorney
Mark C. Grundvig, Trial Attorney
Kathryn M. Hellings, Trial Attorney
Elizabeth Aloi, Trial Attorney
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W.
Suite 3700
Washington, D.C. 20530
Tel.: (202) 307-6694
Fax: (202) 514-6525

22