## LEVIN, FISHBEIN, SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *

\* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

May 31, 2011

**Via ECF and Hand Delivery**

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re:   **In re: Air Cargo Shipping Services Antitrust Litigation, 06-MD-1775**

Dear Magistrate Judge Pohorelsky:

Pursuant to Rule 26(c), F.R.Civ.P., Plaintiffs move the Court for a Protective Order to: (1) require each side to serve coordinated and consolidated interrogatories to the extent practicable; and (2) set limits on the number of interrogatories, including subparts that each side may serve.

**The Need for Coordinated and Consolidated Interrogatories**

This multiparty antitrust action requires that the parties coordinate their efforts so that the litigation can proceed and be managed in an efficient manner. At present, there are about 15 remaining Defendant groups, including two individual defendants. Defendants' position is that the Defendants may serve up to 375 separate interrogatories. Defendants' refusal to agree to coordinate and consolidate their interrogatories has created significant problems in Plaintiffs' ability to reach discovery agreements with Defendants.

As is set forth in the letter brief on the motion to compel served by Asiana Airlines and Korean Air on May 27, 2011 [ECF No. 1485], Plaintiffs were very close to resolving their dispute with Asiana concerning answers to Asiana's interrogatories but Plaintiffs wanted an overall agreement including the other Defendants. While Asiana and Plaintiffs were generally in agreement, Asiana could not persuade other Defendants. Therefore, Plaintiffs need Court assistance to bring order to the serving of interrogatories so that negotiations can proceed in a coordinated manner.[1]

---

[1]   Plaintiffs will respond to Asiana's and Korean Air's Motion to Compel by June 9, 2011.

LEVIN, FISHBEIN, SEDRAN & BERMAN

May 31, 2011
Page 2

_____

Defendants should be required to serve consolidated interrogatories on issues that have general applicability so that Plaintiffs may answer and negotiate disputes with Defendants in a coordinated manner. Defendants' position is that they are entitled to serve 375 separate interrogatories as they please and whenever they want. Currently, Defendants Asiana Airlines, Korean Air, British Airways,[2] Air China Cargo, Air India and Polar Air have served 46 separate interrogatories, ignoring subparts. *See* Plaintiffs' Response to Interrogs., Exhibits "A-E;" Polar Interrog., Exhibit "F." Without a restriction imposed by the Court, all Defendants are free to continue to serve additional non-consolidated interrogatories. This position is unreasonable. Defendants should be required to withdraw their interrogatories and serve one consolidated set. Plaintiffs would then agree to accelerate their response to 20 days, rather than 30 days as provided under Rule 33.

**There Should Be Reasonable Limitations on the
Number of Interrogatories Served by Each Side**

Plaintiffs propose that each side be permitted to serve 35 interrogatories of general application, including subparts. In addition, an additional 15 interrogatories directed to specific issues could be served on a party. In total, no party would be required to answer more than 50 interrogatories, including subparts. For good cause shown, additional interrogatories could be served. Plaintiffs have served consolidated interrogatories of general application on the Defendants.

This is a practical and fair approach to discovery. Interrogatories of general application directed to Plaintiffs would include: (1) the identification of meetings, communications, dates, participants and subject matter as previously required by the Court; (2) the identification of surcharges Plaintiffs claim were subject to the alleged conspiracy; (3) the identification of employees with managerial responsibilities for the purchase of Airfreight Shipping Services; and (4) other questions that have general application to all the Plaintiffs and claims in the case. Examples of non-generalized interrogatories would include specific questions directed to a party about its business operations.

Given the fact that there are core common questions in this antitrust conspiracy case, requiring consolidated interrogatories is reasonable and practicable. Indeed, most of the Defendants have entered into a Joint Defense Agreement so that they are able to coordinate their efforts.

In other multi-party horizontal price-fixing actions, courts have recognized the need to impose limitations on the number of interrogatories each side may serve. In *In re OSB Antitrust Litigation*, Master File No. 06-826 (E.D. Pa. May 25, 2006), in a case with nine defendants, the Court limited each side to 40 interrogatories with no more than 10 interrogatories unique to a

_____

[2]   British Airways' five interrogatories are likely to become moot.

Levin, Fishbein, Sedran & Berman
May 31, 2011
Page 3

_____

party. *See In re OSB Antitrust Litig.*, 2007 WL 2253418 at *1 (E.D. Pa. Aug. 3, 2007), Exhibit "G" at 3. In *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663 (D.N.J. Sept. 20, 2005), a case with 25 defendant groups and score of individual defendants, the Court limited each side to 35 interrogatories, including subparts. *See* Exhibit "H" at 7.

Plaintiffs are more than willing to reach reasonable agreements with Defendants on discovery matters, but the task becomes extremely difficult when there is a moving target. The solution is to require Defendants to consolidate their interrogatories and impose a limit on the number of interrogatories each side may serve.

Respectfully submitted,

| | |
|---|---|
| Howard J. Sedran | Michael D. Hausfeld |
| Austin B. Cohen | William Butterfield |
| Keith J. Verrier | Brent Landau |
| **Levin Fishbein Sedran & Berman** | **Hausfeld LLP** |
| 510 Walnut Street, Suite 500 | 1700 K Street, N.W., Suite 650 |
| Philadelphia, Pa 19106 | Washington, DC 20006 |
| (215) 592-1500 | (202) 540-7200 |
| | |
| By: /s/ Howard J. Sedran | /s/ Michael D. Hausfeld |
| | |
| Robert N. Kaplan (RK-3100) | Hollis L. Salzman (HS-5994) |
| Gregory K. Arenson (GA-2426) | Jay L. Himes (JLH-7714) |
| **Kaplan Fox & Kilsheimer LLP** | Gregory S. Asciolla (GA-2222) |
| 850 Third Avenue, 14th Floor | **Labaton Sucharow LLP** |
| New York, NY 10022 | 140 Broadway |
| (212) 687-1980 | New York, NY 10005 |
| | |
| | By:  /s/ Hollis L. Salzman |

Gregory L. Specks (GS-8767)
**Kaplan Fox & Kilsheimer LLP**
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By: /s/ Robert N. Kaplan

**Plaintiffs' Co-Lead Counsel**

cc:    See Accompanying Certificate of Service