# Labaton Sucharow

Jay L. Himes
Partner
212 907 0834 direct
212 883 7501 fax
jhimes@labaton.com

June 3, 2011

**FILED UNDER SEAL**

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

   Re: *In re Air Cargo Shipping Services Antitrust Litigation MD-06-1775*

Dear Magistrate Judge Pohorelsky:

  Pursuant to Rule 28(b), Fed. R. Civ. P., and 28 U.S.C. §§ 1652 and 1781, plaintiffs request an order issuing a letter rogatory to the Superior Court of Quebec for judicial assistance to compel the testimony of **redacted** Defendant Air Canada. Our proposed form of letter rogatory is attached as Exhibit A.

  **redacted** is believed to have knowledge relevant to Plaintiffs' antitrust conspiracy claim. Air Canada **redacted**

**redacted**

---

[1] Canada is not a signatory to the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, 23 U.S.T. 2555, 847 U.N.T.S. 231. However, Canadian law has alternative procedures to provide assistance in securing witness testimony in actions pending outside of Canada. *See, e.g.*, Gathering Evidence in the Great White North: It's Not Just the Weather that Will Surprise You, at www.mcmillan.ca/Files/110470_Gathering_Evidence_ABA-Paper.pdf.

[2] **redacted**

# Labaton
# Sucharow

Honorable Viktor V. Pohorelsky
June 3, 2011
Page 2 of 4

*redacted*

Rule 28(b) governs the taking of depositions in a foreign country. Under Rule 28(b)(1)(B), a deposition may be taken abroad "under a letter of request, whether or not captioned a 'letter rogatory,'" while subpart (D) further empowers the Court to issue a commission permitting a particular individual to take the testimony. Under Rule 28(b)(2), this Court may issue a letter of request, a commission or both, providing "appropriate terms after application and notice of it."[5]

When deciding whether to issue a letter rogatory (or letter of request), courts apply the liberal discovery standard permitted under the Federal Rules of Civil Procedure, regardless of whether the letter rogatory is directed at a litigant or a non-party.[6] A letter rogatory is permitted when a litigant seeks to depose a non-party witness not subject to the court's jurisdiction.[7]

We have prepared our proposed letter rogatory with reference to the instructions of the U.S. Department of State, and in consultation with counsel in Quebec, who is assisting us in this matter. *See generally* Judicial Assistance in Canada (Compulsion of Testimony/Production of Documents), at http://travel.state.gov/law/judicial/judicial_682.html ("US State Dept.

*redacted*

*redacted*

---

[5] *See* MANUAL FOR COMPLEX LITIGATION (FOURTH), § 11.494 at 107 (2004); *see also* the All Writs Act, 28 U.S.C. §§ 1652 and 1781; *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 & n. 9 (D. Kan. 2010) ("United States courts have inherent authority to issue letters of request to foreign tribunals") (citing authorities); *Brake Parts, Inc. v. Lewis*, No. 09-132, 2009 WL 1939039, at *5 (E.D. Ky. July 6, 2009).

[6] *Société Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987); *In re Urethane Antitrust Litig.*, 267 F.R.D at 363, 365 & n.19; *In re Global Power Equip. Grp., Inc.*, 418 B.R. 833, 850-851 (D. Del. 2009).

[7] *In re Urethane Antitrust Litig.*, 267 F.R.D. at 364; *SEC v. Leslie*, No. 07-03444, 2009 WL 688836, at *2-3 (N.D. Cal. Mar. 16, 2009); *Abbott Labs v. Impax Labs., Inc.*, No. 03-120-KAJ, 2004 U.S. Dist. LEXIS 13487, *6-7 (D. Del. July 15, 2004). *See also* MANUAL, § 11.494 at 107-08.

# Labaton
# Sucharow

Honorable Viktor V. Pohorelsky
June 3, 2011
Page 3 of 4

Guidelines"). More specifically, the letter rogatory includes the following information: (i) the authority requesting its execution and the authority requested to execute it (Ex. A at 1-2); (ii) the identity and address of the individual to be examined (*id.* at 2); (iii) the nature of the proceedings for which the evidence is required (*id.* at 2-4); (iv) the subject matter of the testimony sought (*id.* at 4-5); and (v) the methods and procedures to be followed in the examination (*id.* at 5-6).

As required, plaintiffs also have requested that the parties be notified of the time and place of the deposition, and have arranged for designees in Quebec and the United States to act as liaisons with the Superior Court of Quebec and the parties with respect to deposition logistics (Ex. A at 6-7). Plaintiffs further have requested that the Superior Court of Quebec submit to this Court and to Plaintiffs' Counsel U.S. Designee a note of costs that are reimbursable with respect to execution of the letter rogatory. (*id.* at 7-8).

U.S. Department of State guidelines on obtaining judicial assistance in Canada Korea specify that, when seeking to compel the testimony of a Canadian witness, a letter rogatory must be sent directly to the appropriate Canadian Court.[8]

Accordingly, Plaintiffs respectfully request the Court grant their motion for an order issuing a letter rogatory to compel the testimony of   redacted

Any papers received by plaintiffs or their designees from Superior Court of Quebec, including all notices of hearing as well as the executed letter rogatory, will be provided to the Clerk of Court for filing on the case docket.

---

[8] *See* US State Dept. Guidelines, at http://travel.state.gov/law/judicial/judicial_682 html; *SEC v. Leslie*, Case No. C 07-03444 JF (PVT), 2009 U.S. Dist. LEXIS 24737, *6 (N.D. Cal. Mar. 16, 2009) ("a letter rogatory may be transmitted directly by a United States court to the 'foreign tribunal ... to whom it is addressed'").

# Labaton
# Sucharow

Honorable Viktor V. Pohorelsky
June 3, 2011
Page 4 of 4

                                            Respectfully Submitted,

Robert N. Kaplan (RK-31 00)                Hollis L. Salzman (HS-5994)
Gregory K. Arenson (GA-2426)            Jay L. Himes (JLH-7714)
KAPLAN FOX & KILSHEIMER LLP      Gregory S. Asciolla, Esq. (GA-2222)
850 Third Avenue, 14th Floor              LABATON SUCHAROW LLP
New York, NY 10022                         140 Broadway
(212) 687-1980                                   New York, NY 10005
                                            (212) 907-0700
Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP      By:  _/s/ Jay L. Himes_
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By:  _/s/ Gary L. Specks_


Michael D. Hausfeld                       Howard J. Sedran, Esq.
William P. Butterfield                    Austin Cohen, Esq.
Brent W. Landau                           LEVIN, FISHBEIN, SEDRAN & BERMAN
HAUSFELD LLP                             510 Walnut Street
1700 K Street, N.W., Suite 650          Philadelphia, P A 19106
Washington, DC 20006                  (215) 592-1500
(202) 540-7200                                  By:  _/s/ Howard J. Sedran_

By:  _/s/ Michael D. Hausfeld_