# EXHIBIT A



**EUROPEAN COMMISSION**
DG Competition

Cartels

Brussels,6/7/2011 * D/2011/070587
COMP/G-1/ABC/CVV

Latham & Watkins LPP (Att. Mr. Jean-
Paul Poitras)
Counsel for Singapore Airlines

By Fax: 02-788 6060

**Subject:**      **39258 - Airfreight**
**In Re. Air Cargo Shipping Services Antitrust Litigation, M.D.L. No.**
**1775 (E.D.N.Y)**

Dear Mr. Poitras,

In your letter dated 16 June 2011 you have brought to our attention, on behalf of Air
Canada, Cathay Pacific Airways, LAN Airlines S.A., LAN Cargo S.A., Singapore
Airlines Cargo and Singapore Airlines Limited that, in the course of the US civil
proceedings at stake, the plaintiffs have requested production of the confidential version
of the European Commission's (hereafter "Commission") Decision of 9 November 2010
in Case COMP/39258 - Airfreight (hereafter "Airfreight decision").

The purpose of this letter is to draw your attention to the fact that any such disclosure
would be made in contravention of Commission rules and stated policy on this issue.
This letter presents the position of the Commission services in this respect.

The Airfreight decision as received by its addressees contains confidential information of
commercial and personal nature concerning both addressees and non addressees of the
decision and also certain information stemming from the cooperation by a number of
parties under the Commission's leniency programme set out in its Leniency Notice[1] and
information otherwise voluntarily supplied by the parties in the course of the
Commission's investigation. The Commission would strongly object to the disclosure to
third parties, including the plaintiffs in the above litigation, of both of these categories of
information.

As regards confidential information, Article 337 of the Treaty of the Functioning of the
European Union and Article 28 of Regulation 1/2003 obliges the Commission not to
disclose any confidential information that it receives in carrying out its duties. The
Commission is under the duty to ensure that confidential information it receives,

---

[1]   Commission notice on immunity from fines and reduction of fines in cartel cases Official Journal C
298, 8.12.2006, p. 17.

Commission européenne, DG COMP GREFFE ANTITRUST, 1049 Bruxelles, BELGIQUE
Europese Commissie, DG COMP GREFFE ANTITRUST, 1049 Brussel, BELGIË

Tel: +32 229-91111. Fax: +32 229-50128. E-mail: COMP-GREFFE-ANTITRUST@ec.europa.eu.

including that contained in its Airfreight decision is not disclosed to third parties. In this respect, I would also like to note that any disclosure of confidential information in the Airfreight decision by any of its addressees may result in their potential liability towards the originators of that confidential information.

Concerning information submitted under the leniency programme and other voluntarily provided information, the Commission requires a high level of protection for information that has been specifically prepared by the parties for voluntary submission to the Commission. The Commission's leniency programme is a cornerstone of its cartel detection and enforcement, which is often carried out in cooperation with public authorities from jurisdictions around the world, as indeed occurred in this case with the United States Department of Justice. Its optimal functioning requires that a party that comes forward and cooperates with the Commission does not find itself worse-off vis-à-vis the non-cooperating cartel members as a result of doing so. For this reason, the Commission has put in place stringent rules to protect information that the Commission receives from cooperating companies. If the addressees are compelled to provide the unredacted decision, it makes these guarantees meaningless and could seriously undermine the leniency programme.

In view of these obligations and interests, the Commission would thus strongly oppose any disclosure or unauthorised use of the Airfreight decision in its confidential version. This version has been addressed only to the companies who were found in it to have violated EU cartel rules. The Commission is currently in the process of establishing a non-confidential version of the decision, which will be made public in the near future. The Commission is aware that a protective order is in place in the US civil proceedings at stake, but it nonetheless objects to the production of the unredacted decision.

I would like to inform you that the Commission authorises the disclosure of this letter to the District Court for the Eastern District of New York in the pending litigation mentioned above. In this respect I would like to request you to keep the Commission duly informed of any developments in the litigation as regards any documents received from, or exchanged with, the Commission in the course its Airfreight case investigation. If necessary the Commission would wish to have the opportunity to consider taking whatever action may be warranted to protect its interests as an enforcement authority, including presenting its interests and comity concerns directly to the Magistrate Judge and the District Court, as it has done before a number of courts in the United States in the past.[2]

---

[2]    Most recently in *re TFT-LCD (Flat Panel) Antitrust Litigation, No. M: 07-1827* (N.D. Cal. 2011), *Special Master's Order Denying Motion of Direct Purchaser Plaintiffs to Compel Hitachi to Produce Foreign Regulatory Documents, No. M:07-cv-01827-si (April 26, 2011)* in which, following the intervention of the Commission and the Japanese Fair Trade Commission, the Special Master rejected the plaintiff's motion to compel disclosure of a number of documents exchanged between a party and the Commission. The Commission has also intervened in other cases before the US courts, *see* for example *re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* MDL Docket No. 1720 (E.D.N.Y.) (i)   *Re Vitamins Antitrust Litigation,* Misc. No. 99-197, Docket No. 3079 (D.D.C. May 20, 2002); *Re: Methionine Antitrust  Litigation,* No. C-99-3491, MDL no. 1311 (N.D. Cal. June 17, 2002).

Finally, I would like to clarify that the present letter does not aim to support any party to the proceeding before the District Court, but only to safeguard the interests of the European Commission as an enforcement authority.

Yours sincerely,

Eric VAN GINDERACHTER
Director