**FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 05 2011 ★
BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG)(VVP)<br><br>This Document Relates to:<br>All Actions<br><br>Case No. 1:10-cv-01376 (JG)(VVP) |

### AMENDED FINAL JUDGMENT

Plaintiffs and Defendant All Nippon Airways Co., Ltd. ("ANA" or "Settling Defendant") entered into a Settlement Agreement to fully and finally resolve the Settlement Class's claims against ANA on October 29, 2010. On June 23, 2011, the Court conducted a fairness hearing on the proposed settlement, and on July 15, 2011, the Court entered a Memorandum and Order granting final approval of the settlement between Plaintiffs and ANA.

**IT IS THEREFORE HEREBY ADJUDGED AND DECREED:**

1. The Preliminary Approval Order dated January 5, 2011 certified the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons or entities (but excluding Defendants, their parents, predecessors, successors, subsidiaries, affiliates, as well as government entities) who purchased Airfreight Shipping Services for shipments to, from or within the United States directly from ANA, from any other Defendant or from any of their parents, predecessors, successors, subsidiaries, or affiliates, at any time during the period from January 1, 2000, up to and including September 11, 2006.

As set forth in the Preliminary Approval Order, the definition of the Settlement Class specifically excluded "ANA, the other Defendants, their parents, predecessors, successors, subsidiaries, and affiliates as well as all government entities."

2. The persons and entities identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim or receive any benefit from the settlement, whether monetary or otherwise. Said excluded persons may not pursue any claims released under the Settlement Agreement on behalf of those who are bound by this Final Judgment. Each Settlement Class member not appearing in Exhibit A is bound by this Final Judgment and will remain forever bound.

3. *In re Air Cargo Shipping Services Antitrust Litigation*, 06-MD-1775 (JG)(VVP) (E.D.N.Y.), and all actions filed in or transferred to the United States District Court for the Eastern District of New York for consolidation and/or coordination with this multidistrict litigation, specifically including the actions captioned *Benchmark Export Services, et al. v. AMR Corporation and American Airlines, Inc.*, Case No. 10-CV-3398(JG)(VVP) (E.D.N.Y.), *Benchmark Export Services et al. v. China Airlines Ltd.*, Case No. 10-CV-0639(JG)(VVP) (E.D.N.Y.), *Benchmark Export Services et al. v. McCaffrey*, Case No. 10-CV-10253-NMG (D. Mass.), *Benchmark Export Services et al. v. De Jong,* Case No. 2:10-CV-00007-TB (E.D.N.C.), and *Benchmark Export Services et al. v. Sanfilippo*, Case No. 10-CV-01084 JFW- AGR (C.D. Cal.), (collectively, the "Action") are dismissed, with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreement, without costs, as to ANA and any other party released under the Settlement Agreement who is a Defendant in the Action. This dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the release set out in the Settlement Agreement.

4. The Plaintiffs, each member of the Settlement Class who did not timely and validly elect to be excluded from the Settlement Class, their predecessors, successors, past and present parents, subsidiaries, affiliates, divisions, and departments, and each of their respective past and

2

present officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing (jointly and severally, and individually and collectively, the "Releasing Parties") are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any claims released in the Settlement Agreement against ANA, its parents, subsidiaries, affiliates, divisions, and departments, its respective past and present officers, directors, employees, agents, attorneys, servants, representatives of each of the aforesaid entities, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing (jointly and severally, individually and collectively, the "Released Parties"), either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other court or forum wherever located. "Released Parties" does not include any Defendant, other than the Settling Defendant's Released Parties.

5. Upon the occurrence of the first date by which all the following events have occurred: (a) the time for appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement and entry of this Final Judgment has expired, or, (b) if appealed, approval of the Settlement Agreement and this Final Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review (without taking into account the provisions of Rule 60 of the Federal Rules of Civil Procedure or the All Writs Act, 28 U.S.C. §1651) (the "Effective Date"), the Released Parties shall be completely released, acquitted and forever discharged from any and all claims, demands, actions, suits, and causes of action, damages, and liabilities of any nature - including without limitation claims for costs, expenses, penalties, and attorneys' fees - whether class,

individual, or otherwise, that the Releasing Parties, or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Released Parties or any of them, whether known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, on account of or arising out of or resulting from or related to the direct purchase from ANA or any other Defendant of paid private air transport of freight or other cargo by any airline acting as a provider of such services ("Airfreight Shipping Services") to, from or within, the United States during the Class Period or from any conduct regardless of where it occurred at any time prior to the Effective Date concerning the pricing, selling, discounting, or marketing of Airfreight Shipping Services for shipments to, from or within the United States, including without limitation, claims brought or that could have been brought based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the First Consolidated Amended Complaint filed in the Action, or otherwise the subject of that litigation which arise under any antitrust, unfair competition, unfair practices, price discrimination, unitary pricing trade practice, consumer protection, or civil conspiracy law. However, nothing herein shall release (a) any claim made with respect to any indirect purchase of Airfreight Shipping Services and/or (b) any claim for negligence, breach of contract, bailment, failure to deliver, lost goods, damaged or delayed goods or similar claim between any of the Released Parties and any of the Releasing Parties relating to Airfreight Shipping Services.

  6. This Final Judgment does not settle or compromise any claim by Plaintiffs or any Class Member against any former or current Defendants or alleged co-conspirator or any other person or entity other than the Released Parties. All rights against any other Defendant or other person or entity are specifically reserved.

  7. Without affecting the finality of this Final Judgment, the Court retains exclusive

4

jurisdiction over the Action and the Settlement Agreement, including the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

8. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this final judgment of dismissal forthwith as to the Released Parties.

Dated: August 5, 2011

                                             s/John Gleeson
                                             HON. JOHN GLEESON
                                             UNITED STATES DISTRICT JUDGE