

Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

August 18, 2011

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

    Re:    *In re Air Cargo Shipping Services Antitrust Litigation*, MDL 1775

Dear Magistrate Judge Pohorelsky:

    Plaintiffs seek an order requiring Korean Air Lines Co. Ltd. ("KE"): (1) to produce, in New York City, a properly prepared Rule 30(b)(6) witness to testify fully, completely and unevasively on the topic of KE's Hong Kong price-fixing activities; (2) to produce unredacted copies of two witness statements provided by KE employees to the Korean Fair Trade Commission ("KFTC") concerning the above activities; and (3) to make no speaking objections during the resumption of the deposition.

    In May 2010, the KFTC found KE, and other defendants here, guilty of colluding to fix the prices of airfreight shipping services on shipments from Hong Kong and other countries. Ex. 1 (certified translation). The KFTC issued a public, redacted version of its written findings relating to Hong Kong on November 29, 2010 ("KFTC Resolution 2010-146"). Ex. 2. Plaintiffs had the redacted version of KFTC Resolution 2010-146 translated into English. Ex. 3. Plaintiffs then noticed a Rule 30(b)(6) deposition of KE on the Hong Kong price-fixing activities. Ex. 4. The deposition proceeded on June 17, 2011 in Hong Kong.[1] **REDACTED** KE served its signature to the deposition on July 28, 2011. Ex. 6.

**REDACTED**

---

[1] The topics on which KE's deposition was noticed are set forth in Ex. 4.

**REDACTED**

NEW YORK, NY        LOS ANGELES, CA        SAN FRANCISCO, CA

MORRISTOWN, NJ        CHICAGO, IL





**REDACTED**

KE's obstruction of the deposition did not end there. Mr. Kim was not a properly prepared, educated Rule 30(b)(6) witness.

This was impermissible.[5]

**REDACTED**

---

**REDACTED**

[3] Indeed, in papers filed before this Court (ECF Nos. 1336 at 3, 1379 at 17, 1450), KE argued that disclosing the names of witnesses and conspiracy participants that had been redacted from a redacted version of a KFTC resolution would both violate Korean privacy law and undermine the KFTC's leniency program.
KE's arguments were a pretext for withholding incriminating evidence.

[4]

[5] The testimony of a Rule 30(b)(6) witness may not be limited solely to matters about which he or she has personal knowledge. *See Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001). He or she must be thoroughly educated on the topics noticed and must testify fully, completely and unevasively regarding matters known or reasonably available to the organization he or she is representing. *See In re Neurontin Antitrust Litig.*, MDL Docket No. 1479, 2011 WL 253434, at *7 (D.N.J. Jan. 25, 2011), *aff'd*, 2011 WL 2357793 (D.N.J. June 9, 2011). Moreover, a Rule 30(b)(6) deponent may not simply proffer documents, albeit documents selected and provided to him by his counsel, as a substitute for his or her testimony on the noticed topics. *See id.* at *8-*10; *Buehrle v. City of O'Fallon Mo.*, 2011 WL 2357793 (E.D. Mo. Feb. 8, 2011) (in responding to a Rule 30(b)(6) notice a corporation may not take the position that its documents state the company's position); *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co. Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008) (same).



**REDACTED**

**REDACTED**

Finally, the deposition was repeatedly obstructed by KE counsel's speaking objections.

**REDACTED**

See *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993)("[t]he witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with the lawyers coaching or bending the witness's words to mold a legally convenient record.").

---

[6] _____ constitutes information known and reasonably available to KE within the meaning of Rule 30(b)(6). See also Fed. R. Evid. 612.

[7] **REDACTED**

[9] KE made a decision not to have an official "check" translator present and sworn in at the deposition. KE counsel's attempt to insinuate himself into the role of translator during the deposition was nothing more than a transparent attempt to coach KE's witness.

**KAPLAN*FOX***

Respectfully submitted,

/s/ Gary L. Specks
Robert N. Kaplan, (RK-3100)
Gregory K. Arenson (GA-2426)
Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP

/s/ Hollis L. Salzman
Hollis L. Salzman (HS-5994)
Jay L. Himes (JH-7714)
Gregory S. Asciolla (GA-2222)
LABATON SUCHAROW LLP

/s/ Howard J. Sedran
Howard J. Sedran
Austin B. Cohen
LEVIN, FISHBEIN, SEDRAN
 & BERMAN

/s/ Michael D. Hausfeld
Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP

*Co-Lead Counsel*