# LEVIN, FISHBEIN, SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX

* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

August 25, 2011

Honorable Viktor V. Pohorelsky, United States Magistrate Judge
United States District Court, E.D. New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re: *In re Air Cargo Shipping Services Antitrust Litigation*, MDL 1775

Dear Magistrate Judge Pohorelsky:

Plaintiffs file this motion due to the failure of defendant Nippon Cargo Airline Co. Ltd. ("NCA") to produce properly educated and knowledgeable corporate designees for its Rule 30(b)(6) deposition.

Plaintiffs noticed a Rule 30(b)(6) deposition of NCA, identifying 11 topics to be covered at the deposition. *See* Dep. Notice (Ex. 1), pp. 4-7. NCA did not object to the deposition nor did it ask for any clarification. NCA identified two witnesses to address all the topics. *See* NCA July 1, 2011 Letter (Ex. 2)[1]. As demonstrated below, NCA failed to adequately prepare its designees and neither was able to adequately testify about meetings, communications and agreements between NCA and its competitors.

It is settled law that Rule 30(b)(6) designees speak for the corporation and that their answers "bind the entity and [they are] responsible for providing all the relevant information known or reasonably available to the entity." *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.,* No. 01 CIV 3016 (AGS)(HB), 2002 WL 1835439, *2 (S.D. N.Y. Aug. 8, 2002) (citations omitted). Accordingly, NCA had a duty to prepare its designees "'in order that they [could] answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.'" *Tailored Lighting, Inc. v. Osram Sylvania Prods., Inc.,* 255 F.R.D. 340, 349 (W.D. N.Y. 2009) (quoting *S.E.C. v. Morelli,* 143 F.R.D. 42, 45 (S.D. N.Y. 1992), deletion in original).[2]

---

[1] Counsel for NCA subsequently revised its designations slightly. *See* Shingu July 13 Dep. (Ex. 3) 24:11-26:18.

[2] *See also U. S. v. Taylor,* 166 F.R.D. 356, 361-62 (M.D. N.C. 1996) ("the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.").

LEVIN, FISHBEIN, SEDRAN & BERMAN

NCA was required to prepare its designees "to the extent matters are reasonably available, whether from documents, past employees, or other sources", such as e-mails. *See The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 150 (S.D. N.Y. 1997).[3] In fact, NCA and its counsel were required to "thoroughly educate[ the witnesses] about the noticed deposition topics with respect to any and all facts known to [NCA] or its counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the minds of counsel." *In re Vitamins Antitrust Litig.,* 216 F.R.D. 168, 172 (D. D.C. 2003).

Finally, NCA cannot properly claim that educating its designees would have been too burdensome. Courts have noted that while "preparing for a Rule 30(b)(6) deposition can be burdensome ... this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." *See A.I.A. Holdings, S.A. v. Lehman Bros., Inc.,* No. 97CIV4978LMMHBP, 2002 WL 1041356, *3 (S.D. N.Y. May 23, 2002); (quoting *U.S. v. Taylor,* 166 F.R.D. at 361 - 62); *Int'l Ass'n of Machinists and Aerospace Workers v. Werner-Masuda,* 390 F.Supp.2d 479, 487 (D. Md. 2005).

### NCA'S CORPORATE DESIGNEES WERE NOT PROPERLY PREPARED

Despite its obligation, NCA did not properly educate either of its designees. Ms. Shingu testified that            **REDACTED**

*See also In re Vitamins Antitrust Litig.,* 216 F.R.D. at 173 (defendant did not adequately prepare witness where it "waited until the last minute" to meet with and prepare him). Ms. Shingu testified that

**REDACTED**

Mr. Kato also testified that

**REDACTED**

Topic 11 of the Deposition Notice covered communications, meetings and agreements described in Resolution No. 2010-145 of the Korea Fair Trade Commission ("KFTC Resolution"). *See* Ex. 1, p. 7. NCA was a defendant in a KFTC investigation into price-fixing of air cargo shipping services. The KFTC found NCA (along with other named defendants) guilty of fixing prices and fuel surcharges for shipments between Japan and Korea. The KFTC

---

[3] *See also Wilson v. Lakner,* 228 F.R.D. 524, 528 (D. Md. 2005) (preparation "requires a good faith effort on the party of the deisgnate to find out the relevant facts-to collect information, review documents, and interview employees with personal knowledge.").

