UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE

AIR CARGO SHIPPING SERVICES
ANTITRUST LITIGATION

M.D.L. No. 1775
----------------------------------------------------------x

06-MD-1775

**ALL CASES**

**MEMORANDUM ORDER**

The plaintiffs have moved to compel the defendant Nippon Cargo Airline Co. Ltd. ("NCA") to provide properly educated witnesses to testify about matters identified in their Rule 30(b)(6) notice. They contend that the two witnesses who testified on behalf of NCA in response to the notice were poorly prepared and therefore unable to provide answers to many of the questions posed.

The motion requires the court to address the extent to which a party responding to a Rule 30(b)(b) notice of deposition is required to educate witnesses to testify on its behalf about events that transpired, in some cases as much as a dozen years earlier, because none of the persons with actual knowledge of the events remain employed by, or available to, the party. There is no question that Rule 30(b)(6) requires a party to designate witnesses who can provide "all the relevant information known or reasonably available to the entity." *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, No. 01 CIV. 3016, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002). That the entity no longer employs persons with personal knowledge of the matters identified in the notice does not absolve the entity from compliance. "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (citing *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995)); *accord, e.g., Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, No. 07 Civ. 930, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009) (G. Lynch, J.); *In re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 173-74 (D.D.C. 2003). This

duty requires the responding party to educate its designees "to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Fleurimond v. New York University*, No. CV 09-3739, 2011 WL 3273876, at *2-3 (E.D.N.Y. July 29, 2011) (quoting *Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997).

Typically, witnesses responding to Rule 30(b)(6) notices are asked to testify about policies and procedures, or about how a specific circumstance or decision was handled. Here, however, the Rule 30(b)(6) notice focused primarily on what transpired at meetings attended by employees of NCA and other airlines, and in particular communications between and among those employees concerning the pricing of air cargo services. Because most, if not all, of the employees who participated in those meetings and communications are no longer employed by NCA, and detailed records of their meetings and communications apparently do not exist, the task of providing testimony is understandably more complicated. Nevertheless, a review of the testimony by the two witnesses designated by NCA discloses that NCA did not discharge adequately its duty to educate the witnesses about the matters identified in the notice. One of the witnesses, Nahoku Shingu, reviewed only a modicum of documents provided by counsel before testifying, and made no effort to contact other present or past employees who were likely to have knowledge about the meetings and communications identified in the notice. As a result, she could offer no information about matters other than those within her personal knowledge. The other witness, Masato Kato, spent somewhat more time reviewing a banker's box of documents and apparently attempted to contact two former employees, but was nevertheless unable to answer most of the questions directed to the meetings and communications about which testimony was sought.

Accordingly, NCA is required either to produce one or both of the above witnesses or to designate another witness or witnesses to testify on its behalf in response to the notice. The additional designees shall be prepared to testify about each of the meetings and communications identified in NCA's interrogatory responses, as well as any meetings and communications specified in the Korean Fair Trade Commission Resolution No. 2010-145

that were alleged to involve representatives of NCA. To prepare the designees, NCA is required to gather all documents (including any e-mails) prepared or received by any employees of NCA concerning the meetings and communications identified above, and shall present them to the designees sufficiently in advance of the deposition that the designees may educate themselves about those matters. In addition, the designees are required to speak, or attempt to speak, to all present and former employees of NCA who are either identified as having participated in the meetings and communications, or who are otherwise likely to have information about what transpired in those meetings and communications. To the extent that counsel has obtained information from other past or present employees of NCA about matters that transpired in the above identified meetings and communications, counsel must make that information available to the designees as well. *See In re Vitamins Antitrust Litigation*, 216 F.R.D. at 172-73.

The defendant is required to produce its designee(s) for deposition in New York as soon as reasonably practicable, but in no event more than 45 days from the date of this order.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         March 27, 2011