# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

| | |
|---|---|
| **510 WALNUT STREET, SUITE 500** | **TELEPHONE** (215) 592-1500 |
| **PHILADELPHIA, PA 19106-3697** | **FACSIMILE** (215) 592-4663 |
| WWW.LFSBLAW.COM | |

May 2, 2012

Honorable Viktor V. Pohorelsky, United States Magistrate Judge
United States District Court, E.D. New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

**Re:** *In re Air Cargo Shipping Services Antitrust Litigation*, MDL 1775

Dear Magistrate Judge Pohorelsky:

Under the guise of a Motion for a Protective Order for its Rule 30(b)(6) deposition to occur in Hong Kong rather than New York, Nippon Cargo Airline Co., Ltd. ("NCA") seeks untimely reconsideration of this Court's Memorandum Order of March 27, 2012 [ECF No. 1663] (the "Order"), requiring NCA to produce knowledgeable witnesses for deposition in New York on the topics listed in the original deposition notice. NCA asks that the deposition take place in Hong Kong instead and seeks to narrow the deposition topics. NCA's motion should be denied as untimely and because NCA waived its right to object to the deposition location. Under the rules governing reconsideration, NCA has not demonstrated that the Court overlooked relevant law or facts, or that reconsideration is necessary to prevent a "manifest injustice."

*NCA has represented that the witness it will present will soon be leaving the company and for that reason, the deposition needs to take place on May 28th or 29th. Therefore, Plaintiffs respectfully request a prompt hearing. Only counsel for NCA and Plaintiffs need to be present.*

**NCA's Motion for Reconsideration Is Untimely and Fails to Satisfy the Applicable Standard**

On April 18, 2012, NCA filed its motion for a protective order asking that the Order be modified so that its deposition would take place in Hong Kong instead of New York. Plainly, NCA is seeking reconsideration of the Order and its motion should be treated as such. *Accord Estiverne v. Goodwine,* No. 06-CV-6617(NG), 2012 WL 1324762, *1 (E.D.N.Y. Apr. 17, 2012) (treating parties' "application" as a motion for reconsideration despite fact that filing party "fail[ed] to acknowledge that their pending letter-request is essentially a motion for reconsideration.").

Local Rule 6.3 requires that a motion for reconsideration "be served within fourteen (14) days after entry of the court's determination of the original motion." U.S. Dist. Ct. S. & E.D.N.Y. Civ. R. 6.3. "The requirements of Local Rule 6.3 ... are strictly construed in order to keep the court's docket free of unnecessary relitigation." *PAB Aviation, Inc. v. U.S.,* No. 98-CV-5952 (JG), 2000 WL 1240196, *1 (E.D.N.Y. Aug. 24, 2000). Here specifically, a motion asking

the Court to reconsider the March 27th Order had to be filed no later than Tuesday, April 10th.[1] *See Clissuras v. Teacher's Ret. Sys. of N.Y.,* No. 02 Civ. 8130(SAS), 2003 WL 21146655, *2 (S.D.N.Y. May 19, 2003)(noting that motion for reconsideration could be denied as untimely without consideration of merits).[2] NCA has not offered an explanation for why it filed its motion eight days beyond the time limit established by Local Rule 6.3. *See U.S. v. DiPietro,* No. 02 Cr. 1237 (SWK), 2007 WL 3130553, *2 (S.D.N.Y. Oct. 17, 2007)(motion for reconsideration untimely where counsel did not adequately explain why it neglected to file within Local Rule 6.3 time limit). Accordingly, NCA's motion for reconsideration should be denied as untimely.

Equally important, NCA has failed to show that the Court overlooked any matters or controlling law. Motions for reconsideration are not granted where the party merely seeks to relitigate an issue that has already been decided. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A party asking for reconsideration faces a heavy burden and must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Rule 6.3. *See also Dollar Phone Corp. v. St. Paul Fire & Marine Ins. Co.,* No. CV-09-1640(DLI)(VVP), 2010 WL 2541372, *1 (E.D.N.Y. June 17, 2010)(A motion for reconsideration "usually [is] granted only when the moving party offers controlling decisions or facts that the court had originally overlooked and that might reasonably be expected to alter the court's original decision."); *M&T Mortgage Corp. v. White,* No. CV-04-4775(NGG)(VVP), 2008 WL 4850681, *1 (E.D.N.Y. Nov. 6, 2008)(same); *Alvarado v. City of N.Y.,* No. CV-04-2558(NGG)(VVP), 2006 WL 2850602, *1 (E.D.N.Y. Oct. 3, 2006)(same).

In Plaintiffs' August 25, 2011 Motion to Compel, Plaintiffs asked the Court for an order compelling NCA to produce in the U.S., at its expense, properly prepared corporate designees "to testify fully and completely concerning the topics listed in the Deposition Notice."[3] In its response and at oral argument, NCA never opposed Plaintiffs' request that the depositions take place in the U.S. where they first occurred. Instead, NCA argued that its witnesses were properly prepared. NCA now asks the Court to reconsider its Order regarding the deposition location and implicitly the scope of the deposition. NCA has failed to meet the applicable standard for reconsideration because the Court did not "overlook" any argument or decisions previously offered by NCA since it offered none.

