# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX
* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

June 13, 2012

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re: *In re Air Cargo Shipping Services Antitrust Litigation MD-06-1775*

Dear Magistrate Judge Pohorelsky:

Pursuant to Fed. Rule Civ. P. 28(b) and Article 1 of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, 23 U.S.T. 2555, 847 U.N.T.S. 231 (the "Hague Convention" or "H.C."), Plaintiffs request an order issuing a letter of request for international judicial assistance to compel the testimony of John Cooper (the "Letter of Request") (Ex. A).

John Cooper, a former Qantas Airways Limited employee ("Qantas"), currently resides in Australia and is believed to possess knowledge highly relevant to Plaintiffs' claims. *See, e.g.*, Joint Submissions, Statement of Agreed Facts and Admissions Pursuant to S191 of the Evidence Act ("Joint Submission"), Ex. A, Schedule A, at ¶¶ 43, 44, 86, 87. Beginning in October 1997, Mr. Cooper held the position of General Manager, Freight Sales and Marketing and had global responsibility for Qantas Freight's sales and marketing. As the Court may recall, Qantas pled guilty in the United States to participating in a conspiracy to fix the prices of cargo charged to customers in the United States and elsewhere from January 1, 2000 to February 14, 2006. In addition, on January 13, 2011, Plaintiffs settled with Qantas in this case with the settlement receiving final approval on August 4, 2011. *See* ECF No. 1524.

As part of the settlement, Qantas agreed to provide cooperation in the form of, among other things, attorney proffers and witness interviews. However, although it does not object to Mr. Cooper providing cooperation, Qantas cannot secure his cooperation because he is no longer a Qantas employee. Therefore, Plaintiffs can only obtain information or testimony from Mr. Cooper through formal legal process.

LEVIN, FISHBEIN, SEDRAN & BERMAN

Hon. Viktor V. Pohorelsky
June 13, 2012
Page 2

Among other things, Mr. Cooper should have relevant knowledge of Qantas' role in the conspiracy including direct communications and meetings between Qantas and other air cargo carriers concerning the price of air freight shipping services, including the imposition of fuel and other surcharges. These meetings and communications will be directly relevant to Plaintiffs' claims against, among others, defendant Air New Zealand. Plaintiffs believe Mr. Cooper possesses this information based upon our review of Qantas documents and the Joint Submission. *See, e.g.*, Ex. A, Schedule A, at ¶¶ 17, 43, 44, 45, 61, 70.

Rule 28(b) governs the taking of depositions in a foreign country. Under Rule 28(b)(1)(A) and (B), when the country where discovery is sought is a signatory to the Hague Convention, as is the case here, depositions may be taken in accordance with the convention. Under Rule 28(b)(2), a United States court may issue a letter of request seeking the voluntary assistance of the court or other agency of the foreign country to compel the deponent to provide evidence "on appropriate terms after an application and notice of it."[1]

When deciding whether to issue a letter of request, courts apply the "liberal discovery" standard permitted under the Federal Rules of Civil Procedure,[2] regardless of whether a letter of request is directed at a litigant or a non-party.[3] A letter of request is permitted when a litigant seeks to depose a non-party witness not subject to the court's jurisdiction.[4] Evidence may compelled pursuant to a letter of request.[5]

A letter of request must specify certain information, all of which appears in Plaintiffs' proposed Letter of Request (Ex. A).[6] Specifically, a letter of request must provide the following information: (i) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority (Ex. A at No. 5a); (ii) names and addresses of the parties to the proceedings and their representatives (Ex. A at No. 6); (iii) nature of the proceedings for which the evidence is required, giving all necessary information (Ex. A at No. 7); and (iv) evidence to be obtained or other judicial act to be performed (Ex. A at No. 8).[7]

