UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IN RE

AIR CARGO SHIPPING SERVICES
ANTITRUST LITIGATION

M.D.L. No. 1775
----------------------------------------------------------x

06-MD-1775

**ALL CASES**

## MEMORANDUM ORDER

The plaintiffs have moved to unseal the grand jury testimony of two witnesses who testified before grand juries in Georgia and California during the government's investigation of price-fixing in the air cargo industry.  At some point after the motions were filed and then transferred here from the two districts where the grand juries were sitting, the plaintiffs and the government reached an agreement under which the attorneys for the government reviewed the grand jury transcripts at issue to determine whether any portions might be appropriate for disclosure.  Attorneys for the government thus compared the grand jury transcripts with those excerpts from the transcripts of the depositions of the two witnesses in question that had been cited by the plaintiffs in their motions to unseal.  That comparison yielded portions of the witnesses' grand jury testimony that overlapped with the excerpts cited by the plaintiffs.  The government has identified and provided copies of those portions in an *ex parte* submission to the court.

Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure permits a court to order disclosure of a transcript of grand jury testimony "preliminary to or in connection with a judicial proceeding."  Parties seeking grand jury transcripts must show

> that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Douglas Oil Co. Of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).  This showing of "particularized need" is typically met by a concrete showing that the requested testimony could serve to refresh a witness's recollection or impeach his or her testimony.  *See In re*

*Special Grand Jury 89-2*, 143 F.3d 565, 570 (10th Cir. 1998); *accord, In re Corrugated Container Antitrust Litigation*, 687 F.2d 52, 55-56 (5th Cir. 1982).

  The court has now reviewed the excerpts from the grand jury testimony identified by the government and compared them with those portions of the transcripts of the deposition testimony given in this case by the two witnesses which overlap with their grand jury testimony. The court concludes that the portions of the grand jury transcripts identified in the Appendix to this opinion may well serve to refresh the witnesses' recollection or to impeach them.[1] In determining whether those portions should be disclosed, the court rejects the assertion that there must be a "compelling necessity" for the information. *Cf. Rechtschaffer v. City of New York*, Dkt. No. 05 CIV 9930, 2009 WL 773351, at *2 (S.D.N.Y. Mar. 18, 2009) ("a private litigant can overcome the presumption of grand jury secrecy by demonstrating a compelling necessity *or* particularized need for disclosure)(emphasis added); all that is required is a showing that the information "is needed to avoid a *possible* injustice." *Douglas Oil*, 441 U.S. at 222 (emphasis added). Given the limited volume of the grand jury testimony at issue and the fact that the government is not asserting that continued grand jury secrecy should trump the plaintiffs' need for that testimony, the court is satisfied that all aspects of the *Douglas Oil* test are met and that disclosure is therefore warranted for the testimony identified in the Appendix.

  The only remaining question is timing. The witnesses and the defendants argue that disclosure should await the trial, when it will be clear whether the witnesses will actually be called to testify and therefore be subject to impeachment or the need to have their recollections refreshed. Although the argument has some force, in the circumstances of this case disclosure should be made now for several reasons. Given that no trial date has been set, and none is likely to be set for an extended period of time, it is not at all clear whether the witnesses will be available to testify at trial or subject to the subpoena power of the court

---

[1] The references use the witnesses' initials to preserve their identities. The portions identified in the Appendix do not include all of the portions submitted to the court for review by the government.

when the trial is held.  As a result the plaintiffs may have to rely on the witnesses' deposition testimony as evidence, and the plaintiffs should therefore be given the opportunity now to convince the court that their depositions should be reopened to explore matters disclosed in the grand jury testimony.  Moreover, the very question of whether the witnesses should be called to testify at trial could be affected by the plaintiffs' assessment of the grand jury testimony that is disclosed.  Accordingly, the court concludes that disclosure should be made now rather than on the eve of trial.

      The government is therefore directed to provide the grand jury testimony identified in the Appendix to counsel for the plaintiffs who are then responsible for disseminating copies to counsel for the defendants who have not yet reached settlements of the claims against them.  At this point, disclosure of that testimony is limited to "attorneys' eyes only," to protect the witnesses from retaliation within the industry where they apparently remain employed.  Those portions of any applications made to the court which directly or indirectly disclose the substance of the grand jury testimony shall be filed under seal.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
            October 24, 2012

# APPENDIX

**I.  HL GRAND JURY TESTIMONY, MARCH 4, 2010:**

1. Page 24, lines 3 through 6
2. Page 27, lines 2 through 18
3. Page 31, line 15 through page 33, line 12
4. Page 37, line 10 through page 38, line 25
5. Page 42, line 11 through page 43, line 3
6. Page 47, lines 4 through 10
7. Page 49, line 4 through page 50, line 7
8. Page 53, line 20 through page 54, line 4

**II.  SB GRAND JURY TESTIMONY, MARCH 16, 2010:**

1. Page 35, line 11 through page 36, line 22
2. Page 44, line 3 through page 45, line 20