

215.985.3270 ph
215.985.3271 fax

1604 Locust St
2nd floor
Philadelphia, PA 19103

Brent W. Landau
blandau@hausfeldllp.com
215.985.3273

November 30, 2012

**By ECF**
The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re:  *In re Air Cargo Shipping Services Antitrust Litigation*, Master File No. 06-MD-1775

Dear Magistrate Judge Pohorelsky:

Plaintiffs respectfully submit this letter pursuant to the Fourth Stipulated Revised Discovery and Class Certification Briefing Schedule (ECF No. 1771) to set forth their position, prior to the scheduled December 13, 2012 conference, on the total number of additional fact depositions to be taken in this case.

Plaintiffs ask the Court to allow them to take an additional 45 fact depositions of the remaining 11 Defendants (with no more than 7 additional depositions of each Defendant), plus another 30 depositions of former Defendants and other non-parties. This would exclude any depositions that might be necessary solely to establish evidentiary foundations for admissibility of documents, any depositions already begun but not completed, any depositions subject to a pending letter of request, and (if permitted by the Court) any additional depositions of the witnesses whose grand jury transcripts were ordered produced.

Plaintiffs' proposal is reasonable in light of the size and scope of the alleged conspiracy, the cooperation obligations of former Defendants, and the number of depositions permitted in similar antitrust cases. The parties have met and conferred on this issue but have been unable to reach agreement. Defendants were willing to agree only to an additional 40 depositions of current and former Defendants combined (with no more than 5 additional depositions of each Defendant), not including previously-scheduled depositions not yet taken. For the reasons discussed below, the limits proposed by Defendants on the number of depositions would be inappropriate.

**HAUSFELD**LLP

The Honorable Viktor V. Pohorelsky
November 30, 2012
Page 2

  The original discovery schedule ordered by the Court contemplated two phases of depositions.[1] In the first phase, to occur before Plaintiffs filed their class certification motion, Plaintiffs could take a total of 60 fact depositions of Defendants, but this number did not "place limits on depositions other than those of Defendants" – in other words, former Defendants and non-parties did not count toward the total.[2] Then, in the second phase, to occur after the class certification motion was filed, there would be "additional depositions" taken.[3]

  In the first phase, Plaintiffs deposed just 36 of Defendants' witnesses. Thus, the 45 additional depositions of current Defendants that Plaintiffs now seek would result in a total of 81, or just 21 more than contemplated in the first phase. With respect to the proposed 30 depositions of former Defendants and other non-parties, none of these depositions would have counted against the total in the first phase, and the total number is appropriate given that there are 22 former Defendants and that the settlement agreements approved by Judge Gleeson contemplate up to well over 100 depositions of cooperating witnesses.

  This case involves a massive, worldwide conspiracy and over 30 airlines. Allowing Plaintiffs an additional 75 depositions – with only 45 additional depositions of current Defendants and no more than 7 additional depositions of each – is not only reasonable but will require Plaintiffs to conduct the remaining discovery efficiently. Should it be helpful to the Court, Plaintiffs are prepared to provide, *in camera*, a list of the depositions they currently anticipate taking, but do not believe it would be appropriate to share their litigation strategy with Defendants at this stage.

  For an antitrust case of the magnitude of this one, the number of depositions proposed by Plaintiffs is on the low end. In the *Payment Card* case now before Judge Gleeson, the plaintiffs deposed more than 400 witnesses.[4] Similarly, there were "almost 400" depositions in the *Visa Check* case previously overseen by Judge Gleeson.[5] The *LCD* class action that went to trial in the

---

[1] Ex. 1, Stipulated Discovery and Class Certification Briefing Schedule, *In re Air Cargo Shipping Services Antitrust Litig.*, ECF No. 1030 (E.D.N.Y. Nov. 12, 2009). The stipulation was "so ordered" at a November 16, 2009 conference (ECF No. 1036).

[2] *Id.* at 2 & n.1.

[3] *Id.* at 3.

[4] Ex. 2, Mem. in Supp. of Class Pls.' Mot. for Class Settlement Prelim. Approval, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL Docket No. 1720 (JG)(JO), ECF No. 1656-2, at 5 (E.D.N.Y. Oct. 19, 2012).

[5] *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 511 n.8 (E.D.N.Y. 2003). The "almost 400" number includes expert depositions and depositions taken by the defendants.

HAUSFELD LLP

The Honorable Viktor V. Pohorelsky
November 30, 2012
Page 3

Northern District of California earlier this year featured 113 depositions of Defendants' witnesses.[6] And in the *Intel* litigation – which involved just a single defendant – the court permitted the plaintiffs to take up to 1,147 hours of depositions (equivalent to over 163 depositions of 7 hours each).[7]

      Plaintiffs here propose a more limited deposition program than was present in those antitrust actions of similar magnitude. Under the circumstances, the Court should permit Plaintiffs to take an additional 45 fact depositions of the remaining 11 Defendants (with no more than 7 additional depositions of each Defendant), plus another 30 depositions of former Defendants and other non-parties. This should exclude any depositions that might be necessary solely to establish evidentiary foundations for admissibility of documents, any depositions already begun but not completed, any depositions subject to a pending letter of request, and (if permitted by the Court) any additional depositions of the witnesses whose grand jury transcripts were ordered produced.

                                                   Respectfully submitted,

                                                   */s/ Brent W. Landau*

                                                 Brent W. Landau
                                                 Robert N. Kaplan
                                                 Hollis L. Salzman
                                                 Howard J. Sedran

                                                 Plaintiffs' Co-Lead Counsel

cc:     Counsel of Record (via ECF)

---

[6] Ex. 3, Decl. of Bruce L. Simon in Supp. of Direct Purchaser Class Pls.' Mot. for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Case No. MDL 3:07-md-1827 SI, ECF No. 4600, at ¶ 54 (N.D. Cal. Oct. 28, 2011).

[7] Ex. 4, Case Management Order No. 6, *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 1717-JJF, ECF No. 988, at 3-4 (D. Del. June 16, 2008). *See also, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 680 F.2d 5, 8-9 (2d Cir. 1982) ("hundreds of depositions have already been taken"); Ex. 5, Mem. of Law in Supp. of Pls.' Mot. for Award of Attorneys' Fees, Reimbursement of Expenses and Service Award Payments to Named Pls., *In re Ins. Brokerage Antitrust Litig.*, MDL No. 1663, ECF No. 1833-1, at 12-13 (D.N.J. July 13, 2011) ("hundreds of depositions"); Ex. 6, Notice of Partial Class Action Settlements and Request for Attorneys' Fees and Expenses and Incentive Benefits, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486, at 2-3 (N.D. Cal. May 30, 2007) ("more than one hundred (100) depositions of certain of Defendants' officers and employees and third parties").