# LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX

\* also admitted in New Jersey
† also admitted in New York

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

January 23, 2013

*Via ECF and Hand Delivery*

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re: *In re Air Cargo Shipping Services Antitrust Litigation MD-06-1775*

Dear Magistrate Judge Pohorelsky:

Pursuant to Fed. Rule Civ. P. 28(b) and Article 1 of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, 23 U.S.T. 2555, 847 U.N.T.S. 231 ("Hague Convention" or "H.C."), Plaintiffs request an order issuing a revised Letter of Request for International Judicial Assistance to Obtain Testimony from John Cooper (the "Revised Letter of Request") (Exh. A).

This Court previously granted Plaintiffs' request for similar assistance in obtaining the testimony of John Cooper and issued a Letter of Request on June 19, 2012 (the "Original Letter of Request") (Exh. B, at Exh. A) (ECF No. 1715). That request was denied by the Crown Solicitor's Office ("CSO") of the Australian government without prejudice. *See* October 16, 2012 Letter from the NSW Attorney General & Justice ("CSO Letter") (Exh. A, Sch. A). The CSO noted that any revision to the Original Letter of Request should be more specific and provide additional information. *See* Exh. A, Sch. A. The Revised Letter of Request seeks to address those issues.

John Cooper is a former employee of Qantas Airways Limited ("Qantas"). As the Court may recall, Qantas pled guilty in the United States to participating in a conspiracy to fix the prices of cargo charged to customers in the United States and elsewhere from January 1, 2000 to

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Hon. Viktor V. Pohorelsky
January 23, 2013
Page 2

February 14, 2006. In addition, on January 13, 2011, Plaintiffs settled with Qantas in this case with the settlement receiving final approval on August 4, 2011.[1]  *See* ECF No. 1524.

    Mr. Cooper lives in Australia and is believed to possess knowledge highly relevant to Plaintiffs' claims. Mr. Cooper joined the Qantas Airways Limited's ("Qantas") freight division on August 21, 1989 as Manager, Express Services. *See* Exh. A, Sch. B[2] at ¶ 3. He was appointed to the position of Regional Freight Manager, Australasia from December 1, 1995. *See id.* On or about October 1, 1997 and until approximately November, 2003, he served as General Manager, Freight Sales & Marketing. *See id.* In this position, he had global responsibility for Qantas Freight's Sales and Marketing. *See id.* Among other things, Mr. Cooper should have relevant knowledge of Qantas' role in the conspiracy including direct communications and meetings between Qantas and other air cargo carriers concerning the price of air freight shipping services, including the imposition of surcharges. *See, e.g., id.* at ¶¶ 4-7.

    As set forth in Plaintiffs' letter motion requesting issuance of the Original Letter of Request that was filed with the Court on June 12, 2012, a Letter of Request is the appropriate means by which to obtain the testimony of Mr. Cooper. *See* June 12, 2012 Request (Exh. B) at 2-3. Because the Court has already determined that issuance of a Letter of Request to obtain the testimony of Mr. Cooper pursuant to the Hague Convention is warranted, the discussion in our original letter motion is not repeated here. Instead, Plaintiffs' discussion below addresses the specific concerns of the CSO.

    The CSO denied the Original Letter of Request because it determined it was overbroad and lacked certain specificity. According to the CSO, Exh. A, Sch. A at page 3:

> Any revision of the Request to be issued by the USD Court should try to set out the issues in dispute in the US Litigation with sufficient specificity to allow an order to be framed which would limit Mr. Cooper's testimony to questions intended to prove or disprove a disputed fact. The time period to be traversed in the testimony should be stated, by way of a date range. Where possible, the actual meetings and communication should be more precisely identified and limited to those of which Mr. Cooper has first hand knowledge. As much as possible, the

---

[1] As part of the settlement, Qantas agreed to provide cooperation in the form of, among other things, attorney proffers and witness interviews. However, although it does not object to Mr. Cooper providing cooperation, Qantas cannot secure his cooperation because he is no longer a Qantas employee. Therefore, Plaintiffs can only obtain information or testimony from Mr. Cooper through formal legal process.

[2] Attached as Schedule B to the Revised Letter of Request (Exh. A) is the Declaration of Howard J. Sedran in Support of Plaintiffs' Revised Request for International Judicial Assistance to Obtain Evidence From John Cooper Pursuant to the Hague Convention (the "Sedran Decl.").

