# LEVIN, FISHBEIN, SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN
STEWART M. WELTMAN **

* also admitted in New Jersey
† also admitted in New York
** admitted in Illinois only

February 22, 2013

*Via ECF and Hand Delivery*

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re: *In re Air Cargo Shipping Services Antitrust Litigation MD-06-1775*

Dear Magistrate Judge Pohorelsky:

Pursuant to Fed. Rule Civ. P. 28(b), Plaintiffs request an order issuing a Letter Rogatory/Letter of Request Seeking International Judicial Assistance [from the High Court of New Zealand] to Obtain the Testimony of Murray Gregg (the "Letter of Request") (Exh. 1).

Mr. Gregg is a former employee of Defendant Air New Zealand Limited d/b/a Airways New Zealand ("ANZ") who currently resides in New Zealand. Plaintiffs believe Mr. Gregg possesses knowledge that is highly relevant to Plaintiffs' claims in this case. As this Court is well aware, this case involves allegations that Defendants, including ANZ, and their co-conspirators engaged in a worldwide conspiracy to fix the prices for airfreight shipping services, including fuel and security surcharges, in violation of the U.S. antitrust laws. Mr. Gregg was employed for many years with ANZ and during that time held the following positions, among others: Manager of Cargo Sales reporting directly to the General Manager of Cargo (March 2001 through 2008) and Acting General Manager of Cargo (2003). *See* Exh. 2,[1] ¶ 5; *see also* Exh. 1, Exhs. A30-A33.[2]

---

[1] The Declaration of Howard J. Sedran in Support of Plaintiffs' Request for International Judicial Assistance (Letter Rogatory/Letter of Request) to Obtain Testimony from Murray Gregg is attached hereto as Exhibit 2.
[2] Attached as exhibit "A" to the Letter of Request (Exh. 1 to this Motion) are documents intended to be provided to Mr. Gregg for possible use at his examination.

LEVIN, FISHBEIN, SEDRAN & BERMAN

Hon. Viktor V. Pohorelsky
February 22, 2013
Page 2

      Mr. Gregg was responsible for ANZ's international cargo sales and marketing, and supervised Regional Cargo Managers. He has knowledge about ANZ's fuel and security surcharges. *See, e.g.,* Exh. 2, ¶¶ 5, 9-10. Mr. Gregg provided trial testimony in February of 2013 in connection with claims brought by the Australian Competition and Consumer Commission. *See id.*, ¶ 3. Therefore, Mr. Gregg should have knowledge of ANZ's meetings and communications with competitors and ANZ's policies and practices regarding fuel and security surcharges.[3]

      Rule 28(b) governs the taking of depositions in a foreign country. *See* Fed. R. Civ. P. 28(b). Rule 28(b)(1)(B) permits issuance of a Letter of Request seeking a deposition in a foreign country that is <u>not</u> a signatory to the Hague Convention,[4] such as New Zealand. It is not necessary that such Letter of Request be transmitted through the State Department as New Zealand law permits the Letter of Request to be transmitted to the High Court of New Zealand (the "High Court"). *See* U.S. Dep't of State, http://travel.state.gov/law/judicial/judicial_658.html; *see also* New Zealand Evid. Act of 2006 ("NZEA"), portions attached as Exh. 3, §§ 184, 185.

      The NZEA permits the High Court to issue an order for the taking of a deposition to be used overseas.[5] To obtain such an order, the High Court must receive a request from this Court. Through our New Zealand counsel, Plaintiffs will present the attached Letter of Request, once executed by the Court, to the High Court with an application (and supporting documents) to obtain the testimony of Mr. Gregg. The application and supporting materials will be served on Mr. Gregg who will then have the opportunity to oppose the application. After an opportunity to consider the application and any opposition, the High Court will, if the application is granted, issue the appropriate orders which will be sealed and served upon Mr. Gregg with a subpoena.[6] This is the process recommended by Plaintiffs' New Zealand counsel and recognized by the U.S. State Department. *See* http://travel.state.gov/law/judicial/judicial_658.html.

      When deciding whether to issue a Letter of Request, courts apply the "liberal discovery" standard permitted under the Federal Rules of Civil Procedure,[7] regardless of whether a Letter of Request is directed at a litigant or a non-party.[8] A letter of request is permitted when a litigant

---

[3] Mr. Gregg is no longer an ANZ employee and his personal counsel refuses to produce him for a deposition. Therefore, Plaintiffs can only obtain information or testimony from Mr. Gregg through formal legal process

[4] The *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, 23 U.S.T. 2555, 847 U.N.T.S. 231, will be referred to herein as "Hague Convention" or "H.C."

