# CONDON & FORSYTH LLP

NEW YORK
LOS ANGELES

Direct Dial: (212) 894-6740
Direct Fax: (212) 370-4482
mholland@condonlaw.com

VIA ECF and BY HAND

March 28, 2013

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201-1818

**Re:**     **In re Air Cargo Shipping Services Antitrust Litigation – 06 MD-1775**

Dear Magistrate Judge Pohorelsky:

We are counsel for defendant Air New Zealand in the above referenced matter and respectfully submit the following opposition to plaintiffs' letter motion dated March 7, 2013 requesting that the Court require Air New Zealand to produce trial documents and witness affidavits from the price-fixing trial proceeding between the Australian Competition and Consumer Commission ("ACCC"), Applicant, against P.T. Garuda Indonesia Ltd. (Garuda), Respondents and Air New Zealand before the Federal Court of Australia, New South Wales Registry.

Plaintiffs' request should be denied for the following reasons:

1.     ***Plaintiffs' Request Do Not Comply with the Letter Agreement.*** The December 7, 2009 Letter Agreement requires plaintiffs' to show that the additional requested documents are (a) relevant to a claim or defense asserted in this action; (b) that production of the documents will not require a generalized document search or other unreasonably burdensome collection effort by Air New Zealand; and (c) there exists good cause as to why plaintiffs require such documents. Plaintiffs fail to meet the requirements set forth in the Letter Agreement.

Plaintiffs' requests lack specificity as to the types of documents they are requesting. Indeed, plaintiffs have asked in Request No. 1 for "all documents, exhibits and affidavits submitted by the ACCC in connection with the proceedings." The ACCC, beginning in November of 2010, brought proceedings against Korean, Singapore, Cathay Pacific, Emirates, Thai International, Japan Air Lines, Malaysian, Garuda and Air New Zealand. All of these airlines were required to produce documents by Orders entered by Justice Jacobson in Federal Court of Australia, New South Wales District Registry, General Division, dated November 19, 2010, May 27, 2011 and

CONDON & FORSYTH LLP

Honorable Viktor V. Pohorelsky
March 28, 2013
Page 2

by Justice Perram on November 7, 2012. Copies of these Orders are annexed hereto as Exhibits "A", "B" and "C".

Plaintiffs' request seeks *all* documents submitted by the ACCC as to all parties, not only Air New Zealand. The letter agreement did not reasonably contemplate the wholesale integration of all discovery production and evidence before the Federal Court in the ACCC's antitrust action and plaintiffs' motion to compel should be denied.

2.      ***The Implied Undertaking and Confidentiality in the ACCC Proceedings.*** There is a general principle of discovery in the Federal Court of Australia that documents obtained by discovery can only be used for the purposes of the court proceedings in which the documents were produced, unless and until those documents are admitted into evidence or their contents referred to in open court. With limited exceptions, none of which are here applicable, the documents cannot be used in another proceeding without leave of the Federal Court of Australia. This general principle is called the "implied undertaking" and it applies to all documents, information acquired from a document, witness statements, affidavits and expert reports. *See Harman* v. *Home Office,* 1 All ER 532 (1982), a copy of which is annexed hereto as Exhibit "D", an English House of Lords decision which is well accepted and regularly applied in the Federal Court of Australia. *See Hearne v. Street* 235 CLR 125 at 154-162 (2008) (High Court of Australia). A copy of this decision is enclosed as Exhibit "E".

The rationale for the "implied undertaking" was described in *Harman*, 1 All ER 532. It "affords a particular protection accorded in the interests of the proper administration of justice. It is owed not to the owner of the documents but to the court." *Id.* At 541. As such, violation of the "implied undertaking" is a civil contempt of court. The penalties that may be suffered by Air New Zealand in the Federal Court of Australia for breaching the "implied undertaking" are therefore severe.

Because the ACCC proceedings against the various airlines were to be heard together, Justice Jacobson granted the parties to those proceedings the following limited release from that "implied undertaking", specifically, that "each party be permitted to use in each of the air cargo proceedings documents discovered or produced in any one air cargo proceeding and each party is to that extent released from its implied undertaking to only use documents discovered or produced in a proceeding for the purposes of that proceeding." *See* Exhibit "A", para. 2. As is evident from the terms of that limited release, the parties were not free to use any of the documents for any purposes outside the ACCC proceedings.

CONDON & FORSYTH LLP

Honorable Viktor V. Pohorelsky
March 28, 2013
Page 3

As a result of this ruling, Air New Zealand received some 4,400 documents and affidavits from the ACCC (in support of its claims) and the other airlines (in support of their defenses). *See* Exhibit "A", para. 3. All documents were received by Air New Zealand, subject to claims of confidentiality by the party producing the documents, *see* Exhibit "A", para. 4, and subject to any rulings as to admissibility. *See* Exhibit "A", para. 1. To the extent that these documents were the subject of confidentiality claims made by persons or entities other than Air New Zealand, Air New Zealand is, as a matter of Australian law, not permitted to disclose those documents until such time as those confidentiality claims are abandoned by the party claiming confidentiality or resolved by the Australian court. The abandonment or resolution of confidentiality claims does not relieve the parties of their obligations with respect to the "implied undertaking".

