

DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

David H. Bamberger
david.bamberger@dlapiper.com
T  202.799.4500
F  202.799.5500

March 28, 2013

**Via ECF**

The Honorable Viktor V. Pohorelsky
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Room 727S
Brooklyn, NY 11201

Re:   *In re Air Cargo Shipping Services Antitrust Litigation, MDL 1775 (JG) (VVP)*

Dear Magistrate Judge Pohorelsky:

Defendants Cathay Pacific Airways Ltd. ("Cathay Pacific") and Singapore Airlines Cargo Pte Ltd. and Singapore Airlines Limited, (collectively, "Singapore") submit this separate opposition to Plaintiffs' Motion to Compel Air New Zealand to produce documents and witness affidavits from the Australian Competition and Consumer Commission ("ACCC") proceeding. (Dkt. No. 1813, filed March 7, 2013).

Although plaintiffs' motion to compel was filed against Air New Zealand, Cathay Pacific and Singapore Airlines Cargo Pte Ltd. were previously parties to the ACCC proceedings in Australia and are potentially impacted by plaintiffs' motion. Plaintiffs' motion expressly seeks witness affidavits submitted by Cathay Pacific and could potentially also extend to expert materials, documents and other witness statements submitted by Cathay Pacific and Singapore. (See pp. 2 of Dkt. No 1813). Thus, Cathay Pacific and Singapore have a significant interest in the outcome of this motion.

**I.   Plaintiffs Are Seeking Materials to which They Are Not Entitled in the ACCC Proceeding.**

The plaintiffs in the U.S. action could not simply obtain the same materials by requesting them in the ACCC proceeding from Air New Zealand, Cathay Pacific or Singapore. To obtain these materials, it would be necessary for the plaintiffs to make an application to the Court. *See* Rule 2 32(4) of the [Australian] Federal Court Rules, 2011 (non-party may apply for leave of Court to inspect a document that the person is not otherwise entitled to inspect, such as an Affidavit). To the best of defendants' knowledge, plaintiffs have not even attempted to do that; instead, they are attempting to take advantage of the liberal discovery afforded in the U.S. to seek these documents through the "back door."

Honorable Viktor V. Pohorelsky<br>
March 28, 2013<br>
Page Two

Plaintiffs have not made such an application because they are presumably rightly concerned that their application would be denied by the Australian Court. Schenker, a member of the putative class, tried to do exactly that in the New Zealand Commerce Commission proceeding ("NZCC"), which has a similar application procedure, and the Court denied their request for the materials, finding that "to give disclosure to Schenker [the applicant] for no apparent good reason would go against the orderly and fair administration of justice." (Exhibit A, *Commerce Commission v. Air New Zealand Limited*, HC AK CIV-2008-404-008352 at [49] (12 Dec. 2011).

In the NZCC case, Schenker requested, among other things "the affidavits [and] briefs of evidence." (Exhibit A at [4]). Despite the "presumption of disclosure and access" afforded in New Zealand, the Court denied Schenker's request, stating that "[i]t is very important that in a regulatory dispute such as this that parties in conflict be able to provide information to each other without fear of it being disclosed to third parties or used for purposes ulterior to the [NZCC] hearing." (Exhibit A at [39]). The Court specifically stated that in connection with affidavits, the parties decided what to disclose to the Court and if those disclosures could be used by non-parties in other proceedings that "it is not in the interests of justice for full disclosure to be discouraged." (Ex. A at [40]).

The same logic applies to any effort to discover documents submitted in proceedings in a foreign jurisdiction, to which plaintiffs are non-parties. It makes even more sense where, as here, plaintiffs are seeking discovery from a party that did not even submit the materials in the foreign proceeding in the first instance. There is no justification for plaintiffs to be able to discover these materials here.

## II. Contrary to Plaintiffs' Assertion in Their Motion to Compel, These Documents Are Not Relevant to the U.S. Action

In their motion, plaintiffs state that "the requested affidavits from fact witnesses are sworn statements of witnesses with information relevant to the claims and defenses in this litigation." The affidavits that plaintiffs are seeking do not relate to this litigation: they were drafted with the legal regime and defenses of another jurisdiction in mind.

Plaintiffs incorrectly assert that the expert affidavits and related materials regarding the market and governmental regulation are relevant to this case. The market in the ACCC proceeding, according to the Sixth Amended Statement of Claim, is for air cargo "for dispatch to and from Australia." By contrast, the air cargo shipments at issue in this case are to and from the United States. Moreover, the Sixth Amended Statement of Claim does not (as plaintiffs contend) allege a "global conspiracy;" and the allegations at issue in the ACCC proceedings pertain to traffic between Australia and other countries, which requires a different legal analysis. For example, regulation by the Hong Kong government of surcharges between Hong Kong and Australia is governed, in part, by the Air Services Agreement ("ASA") between those two governments – which is different from the ASA between the United States and Hong Kong

during the relevant period. The experts in the ACCC proceeding were opining on the relationship of different governments, and they were doing so in light of the substantive law and defenses in Australia.

### III. Plaintiffs Are Attempting to Circumvent the Letter Agreements with Cathay Pacific and Singapore.

Like most of the defendants in this case, Cathay Pacific and Singapore negotiated, and entered into, separate Letter Agreements with plaintiffs that govern the document discovery in this case. These Letter Agreements were bargained for by both sides, and defendants agreed to relinquish objections to certain materials and to produce them to plaintiffs in exchange for plaintiffs foregoing the right to seek additional documents without "good cause." Rather than seeking the materials from Cathay Pacific and Singapore, plaintiffs are seeking the materials from another defendant who only has access to them by virtue of its participation in a foreign proceeding.

Plaintiffs do not have "good cause" to seek these materials here. Plaintiffs have access to more than 12 million pages of discovery produced in this case pursuant to the Letter Agreements. Plaintiffs have made no showing that the information they seek from Air New Zealand is not available from those documents. And, as plaintiffs themselves admit, the witnesses for whom affidavits were submitted in Australia have been deposed or will be deposed in this case. Indeed, Christine Liu testified at her deposition in this case on April 8, 2011 for a full day. It is not necessary for plaintiffs to obtain any of these affidavits when they have had access to the witnesses in this case. Plaintiffs are not asserting that unavailability is a problem here, nor could they.

\* \* \*

In sum, plaintiffs' counsel are trying to avoid the strictures of the Australian proceedings and the Letter Agreements. Furthermore, the documents they seek are not relevant to these proceedings for the reasons described above. Thus, Cathay Pacific and Singapore submit that, whatever relief, if any, the Court may afford plaintiffs with respect to Air New Zealand's materials, the Court should deny the motion to compel Air New Zealand to produce any materials other than its own, such as, for example, Cathay Pacific's and Singapore's witness affidavits and expert affidavits submitted in the ACCC proceeding.

Honorable Viktor V. Pohorelsky
March 28, 2013
Page Four

Respectfully Submitted,

By: ___/s/_____
      David H. Bamberger

Margaret M. Zwisler
William R. Sherman
LATHAM & WATKINS LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 20004
(202) 637-2200 (telephone)
(202) 637-2201 (facsimile)

Counsel for Defendants
SINGAPORE AIRLINES
CARGO PTE LTD and SINGAPORE
AIRLINES LIMITED

David H. Bamberger
Deana L. Cairo
DLA PIPER US LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4000 (telephone)
(202) 799-5000 (facsimile)

Counsel for Defendant
CATHAY PACIFIC AIRWAYS LTD.