

202.540.7200 ph
202.540.7201 fax

1700 K Street, NW
Suite 650
Washington, DC 20006

May 23, 2013

**By ECF**
The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY  11201

Re:  *In re Air Cargo Shipping Services Antitrust Litigation*, MDL 1775

Dear Judge Pohorelsky:

Plaintiffs respectfully move to compel Defendants Polar Air Cargo LLC ("Polar"), Polar Air Cargo Worldwide, Inc. ("PACW"), and Atlas Air Worldwide Holdings, Inc. ("AAWW") (collectively, "the Polar Defendants") to produce Polar's corporate minute book,[1] stock records, and bylaws,[2] and to answer interrogatories seeking the names, titles, and dates of service of all directors and officers of the Polar Defendants and identification of all payments between and among the Polar Defendants, including all dividends, capital contributions, loans, and loan repayments.[3] Each of Plaintiffs' requests is relevant to piercing Polar's corporate veil to hold AAWW liable for Polar's conduct. The Polar Defendants have refused to produce a single document or provide any information in response to these requests.[4]

Your Honor has already ruled that Plaintiffs are entitled to discovery on their veil-piercing allegations. Ex. 5, Tr. of Jan. 20, 2011 Discovery Conference, at 26:11-20 ("[Plaintiffs] have various theories for why Atlas Air should be held liable . . . and so it seems to me they're entitled to explore that at a minimum and any other number of other matters."); *id.* at 30:12-16 ("They are entitled to find if there is more than that" "some employee . . . wearing two hats"); *id.* at 35:2-16 ("[T]hey're entitled to get more discovery to enable them to meet the notion as a matter of law AAWW can not be found liable.").

The information sought by Plaintiffs' narrow document requests and interrogatories go

---

[1] *See* Cal. Corp. Code § 1500 ("Each corporation shall keep adequate and correct books and records of account and shall keep minutes of the proceedings of its shareholders, board and committees of the board and shall keep at its principal executive office, or at the office of its transfer agent or registrar, a record of its shareholders, giving the names and addresses of all shareholders and the number and class of shares held by each.").

[2] Ex. 1, Plaintiffs' Fifth Set of Requests for Production, Request Nos. 1-3; *see also* Ex. 2, Defendants Polar Air Cargo, LLC's, Polar Air Cargo Worldwide, Inc.'s, and Atlas Air Worldwide Holdings, Inc's Objections and Responses to Plaintiffs' Fifth Set of Requests for Production. Plaintiffs are not moving to compel a response to Request No. 4 of their Fifth Set of Requests for Production.

[3] Ex. 3, Plaintiffs' Fourth Set of Interrogatories, Interrogatory Nos. 1-2; *see also* Ex. 4, Defendants Polar Air Cargo, LLC's, Atlas Air Worldwide Holdings, Inc's, and Polar Air Cargo Worldwide, Inc's Objections and Responses to Plaintiffs' Fourth Set of Interrogatories.

[4] The parties met and conferred by telephone on May 15, 2013 but were unable to resolve this dispute.

HAUSFELD LLP

May 23, 2013
Page 2

directly to the quintessential veil-piercing issues of whether Polar's corporate formalities were disregarded and the extent of overlapping ownership, officers, and directors. *Wm. Passalacqua Builders v. Resnick Developers S.*, 933 F.2d 131, 139 (2d Cir. 1991) (also addressing "whether the related corporations deal with the dominated corporation at arms length, whether the corporations are treated as independent profit centers, the payment or guarantee of debts of the dominated corporation by other corporations in the group, and whether the corporation in question had property that was used by other of the corporations as if it were its own") (numbering omitted). There is no burden associated with producing this limited set of documents or providing discrete categories of information.[5]

For the first time in over seven years, the Polar Defendants now contend that "discovery seeking information to support Plaintiffs' attempt to pierce the corporate veil of Polar… is premature where no judgment has been entered against Polar." Ex. 4, at 4; *see also* Ex. 2. But there is no requirement that a judgment must be obtained and unsatisfied prior to piercing the corporate veil. *See Chase Manhattan Bank Nat'l Ass'n v. 264 Water St. Assocs.*, 174 A.D.2d 504 (N.Y. App. Div. 1st Dep't 1991) ("Nor is it necessary that an unsatisfied judgment first be obtained to pierce the corporate veil."); *Ross v. Jill Stuart Int'l Ltd.*, 275 A.D.2d 650, 651 (N.Y. App. Div. 1st Dep't 2000) (affirming denial of summary judgment and rejecting argument "that claims based on their alleged alter-ego relationship with the codefendant may not be asserted against them before there has been a finding of liability as against the codefendant"); *Path Instruments Int'l Corp. v. Asahi Optical Co.*, 312 F. Supp. 805, 811 (S.D.N.Y. 1970) (rejecting argument that plaintiff "must be relegated to proceeding against [the subsidiary] only and permitted to recover from [the parent] only in the event that any resulting judgment against [the subsidiary] is unsatisfied").[6]

In an effort to delay these proceedings, Polar may point to a line of New York state cases, dating from the 1920s and 1930s, suggesting that a plaintiff must first exhaust legal remedies against a subsidiary before seeking to pierce the veil of the parent. *See Eskimo Pie Corp. v. Whitelawn Dairies, Inc.*, 266 F. Supp. 79, 82 (S.D.N.Y. 1967) (citing cases from 1925 and 1933); *see also Abu-Nassar v. Elders Futures*, 1991 U.S. Dist. LEXIS 3794 (S.D.N.Y. Mar. 28, 1991) (discussing *Eskimo Pie*). Even if those cases remain good law, they do not apply here to bar the discovery Plaintiffs seek.[7] As *Abu-Nassar* makes clear, a judgment against a subsidiary is not a prerequisite when the subsidiary is insolvent or when public policy dictates that exhaustion

---

[5] Under the parties' Letter Agreement, a showing of "good cause" is required for production of additional documents. Ex. 6, Letter Agreement. Because the requested documents are so relevant to the veil-piercing issue and are not otherwise available to Plaintiffs, the "good cause" standard is met here. The Letter Agreement does not impose any additional "good cause" requirement for interrogatories.

