UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE

AIR CARGO SHIPPING SERVICES
ANTITRUST LITIGATION

06-MD-1775

**ALL CASES**

M.D.L. No. 1775
-----------------------------------------------------------x

**MEMORANDUM ORDER**

The plaintiffs have moved to compel the defendant Air New Zealand ("ANZ") to produce various documents related to a trial in Australia in which the Australian Competition and Consumer Commission ("ACCC") brought a claim against ANZ and other providers of air cargo transportation services asserting a conspiracy to fix certain surcharges similar to those at issue here. As narrowed, the plaintiffs' requests (i) seek the trial exhibits entered into evidence by the ACCC and ANZ, including witness affidavits and legal briefs that were filed or exchanged between the parties, (ii) fact witness affidavits obtained by ANZ regardless of whether they were entered into evidence, and (iii) the two expert reports of the ACCC and ANZ experts. ANZ has filed opposition to the motion. In addition, as some of the documents covered by these requests are documents that were produced in discovery in the Australian proceedings by Cathay Pacific Airways Ltd. or by Singapore Airlines Cargo Pte Ltd. and Singapore Airlines Limited (collectively "Singapore"), Cathay Pacific and Singapore have also jointly filed opposition.

Upon considering the arguments made in the papers and at a hearing on June 10, 2013, I conclude that the motion should be granted in part and denied in part. ANZ is required to produce only those documents – including trial exhibits, affidavits and expert reports – that were entered into evidence at the trial. Because they have been entered into evidence, they are no longer subject to the implied undertaking recognized under Australian law that cloaks them with a measure of protection. To the extent that any of the documents are subject to confidentiality accorded by some other source under Australian law, it will be the burden of ANZ, Cathay Pacific, or Singapore to make a motion for a protective order

specifying with particularity the documents for which they seek protections and the basis for the assertion that they are protected by confidentiality recognized by Australian law.[1]

To the extent that the plaintiffs seek documents that were not entered into evidence the motion is denied.  As an initial matter, this court should not unnecessarily interfere with the confidentiality protections accorded under Australian law in connection with that jurisdiction's legal proceedings, as those protections have undoubtedly been established in the belief that they will promote the ends sought to be accomplished in those proceedings.  Any order of this court requiring the production of documents obtained by ANZ in the Australian proceedings, but not entered into evidence there, would conflict with those protections.  Here, in a Letter Agreement between the plaintiffs and the defendants, the parties agreed that discovery of the type sought here would require a showing of good cause.  That concept is not defined, but I conclude that it must require something more than a showing of mere relevance as that term is understood in the context of discovery under the Federal Rules of Civil Procedure, i.e., anything "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The concept is also flexible enough to permit the court to consider the impact of its discovery rulings on such matters as comity and the possibility that an order compelling discovery might expose a party to sanctions of some nature in a foreign jurisdiction.

In considering the potential evidentiary significance of the documents (i.e., exhibits, affidavits and expert reports) not entered into evidence at the ACCC trial, I find that it is not sufficient to clear the good cause threshold.  As it relates to the claims in this court, the relevance of the documents involved in the ACCC proceedings is reduced, since those proceedings were focused on surcharges affecting routes to and from Australia, whereas the claims here are limited to routes to and from the United States.  Thus, the potential

---

[1] The parties agree that none of ANZ's own documents are subject to any confidentiality protections and therefore ANZ is required to produce all of their own documents, affidavits and expert reports that were entered into evidence.  ANZ may, however, seek a protective order with respect to documents of other parties that were entered into evidence but which they believe are still protected by some measure of confidentiality.

significance to the proceedings here of materials merely produced in discovery in connection with the Australian proceedings, but not considered sufficiently probative to be introduced in evidence in those proceedings, is even more limited.  When weighed against the protections that remain in place under Australian law with respect to materials not introduced in evidence, the potential value of those materials to the plaintiffs is insufficient to satisfy the good cause the parties have agreed is necessary to order production of those materials.

ANZ is directed to produce the materials required by the above order within 30 days. Any motions for protective orders with respect to any of those materials are to be filed within 20 days, and the parties are to agree on a schedule for further submissions in connection with any such motions.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         June 11, 2013