**William R. Sherman**
Direct Dial: 202-637-1094
william.sherman@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Doha | Riyadh |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

September 11, 2013

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *In re Air Cargo Shipping Services Litigation*, 06-MD-1775 (JG)(VVP)

Dear Magistrate Judge Pohorelsky:

Defendants submit this opposition to plaintiffs' motion seeking reimbursement for international telephone charges incurred in connection with the depositions of John Cooper, K.K. Wu, and Eddie Liu (Dkt. No. 1899, filed Sept. 4, 2013). Because no rule or agreement between the parties supports plaintiffs' request, and because requiring plaintiffs to bear these costs is not inequitable, their motion should be denied.

Plaintiffs cannot point to any agreement between the parties that supports their request. The draft stipulation referenced by plaintiffs is not a basis for the relief they seek. The stipulation discussed between the parties, even if it had been executed with respect to the depositions at issue, deals exclusively with the distribution of exhibits to counsel attending depositions telephonically, and is silent on the subject of teleconference costs. In fact, plaintiffs have never approached defendants prior to a deposition to discuss teleconference costs. Thus, defendants have no way of knowing whether the parties could have made teleconference arrangements at a much lower cost. To be clear, defendants do not accuse plaintiffs of inflating those costs; but without any prior discussion or information, it is simply unfair to demand, after the fact, that defendants pay the cost of telephonic service that is generally provided by the party that notices or hosts a deposition.

Further, plaintiffs cite no rule allowing, much less requiring, such post-deposition cost-shifting. Local Civil Rule 30.1 provides that a party may move the Court to issue an order prior to a deposition that requires the adverse party to pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each other party at a deposition taking place 100 miles from the courtroom. This rule is meant to encourage parties to consider "less costly alternatives" and allows the Court to weigh the equities between parties when the strategic choices of one party would cause another to incur inordinate expense. *Teen Model v. Blood is the New Black*,

No. 11 Civ. 05766, 2012 WL 5838185 at *1 (S.D.N.Y. Oct. 26, 2012) (construing identical Local Civil Rule 30.1 and awarding travel costs of counsel for deposition noticed by adverse party). Notably, post-deposition petitions are disfavored. *Id*.

Under this rule, *defendants* could have petitioned the Court to shift the cost of their attendance at the depositions of John Cooper, K.K. Wu, and Eddie Liu to plaintiffs, which would have required plaintiffs to pay travel costs and reasonable counsel fees for one attorney from each defendant. As plaintiffs point out in their motion, such travel expenses would have been extremely expensive, and teleconference lines were much more cost-efficient. And even if plaintiffs could somehow invoke this rule with respect to depositions that they themselves noticed, they did not petition the Court for teleconference expenses before the depositions occurred. Further, they fail to explain why these costs are different from other costs incurred in this litigation, which they undoubtedly would seek to add to their reimbursement request to the Court should plaintiffs prevail.

Finally, defendants' refusal to pay these teleconference costs is not inequitable. As plaintiffs concede, defendants have provided teleconference arrangements and conference rooms for the vast majority of depositions in this case, even international depositions noticed by plaintiffs. For example, Cathay Pacific provided teleconference arrangements for the deposition of Christine Liu in Hong Kong. Asiana provided teleconference arrangements for the depositions of Bong Won Seo, Freeman Dung and Young Joon Woo in Korea, as well as the deposition of Yoon Kyu Oh in England. Further, plaintiffs' counsel have attended U.S. depositions using teleconference lines provided by defendants, including those provided by Singapore Airlines for the deposition of James T. McClave and Asiana for the deposition of Roger Haack. Defendants have never sought reimbursement for these costs from plaintiffs.

Defendants remain willing to discuss a procedure for allocating teleconference costs of future depositions, as proposed in defendants' letter to plaintiffs dated July 9, 2013 (Exhibit A). But there is no basis to grant plaintiffs' motion with respect to past depositions.

For these reasons, defendants respectfully request that the Court deny plaintiffs' motion.

Respectfully submitted,

*/s/ William R. Sherman*
William R. Sherman
Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200 (telephone)
(202) 637-2201 (facsimile)

LATHAM&WATKINS LLP

Ashley M. Bauer
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 391-0600 (telephone)

*Counsel for Singapore Airlines Cargo Pte Ltd and Singapore Airlines Limited*

/s/ Ian Simmons
Ian Simmons
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
(202) 383-5106 (telephone)
(202) 383-5414 (facsimile)

*Counsel for Asiana Airlines Inc.*

/s/ George N. Tompkins, Jr.
George N. Tompkins, Jr.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
150 East 42nd Street
212 490 3000 (telephone)
212 490 3038 (facsimile)

*Counsel for Air China Limited and Air China Cargo Company Limited*

LATHAM&WATKINS LLP

/s/ Michael J. Holland
Michael J. Holland
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, NY 10036
212 490 9100 (telephone)
212 370 4453 (facsimile)

Roscoe C. Howard, Jr.
ANDREWS KURTH LLP
1350 I Street, NW, Suite 1100
Washington, DC 20005
202.662.2750 (telephone)

*Counsel for Air New Zealand Limited*

/s/ David H. Bamberger
David H. Bamberger
Deana L. Cairo
DLA PIPER LLP (US)
500 Eighth Street, N.W.
Washington, D.C. 20004
(202) 799-4000 (telephone)
(202) 799-5000 (facsimile)

*Counsel for Cathay Pacific Airways Ltd.*

/s/ Barry G. Sher
Barry G. Sher
Kevin C. Logue
PAUL, HASTINGS LLP
75 East 55th Street, First Floor
New York, NY  10022
(212) 318-6000 (telephone)
(212) 319-4090 (facsimile)

*Counsel for Korean Airlines Co., Ltd.*

LATHAM&WATKINS LLP

*/s/ Tammy Tsoumas*
Tammy Tsoumas
David I. Horowitz
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
(213) 680-8400 (telephone)
(212) 680-8500 (facsimile)

*Counsel for Defendant EVA Airways Corporation*


*s/ E. Christopher Murray*
E. Christopher Murray
Thomas A. Telesca
RUSKIN MOSCOU FALTISCHEK
1425 RXR Plaza
14th Floor, East Tower
Uniondale, NY  11556
(516) 663-6600 (telephone)

*Counsel for Air India*


*/s/ James V. Dick*
James V. Dick
SQUIRE SANDERS (US) LLP
1200 19th Street, NW
Suite 300
Washington, D.C. 20036
(202) 626-6600 (telephone)
(202) 626-6780 (facsimile)

*Counsel for China Airlines, Ltd.*

LATHAM&WATKINS LLP

/s/ Harvey Wolkoff
Harvey Wolkoff
ROPES & GRAY LLP
Prudential Tower
800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 951-7522
Fax: (617) 235-0224

*Attorneys for Defendants
Atlas Air Worldwide Holdings, Inc.,
Polar Air Cargo, LLC, and
Polar Air Cargo Worldwide, Inc.*

LATHAM&WATKINS LLP

# CERTIFICATE OF SERVICE

I, William R. Sherman, certify that on September 11, 2013 I caused a true and correct copy of the foregoing to be served via the Court's ECF system upon all counsel registered for ECF in this case.

                                             _____/s/ William R. Sherman_____
                                             William R. Sherman
                                             LATHAM & WATKINS LLP
                                             555 Eleventh Street, N.W., Suite 1000
                                             Washington, D.C. 20004
                                             (202) 637-2200 (telephone)
                                             (202) 637-2201 (facsimile)