# LEVIN, FISHBEIN, SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
CHARLES C. SWEEDLER *
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
BRIAN F. FOX

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

October 17, 2013

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN
STEWART M. WELTMAN **

* also admitted in New Jersey
† also admitted in New York
** admitted in Illinois only

**Via ECF Filing**

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
U.S. District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

**Re:**   **Air Cargo Shipping Services Antitrust Litigation, 06-MD-1775**

Dear Magistrate Judge Pohorelsky:

Under the Fifth Stipulated Revised Discovery and Class Certification Briefing Schedule (ECF No. 1816), the deadine for the completion of Fact Discovery is December 31, 2013. Exh. "A". Because of discovery delays in receiving transactional data from Defendants and requested extensions requested by both sides to enable their respective experts to analyze the massive amounts of transactional data and the reports of the experts and consultants, there have been several revised Discovery and Class Certification Briefing Schedules.

On June 18, 2012, the parties submitted a Third Stipulated (Proposed) Scheduling Order. Exh. "B". The Proposed Scheduling Order also included deadlines for other litigation events beyond the close of fact discovery, including deadlines for the exchange of expert reports, deposition dates for experts, deadlines for the filing of motions for summary judgment, and a deadline for filing of a Joint Pretrial Order and pretrial filings described in paragraphs 4A and 4B of Judge Gleeson's Motion and Individual Practices Order.

At the June 19, 2012 conference, the Court advised that it preferred that the Scheduling Order stop at the deadline for fact discovery and that other deadlines could be set in the future. June 19, 2012 Tr. at 14-17, Exh. "C".

Defendants' spokesperson, William Sherman, concurred with the Court's suggestion.

LEVIN, FISHBEIN, SEDRAN & BERMAN

> In any event, in terms of the schedule, defendants are certainly fine with having this go through the end of discovery and meeting again to then set the rest of the schedules.... But we certainly don't object to running it through the end of discovery and then meeting again either with the Court or first with the parties. Exh. "C" at 14-15.

At the conference, the Court suggested that about 90 days before the close of fact discovery the parties should confer about determining a schedule for the remaining work that needed to be accomplished in the case. Exh. "C" at 17. Due to the press of the deposition schedule and the demands of the upcoming class certification hearing, the parties have not yet had an opportunity to confer about the remaining schedule. Except, however, Plaintiffs have asked Defendants to agree to a procedure where the parties would attempt to narrow their foundation objections to a first-cut of proposed trial exhibits ("Phase I") and thereafter where disputes remained, limited depositions would be taken to address the remaining foundation objections. *See* Sedran 9/13/13 letter , Exh. "D".

At the December 13, 2012 conference, Plaintiffs again raised this issue about taking depositions concerning foundation issues at a time to be determined in the next Scheduling Order. Dec. 13, 2012 Tr. at 16-17, Exh. "E". Defendants stated that they would try to resolve the evidentiary foundation issues for admissibility. *Id.* at 21-22. [1]

On September 13, 2013, Plaintiffs proposed to Defendants that an exchange of positions about the admissibility of trial exhibits occur between February 14 and March 28, 2014. Thereafter, depositions limited to the unresolved evidentiary issues would be completed during the period April 14, 2014 through July 18, 2014. Exh. "D". Defendants have not provided a meaningful response other than to say they would get back to Plaintiffs. *See* Sherman 10/1/13 e-mail, Exh. "D".

And because the fact discovery deadline is approaching, Plaintiffs need to know that the next Scheduling Order will allow for these clean-up depositions after December 31, 2013.

Thus, Plaintiffs propose that in February 2014, or at a later time as agreed to by the parties, they provide Defendants with a list of documents and the documents they believe will be identified as trial exhibits and for each ask Defendants to admit, where applicable, that each documents is: (1) authentic; (2) a business record; (3) a statement of a Party Opponent (admission); and (4) a statement by a co-conspirator in furtherance of

---

[1]    At this conference the Court allowed Plaintiffs to take an additional 40 depositions of Defendants and 20 of settling defendants, excluding those that were previously noticed or subject to a pending request pursuant to a Hague Convention request or other similar request and subject to an increase upon leave of Court. During this second phase, Plaintiffs have taken about 24 depositions of Defendants and 8 of Settling Defendants. Other depositions are or will be scheduled and the total number of depositions should not exceed the limits set by the Court.

LEVIN, FISHBEIN, SEDRAN & BERMAN

the alleged conspiracy.  Plaintiffs will produce any business record certifications (F.R. Evid. 902(11) and (12)) they wish Defendants to consider.

After receiving Defendants' responses and where objections remain, Plaintiffs would be permitted to complete depositions limited to the following issues about the documents: authenticity, business record foundations and whether the document is a statement of a party opponent.

To the extent a Defendant does not make an objection, all other objections would be preserved by Defendants, including relevance.  Plaintiffs' identification of documents on their Phase I list would be without prejudice to supplement the list or to seek admission of the documents on other evidentiary grounds.  Plaintiffs are also agreeable to a similar procedure for documents Defendants will seek to introduce as trial exhibits.

Plaintiffs' proposal makes sense.  Until Plaintiffs prepare a list of possible trial exhibits (Phase I) and receive Defendants' responses about whether the foundation for admissibility of the documents has been satisfied, Plaintiffs do not know what disputes remain.  While Plaintiffs attempted to lay the appropriate foundations at depositions, Plaintiffs cannot know whether Defendants will nonetheless lodge objections apart from relevancy.  Plaintiffs also expect to produce business record certifications from certain settling defendants pursuant to F.R. Evid. 902(11) and (12).  Similarly, until Plaintiffs know whether the remaining Defendants will assert that the business record certifications are insufficient, Plaintiffs do not know whether a deposition concerning foundation for these documents will be necessary.

## Relief Requested

In sum, it is requested that the Court rule that depositions on foundational issues with respect to proposed trial exhibits should occur in the next phase of the case and certainly after December 31, 2013.  Following the class certification hearing, the parties will meet to discuss the remaining schedule.

Respectfully submitted,

Howard J. Sedran
Austin B. Cohen
Keith J. Verrier
**Levin Fishbein Sedran & Berman**
510 Walnut Street, Suite 500
Philadelphia, Pa 19106
(215) 592-1500

Michael D. Hausfeld
Brent Landau
**Hausfeld LLP**
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

By: /s/ Howard J. Sedran

By: /s/ Brent Landau

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Robert N. Kaplan (RK-3100)
Gregory K. Arenson (GA-2426)
**Kaplan Fox**
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks (GS-8767)
**Kaplan Fox**
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By: /s/ Robert N. Kaplan

Hollis L. Salzman (HS-5994)
**Robins, Kaplan, Miller & Ciresi LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10005
212-980-7400

By:   /s/ Hollis L. Salzman

**PLAINTIFFS' CO-LEAD COUNSEL**