# EXHIBIT "C"

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

IN RE:

AIR CARGO SHIPPING
SERVICES ANTITRUST
LITIGATION,

06-MD-01775 (VVP)

United States Courthouse
Brooklyn, New York

Tuesday, June 19, 2012
2:00 p.m.

- - - - - - - - - - - - - - - - X

TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY CONFERENCE
BEFORE THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

For Plaintiffs:

**Robert N. Kaplan**
Kaplan, Fox & Kilsheimer LLP
805 Third Avenue
22nd Floor
New York, NY 10022

**Gary L. Specks**
Kaplan Fox & Kilsheimer, LLP
203 North Lasalle Street
Chicago, IL 60601


Case 1:06-md-01775-JG-VVP Document 1914-3 Filed 10/17/13 Page 3 of 7 PageID #: 54136
Case 1:06-md-01775-JG-VVP Document 1724 Filed 07/10/12 Page 2 of 72 PageID #: 43493

2

Jay L. Himes
Labaton Sucharow
140 Broadway
New York, NY 10005

Brent W. Landau
Hausfeld LLP
1604 Locust Street
2nd Floor
Philadelphia, Pennsylvania 19103

Howard J. Sedran
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106

**For Defendants:**

George N. Tompkins, III
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017

William R. Sherman
Ashley M. Bauer
Latham & Watkins LLP
555 Eleventh St, NW
Suite 1000
Washington, DC 20004

Harvey J. Wolkoff
Ropes & Gray
Prudential Tower
800 Boylston Street
Boston, MA 02199

Jeremy M. Keim
Baker & Hostetler LLP
1050 Conn. Avenue, N.W.
Suite 1100
Washington, DC 20036

Court Reporter:  Victoria A. Torres Butler, CRR
                 Official Court Reporter
                 E-mail: VButlerRPR@aol.com

Proceedings recorded by computerized stenography. Transcript produced by Computer-aided Transcription.

*Proceedings* 14

guilty pleas to most of these charges by most of the defendants. I don't think you're going to have other than Matsushita's standards being at issue here. We're fine along the summary judgment earlier if that's what the Court.

THE COURT: I mean, let's say one expert gets up and says this is just as consistent with finding conspiracy as not and their expert says no, it's consistent with the finding of conspiracy. Then the Court's going to make a judgment between the two.

MR. SHERMAN: That may not be an issue of fact. Maybe.

THE COURT: You're saying based on those undisputed facts that's enough to make, as a matter of law, to constitute a conspiracy in violation of the antitrust laws. Or to not, right?

MR. SHERMAN: Yes, absolutely.

THE COURT: I see.

MR. SHERMAN: In any event, in terms of the schedule, defendants are certainly fine with having this go through even the end of discovery and meeting again to then set the rest of the schedules. We'd actually suggested that to plaintiffs and plaintiffs thought that given, I won't speak for them, but they thought that the Court would prefer and given what we had previously had on our schedule to be discussed this month, that we ought to push the schedule out

*Proceedings* 15

1  all the way to where you see here.  But we certainly don't
2  object to running it through the end of discovery and then
3  meeting again either with the Court or first with the parties.
4       THE COURT:  Yes.  I mean I think I'm more
5  comfortable with that so you don't feel -- I mean.  I would
6  prefer, I think, in terms of what you need to anticipate
7  thinking of the end of factual discovery as either
8  December 31st or September 30th, depending on the
9  contingencies that you've identified.  And then, as we
10 approach that date, we can start talking about most post that.
11      MR. KAPLAN:  And no schedule for the experts, no
12 schedule for the further expert reports at that point, just --
13      THE COURT:  Well, I mean, we will address the
14 question of further experts.
15      MR. KAPLAN:  We can do fact discovery and see
16 whether we even need further experts.  We may be able to use
17 the same experts and save a whole step.
18      THE COURT:  I would say, typically, the roughly
19 60 days from the end of fact discovery as the point where
20 experts would be expected to start making -- to make their
21 disclosures, that would be about the right time frame.  So, we
22 can anticipate.  I guess what I'm trying to tell you is
23 without setting a future date, you can anticipate that that's
24 what I would expect, subject to whatever may, reasons that
25 might be advanced for changing that in some fashion.

*Proceedings* 16

1  MR. KAPLAN: The reason we did this, and I'm not
2  saying it's what should be done, was the prior discovery
3  schedule, which was entered on February 7, 2012, said June 1,
4  all parties meet and confer concerning remaining discovery
5  schedule including additional depositions, summary judgment
6  motions and trials.
7      So, that's -- we tried to carry out what we thought
8  the intent of that order was.
9      If Your Honor wants to stop this schedule earlier,
10 that's fine. And then we can set a date.
11     THE COURT: I think that that makes better sense at
12 this point.
13     MR. KAPLAN: So, do you want us to end this at which
14 date?
15     THE COURT: December 31st of next year.
16     MR. KAPLAN: Okay.
17     THE COURT: Which is far enough out it seems to me.
18     MR. KAPLAN: I understand.
19     THE COURT: For planning purposes.
20     MR. KAPLAN: That's fine.
21     THE COURT: And but I have no trouble with,
22 September 31st, I mean September 31st or September 30th,
23 depending on whether Daubert motions are filed.
24     MR. KAPLAN: We'll just end this on Page 3, after
25 December 31st.

Victoria A. Torres Butler, CRR
Official Court Reporter

*Proceedings* 17

1   THE COURT: Yes, that's fine.

2   MR. KAPLAN: Then we'll provide some date before
3   December 31.

4   THE COURT: For more meet and confer.

5   MR. KAPLAN: To meet and confer on the rest of the
6   schedule.

7   THE COURT: Precisely.

8   MR. SHERMAN: Let me just suggest that rather than
9   doing that now, since we don't know whether it's going to be
10  September 30th or December 31st, why don't we, as we get
11  closer to the time period, or at least after we know which
12  date will be the operative date, then we'll look for a date.

13  MR. KAPLAN: We will figure it out.

14  THE COURT: You'll figure it out and I would suggest
15  you do it at least 90 days before whatever the end of the fact
16  discovery is.

17  MR. SHERMAN: Right.

18  THE COURT: And we'll start with the meet and confer
19  process for the post fact discovery deadline period.

20  All right, let's move to the question of the
21  Grand Jury transcripts.

22  Maybe I misunderstood. The agenda calls for, talks
23  about a briefing schedule, but I understood the Government's
24  motion to be one where, one that was going to submit to the
25  Court memorandum in support of the agreement that the