# EXHIBIT "E"

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X
                              :   1:06-md-01775(VVP)
                              :
                              :
                              :
In re Air Cargo Shipping      :   United States Courthouse
Services Antitrust            :   Brooklyn, New York
Litigation                    :
                              :
                              :
                              :   Thursday, December 13, 2012
                              :   1:30 p.m.
                              :
                              :
- - - - - - - - - - - - - - -X

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

For the Plaintiffs:   ROBERT KAPLAN, ESQ.
                      BRENT W. LANDAU, ESQ.
                      HOWARD J. SEDRAN, ESQ.
                      GREGORY ARENSON, ESQ.

For the Defendants:   WILLIAM R. SHERMAN, ESQ.
                      IAN SIMMONS, ESQ.


Court Reporter:   Lisa Schwam, CSR, CRR, RMR
                  Official Court Reporter
                  Telephone: (718) 613-2268


Proceedings recorded by computerized stenography. Transcript produced by Computer-Aided Transcription.

16

1  similar cases.
2          THE COURT: You did have some exceptions that you
3  articulated. Give me some idea of how many depositions
4  we're talking about; depositions to be done but not
5  completed, depositions subject to pending letters of
6  request. I don't know if there have been that many of
7  those, but maybe you can give me some idea. And the
8  additional depositions of witnesses whose grand jury
9  transcripts were ordered, I mean, that's only two or three.
10         MR. LANDAU: Just two, Your Honor.
11         THE COURT: So I know that one.
12         MR. LANDAU: None of these are big numbers, but we
13 wanted to address them separately. There are four
14 depositions that are in progress, in other words, they have
15 begun and they have been deferred or haven't been completed
16 per agreement of the parties or something else. And those
17 are really part of the 36 that were already taken. We don't
18 think that they should double count towards this new
19 additional group.
20         There are only three pending letters of requests.
21 Four if you count Moon Ho Song, but Mr. Kaplan has explained
22 why that ship has probably sailed. And then, as you know,
23 just two grand jury witnesses. So that's not very many.
24 We've also identified depositions that are necessary -- if
25 any are necessary -- to establish evidentiary foundations

17

1  for documents.
2       Our hope and plan is that we'll be able to work
3  all that out with the defendants by stipulation. Usually in
4  these cases that's what happens; you don't need to go out
5  and take a lot of depositions just to establish whether
6  somebody wrote a particular document or that sort of thing.
7  But there are other cases, and I'm sure that counsel here
8  are not going to take us down this path, but where the other
9  side has been uncooperative with that sort of thing and it
10 necessitates more depositions that we could probably work
11 out.
12      So because we don't know how things are going to
13 go, we'd like to sort of deal with those separately later on
14 in the process if we have to, but we don't want to have to
15 notice depositions now just for the sake of authenticating
16 some document if we don't otherwise need the testimony.
17      THE COURT: All right.
18      MR. LANDAU: Thank you, Your Honor.
19      THE COURT: Mr. Sherman, is it?
20      MR. SHERMAN: It is. Thank you, Your Honor.
21      THE COURT: I'll make this observation. There was
22 initially as many as 60 depositions that were contemplated.
23      MR. SHERMAN: Right.
24      THE COURT: And it looks like the plaintiffs have
25 been relatively judicious in their use of that -- I mean,

Lisa Schwam, CSR, CRR, RMR
Official Court Reporter

THE COURT: They already know they have to get leave of court.

MR. SHERMAN: Right. But if they are not talking about re-deposing, that's fine. As long as 30(a)(2)(A)(ii) is in play, that's fine.

The pending letters of request, again, Mr. Landau said it's not many. I really don't know. On the evidentiary foundations for admissibility, we agree with plaintiffs. We've said to them, look, certainly in terms of authenticity, my experience has been that the parties work it out. Occasionally we don't and we've got to come to the court for a solution. Occasionally there have to be depositions.

On the issue of admissibility, slightly different question because on those they may need to take some depositions. But generally, my experience again is that those are documents that they were getting in through a deponent anyway. So as long as they have got the deponent there, as long as they ask all the admissibility questions, it should solve it for that deponent. If there are other documents later, I do think that we can work that out and that shouldn't be a consideration for this.

