

# O'MELVENY & MYERS LLP

| | 1625 Eye Street, NW | |
|---|---|---|
| BEIJING | Washington, D.C. 20006-4001 | NEW YORK |
| BRUSSELS | | SAN FRANCISCO |
| CENTURY CITY | TELEPHONE (202) 383-5300 | SEOUL |
| HONG KONG | FACSIMILE (202) 383-5414 | SHANGHAI |
| JAKARTA† | www.omm.com | SILICON VALLEY |
| LONDON | | SINGAPORE |
| LOS ANGELES | | TOKYO |
| NEWPORT BEACH | | |

October 18, 2013

WRITER'S DIRECT DIAL
(202) 383-5106

<u>VIA ECF</u>

WRITER'S E-MAIL ADDRESS
isimmons@omm.com

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201-1818

Re:  ***In re Air Cargo Shipping Services Litigation*, 06-MD-1775 (JG)(VVP)**

Dear Judge Pohorelsky:

The parties have met and conferred regarding the allocation of time for the class certification hearing scheduled for October 29-31, but have been unable to reach an agreement. Therefore, the parties respectfully request a telephonic conference with the Court early next week to resolve the dispute.

The parties have agreed to each provide the Court with a one-page, single-spaced document outlining the parties' respective proposals for the allocation of time and its arguments in support thereof. These statements, titled "Plaintiffs' Position" and "Defendants' Position" are attached hereto.

The parties also wish to notify the Court that pursuant to paragraph 33 of the Confidentiality Stipulation and Protective Order Governing Production of Documents Between Plaintiffs and Defendants (ECF Nos. 552, 599) ("Protective Order"), both parties intend to disclose material at the class certification hearing that has been designated "Confidential" and "Highly Confidential" under the Protective Order. The parties have been unable to reach an agreement as to how these materials may be

† In association with Tumbuan & Partners

O'MELVENY & MYERS LLP
October 18, 2013 - Page 2

used at the hearing, and as such, respectfully request that during any telephonic conference scheduled for next week, the Court also consider what precautions, if any, are appropriate to protect these materials.

Sincerely

Ian Simmons
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414

*Counsel for Asiana Airlines, Inc.*

Attachments

### Plaintiffs' Position

The upcoming class certification hearing is important in this litigation. Both sides have submitted thousands of pages of briefs, exhibits, and declarations. At the hearing, the parties should have ample time to distill this tremendous amount of information to be meaningful to the Court and to answer any of its questions. Although Plaintiffs previously believed three days would be sufficient for testimony and arguments on class certification and *Daubert*, this was overly optimistic. Plaintiffs respectfully propose that the Court should hear opening arguments and direct and cross-examinations of each witness during the scheduled October 29-31 hearing and that the Court should schedule a ***separate*** date for closing and *Daubert* arguments, preferably during November 2013.

In preparing for the hearing, Plaintiffs' counsel have carefully considered the topics to be covered by their witnesses and how long questioning will take. (The Court's order sets no time limits for anything other than opening arguments.) Plaintiffs have concluded that the ***minimum*** requirement for the direct and redirect examinations of Plaintiffs' two experts, Drs. Robert Tollison and James McClave, would be 2½ hours each. (Plaintiffs intend to reserve a portion of the 2½ hours for redirect.) Because Defendants want equal time for cross-examination, this means a total of 10 hours for these two witnesses. Regarding Defendants' two witnesses, Mr. David Kaplan and Dr. Michelle Burtis, although Defendants originally proposed that the parties split 3 hours for each, they have since advised Plaintiffs that the same time should be allocated to their witnesses as to Plaintiffs'. This means that, if Plaintiffs' experts are allocated 5 hours each, Defendants' witnesses also get 5 hours each, making a total of 20 hours for testimony alone.

The Court has ordered that opening arguments be 45 minutes each (1½ hours total). With 20 hours of testimony, that makes a total of 21½ hours ***before*** closing arguments on class certification or any argument on Plaintiffs' *Daubert* motions. Even if Defendants revert to their original proposal of 3 total hours for each of their witnesses, it still would take 17½ hours to complete the opening arguments and testimony, excluding breaks and further questioning by the Court. That could easily fill three full court days.

Defendants' solution – to truncate the testimony of Plaintiffs' experts by 2 hours each and then cram 5½ hours of argument into the end of an already long multi-day hearing – is unrealistic and unfair. A better approach would be to dedicate October 29-31 to opening arguments and testimony and to schedule another date for the remaining arguments. (Plaintiffs and Defendants agree closing and *Daubert* arguments should total 5½ hours.) Plaintiffs' suggestion has the added benefit of giving the Court and the parties time to receive and review the transcripts of the testimony before final arguments.

