UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG) (VVP)<br><br>THIS DOCUMENT RELATES TO:<br>All Actions |

THIS CAUSE came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant Cathay Pacific Airways Limited, filed February 19, 2014. Plaintiffs have entered into a settlement agreement, dated February 12, 2014 ("Settlement Agreement") with Defendant Cathay Pacific Airways Limited ("Cathay"). The Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

1. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described below. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

Class Certification

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Settlement Class"):

> All persons or entities (but excluding Defendants, their parents, predecessors, successors, subsidiaries, affiliates, as well as government entities) who purchased Airfreight Shipping Services for shipments to, from or within the United States directly from Settling Defendant, any other Defendant, or from any of their parents, predecessors, successors, subsidiaries, or affiliates, at any time during the period from January 1, 2000, up to and including September 11, 2006.

As specified in this definition, the Settlement Class excludes Cathay, the other Defendants, their parents, predecessors, successors, subsidiaries, and affiliates as well as all government entities.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

5. The Court hereby appoints Hausfeld LLP; Kaplan, Fox & Kilsheimer, LLP; Robins, Kaplan, Miller & Ciresi LLP; and Levin, Fishbein, Sedran & Berman as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. Plaintiffs Benchmark Export Services, Inc., FTS International Express, Inc.,

R.I.M. Logistics, Ltd., Ralph Olarte d/b/a Olarte Transport Services, S.A.T. Sea & Air Transport, Inc. and Volvo Logistics AB (collectively, "Plaintiffs") will serve as Class Representatives on behalf of the Settlement Class.

## Notice to Potential Class Members

7. At a later date, Settlement Class Counsel shall submit to the Court for approval a notice plan for purposes of advising Settlement Class Members, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

## Settlement Administration

8. To effectuate the Settlement Agreement and the Notice provisions, the Court hereby approves The Garden City Group as the Claims Administrator ("Administrator") to be responsible for: (a) establishing a P.O. Box and website (to be included in the Notice of Settlement of Class Action) for the purpose of communicating with Settlement Class Members; (b) disseminating Notice to the Settlement Class; and (c) accepting and maintaining documents sent from the Settlement Class Members, including exclusion requests.

9. The Court approves Settlement Class Counsel's designation of Citibank, N.A. as Escrow Agent pursuant to the Escrow Agreement.

## Other Provisions

10. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Cathay, and the members of the

Settlement Class.

11. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in these consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

12. This order is without prejudice to the non-settling Defendants seeking relief from the Court and an opportunity for briefing to the extent that this settlement attempts to deprive such Defendants of information to which they otherwise would be entitled under the Federal Rules.

**IT IS SO ORDERED.**

DATED: _____            _____
                                                  John Gleeson, U.S.D.J.


Conformed copies furnished to:
Counsel of Record

4