

Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone 212.687.1980
fax 212.687.7714
email mail@kaplanfox.com
www.kaplanfox.com

March 14, 2014

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201-1818

Re:   *In re Air Cargo Shipping Services Antitrust Litigation*, 06-MD-1775 (JG)(VVP)

Dear Magistrate Judge Pohorelsky:

Plaintiffs respectfully submit the attached Stipulation and [Proposed] Order to Extend the Deadline for Plaintiffs to Take the Rule 30(b)(6) Deposition of OAG Cargo until May 31, 2014.

As the Court is aware, the parties' Fifth Stipulated Revised Discovery and Class Certification Briefing Schedule set a deadline of December 31, 2013 by which fact discovery must end. ECF No. 1816. On December 31, 2013, the Court granted an extension of the deadline for plaintiffs to take the deposition of OAG Cargo until March 31, 2014.

OAG Cargo is a non-party that maintains a large collection of surcharge announcements, which were published on its website during and after the class period. These announcements include many that pertain to current and former defendants in this action but were not produced by defendants in this action.

On December 9, 2013, plaintiffs served a subpoena on OAG Cargo for a deposition under Rules 45 and 30(b)(6) of the Federal Rules of Procedure for the purpose of establishing the admissibility of a large number of relevant surcharge announcements, which consist of a total page count of over 1,000 pages. To comply with the operative discovery schedule, the subpoena set the deposition for December 30, 2013. A copy of the subpoena, along with a notice of deposition, had been previously served on the defendants on December 6, 2013. The subpoena and notice of deposition, without their voluminous attachments, is attached as Exhibit 1.

Plaintiffs and OAG Cargo have been working together to devise a means by which the parties will be able to enter a mutually agreeable stipulation or declaration that would obviate the need for a deposition, or substantially its scope, and reduce the burden of compliance on OAG. However, the parties meet-and-confer process is not yet complete. In addition, OAG Cargo's inhouse counsel, Donna Gagliardo, has advised plaintiffs that she will likely serve as OAG Cargo's designee for the deposition, if one is needed, but she will not be available to be deposed before May 2014. According to Ms. Gagliardo, OAG Cargo's U.S. operations are leanly staffed, and its inhouse legal staff is limited to Ms. Gagliardo and a paralegal.



On March 11, 2014, plaintiffs requested the defendants' consent to this extension. As of the time of this filing, only Air New Zealand have agreed to the request. No other defendant has responded.

To avoid undue inconvenience to a non-party, plaintiffs respectfully request that the Court enter the attached Stipulation and [Proposed] Order to Extend the Deadline for Plaintiffs to Take the Rule 30(b)(6) Deposition of OAG Cargo. Exhibit 2. The stipulation has been agreed to by OAG Cargo, and one prior request for an extension of OAG Cargo's deposition has been made.

Respectfully Submitted,

Robert N. Kaplan
Gregory K. Arenson
Elana Katcher
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Gary L. Specks
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By: ___/s/ Gregory K. Arenson___

Michael D. Hausfeld
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

By: ___/s/ Michael D. Hausfeld___

Hollis L. Salzman
Robins, Kaplan, Miller & Ciresi LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400

By: ___/s/ Hollis L. Salzman___

Howard J. Sedran, Esq.
Austin Cohen, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

By: ___/s/ Howard J. Sedran___

cc:     All Counsel of Record (via ECF)

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG) (VVP)<br><br>**NOTICE OF DEPOSITION** |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, will take the deposition of OAG Cargo on the topics identified on Schedule A of the attached subpoena on the date and at the time and place indicated below before a notary public or some other person duly authorized to administer oaths, which shall be recorded by stenographic means and by videotape. The deposition shall continue from day to day (weekends and holidays excepted) until completed. You are invited to attend and cross-examine.

| **Deponent** | **Date/Time** | **Location** |
|---|---|---|
| OAG Cargo | December 30, 2013<br>9:00 a.m. | Walner Law Firm Ltd.<br>20 N. Clark Street, Suite 2450<br>Chicago, Illinois 60602 |

DATED:     December 6, 2013

KAPLAN FOX & KILSHEIMER LLP

By: _Gary L. Specks_
Gary L. Specks
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

Robert N. Kaplan
Gregory K. Arenson
Elana Katcher
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Michael D. Hausfeld
Brent W. Landau
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

Hollis Salzman
Meegan Hollywood
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400

Howard J. Sedran
Austin B. Cohen
LEVIN, FISHBEIN, SEDRAN
& BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

*Interim Co-Lead Counsel*

2

AO 88A  (Rev  12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| In re Air Cargo Shipping Services Antitrust Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| · v. | ) | Civil Action No.    06-MD-1775(JG)(VVP) |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     OAG Cargo, 3025 Highland Parkway, Suite 200, Downers Grove, Illinois 60515

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Schedule A

| Place:  Walner Law Firm Ltd.,20 N. Clark Street, Suite 2450, Chicago IL. 60602 | Date and Time: <br><br> 12/30/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic means and Videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/06/2013

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

Robert N. Kaplan, Kaplan Fox & Kilsheimer LLP, 850 Third Ave., 14th Floor, New York, NY 10022, rkaplan@kaplanfox.com,  212-687-1980

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  06-MD-1775(JG)(VVP)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  _____

on *(date)*  _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____  on *(date)*  _____  ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _____ .

