UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG) (VVP)<br><br>THIS DOCUMENT RELATES TO:<br>All Actions |

DECLARATION OF ROBERT N. KAPLAN IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH
DEFENDANT CHINA AIRLINES, LTD.

I, Robert N. Kaplan, declare:

1. I am a partner in the law firm of Kaplan Fox & Kilsheimer LLP. The Court has appointed me as one of four interim Co-Lead Counsel in this case. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement with Defendant China Airlines, Ltd. ("China Air"), dated May 6, 2014, Exhibit A hereto. I have personal knowledge of the information set forth in this declaration.

2. The settlement discussions with China Air occurred over a number of years. The initial settlement meeting occurred on September 21, 2010 in New York. That meeting was attended by co-lead counsel and their financial consultant and China Air's counsel and its Chief Financial Officer ("CFO"), but no settlement was achieved. In October 2013, settlement discussions began again. There were many emails and telephone conversations, including discussions of the merits of the parties' respective claims and defenses. On November 21, 2013 I met with China Air's counsel in New York. Following that meeting, China Air provided detailed financial information. There were additional emails and telephone calls and on January 16, 2014, co-lead counsel and their financial consultant met in New York with China Air's

counsel and its CFO and in-house counsel. Co-lead counsel and their financial consultant conducted an exhaustive analysis of China Air's financials and thoroughly vetted with its CFO, China Air's ability to pay. After that meeting, the parties participated in almost daily telephone calls and email exchanges and China Air provided additional financial information. On March 11, 2014, there was another meeting with China Air's counsel in Los Angeles, followed by a meeting on March 21, 2014 in New York. On that date, co-lead counsel and their financial consultant met in New York with China Air's counsel and its CFO and General Counsel. At this meeting, the parties continued to discuss in depth China Air's financial condition and its ability to pay.

3. After many additional telephone conversations and emails and only after co-lead counsel were thoroughly informed of China Air's financial condition and its ability to pay and the parties had negotiated all other areas of contention, an agreement in principle was reached on April 2, 2014. This was followed by extensive negotiations concerning the language and provisions of a settlement agreement.

4. Both sides vigorously negotiated their respective positions on all material terms of the Settlement Agreement and the negotiations were non-collusive.

5. In connection with these settlement negotiations, Plaintiffs' Co-Lead Counsel were informed of the facts concerning liability and damages issues and the relative strengths and weaknesses of each side's litigation position.

6. Counsel for plaintiffs and China Air signed the Settlement Agreement with an execution date of May 6, 2014.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of May, 2014 in New York, New York.

_____
Robert N. Kaplan