UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN RE

AIR CARGO SHIPPING SERVICES
ANTITRUST LITIGATION

M.D.L. No. 1775
-------------------------------------------------------x

06-MD-1775

**ALL CASES**

**MEMORANDUM ORDER**

At the request of the plaintiffs, the court held a premotion conference concerning motions for summary judgment that both the plaintiffs and the defendants have indicated they would wish to make. The defendants, however, have strenuously opposed the plaintiffs' desire to proceed with summary judgment practice before a decision is rendered on the plaintiffs' motion for class certification. (That motion has been fully briefed and is the subject of a report and recommendation issued by me which is now before Judge Gleeson on consideration of a host of objections filed by the defendants.) Thus, in addition to discussing the various motions contemplated by the parties, the court heard argument concerning the timing of the proposed motions and reserved decision in order to review the various authorities cited on the issue.

It is fair to say that there is no clear answer to the question whether it is appropriate for the court to determine motions for summary judgment prior to rendering a decision on class certification. On the one hand, the Second Circuit in *Schweizer v. Trans Union Corp.* rejected the plaintiff's contention that the court should not have dismissed her Fair Debt Collection Practices Act claim on summary judgment before determining whether a class action should be certified, holding that the timing of such a decision was well within the discretion of the district court. 136 F.3d 233, 239 (2d Cir. 1998). Two years later, however, the same court observed in dicta that it would be "difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits." *Philip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135

(2d Cir. 2000) (quoting *Bieneman v. Chicago,* 838 F.2d 962, 964 (7th Cir. 1988) (per curiam)).  It is not surprising, then, that lower courts in the circuit have split on the issue as well.  *Compare, e.g., Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of Am., NA*, No. 12 CIV. 2865, 2014 WL 2086426, at *2 (S.D.N.Y. May 5, 2014) ("There is nothing in Rule 23 which precludes the court from examining the merits of plaintiffs claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification."), *with In re Cablevision Consumer Litig.*, No. 10 CV 4992, 2014 WL 1330546, at *15-16 (E.D.N.Y. Mar. 31, 2014) (decision on class certification should precede decision on the merits).

The courts that have suggested that a decision on class certification should come first have been concerned that by reaching decisions on the merits the court will enable prospective class members to make risk-free decisions about whether to join the class.  If the outcome of the motion on the merits is favorable to plaintiff, the prospective class member will opt in; if not, the prospective class member will opt out.  The defendants thus have a legitimate concern that a decision favorable to them on summary judgment will not have class-wide effect and leave then vulnerable to further proceedings by putative class members who choose not to join any class that may be certified.

This concern is largely theoretical here, however, given the procedural posture of this case.  As noted above, the motion for class certification is now before Judge Gleeson.  Briefing on the various motions for summary judgment that the parties have identified in their submissions has not yet commenced, and in view of the number and variety of the issues that will be presented on the motions, the briefing will not be completed for many months.  Moreover, the motions have already been referred to me for a report and recommendation, which means that a final decision on the motions will have to await determinations by me, followed by additional time for objections and responses to objections, before the motions will be ripe for consideration by Judge Gleeson.  Thus, it is likely (if not inevitable) that Judge Gleeson will have decided the class certification issue well before he addresses the motions for summary judgment.

Given the passage of time that will inevitably occur before any motions for summary judgment are finally decided, I find little reason to introduce further delay by postponing the motions until after a final decision is rendered on class certification. As there is virtually no danger that the various summary judgment motions will be decided before the class certification motion is decided – indeed, if that decision has not yet been rendered by the time my report and recommendation has been issued, the defendants will have the opportunity to argue to Judge Gleeson that he should address the certification issue first – the wisest course is to commence the summary judgment process now. Accordingly, all summary judgment motions (including those on issues where both the plaintiffs and the defendants are seeking summary judgment) are to be briefed on the following schedule:

 a. Moving papers are to be served by March 30, 2015;
 b. Opposition papers are to be served by June 1, 2015;
 c. Reply papers are to be served by July 1, 2015.

The parties are directed to comply with Judge Gleeson's Rules of Practice with respect to the motions.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
January 26, 2015