**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE | Master File 06-MD-1775 (JG) (VVP) |
| AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION | THIS DOCUMENT RELATES TO: All Actions |
| MDL No. 1775 | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT
ON THE INTERNATIONAL COMITY DEFENSE**

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                  <u>Page(s)</u>

*Block v. First Blood Assocs.,*
    988 F.2d 344 (2d Cir. 1993)................................................................................... 1

*Evans v. Syracuse City Sch. Dist.,*
    704 F.2d 44 (2d Cir. 1983)..................................................................................... 1

*Grand Light & Supply Co. v. Honeywell, Inc.,*
    771 F.2d 672 (2d Cir. 1985)................................................................................... 1

*Hartford Fire Ins. Co. v. California,*
    509 U.S. 764 (1993)..................................................................................... 1, 2, 3

*In re Cinar Corp. Sec. Litig.,*
    186 F. Supp. 2d 279 (E.D.N.Y. 2002) ................................................................... 2

*In re Maxwell Commc'n Corp.,*
    93 F.3d 1036 (2d Cir. 1996).................................................................................. 2

*In re Vitamin C Antitrust Litig.,*
    810 F. Supp. 2d 522 (E.D.N.Y. 2011) ................................................................... 2

*Linde v. Arab Bank, PLC,*
    262 F.R.D. 136 (E.D.N.Y. 2009) .......................................................................... 2

*Minuteman Press Int'l, Inc. v. Matthews,*
    232 F. Supp. 2d 11 (E.D.N.Y. 2002) ..................................................................... 1

*Monahan v. New York City Dep't of Corr.,*
    214 F.3d 275 (2d Cir. 2000).................................................................................. 1

*Société Nationale Industrielle Aérospatiale v. United States Dist. Court for S. Dist. of Iowa,*
    482 U.S. 522 (1987)............................................................................................ 2

*Sudul v. Computer Outsourcing Servs., Inc.,*
    917 F. Supp. 1033 (S.D.N.Y. 1996)....................................................................... 1

*Travellers Int'l, AG v. Trans World Airlines Inc.,*
    41 F.3d 1570 (2d Cir. 1994).................................................................................. 1

*Yukos Capital S.A.R.L.. v. Samaraneftegaz,*
    No. 14-554-cv, 2015 WL 424339 (2d Cir. Feb. 3, 2015) ...................................... 2

**Statutes and Rules**

Sherman Act § 1, 15 U.S.C. § 1 ............................................................................................ 1, 3

Federal Rule of Civil Procedure 8(c) ......................................................................................... 1

**Other Authorities**

Restatement (Third) of Foreign Relations Law of the United States
    § 403.................................................................................................................................. 3
    § 415.................................................................................................................................. 3

Plaintiffs are entitled to summary judgment on certain defendants' international comity

defense.[1] No foreign law *required* defendants to engage in conduct prohibited by Sherman Act

§ 1, 15 U.S.C. § 1, and compliance with the Sherman Act and any foreign law was not

impossible.

*Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 797-99 (1993) ("*Hartford"),* has

defined the parameters for the application of international comity to block enforcement of the

Sherman Act. In *Hartford,* plaintiffs alleged that London reinsurance companies participated in

conspiracies to limit coverages provided by United States primary insurers in violation of

Sherman Act § 1. *Id.* at 794-95. The foreign defendants argued that principles of international

comity required United States courts to refrain from exercising jurisdiction over plaintiffs'

---

[1] This defense has been asserted by Polar Air Cargo LLC, Polar Air Cargo Worldwide Inc., Atlas Air Worldwide Holdings Inc. (ECF No. 1002 at 28 and Docket Order of April 13, 2011 (Declaration of Gary L. Specks in Support of Plaintiffs' Summary Judgment Motions, dated April 24, 2015 ("Specks Dec."), Exs. 1, 2)), and Air India Ltd. (1:10-cv-00639-JG-VVP, ECF No. 77 at 6-7 (Specks Dec. Ex. 3)). Defendants Air New Zealand Ltd., Air China Ltd. and Air China Cargo Co. Ltd. (together "Air China") have not asserted this affirmative defense in their respective answers to plaintiffs' complaint (ECF Nos. 1008, 1001 (Specks Dec. Exs. 4, 5)). Rule 8(c), Fed. R. Civ. P., provides that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." As a general rule, failure to plead an affirmative defense results in a waiver of that defense. *See Travellers Int'l, AG v. Trans World Airlines Inc.,* 41 F.3d 1570, 1580-81 (2d Cir. 1994); *Minuteman Press Int'l, Inc. v. Matthews,* 232 F. Supp. 2d 11, 17 (E.D.N.Y. 2002). While a district court has discretion to treat a defendant's motion for summary judgment raising an affirmative defense not pleaded in its answer as a motion to amend its answer, such an amendment is not permissible where the amendment would prejudice the plaintiff. *Monahan v. New York City Dep't of Corr.,* 214 F.3d 275, 283-84 (2d Cir. 2000). Here, Air New Zealand and Air China, which answered plaintiffs' complaint in October 2009, have delayed more than five years before asserting this affirmative defense long after the Court-ordered fact discovery cut-off had passed. As a result, plaintiffs have been deprived of a full and fair opportunity to elicit testimony and documents from these defendants directly bearing upon the affirmative defense they now would be asserting for the first time. *See Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (quoting *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir. 1983) ("the longer the period of an unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice"); *Grand Light & Supply Co. v. Honeywell, Inc.,* 771 F.2d 672, 680 (2d Cir. 1985) ("[s]ubstantial prejudice may exist where it is not clear that the opposing party had the opportunity to defend against the new claim and where that party might have offered additional evidence had it known of the claim"); *Sudul v. Computer Outsourcing Servs., Inc.,* 917 F. Supp. 1033, 1042-43 (S.D.N.Y. 1996) (leave to amend denied where defendant offered no explanation for delaying its motion to amend). In the event this Court finds that Air New Zealand or Air China have not waived this affirmative defense, plaintiffs request that the Court consider this motion as addressed to those defendants as well.

