UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES<br>ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG) (VVP)<br><br>THIS DOCUMENT RELATES TO:<br>All Actions |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT
ON THE FOREIGN SOVEREIGN COMPULSION DEFENSE**

# **TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                         <u>Page(s)</u>

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993) .................................................................................. 1

*Continental Ore Co. v. Union Carbide & Carbon Corp.*,
    370 U.S. 690 (1962) ................................................................................................ 2, 3

*Evans v. Syracuse City Sch. Dist.*,
    704 F.2d 44 (2d Cir. 1983) ..................................................................................... 1

*Grand Light & Supply Co. v. Honeywell, Inc.*,
    771 F.2d 672 (2d Cir. 1985) .................................................................................. 1

*Hartford Fire Ins. Co. v. Cal.*,
    509 U.S. 764 (1993) ................................................................................................ 3

*In re Vitamin C Antitrust Litig.*,
    810 F. Supp. 2d 522 (E.D.N.Y. 2011) ................................................................... 2

*Linseman v. World Hockey Assoc.*,
    439 F. Supp. 1315 (D. Conn. 1977) ...................................................................... 2

*Mannington Mills, Inc. v. Congoleum Corp.*,
    595 F.2d 1287 (3d Cir. 1979) ................................................................................ 2

*Minuteman Press Int'l, Inc. v. Matthews*,
    232 F. Supp. 2d 11 (E.D.N.Y-. 2002) .................................................................... 1

*Monahan v. New York City Dep't of Corr.*,
    214 F.3d 275 (2d Cir. 2000) .................................................................................. 1

*Outboard Marine Corp. v. Pezetel*,
    461 F. Supp. 384 (D. Del. 1978) ........................................................................... 2

*Sudul v. Computer Outsourcing Servs., Inc.*,
    917 F. Supp. 1033 (S.D.N.Y. 1996) ...................................................................... 1

*Travellers Int'l, AG v. Trans World Airlines Inc.*,
    41 F.3d 1570 (2d Cir. 1994) .................................................................................. 1

*United States v. Brodie*,
    174 F. Supp. 2d 294 (E.D. Pa. 2001) .................................................................... 3

*United States v. Watchmakers of Switzerland*,
    1962 U.S. Dist. LEXIS 5816 (S.D.N.Y. Dec. 20, 1962) ............................................................ 3

*United States v. Sisal Sales Corp.*,
    274 U.S. 268 (1927) ................................................................................................................ 2

*Williams v. Curtis-Wright Corp.*,
    694 F.2d 300 (3d Cir. 1982) ................................................................................................ 1-2

**Statutes and Rules**

Sherman Act ............................................................................................................................ 2, 3

Federal Rule of Civil Procedure 8(c) ........................................................................................... 1

**Other Authorities**

Restatement (Third) Foreign Relations Law § 415 ..................................................................... 3

United States Dep't of Justice & Fed. Trade Comm'n, Antitrust Enforcement Guidelines for
    International Operations (1995) ............................................................................................. 2

Plaintiffs are entitled to summary judgment on certain defendants' foreign sovereign compulsion defense.[1] There is no evidence that any of the defendants were compelled by any government to participate in the nearly seven-year (January 2000 through September 2006) global agreement by air carriers to overcharge their customers by fixing fuel and security surcharges as non-negotiable additions to base rates resulting in supracompetitive total prices for airfreight shipping services. Voluntary, discretionary participation in the agreement, even if such conduct was sanctioned or approved by a foreign government, will not support a foreign sovereign compulsion defense.

"[T]he defense of governmental compulsion is available only when the offending action was mandated by a foreign sovereign." *Williams v. Curtis-Wright Corp.*, 694 F.2d 300, 303 (3d

---

[1] This defense has been asserted by Polar Air Cargo LLC, Polar Air Cargo Worldwide Inc., Atlas Air Worldwide Holdings Inc. (ECF No. 1002 at 28 and Docket Order of April 13, 2011 (Declaration of Gary L. Specks in Support of Plaintiffs' Summary Judgment Motions, dated April 24, 2015 ("Specks Dec."), Exs. 1, 2)), and Air India Ltd. (1:10-cv-00639-JG-VVP, ECF No. 77 at 6-7 (Specks Dec. Ex. 3)). Defendants Air New Zealand Ltd. and Air China Ltd. and Air China Cargo Co. Ltd. (together "Air China") have not asserted this affirmative defense in their respective answers to plaintiffs' complaint (ECF Nos. 1008, 1001 (Specks Dec. Exs. 4, 5)). Rule 8(c), Fed. R. Civ. P., provides that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." As a general rule, failure to plead an affirmative defense results in a waiver of that defense. *See Travellers Int'l, AG v. Trans World Airlines Inc.*, 41 F.3d 1570, 1580-81 (2d Cir. 1994); *Minuteman Press Int'l, Inc. v. Matthews*, 232 F. Supp. 2d 11, 17 (E.D.N.Y. 2002). While a district court has discretion to treat a defendant's motion for summary judgment raising an affirmative defense not pleaded in its answer as a motion to amend its answer, such an amendment is not permissible where the amendment would prejudice the plaintiff. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283-84 (2d Cir. 2000). Here, Air New Zealand and Air China, which answered plaintiffs' complaint in October 2009, have delayed more than five years before asserting this affirmative defense long after the Court-ordered fact discovery cut-off had passed. As a result, plaintiffs have been deprived of a full and fair opportunity to elicit testimony and documents from these defendants directly bearing upon the affirmative defense they now would be asserting for the first time. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)) ("the longer the period of an unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice"); *Grand Light & Supply Co. v. Honeywell, Inc.*, 771 F.2d 672, 680 (2d Cir. 1985) ("[s]ubstantial prejudice may exist where it is not clear that the opposing party had the opportunity to defend against the new claim and where that party might have offered additional evidence had it known of the claim"); *Sudul v. Computer Outsourcing Servs., Inc.*, 917 F. Supp. 1033, 1042-43 (S.D.N.Y. 1996) (leave to amend denied where defendant offered no explanation for delaying its motion to amend). In the event this Court finds that Air New Zealand or Air China have not waived this affirmative defense, plaintiffs request that the Court consider this motion as addressed to those defendants as well.

