UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (JG) (VVP)<br><br>**NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFFS' CLAIMS ARISING FROM ACTS REGULATED BY FOREIGN GOVERNMENTS** |

PLEASE TAKE NOTICE that Pursuant to Fed. R. Civ. P. 56(a), defendants Air China Ltd., Air China Cargo Company Ltd., Air India Ltd., Air New Zealand Ltd., Atlas Air Worldwide Holdings, Inc., Polar Air Cargo, Inc. and Polar Air Cargo Worldwide ("Defendants"), respectfully move this Court for an order granting partial summary judgment in favor of Defendants based on the affirmative defenses of the filed rate doctrine, foreign sovereign compulsion, *Noerr-Pennington* doctrine, and act of state and principles of international comity. Defendants also submit a Memorandum of Law in Support of this Motion which is attached hereto.

## NOTICE OF FOREIGN LAW

Pursuant to Fed. R. Civ. P. 44.1, the undersigned Defendants also give notice that they intend to raise issues about foreign countries' laws.[1] In particular, Defendants cite to certain laws and regulations of the following foreign governments:

1) Hong Kong

2) Japan; and

3) New Zealand

---

[1] Notice was also previously given to Plaintiffs in the various defendants' Answers. *See e.g.* ECF Nos. 1003 at p. 40; 1006 at 51; 1010 at 25; 1008 at ¶14.

1

WAS:263840.1

Defendants set forth foreign laws and regulations relied upon in the Request for Judicial Notice in support of this Notice of Motion for Summary Judgment and in the Declaration of Meena T. Sinfelt filed herewith.

## **REQUEST FOR BIFURCATION PROCESS**

Defendants' Memorandum of Law in Support of Partial Summary Judgment Regarding Acts Regulated by Foreign Sovereigns discusses and uses as example the regulatory structures in Japan, Hong Kong, and New Zealand. Plaintiffs' also argue that the remaining Defendants can be held jointly and severally liable for the anticompetitive acts of other airlines in jurisdictions from which they do not operate. For example, Air New Zealand ceased cargo shipping services from Korea in 1999 and since then has had a General Sales Agent ("GSA") acting on its behalf in Korea and conducting no business involving shipments to the United States. During the class period, Air New Zealand did not have any revenue on shipments ex-Korea into the United States, meaning no shipments were sent from Korea to the U.S. *See* Ex. 4, Declaration of Meena Sinfelt ("Sinfelt Decl."); Ex. 6, Declaration of Chris Young at Ex. F. Although Air New Zealand did not conduct any business in Korea (and therefore there were no effects, much less substantial effects, on U.S. commerce) and Plaintiffs have made no allegations regarding Air New Zealand's conduct in Korea, Plaintiffs claim that Air New Zealand, like the other Defendants, would still be responsible for antitrust damages from that region of the world should it be determined that Air New Zealand violated the Sherman Act. Due to this claim of joint and several liability, and the fact that similar regulatory regimes exist in jurisdictions such as Macau, Thailand, Korea, and Taiwan, Defendants respectfully request a bi-furcated process regarding the applicable regulatory defenses raised herein.

Defendants propose that the Court initially make a determination as to whether any of the defenses Defendants raise (filed rate, foreign sovereign compulsion, act of state, and *Noerr-Pennington*) are applicable to the example regulatory regimes presented by Defendants as a matter of law. If the Court finds that, based on the example regulatory regimes presented herewith, Defendants may have applicable affirmative defenses in other jurisdictions related to Plaintiffs' allegations of conspiracy, Defendants would propose a short period of time during which Defendants could submit *evidence only* (*e.g.* Korean laws establishing the regulatory approval system, applications and approvals to the Korean Minster of Transport for fuel and security surcharges, etc.) from other jurisdictions. Defendants do not propose to reargue the law in relation to these other regulatory regimes, only to present evidence of why Plaintiffs' claims as to damages out of specific regulatory regimes would be barred. Given the lack of business and contacts in Korean, for example by Air New Zealand, Air New Zealand was not in a position to locate and present such evidence for the Court's consideration at this time. The undersigned Defendants are in a similar situation as Air New Zealand as to other jurisdictions as well.

Alternatively, Defendants respectfully request that if the Court is not inclined to grant Defendants' such a bifurcated process addressing countries from which they did not ship during the class period, that the Court instead find that each Defendants' liability cannot include sales on routes which they did not operate air cargo shipping services.

Dated: April 24, 2015

                                                                   */s/ Roscoe C. Howard, Jr.*
                                                                  Roscoe C. Howard, Jr.
                                                                  Meena T. Sinfelt
                                                                  Leasa W. Anderson
                                                                  BARNES & THORNBURG LLP
                                                                  1717 Pennsylvania Avenue, NW, Suite 500
                                                                  Washington, D.C. 20006
                                                                  Tel: (202) 371-6378

                                                                  *Counsel for Air New Zealand, Ltd.*

| | |
|---|---|
| GEORGE N. TOMPKINS III<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER LLP<br>150 East 42nd Street<br>New York, NY 10017<br>Tel:  212-490-3000<br><br>*Counsel for Air China Limited and Air China Cargo Company Limited* | E. CHRISTOPHER MURRAY<br>NATASHA MOSKVINA<br>RUSKIN MOSCOU FALTISCHEK, P.C.<br>East Tower, 15th Floor<br>1425 RXR Plaza<br>Uniondale, NY 11556<br>Tel: 516-663-6600<br><br>*Counsel for Air India Ltd.* |
| HARVEY J. WOLKOFF<br>GREGORY L. DEMERS<br>DAVID A. YOUNG<br>ROPES & GRAY LLP<br>PRUDENTIAL TOWER<br>800 BOYLSTON STREET<br>BOSTON, MA  02199-3600<br>TEL:    617-951-3600<br><br>*Counsel for Atlas Worldwide Holdings, Inc., Polar Air Cargo LLC, and Polar Air Cargo Worldwide, Inc.* | |

WAS:263840.1

## CERTIFICATE OF SERVICE

I, Roscoe C. Howard, Jr., hereby certify that on April 24, 2015, a true and correct copy of the following documents were served on all counsel of record via email:

1. Defendants' Notice of Motion for Partial Summary Judgment as to Plaintiffs' Claims Arising from Acts Regulated by Foreign Governments;

2. Defendants' Memorandum of Law in Support of Partial Summary Judgment as to Plaintiffs' Claims Arising from Acts Regulated by Foreign Governments; and

3. Defendants' Local Rule 56.1 Statement on their Motion for Partial Summary Judgment as to Plaintiffs' Claims Arising from Acts Regulated by Foreign Governments.

/s/
*Roscoe C. Howard, Jr.*

WAS:263840.1