Levin, Fishbein, Sedran & Berman

Resolution details meetings[4], communications and agreements where NCA and other defendants discussed setting fuel surcharges for shipments ex-Japan to *all* destinations, including shipments to the U.S. NCA's designee was unable to provide any information about **REDACTED**. *See* Kato July 14 Deposition Excerpts Summary Regarding KFTC Resolution Meetings, Communications and Agreements, attached hereto as Ex. 6.[5] Indeed, after failing to answer any questions about any identified meetings, Plaintiffs asked Mr. Kato **REDACTED** Mr. Kato replied: **REDACTED**

[6] Mr. Kato further testified that **REDACTED**

Apart from the KFTC Resolution and ICAJ meetings, NCA's designees were unprepared or unable to testify about numerous other meetings and communications, including meetings and communications NCA identified in its own Interrogatory answers. *See* Shingu July 13 Deposition Excerpts Summary, attached hereto as Ex. 7[7]; Kato July 14 Deposition Excerpts Summary, attached hereto as Ex. 8.[8] The fact that the designees were not properly prepared and could not provide testimony about the noticed topics deprived Plaintiffs of meaningful discovery. *See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.,* 250 F.R.D. 203, 216 (E.D. Pa. 2008) (noting that when a Rule 30(b)(6) witness is unprepared, the purpose of the deposition is completely undermined).

Based on the foregoing, Plaintiffs respectfully seek an order compelling NCA to produce a properly educated and knowledgeable Rule 30(b)(6) witnesses at its expense in the United States on a mutually convenient date to testify fully and completely concerning the topics listed in the Deposition Notice.

Respectfully submitted,

---

[4] There is an overlap of topics to the extent that the KFTC Resolution (topic 11) describes ICAJ meetings (topic 4) and BAR/BOAR meetings (topic 6) where the participants discussed setting fuel surcharges for shipments between Japan and the U.S.

[5] The testimony of Mr. Kato summarized in Exhibit 6 can be found in the Masato Kato July 14 Tr. (Ex. 5) at **REDACTED**

[6] Plaintiffs also asked Mr. Kato **REDACTED** Mr. Kato replied **REDACTED**

[7] The testimony of Ms. Shingu summarized in Exhibit 7 can be found in the deposition transcript attached hereto at Ex. 3 at **REDACTED**

[8] The testimony of Mr. Kato summarized in Exhibit 8 can be found in the deposition transcript attached hereto at Ex. 5 at **REDACTED**

LEVIN, FISHBEIN, SEDRAN & BERMAN

| | |
|---|---|
| Howard J. Sedran<br>Austin B. Cohen<br>Keith J. Verrier<br>**Levin Fishbein Sedran & Berman**<br>510 Walnut Street, Suite 500<br>Philadelphia, Pa 19106<br>(215) 592-1500<br><br>By: /s/ Howard J. Sedran | Michael D. Hausfeld<br>William Butterfield<br>Brent Landau<br>**Hausfeld LLP**<br>1700 K Street, N.W., Suite 650<br>Washington, DC 20006<br>(202) 540-7200<br><br>/s/ Michael D. Hausfeld |
| Robert N. Kaplan (RK-3100)<br>Gregory K. Arenson (GA-2426)<br>**Kaplan Fox & Kilsheimer LLP**<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>(212) 687-1980 | Hollis L. Salzman (HS-5994)<br>Jay L. Himes (JLH-7714)<br>Gregory S. Asciolla (GA-2222)<br>**Labaton Sucharow LLP**<br>140 Broadway<br>New York, NY 10005<br><br>By:  /s/ Hollis L. Salzman |
| Gary L. Specks (GS-8767)<br>**Kaplan Fox & Kilsheimer LLP**<br>423 Sumac Road<br>Highland Park, IL 60035<br>(847) 831-1585<br><br>By: /s/ Robert N. Kaplan | |

**PLAINTIFFS' CO-LEAD COUNSEL**