NCA's silence constitutes a waiver of its position. "A party may not advance a new argument in a motion to reconsider; that argument is waived." *PAB Aviation,* 2000 WL 1240196, *1; *see also Grosz v. Museum of Modern Art,* 772 F.Supp.2d 473, 496 (S.D.N.Y. 2010)( "argument waived if made for the first time on a motion for reconsideration" *citing Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 159 (2d Cir. 2003)). Thus, NCA's motion should also be denied because NCA waived

---

[1] Pursuant to Local Rule 6.4, the 14 day time period is computed without excluding Saturdays, Sundays or legal holidays.

[2] The *Clissuras* court considered the merits of the motion for reconsideration despite the fact that it was filed late only because the movants were *pro se. Id.* at *2. In the instant case, NCA is well represented by Baker & Hostetler LLP, one of the nation's top 100 law firms with over 800 attorneys. Accordingly, NCA and its counsel should not be excused from missing the filing deadline.

[3] The Deposition Notice is attached hereto as Exhibit "A."

any right it had to argue against being compelled to reappear for deposition in the U.S.

On the merits, there can be no dispute that this Court has "substantial discretion to designate the site of a deposition." *Mill-Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547, 550-51 (S.D.N.Y. 1989). This discretion includes the power to compel a foreign corporation doing business in the United States to appear for deposition on American soil. *See Custom Form Mfg., Inc. v. Omron Corp.,* 196 F.R.D. 333, 336 (N.D. Ind. 2000).[4]

NCA now argues for the first time that convenience and economy favor Hong Kong over the U.S. Again, NCA's argument is unavailing. NCA has represented that this time it will produce only one witness and that it will not be Ms. Shingu, who testified earlier. In terms of convenience and economy, it makes more sense to have one witness travel to the U.S. than having several attorneys for NCA, Plaintiffs, and other defendants travel to Hong Kong.

Finally, NCA seeks to truncate the renewed deposition by narrowly construing the Order to mean that NCA need only prepare its witness about meetings and communications identified in the KFTC Resolution or in its answers to interrogatories.[5] Plaintiffs' motion was not limited only to the inability of the NCA designees to answer questions relating to the KFTC Resolution and the interrogatory answers. The motion asked that NCA be compelled to produce a witness "to testify fully and completely concerning the topics listed in the Deposition Notice." At oral argument, Plaintiffs merely used questions relating to the KFTC Resolution as an example to show that NCA failed to investigate and prepare its designees even as to the limited number of meetings and communications set out in the KFTC Resolution. However, at the depositions NCA's witnesses were asked but were not prepared to answer questions about other meetings and communications. In particular, attached hereto as Exhibit "C" is a chart of specific meetings and communications covered by the Deposition Notice topics (but not identified in the KFTC Resolution or the interrogatory answers) that NCA's witnesses were unable to testify about at the Rule 30(b)(6) deposition. As the Court ruled: "NCA is required to produce ... [a] witness or witnesses to testify on its behalf in response to the notice." Thus, NCA's designee should now be prepared to testify as to the meetings and communications identified in NCA's interrogatory answers and the KFTC Resolution as well as the events set out in Exhibits "B" and "C," including appropriate follow-up questions relating to the identified meetings and communications. In terms of economy it makes sense to cover all the topics in this next deposition rather than a third 30(b)(6) deposition.

---

[4] The cases cited by NCA for the "general presumption" of deposing foreign corporate employees in their country of residence are easily distinguishable because none of the cases cited by NCA dealt with a foreign corporation being compelled to reappear for a deposition due to its own failure to first produce proper witnesses. *See Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 155 (S.D.N.Y. 1997)(noting that the "presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." citation omitted).

[5] NCA concedes that the Order requires it to prepare its designee as to meetings and communications identified in its interrogatory answers. NCA admitted in its interrogatory answers that it attended ICAJ TC-1 meetings, although it did not identify specific meetings by date or location. Plaintiffs have compiled a chart of specific ICAJ meetings, not otherwise identified in the KFTC Resolution, about which Plaintiffs should be allowed to question a properly prepared witnesses. *See* Exhibit "B."

Respectfully submitted,

| | |
|---|---|
| Howard J. Sedran | Michael D. Hausfeld |
| Austin B. Cohen | William Butterfield |
| Keith J. Verrier | Brent Landau |
| **Levin Fishbein Sedran & Berman** | **Hausfeld LLP** |
| 510 Walnut Street, Suite 500 | 1700 K Street, N.W., Suite 650 |
| Philadelphia, Pa 19106 | Washington, DC 20006 |
| (215) 592-1500 | (202) 540-7200 |
| | |
| By: /s/ Howard J. Sedran | /s/ Michael D. Hausfeld |
| | |
| Robert N. Kaplan (RK-3100) | Hollis L. Salzman (HS-5994) |
| Gregory K. Arenson (GA-2426) | Jay L. Himes (JLH-7714) |
| **Kaplan Fox & Kilsheimer LLP** | Gregory S. Asciolla (GA-2222) |
| 850 Third Avenue, 14th Floor | **Labaton Sucharow LLP** |
| New York, NY 10022 | 140 Broadway |
| (212) 687-1980 | New York, NY 10005 |
| | |
| Gary L. Specks (GS-8767) | By:  /s/ Hollis L. Salzman |
| **Kaplan Fox & Kilsheimer LLP** | |
| 423 Sumac Road | |
| Highland Park, IL 60035 | |
| (847) 831-1585 | |
| | |
| By: /s/ Robert N. Kaplan | |

**PLAINTIFFS' CO-LEAD COUNSEL**