---

[1] *See* Rule 28(b)(1)(B) and (2)(A); MANUAL FOR COMPLEX LITIGATION (FOURTH), § 11.494 at 107; *see also Brake Parts, Inc. v. Lewis*, 2009 U.S. Dist. LEXIS 57512, *5 (E.D. Ky. July 6, 2009) (a U.S. court has inherent authority to issue letter of request to a foreign tribunal); *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 363-64 (D. Kan. 2010).
[2] *In re Urethane*, 267 F.R.D. at 365, n.19.
[3] *Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 541 (1987); *In re Global Power Equip. Group Inc.*, 418 B.R. 833, 850-851 (D. Del. 2009).
[4] *In re Urethane Antitrust Litig.*, 267 at 364; *Newmarkets Partners, LLC v. Oppenheimer & Cie. S.C.A.*, 2009 U.S Dist. LEXIS 43435, *3-4 (S.D.N.Y. May 22, 2009); *SEC v. Leslie*, 2009 U.S. Dist. LEXIS 24737, * 6 (N.D. Cal. Mar. 16, 2009); *Abbott Labs v. Impax Labs., Inc.*, 2004 U.S. Dist. LEXIS 13487, *6-7 (D. Del. July 15, 2004).
[5] H.C. Art. 10, 16-17; MANUAL, § 11.494 at 108.
[6] The Letter of Request submitted herewith tracks the format of the recommended model letter of request (*see* 28 U.S.C. § 1781, at pp. 59294 (Thompson West 2006) and contains language commonly used in requests for international judicial assistance under the Hague Convention. *See* H.C., Art. 3.
[7] *See* H.C., Art. 3(a)-(d).

LEVIN, FISHBEIN, SEDRAN & BERMAN

Hon. Viktor V. Pohorelsky
June 13, 2012
Page 3

H.C. Article 3 also provides that, "[w]here appropriate, the Letter shall specify" the following:  (i) names and addresses of the persons to be examined (*see* Ex. A at No. 9); (ii) questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined (Ex. A at No. 10); (iii) documents or other property, real or personal, to be inspected (Ex. A at No. 11); (iv) any special requirement that the evidence is to be given on oath or affirmation, and any special form to be used (Ex. A at No. 12); and (v) any special method or procedure to be followed under Article 9 (Ex. at No. 13).[8]

As required, Plaintiffs have requested that the parties be notified of the time and place of the deposition, and have arranged for designees in Australia and the United States to act as liaisons with the Australian court and the parties with respect to deposition logistics (*see* Ex. A at § Nos. 3, 14).[9]  Plaintiffs have requested that the appropriate judicial authority for the Commonwealth of Australia submit to this Court a note of fees and costs that are reimbursable under the Hague Convention (*see* Ex. A at No. 17).[10]  Plaintiffs will reimburse the Australian judicial authority for costs incurred in the taking the deposition.

After the appropriate judicial authority for the Commonwealth of Australia (Secretary of the Attorney General's Department) has approved the forwarding of the request, it will be presented to the relevant Australian court through an originating application for that court to issue orders for the examination of Mr. Cooper consistent with the deposition process outlined in the Letter of Request. Consistent with the relevant rules of court, Mr. Cooper would then be required to be personally served with that order once made by the relevant court.

Plaintiffs respectfully request that the Court grant Plaintiffs' motion and execute the Letter of Request and then Plaintiffs' Counsel will send the materials to the appropriate judicial authority for the Commonwealth of Australia at the address in the Letter of Request (Ex A at No. 2).

Any papers received by Plaintiffs or their designees from Australian judicial authorities or the Australian court, including all notices of hearing as well as the executed Letter of Request, will be provided to the Clerk of Court for filing on the case docket.

---

[8] *See* H.C., Art. 3(e)-(i).
[9] H.C., Art. 7.
[10] H.C., Art. 14 & 26.

LEVIN, FISHBEIN, SEDRAN & BERMAN

Hon. Viktor V. Pohorelsky
June 13, 2012
Page 4


Respectfully Submitted,

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Howard J. Sedran, Esq.
Austin Cohen, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

Gary L. Specks (GS-8767)
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By:    */s/ Howard J. Sedran*

By:    */s/ Gary L. Specks*


Hollis L. Salzman (HS-5994)
Jay L. Himes (JLH-7714)
Gregory S. Asciolla, Esq. (GA-2222)
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

By:    /s/ Hollis L. Salzman

By:    */s/ Michael D. Hausfeld*