LEVIN, FISHBEIN, SEDRAN & BERMAN

Hon. Viktor V. Pohorelsky
January 23, 2013
Page 3

       documents proposed to be shown to Mr. Cooper should be identified and proposed to be made available for his perusal before his examination.

       In addition to the substantive concerns addressed above, the CSO also advised that any revised letter of request should address certain issues with respect to how the examination of Mr. Cooper would be conducted. *See* Exh. A, Sch. A at 2-4. The Revised Letter of Request contains an amended "Special Methods or Procedures to be Followed" section that addresses the CSO's concerns. *See* Exh. A at 16-17. Plaintiffs' Australian Barrister has reviewed that section of the Revised Letter of Request to ensure that it is proper under Australian law.

       The Revised Letter of Request also addresses the CSO's doubts about the relevance of the inquiry beyond Qantas's involvement in the alleged conspiracy. *See* Exh. A at 14. Finally, the Revised Letter of Request is now addressed to the Supreme Court of New South Wales ("NSW"). *See* Exh. A at 2. Plaintiffs' Australian solicitor spoke with the CSO who advised that the Revised Letter of Request may be directly filed with the Supreme Court of NSW by Plaintiffs' Barrister, thus avoiding the interim step of first filing with the Attorney General's office. A Letter of Request may be properly addressed to the Supreme Court of NSW because it has been designated by Australia as an "Additional Authority" under H.C., Article 24.

       Additionally, Plaintiffs intend to provide the Supreme Court of NSW and the appointed Examiner with the Sedran Declaration and copies of the documents expected to be shown to Mr. Cooper. *See* Exh. A, Sch. B at ¶ 42. The Confidentiality Stipulation and Protective Order (ECF Nos. 552 and 599) ("Protective Order") does not expressly cover this situation. However, paragraph 25(h) of the Protective Order allows disclosure to "[a]ny other person authorized to receive such information by prior written consent of the Producing Party or prior order of this Court."[3] Accordingly, Plaintiffs request permission to file and serve copies of these papers on the Supreme Court of NSW and the appointed Examiner. Disclosure to Mr. Cooper is allowed under Paragraphs 25(g)(i) and (k) of the Protective Order. The papers will be filed in the Supreme Court of NSW with a request that the court in Australia enter an order that the materials be treated as Confidential or Highly Confidential with access only granted to the witness and his legal representatives, the examiner, the parties' and their legal representatives, and other persons in attendance at the examination (*e.g.* a court reporter, etc.).

       Any papers received by Plaintiffs or their designees from Australian judicial authorities or the Australian court, including all notices of hearing as well as the executed Revised Letter of Request, will be provided to the Clerk of Court for filing on the case docket.

---

[3] All but two of the documents were produced by settling Defendant Qantas. Two documents were produced by Defendant Polar Air Cargo, Inc. Although designated "Highly Confidential," the documents (Exh. B30) merely reflect an agenda of the Air Cargo Forum and Exposition and a participants list at a meeting in London of various air carriers. Plaintiffs will also serve a copy of this letter and the exhibits on counsel for Qantas.

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Hon. Viktor V. Pohorelsky
January 23, 2013
Page 4

                                                Respectfully Submitted,

Robert N. Kaplan                           Howard J. Sedran, Esq.
Gregory K. Arenson                      Austin Cohen, Esq.
KAPLAN FOX & KILSHEIMER LLP     Keith J. Verrier, Esq.
850 Third Avenue, 14th Floor           LEVIN, FISHBEIN, SEDRAN & BERMAN
New York, NY 10022                    510 Walnut Street
(212) 687-1980                             Philadelphia, PA 19106
                                              (215) 592-1500
Gary L. Specks
KAPLAN FOX & KILSHEIMER LLP     By:   */s/ Howard J. Sedran*
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By:   */s/ Gary L. Specks*


Hollis L. Salzman                        Michael D. Hausfeld
Jay L. Himes                                William P. Butterfield
Gregory S. Asciolla, Esq.                Brent W. Landau
LABATON SUCHAROW LLP             HAUSFELD LLP
140 Broadway                             1700 K Street, N.W., Suite 650
New York, NY 10005                    Washington, DC 20006
(212) 907-0700                             (202) 540-7200

By:   */s/ Hollis L. Salzman*             By:   */s/ Michael D. Hausfeld*