[5] *See* N.Z.E.A., Ex. 3, §§ 184, 185 (2)(a).

[6] *See* N.Z.E.A., Ex. 3, at §§ 184, 185.

[7] *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F.Supp.2d 769, 776 (S.D.N.Y. 2012); *In re Urethane*, 267 F.R.D. at 365, n.19.

[8] *Lantheus Medical Imaging, Inc.*, 841 F.Supp.2d at 776; *Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 541 (1987); *In re Global Power Equip. Group Inc.*, 418 B.R. 833, 850-851 (D. Del. 2009).

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Hon. Viktor V. Pohorelsky
February 22, 2013
Page 3

seeks to depose a non-party witness not subject to the court's jurisdiction.[9] Once transmitted to the foreign jurisdiction, the foreign court will enforce the Letter of Request pursuant to its domestic laws.[10]

The Letter of Request contains the substantive information required under the model Letter of Request contained in the H.C. *See* http://travel.state.gov/law/judicial/judicial_683.html (discussing contents of Letter of Request); *see also* H.C., Art. 3. A letter of request should provide the following information, all of which is contained in the Letter of Request here (Exh. 1): (i) the authority requesting its execution and the authority requested to execute it; (ii) names and addresses of the parties to the proceedings and their representatives; (iii) background information such as the nature of the proceedings for which the evidence is required, giving all necessary information; and (iv) a listing of the evidence to be obtained or other judicial act to be performed. In addition, the Letter of Request (Exh. 1) contains the following information: (i) Mr. Gregg's name and address; (ii) a detailed list of the evidence sought and the subject matter about which the witness will be examined; (iii) the requirement that the evidence is to be given on oath or affirmation with the form to be used; and (iv) a listing of special methods or procedures to be followed as recommended by Plaintiffs' New Zealand counsel.[11]

Additionally, Plaintiffs intend to provide the High Court and the appointed Examiner with the Letter of Request and the documents attached to the Letter of Request at Exhibits A1 through A34. The Confidentiality Stipulation and Protective Order (ECF Nos. 552 and 599) ("Protective Order") does not expressly cover this situation. However, paragraph 25(h) of the Protective Order allows disclosure to "[a]ny other person authorized to receive such information by prior written consent of the Producing Party or prior order of this Court." Accordingly, Plaintiffs request permission to file and serve copies of these papers on the High Court and any appointed Examiner. In addition, Plaintiffs may cite to and quote from the documents when applying to the High Court for assistance. Disclosure to Mr. Gregg is allowed under Paragraphs 25(g)(i) and (k) of the Protective Order. Any papers filed with the High Court will contain a request that the court in New Zealand enter an order that the materials be treated as Confidential or Highly Confidential with access only granted to the witness and his legal representatives, the examiner, the parties' and their legal representatives, and others attending the examination.

Any papers received by Plaintiffs or their designees from the New Zealand judicial authorities or the New Zealand court, including all notices of hearing as well as the executed Letter of Request, will be provided to the Clerk of Court for filing on the case docket.

---

[9] *Lantheus Medical Imaging, Inc.*, 841 F.Supp.2d at 776; *In re Urethane Antitrust Litig.*, 267 at 364; *Newmarkets Partners, LLC v. Oppenheimer & Cie. S.C.A.*, 2009 U.S Dist. LEXIS 43435, *3-4 (S.D.N.Y. May 22, 2009); *SEC v. Leslie*, 2009 U.S. Dist. LEXIS 24737, * 6 (N.D. Cal. Mar. 16, 2009); *Abbott Labs v. Impax Labs., Inc.*, 2004 U.S. Dist. LEXIS 13487, *6-7 (D. Del. July 15, 2004).
[10] *Lantheus Medical Imaging, Inc.*, 841 F.Supp.2d at 777.
[11] *See* H.C., Art. 3(a)-(i).

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Hon. Viktor V. Pohorelsky
February 22, 2013
Page 4

Respectfully Submitted,

Robert N. Kaplan
Gregory K. Arenson
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Howard J. Sedran
Austin Cohen
Keith J. Verrier
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

Gary L. Specks
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By: /s/ Howard J. Sedran

By: /s/ Robert N. Kaplan

Hollis Salzman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
601 Lexington Avenue Suite 3400
New York, NY 10022-4611
(212) 980-7400

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

By: /s/ Hollis Salzman

By: /s/ Michael D. Hausfeld