Following settlement by a number of airlines with the ACCC, the only unresolved proceedings in the Australian Court are against Air New Zealand and Garuda.

The ACCC proceedings against each airline other than Air New Zealand and Garuda were settled at an early stage, such that neither the ACCC nor those airlines adduced any evidence in those proceedings. For that reason, documents (including affidavits) served in those proceedings, were never admitted into evidence, except to the limited extent described below, and all of these documents are subject to the "implied undertaking" (again, except as described below).

Some of the documents served in connection with the other ACCC proceedings have been tendered by the ACCC and Air New Zealand in the ongoing proceedings against Air New Zealand, and admitted into evidence. The "implied undertaking" does not prevent the disclosure of this limited subset of documents. Nevertheless, some of these documents are the subject of confidentiality orders under the *Federal Court Act 1976* (Commonwealth of Australia). Disclosure of information which is the subject of those orders is prohibited by Australian law.

In addition to the confidentiality orders imposed by the Federal Court of Australia, Air New Zealand could not produce documents served by other parties in the ACCC proceedings without first notifying the producing party and resolving any outstanding confidentiality claims in respect of such documents. This would be an extremely burdensome process. Air New Zealand would have to contact counsel for the ACCC and for each of the relevant airlines and try to determine which documents are confidential and not subject to production. Clearly, plaintiffs cannot meet their burden of showing that this would not place an unreasonable and burdensome collection obligation on Air New Zealand.

3. ***Plaintiffs' Requests Require an Australian Court Order.*** As previously noted, there is a general principle of discovery in Australia that documents obtained by discovery can only be

CONDON & FORSYTH LLP

Honorable Viktor V. Pohorelsky
March 28, 2013
Page 4

used in the court proceeding in which the documents were produced unless and until they are received into evidence or their contents referred to in open court. The documents cannot be used in another proceeding without leave of the court. This general principle applies to all documents, information acquired from a document, witness statements, affidavits and expert reports. While Justice Jacobson and Justice Perram gave limited exceptions to this general principle in their Orders, Exhibits "A", "B" and "C" hereto, the rule in Australia is that a non-party to an action, such as plaintiffs, is required to apply to the Federal Court in Australia in order to obtain access to documents in proceedings in the Australian courts. An extract from the relevant Rules of the Federal Court in Australia is attached hereto as Exhibit "F" and provides that "a person who is not a party is not entitled to inspect a document that the Court has ordered be confidential; ... a person may apply to the Court for leave to inspect a document that the person is not otherwise entitled to inspect. Rule 2.32 (2) and (4).[1]

To the extent that Plaintiffs wish to pursue these documents, the appropriate course, having regards to Air New Zealand's obligations to the Federal Court of Australia, is for plaintiffs to make the appropriate application to the Federal Court of Australia.

4.    *Plaintiffs' Requests for Affidavits.* Plaintiffs' seek affidavits from former Air New Zealand employees Murray Gregg, Maggie Goh, Ronnie Chew and Cathay Pacific employee Christine Liu (item 3 of plaintiffs' February 13, 2013 letter). These affidavits have been tendered into evidence in the proceedings before the Federal Court of Australia subject to objections of admissibility made by the ACCC.

The affidavit of Peter Elmsly was served but has not been read in open Court and is not part of the evidence. No other affidavits of other present or former Air New Zealand employees were served in the ACCC proceedings. Air New Zealand maintains its claim of attorney-client and work product privilege over any other documents prepared in connection with the ACCC proceedings by Air New Zealand or its counsel, including draft affidavits. *See* Fed. Rule Evid. 501.

5.    *Plaintiffs' Request Documents That Do Not Exist.* Plaintiffs' requests for "all memoranda or statements of law" filed by Air New Zealand or the ACCC is misplaced (items 5 and 6 of plaintiffs' February 13, 2013 letter). Memoranda or statements of law are not generally filed in the Australian Courts at this stage of the proceedings, except in connection with interlocutory disputes and questions as to the admissibility of evidence. Any memoranda of law

---

[1] Air New Zealand understands that an application seeking these documents was made by class action counsel in Australia in November of 2012 but that application has not been granted.

CONDON & FORSYTH LLP

Honorable Viktor V. Pohorelsky
March 28, 2013
Page 5

relating to such interlocutory disputes are irrelevant to plaintiffs' motion to compel. One reason for this is that the rules of pleading and evidence in the Federal Court of Australia are governed by the *Federal Court of Australia Act 1976* (Commonwealth of Australia), *Federal Court Rules 2011* (Commonwealth of Australia) and the *Evidence Act 1995* (Commonwealth of Australia). Those rules bear little resemblance to the Federal Rules of Civil Procedure and Federal Rules of Evidence applicable here. There are no substantive memoranda of law that touch on the underlying conduct at issue.

In conclusion, plaintiffs' letter motion dated March 7, 2013 should be denied. Plaintiffs' requests are too broad, lack specificity, request documents that require an unreasonably burdensome collection effort by Air New Zealand, cannot be produced without a court order issued by the Federal Court of Australia and do not fall within the terms of the Letter Agreement dated December 7, 2009.

Respectfully submitted,

CONDON & FORSYTH LLP

By: *[signature]*
Michael J. Holland

MJH/mar

Enclosures