[6] The law of California, Polar's state of incorporation, is not inconsistent. *See, e.g., Vieste, LLC v. Hill Redwood Dev.*, 2011 U.S. Dist. LEXIS 29137, at *9-10 (N.D. Cal. Mar. 9, 2011) (under California law, discovery on alter-ego should go forward during regular discovery period in case); Daniel T. McCloskey, *Alter Ego: Piercing the Corporate Veil*, California Lawyer (Nov. 2008).

[7] California courts do not appear to have adopted the *Eskimo Pie* approach. Polar has previously argued that California law should apply to these veil-piercing claims. *See* ECF No. 1353, n. 1 (Dec. 31, 2010).

HAUSFELD LLP

May 23, 2013
Page 3

should not be required. 1991 U.S. Dist. LEXIS 3794, at *49-50. Without question, Polar would be unable to satisfy a judgment out of its own meager assets.[8]

Moreover, public policy dictates that Plaintiffs' claim for veil-piercing be pursued simultaneously with their claim of AAWW's direct participation in the conspiracy. The Polar Defendants' proposal – that Plaintiffs first complete discovery on other issues, proceed to trial, litigate appeals, and attempt to collect a judgment, all before beginning again on veil-piercing – would be unnecessary, wasteful, and inefficient. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 36 (S.D.N.Y. 1984) (rejecting motion for bifurcated trial on damages in veil-piercing case, noting that "[a] single trial tends to lessen the delay, expense and inconvenience to all concerned, and the courts have emphasized that separate trials should not be ordered unless such a disposition is clearly necessary"). This is particularly so given that Plaintiffs also allege that AAWW is directly liable for participation in the conspiracy, meaning that AAWW will be part of the case with or without the veil-piercing issue. *Path Instruments*, 312 F. Supp. at 811 (rejecting argument that the plaintiff should be required to obtain a judgment against the subsidiary before proceeding against the parent when the plaintiff had claims against the parent both under a veil-piercing theory and its direct participation in a conspiracy to induce breach of contract). Plaintiffs' requested discovery is not premature. *Abu-Nassar*, 1991 U.S. Dist. LEXIS 3794, at *66-67 (granting motion to compel discovery responses on facts relevant to veil-piercing in normal course of discovery); *Minelli Constr. Co. v. United Derrickmen & Riggers Ass'n, Local 197*, 1990 U.S. Dist. LEXIS 15214, at *13 (S.D.N.Y. Nov. 12, 1990) (concurrent discovery permitted on alter ego claim).

Nor is there anything wrong with Plaintiffs' request for information covering the period from January 1, 2000 through March 31, 2009 – the very same time period used for production of Defendants' sales data in this case. Evidence that in the years following the Class Period, AAWW was dominating and controlling Polar or that the companies disregarded corporate formalities is probative and relevant to Plaintiff's veil-piercing claims. *Abu-Nassar*, 1991 U.S. Dist. LEXIS 3794, at *60-61 (granting motion to compel interrogatory responses as to years before and after core dispute because they "might be highly probative" to veil-piercing).[9]

---

[8] The only assets Polar retained after 2007 have no value, as they lack future economic benefit. *See* ECF No. 1429, at 2 (Mar. 28, 2011). And when Polar pleaded guilty to participating in the air cargo conspiracy, the DOJ agreed to accept installment payments of $2.4 to $3 million per year for five years pursuant to 18 U.S.C. § 3572(d), which allows criminal defendants who lack sufficient financial resources to make immediate payment to follow an installment schedule representing "the shortest time in which full payment can reasonably be made." Plea Agreement, *United States v. Polar Air Cargo, LLC*, No. 10-242, ECF No. 10, ¶ 8 (D.D.C. Oct. 15, 2010). Apparently anticipating this insolvency issue, the Polar Defendants suggest that veil-piercing is "unnecessary where Plaintiffs successfully added Defendant PACW as a successor to Polar." Ex. 2; Ex. 4. But Plaintiffs are not aware of any case holding that the liability of a successor company precludes, as a matter of law, piercing the corporate veil to reach the parent, and, in any event, the Polar Defendants have not forsworn an appeal of Judge Gleeson's ruling on PACW's liability.

[9] The March 11, 2008 Stipulation and Order Regarding Preservation of Documents and Electronically Stored Information, ECF No. 725, is not to the contrary, as it relates only to what the parties must preserve, not what they must produce, and, in any event, required certain information to be preserved through March 31, 2009.

HAUSFELD LLP

May 23, 2013
Page 4

                                        Respectfully submitted,

                                        */s/ Melinda R. Coolidge*
                                        Melinda R. Coolidge