Again, that's one of those instances where a party can always come back to the Court and say, look, I know we only had 40 or whatever but now we have this issue. We

22

can't agree. We've got good cause to ask the Court for additional depositions.

Our view is 40 is a much more reasonable number than 75. The standard is really reasonableness. It's not what's happened in other cases. It's not whether plaintiffs can point to a reason for every deponent. And they actually haven't. They have just told you they have a reason.

We think if you order 40, that's more than they took in the first seven years of the case. It's still going to be a lot of depositions over the course of a year. But if they take them and they decide they don't have enough, they can come back to the Court later and say we need more and they can tell you why. Thank you.

THE COURT: Okay. Mr. Landau.

MR. LANDAU: Just very briefly, Your Honor. About the seven years --

THE COURT: It's six, by the way. I just did the math. It started in '06. And we really didn't get a consolidated, amended complaint until sometime much later than that.

MR. LANDAU: Well, that's right.

THE COURT: Until '07, but still. It's still been a long time. There were motions, too.

MR. LANDAU: So actually the period of time when these 36 depositions were taken, with maybe just an

25

to do with the case. We would suggest that's a more appropriate procedure if we have used this number, which I can assure you we won't.

THE COURT: I must say that it was always my belief anyway, I don't know, that the depositions that were being conducted in the early phase were really going to be directed, certainly not entirely, there was no limitation, but was going to be focusing more on class certification issues. There is the reference that the parties were going to meet after the close of that deposition period to talk about additional depositions.

So I really -- certainly in my experience in cases of all kinds, I mean, you know, involving class certification, whether multi-district or otherwise, there's a focus in the early stage on class certification issues and then, after that's done, you take other depositions.

So I have to agree with the plaintiffs that that was within my contemplation anyway. I'm hesitant to go to 75, though. I think the better course is to give you another 60 -- 40 and 20 -- and then subject to good cause. And I will take the Solomonic approach. But again, that's subject to showing good cause as well. And then subject to the various other exceptions, which I think are legitimate exceptions that you've articulated in your letter.

But I do want you to make a real effort to at the

26

outset trim down that and make sure you're focusing on the people who are most likely to give you all the information you need. And to the extent you're not getting it for whatever reason or there is some surprise witness that comes to your attention, obviously you can make the appropriate application.

How long do these depositions typically take? More than a day?

MR. SHERMAN: Well, Your Honor, Mr. Landau will correct me, but I think the agreement is that we're going by the Federal Rules of seven hours.

MR. LANDAU: My recollection, Your Honor, is that the only ones that exceeded that were ones where there were translators and interpretations.

THE COURT: But I'm looking at basically 60 depositions over the course of a year. And you may have others that may pop up. It seems like an appropriate sort of time frame within which to get that accomplished given the number of parties.

MR. SHERMAN: Thank you, Your Honor.

THE COURT: Are there 11 defendants left now?

MR. LANDAU: Yes, Your Honor. Thank you, Your Honor.

THE COURT: All right. Does that take care of all the business today other than setting another conference?

1    MR. KAPLAN:  Yes, Your Honor.
2    THE COURT:  When do you propose?
3    MR. SHERMAN:  I'm sorry.  Just to be clear, are you ordering six per defendant?
5    THE COURT:  Yes.  I mean, in other words, you wanted five, they wanted seven.  I'll meet you in the middle.
8    MR. KAPLAN:  Should we change ours to nine?
9    THE COURT:  You change yours to three.
10   MR. SHERMAN:  I should have brought this up earlier.  In our discussions with plaintiffs, they asked how many we wanted, and our position is whatever they get, we get.  It's much less likely that we're going to use that number, but --
15   THE COURT:  Okay.  I didn't see an application about numbers of depositions that you're going to take.
17   MR. SHERMAN:  I'm happy to file one if you want.
     Is there any objection to us getting the same number?
20   MR. LANDAU:  One observation is that in the first phase of discovery where the plaintiffs had 60, the defendants had 20.  So there was a relationship and it wasn't one-to-one.
24   THE COURT:  Why don't I let you guys try to see if you can come to some agreement on this.