Plaintiffs admit that, when they agreed to the length and structure of the hearing four months ago, they did not fully appreciate how much time would be required to present the testimony and arguments. But, the past four months have seen the filing of hundreds of additional pages of briefing and expert declarations, and Plaintiffs do not believe that either side would benefit from anything less than a full opportunity to address these issues. Plaintiffs therefore request that the Court allocate up to 5 hours for each witness and schedule a separate date to hear closing and *Daubert* arguments.

**Defendants' Position**

Just over four months ago, the parties reached an agreement regarding the framework for the upcoming class certification hearing. This agreement, which was adopted by the Court in its June 7, 2013 Stipulation and Order (ECF No. 1865) (attached as Ex. D-1), set forth the five components of the hearing: (1) Opening statements of counsel; (2) Testimony of Plaintiffs' class certification experts; (3) Testimony of Defendants' class certification experts; (4) Arguments of counsel on the class certification motion, and (5) Arguments of counsel on the *Daubert* motions. The Order also reflects the parties' agreement that with the addition of argument on the *Daubert* motions, the hearing, which previously had been scheduled for two days, may require "at least some part of a third day" for the "completion of the *arguments*." (emphasis added). As the plain language of the Order makes clear, all expert testimony would conclude on the second day, with any necessary portion of the third day reserved solely for the conclusion of lawyer arguments on class certification and the *Daubert* motions.

In accordance with the framework set forth in the Court's Order, Defendants propose the following allocation of time for the October 29-31 class certification hearing:

| | |
|---|---|
| Opening Statements | 1.5 hours (divided evenly by the parties) |
| Tollison Examination | 3 hours (divided evenly by the parties) |
| McClave Examination | 3 hours (divided evenly by the parties) |
| Kaplan Examination | 3 hours (divided evenly by the parties) |
| Burtis Examination | 3 hours (divided evenly by the parties) |
| Class Certification Arguments | 5 hours (divided evenly by the parties) |
| Daubert Arguments | 1 hour (divided evenly by the parties) |

Under this schedule, Day 1 would include opening statements and the testimony of Plaintiffs' experts; Day 2 would include the testimony of Defendants' experts, and the beginning of arguments on class certification; and Day 3 would be reserved for "the completion of arguments," as contemplated by the Order.

Despite the fact that Defendants' proposal simply follows the framework agreed to by the parties just four months ago, Plaintiffs now deem it to be not "realistic" and to "not allow for sufficient time," as they stated in an October 16 email to Defendants. Plaintiffs' proposal is inconsistent with the framework established by the Court's Order by using nearly all three days of the hearing for expert testimony and divorcing arguments from the hearing altogether, and rescheduling them for a later date. Defendants object to this attempt to delay the Court's consideration of class certification by scheduling an entirely separate hearing to present attorney argument, which would be an incredibly inefficient use of the Court's and the parties' time. It is critical, as the Order contemplates, that the Court hear argument on the law, especially given the Supreme Court's recent decision in *Comcast Corp. v. Behrend*, and the D.C. Circuit's decision in *In re Rail Freight Fuel Surcharge Antitrust Litigation*, which vacated one of the cases on which Plaintiffs rely heavily. We believe it would be far more efficient and fair to follow the approach agreed to by the parties as embodied in the Court order, which provides for a single hearing with expert testimony followed by lawyers' argument. Two days plus a portion of a third day is more than enough time for the parties to present the relevant testimony and arguments to the Court.

# Exhibit D-1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

IN RE AIR CARGO SHIPPING
SERVICES ANTITRUST LITIGATION

MDL No. 1775

Master File 06-MD-1775 (JG) (VVP)

**STIPULATION AND ~~[PROPOSED]~~ ORDER**

The parties have met and conferred regarding the procedure for resolving the class certification and *Daubert* motions and the hearing scheduled for October ~~16-17~~ 30 & 31 and Nov. 1, 2013 (hereafter, "the hearing"). The parties jointly propose the following, subject to the Court's approval:

1. There will be no depositions of experts submitting declarations regarding the *Daubert* motions (*i.e.*, Gordon Rausser for Plaintiffs and rebuttal expert(s) (if any) presented by Defendants in opposition to the *Daubert* motions) (collectively, "*Daubert* experts").

2. There will be no live expert testimony by those *Daubert* experts at the hearing.

3. *Daubert* issues at the hearing will be addressed in arguments by counsel at the end of the hearing, after all testimony and arguments regarding class certification have been completed.

4. The hearing will proceed as follows:

First, on Class Certification:

- Opening statements of counsel, not to exceed 45 minutes per side;

- Testimony of Plaintiffs' class certification experts, Robert D. Tollison and James T. McClave, followed by cross examination;

- Testimony of Defendants' class certification experts – David P. Kaplan, Michelle Burtis, and Frederick R. Warren-Boulton (or any subset thereof) – followed by cross examination;

- Arguments of counsel on the class certification motion.