My fees are $  _____  for travel and $  _____  for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## MATTERS ON WHICH EXAMINATION IS REQUESTED

Pursuant to Rule 30(b)(6), you shall designate one or more officers, directors, managing agents, or other person(s) to testify concerning the following deposition topics:

1. Whether each of the attached documents is authentic within Rule 901 of the Federal Rules of Evidence.

2. Whether each of the attached documents is a record of regularly conducted activity within Rule 803(6) of the Federal Rules of Evidence.

3. Whether each of the attached documents was created contemporaneously by, or from information transmitted by, employees who had knowledge of the matters set forth therein.

4. Whether each of the attached documents was created in employees' regular practice as part of their business activities.

5. Whether each of the attached documents was sent by employees as part of their business activities.

6. Whether each of the attached documents is or was received, kept, or relied upon in the course of regularly conducted business activities.

## CERTIFICATE OF SERVICE

I, Elana Katcher, declare that, on December 6, 2013, I will cause a true and correct copy of the attached Notice of Deposition to be delivered to the following parties via electronic mail:

Margaret M. Zwisler
William R. Sherman
Ashley M. Bauer
Gabrielle Kohlmeier
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
E-mail: margaret.zwisler@lw.com
        william.sherman@lw.com
        ashley.bauer@lw.com
        gabrielle.kohlmeier@lw.com

*Counsel for Singapore Airlines Cargo Pte Ltd.*
*and Singapore Airlines Limited*

Ian Simmons
Scott M. Hammack
Ramesh P. Nagarajan
Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
Tel: (202) 383-5106
Fax: (202) 383-5414
        -and-
Kenneth R. O'Rourke
Stephen J. McIntyre
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Tel: (213) 430-6000
Fax: (213) 430-6407
E-mail: isimmons@omm.com
        shammack@omm.com
        rnagarajan@omm.com
        smcintyre@omm.com
        korourke@omm.com

*Counsel for Asiana Airlines Inc.*

Harvey J. Wolkoff
Daniel J. Bennett
Edward K. Sebelius
ROPES & GRAY, LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7000
Fax: (617) 951-7050
E-mail: harvey.wolkoff@ropesgray.com
        daniel.bennett@ropesgray.com
        ned.sebelius@ropesgray.com

*Counsel for Atlas Air Worldwide Holdings, Inc., Polar Air Cargo LLC and Polar Air Cargo Worldwide, Inc.*

David H. Bamberger
Deana L. Cairo
DLA PIPER LLP (US)
500 Eighth Street, N.W.
Washington, D.C. 20004
Tel: (202) 799-4000
Fax: (202) 799-5000
E-mail: david.bamberger@dlapiper.com
        deana.cairo@dlapiper.com

*Counsel for Cathay Pacific Airways Ltd*

Kevin Logue
Barry Sher
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6085
Fax: (212) 230-5185
E-mail: kevinlogue@paulhastings.com
      barrysher@paulhastings.com
      -and-
Donald L. Morrow
Paul Hastings LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924

Tel: (714) 668-6291
Fax: (714) 668-6391
E-mail: donaldmorrow@paulhastings.com

*Counsel for Korean Airlines Co., Ltd.*

John R. Fornaciari
Robert M. Disch
Robert J. Brookhiser
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Tel: (202) 861-1500
Fax: (202) 861-1783
E-mail: jfornaciari@bakerlaw.com
          rdisch@bakerlaw.com
          rbrookhiser@bakerlaw.com

*Counsel for Nippon Cargo Airlines Co., Ltd.*

George N. Tompkins, Jr.
WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York  10017
Tel: (212) 490-3000
Fax: (212) 490-3038
E-mail: george.tompkinsiii@wilsonelser.com


*Counsel for Air China Limited*
 *and Air China Cargo Company Limited*

James V. Dick
Kevin M. Blair
SQUIRE, SANDERS & DEMPSEY, LLP
1200 19th Street, NW
Suite 300
Washington, D.C. 20036
Tel: (202) 626-6600
Fax: (202) 626-6780
E-mail: jdick@ssd.com
          kevin.blair@squiresanders.com

*Counsel for China Airlines Ltd.*

Michael J. Holland
Jean Cooper Rose
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, NY 10036
Tel: (212) 490-9100
Fax: (212) 370-4453
      -and-
Meena T. Sinfelt
Leasa W. Anderson
Andrews Kurth LLP
1350 I Street, N.W., Suite 1100
Washington, DC 20005-5805
Tel: (202) 662-2700
Fax: (202) 662-2739
      -and-
Lynne M. Fischman Uniman
Andrews Kurth LLP
450 Lexington Avenue
New York, New York 10017
Tel: (212) 850-2800
      -and-
Jerry L. Beane
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, TX 75201
Tel: (214)659-4400