antitrust claims, because the alleged conspiratorial conduct "was perfectly consistent with British law and policy." *Id.* at 799.

The Supreme Court rejected defendants' international comity defense. It held that an issue of international comity arises only when there is "a true conflict between domestic and foreign law." *Id.* at 798 (quoting *Société Nationale Industrielle Aérospatiale v. United States Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 555 (1987)). The Court explained that, unless a foreign sovereign's law *requires* defendants to engage in conduct prohibited by United States law or compliance with the law of both countries is *impossible*, a United States court need not refrain from exercising jurisdiction over antitrust claims on grounds of international comity. *Hartford* at 799. *Accord Yukos Capital S.A.R.L.. v. Samaraneftegaz*, No. 14-554-cv, 2015 WL 424339, at *1 (2d Cir. Feb. 3, 2015) ("'International comity comes into play only when there is a true conflict between American law and that of a foreign jurisdiction.' *In re Maxwell Commc'n Corp. plc by Homan,* 93 F.3d 1036, 1049 (2d Cir. 1996). A district court only reaches the issue of comity if it finds a true conflict exists, that is, when the laws of one country 'require conduct that violates [the laws of the other].' *Id.* at 1050.) (brackets in original) (not for publication); *In re Cinar Corp. Sec. Litig.,* 186 F. Supp. 2d 279, 292 (E.D.N.Y. 2002) ("ever since *In re Maxwell*[, 93 F.3d 1036, 1049-50 (2d Cir. 1996)], courts in the Second Circuit have been consistent in affirming a 'true conflict' threshold"); *In re Vitamin C Antitrust Litig.,* 810 F. Supp. 2d 522, 543 (E.D.N.Y. 2011) ("[u]nless defendants' price-fixing was compelled by the Chinese government, dismissal on comity grounds would not be justified"); *Linde v. Arab Bank, PLC,* 262 F.R.D. 136, 148 (E.D.N.Y. 2009) (balancing of comity factors unnecessary where there is no true conflict between domestic and foreign law).

2

The Supreme Court in *Hartford* found that a "true conflict" between the Sherman Act and British law did not exist merely because the alleged antitrust conspiracies were prohibited by the Sherman Act but were lawful under English law and also found that defendants' compliance with both United States and British law was possible. *Hartford,* 509 U.S. at 799 ("'[T]he fact that conduct is lawful in the state in which it took place, will not, of itself, bar application of the United States antitrust laws,' even where the foreign state has a strong policy to permit or encourage such conduct. . . . No conflict exists, for these purposes, 'where a person subject to regulation by two states can comply with the laws of both.'") (quoting Restatement (Third) of Foreign Relations Law of the United States § 415, Comment *j* and § 403, comment *e*, respectively). The Court concluded: "Since the London reinsurers do not argue that British law requires them to act in some fashion prohibited by the law of the United States . . . or claim that their compliance with the laws of both countries is otherwise impossible, we see no conflict with British laws." *Hartford,* 509 U.S. at 799.

Here, as in *Hartford,* there is no true conflict between the Sherman Act and the law of any foreign jurisdiction. No government outside the United States required any defendant to participate in any part of the nearly seven-year (January 2000 through September 2006) global agreement by air carriers to overcharge their customers by fixing fuel and security surcharges as non-negotiable additions to base rates resulting in supracompetitive total prices for airfreight shipping services. There is no evidence that any defendant found it impossible to comply with the United States antitrust laws embodied in Sherman Act § 1 and the law of any foreign jurisdiction. Without a true conflict between domestic and foreign laws, there is no ground for asserting an international comity defense.

3

For the foregoing reasons, plaintiffs are entitled to entry of summary judgment in their favor on the international comity defense.

Dated:  April 24, 2015

Respectfully Submitted,

Robert N. Kaplan
Gregory K. Arenson
Elana Katcher
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022

(212) 687-1980

Gary L. Specks
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL 60035
(847) 831-1585

By:   /s/ Robert N. Kaplan

Howard J. Sedran
Austin Cohen
Keith J. Verrier
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500

By:   /s/ Howard J. Sedran

Hollis L. Salzman
Meegan F. Hollywood
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
(212) 980-7400

By:   /s/ Hollis L. Salzman

Michael D. Hausfeld
Brent W. Landau
Hilary K. Scherrer
Melinda Coolidge
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

By:   /s/ Michael D. Hausfeld