Cir. 1982); *accord, Linseman v. World Hockey Assoc.,* 439 F. Supp. 1315, 1324 (D. Conn. 1977) (the government compulsion defense requires proof that the corporate conduct was "compelled by a foreign sovereign"). Thus, for the doctrine of foreign sovereign compulsion to immunize defendants' conduct, a foreign government must have actually mandated that defendants engage in the anticompetitive conduct in this case. United States Dep't of Justice & Fed. Trade Comm'n, Antitrust Enforcement Guidelines for International Operations § 3.32 (1995) ("the foreign government must have compelled the anticompetitive conduct"). There is no evidence of such compulsion.

The defense of foreign sovereign compulsion does not apply even if the conduct is sanctioned or approved by a foreign government. *See Mannington Mills, Inc. v. Congoleum Corp.,* 595 F.2d 1287, 1293 (3d Cir. 1979) ("[w]here the governmental action rises no higher than mere approval, the compulsion defense will not be recognized"); *In re Vitamin C Antitrust Litig.,* 810 F. Supp. 2d 522, 564 (E.D.N.Y. 2011) (foreign sovereign compulsion inapplicable where defendants' conduct may have been sanctioned, but was not compelled, by the Chinese government); *Outboard Marine Corp. v. Pezetel,* 461 F. Supp. 384, 398-99 n.29 (D. Del. 1978) (concluding that foreign sovereign compulsion was not present when defendants acted "apparently with the support of the Polish government"); *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 705 (1962) (conspiratorial actions must be actually compelled – not merely *permitted* – by a foreign government in order to immunize conduct in violation of the Sherman Act). Sovereign acts that merely aid the successful implementation of a conspiracy do not immunize conspirators from liability. *See United States v. Sisal Sales Corp.,* 274 U.S. 268 (1927) (the doctrine of foreign sovereign compulsion does not immunize conspirators' own deliberate acts of monopolization in

2

violation of the Sherman Act simply because those acts are *aided* by legislation allowing a monopoly).

Even where foreign conduct is lawful or authorized under the legal system of the country where it occurred, that does not constitute compulsion and will not immunize the conduct from Sherman Act liability. *See Hartford Fire Ins. Co. v. Cal.*, 509 U.S. 764, 799 (1993) ("'the fact that conduct is lawful in the state in which it took place will not, of itself, bar application of the United States antitrust laws,' even where the foreign state has a strong policy to permit or encourage such conduct") (quoting Restatement (Third) Foreign Relations Law § 415, Comment j); *United States v. Brodie,* 174 F. Supp. 2d 294, 301-04 (E.D. Pa. 2001) (foreign sovereign compulsion did not immunize defendants' commerce with Cuba, in violation of United States law, simply because the European Union and Canada permitted such commerce).

Moreover, where a foreign government delegates authority to a private entity, the discretionary acts of that entity remain subject to Sherman Act liability. *See Continental Ore*, 370 U.S. at 707 (finding a Canadian entity liable under the Sherman Act despite its acting pursuant to authority delegated by the Canadian government and in accordance with Canadian law).

Further, industry agreements in restraint of trade may be *voluntary*, not compelled, even though they may have been "recognized as facts of economic and industrial life by that nation's government." *United States v. Watchmakers of Switzerland,* 1962 U.S. Dist. LEXIS 5816 at *152 (S.D.N.Y. Dec. 20, 1962). "The fact that the . . . Government may, as a practical matter, approve of the effects of this private activity cannot convert what is essentially a vulnerable private conspiracy into an unassailable system resulting from foreign governmental mandate." *Id* at *152-53.

The extensive evidentiary record here does not support a finding that any portion of defendants' price-fixing conspiracy was mandated or compelled by any foreign sovereign.

3

Therefore, plaintiffs are entitled to summary judgment in their favor on the foreign sovereign compulsion defense.

Dated: April 24, 2015

Respectfully Submitted,

| | |
|---|---|
| Robert N. Kaplan<br>Gregory K. Arenson<br>Elana Katcher<br>KAPLAN FOX & KILSHEIMER LLP<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>(212) 687-1980 | Hollis L. Salzman<br>Meegan F. Hollywood<br>ROBINS KAPLAN LLP<br>601 Lexington Avenue, Suite 3400<br>New York, NY 10022<br>(212) 980-7400<br><br>By:   */s/ Hollis L. Salzman* |
| Gary L. Specks<br>KAPLAN FOX & KILSHEIMER LLP<br>423 Sumac Road<br>Highland Park, IL 60035<br>(847) 831-1585<br><br>By:   */s/ Robert N. Kaplan* | |
| Howard J. Sedran<br>Austin Cohen<br>Keith J. Verrier<br>LEVIN, FISHBEIN, SEDRAN & BERMAN<br>510 Walnut Street<br>Philadelphia, PA 19106<br>(215) 592-1500<br><br>By:   */s/ Howard J. Sedran* | Michael D. Hausfeld<br>Brent W. Landau<br>Hilary K. Scherrer<br>Melinda Coolidge<br>HAUSFELD LLP<br>1700 K Street, N.W., Suite 650<br>Washington, DC 20006<br>(202) 540-7200<br><br>By:   */s/ Michael D. Hausfeld* |

4