Then, with respect to the *Daubert* motions, arguments of counsel only.

5. The parties agree that at least some part of a third day probably will be necessary for completion of the arguments, and therefore request that the Court reserve October 18 (assuming that day is available on the Court's schedule).

Respectfully submitted this 7th_ day of June, 2013.

*s/ Michael D. Hausfeld*
Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, Suite 650
Washington, DC 20006
(202) 540-7200 (telephone)

*Counsel for Plaintiffs*

*/s/ William R. Sherman*
William R. Sherman
Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200 (telephone)
(202) 637-2201 (facsimile)

Ashley M. Bauer
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
(415) 391-0600 (telephone)

*Counsel for Singapore Airlines Cargo Pte Ltd and Singapore Airlines Limited*

*/s/ Robert N. Kaplan*
Robert N. Kaplan
Gregory K. Arenson
Gary L. Specks
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th floor
New York, NY 10022
(212) 687-1980 (telephone)

*Counsel for Plaintiffs*

*s/ Harvey J. Wolkoff*
Harvey J. Wolkoff
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199
(617) 951-7000 (telephone)

*Counsel for Atlas Air Worldwide Holdings, Inc., Polar Air Cargo, LLC, and Polar Air Cargo Worldwide, Inc.*

2

/s/ Hollis L. Salzman
Hollis L. Salzman
ROBINS, KAPLAN, MILLER & CIRESI LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400 (telephone)

*Counsel for Plaintiffs*

/s/ Howard J. Sedran
Howard J. Sedran
Austin B. Cohen
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500 (telephone)

*Counsel for Plaintiffs*

/s/ Jay Himes
Jay Himes
Gregory Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700
Email: jhimes@labaton.com
gasciolla@labaton.com

*Counsel for Plaintiffs*

/s/ George N. Tompkins, Jr.
George N. Tompkins, Jr.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
150 East 42nd Street
212 490 3000 (telephone)
212 490 3038 (facsimile)

*Counsel for Air China Limited and Air China Cargo Company Limited*

/s/ Michael J. Holland
Michael J. Holland
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, NY 10036
212 490 9100 (telephone)
212 370 4453 (facsimile)

Roscoe C. Howard, Jr.
ANDREWS KURTH LLP
1350 I Street, NW, Suite 1100
Washington, DC 20005
202.662.2750 (telephone)

*Counsel for Air New Zealand Limited*

/s/ David H. Bamberger
David H. Bamberger
Deana L. Cairo
DLA PIPER LLP (US)
500 Eighth Street, N.W.
Washington, D.C. 20004
(202) 799-4000 (telephone)
(202) 799-5000 (facsimile)

*Counsel for Cathay Pacific Airways Ltd.*

3

BR\299662.1

/s/ Barry G. Sher
Barry G. Sher
Kevin C. Logue
PAUL, HASTINGS LLP
75 East 55th Street, First Floor
New York, NY 10022
(212) 318-6000 (telephone)
(212) 319-4090 (facsimile)

*Counsel for Korean Airlines Co., Ltd.*

/s/ Tammy Tsoumas
Tammy Tsoumas
David I. Horowitz
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400 (telephone)
(212) 680-8500 (facsimile)

*Counsel for Defendant EVA Airways Corporation*

/s/ John R. Fornaciari
John R. Fornaciari
Robert M. Disch
BAKER & HOSTETLER LLP
1050 Connecticut Ave., NW
Suite 1100
Washington, DC 20036
(202) 861-1612 (telephone)

*Counsel for Nippon Cargo Airlines Co., Ltd.*

4

*s/ E. Christopher Murray*
E. Christopher Murray
Thomas A. Telesca
RUSKIN MOSCOU FALTISCHEK
1425 RXR Plaza
14th Floor, East Tower
Uniondale, NY 11556
(516) 663-6600 (telephone)

*Counsel for Air India*

*/s/ James V. Dick*
James V. Dick
SQUIRE SANDERS (US) LLP
1200 19th Street, NW
Suite 300
Washington, D.C. 20036
(202) 626-6600 (telephone)
(202) 626-6780 (facsimile)

*Counsel for China Airlines, Ltd.*

*/s/ Ian Simmons*
Ian Simmons
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
(202) 383-5106 (telephone)
(202) 383-5414 (facsimile)

*Counsel for Asiana Airlines Inc.*

IT IS SO ORDERED:

Date: June 10, 2013

/s/
Viktor V. Pohorelsky
United States Magistrate Judge

5

BR\299662.1