E-mail:  mholland@condonlaw.com
        jrose@condonlaw.com
        msinfelt@akllp.com
        JerryBeane@andrewskurth.com
        leasaanderson@andrewskurth.com
        luniman@andrewskurth.com

*Counsel for Air New Zealand Limited*

Tammy A. Tsoumas
Elizabeth Kim
Jason Y. Kelly
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Tel: (213) 680-8374
Fax: (213) 680-8500

-and-
James H. Mutchnik, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
Email: james.mutchnik@kirkland.com
        tammy.tsoumas@kirkland.com
        elizabeth.kim@kirkland.com
        jason.kelly@kirkland.com

*Counsel for EVA Airways Corporation*

Douglas J. Good
E. Christopher Murray
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th floor
1425 RXR Plaza
Uniondale, NY 11556
Tel: (516) 663-6600
Fax: (516) 663-6601
Email: dgood@rmfpc.com
        emurray@rmfpc.com

*Counsel for Air India*

E. Katl

Elana Katcher

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE AIR CARGO SHIPPING
SERVICES ANTITRUST LITIGATION

MDL No. 1775

Case No. 06-MD-1775 (JG) (VVP)

**STIPULATION AND [PROPOSED]
ORDER TO EXTEND THE DEADLINE
FOR PLAINTIFFS TO TAKE THE RULE
30(B)(6) DEPOSITION OF OAG CARGO**

WHEREAS the parties' Fifth Stipulated Revised Discovery and Class Certification

Briefing Schedule (as ordered by the Court on March 6, 2013) set a deadline of December 31,

2013 by which fact discovery would end;

WHEREAS on December 9, 2013, plaintiffs served a subpoena upon non-party OAG

Cargo, the trade name for the cargo portion of the business of OAG Aviation Worldwide LLC

and its parent, OAG Aviation Worldwide Limited, for a deposition under Rules 45 and 30(b)(6)

of the Federal Rules of Civil Procedure to establish the foundation for admissibility of specified

documents;

WHEREAS the time by which plaintiffs must take the deposition of OAG Cargo had been

previously extended by the Court until March 31, 2014 (as ordered by the Court on December

12, 2013);

WHEREAS the documents at issue consist of over 1,000 pages of surcharge

announcements maintained by OAG Cargo;

WHEREAS plaintiffs and OAG Cargo are continuing to meet and confer on methods by

which the need for a deposition can be obviated or its scope limited;

WHEREAS in-house counsel for OAG Cargo has advised plaintiffs that she will likely

serve as OAG Cargo's 30(b)(6) witness, and is unavailable for a deposition before May 2014;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

the undersigned, that:

The deadline for the parties to take the aforementioned deposition of OAG Cargo shall be extended until May 31, 2014 for the purpose of allowing OAG Cargo and the plaintiffs time to negotiate in good faith a mutually agreeable declaration or stipulation that would suffice to establish the foundation for admissibility of the specified documents under Rules 803 and 901 of the Federal Rules of Evidence.

Dated: March 11, 2014                                              Respectfully submitted,

*/s/ Brent Landau*
Brent Landau
Michael Hausfeld
Melinda Coolidge
HAUSFELD LLP
1700 K Street, Suite 650
Washington, DC  20006
(202) 540-7200 (telephone)
*Counsel for Plaintiffs*

*/s/ Hollis L. Salzman*
Hollis L. Salzman
Meegan Hollywood
ROBINS, KAPLAN, MILLER &
CIRESI L.L.P.
601 Lexington Avenue
Suite 3400
New York, NY  10022
(212) 980-7400 (telephone)
*Counsel for Plaintiffs*

*/s/ Robert N. Kaplan*
Robert N. Kaplan
Gregory K. Arenson
Elana Katcher
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th floor
New York, NY  10022
(212) 687-1980 (telephone)
*Counsel for Plaintiffs*

*/s/ Howard J. Sedran*
Howard J. Sedran
Austin B. Cohen
Keith Verrier
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA  19106
(215) 592-1500 (telephone)
*Counsel for Plaintiffs*

2

_Donna Gagliardo_

Donna Gagliardo, Esq.
OAG AVIATION WORLDWIDE LLC
3025 Highland Park, Suite 200
Downers Grove, Illinois 60515


So Ordered

_____
Victor V. Pohorelsky
United States Magistrate Judge

Dated: _____

3

## CERTIFICATE OF SERVICE

I, Elana Katcher, declare that, on March 14, 2014, I caused true and correct copies of the foregoing letter motion, with attached Stipulation and [Proposed] Order to be delivered to all counsel of record via the Court's ECF system.

_/s/ Elana Katcher_
Elana Katcher