UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (BMC) (VVP)<br><br>This Document Relates to:<br>All Actions |

# FINAL JUDGMENT

Plaintiffs and Defendants Air China Limited and Air China Cargo Company Limited ("Air China" or "Settling Defendant") entered into a Settlement Agreement to fully and finally resolve the Class's claims against Air China on February 4, 2016. On October 5, 2016, the Court conducted a fairness hearing on the proposed settlement, and that same day the Court orally made findings of fact and conclusions of law granting final approval of the settlement between Plaintiffs and Air China.

**IT IS THEREFORE HEREBY ADJUDGED AND DECREED:**

1. Pursuant to the Court's Order dated July 10, 2015 (ECF No. 2282), as amended on August 3, 2015 (ECF No. 2326), the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied, and the following Class was certified:

> All persons or entities (but excluding Defendants, their parents, predecessors, successors, subsidiaries, affiliates, as well as government entities) who purchased airfreight shipping services for shipments to or from the United States directly from any of the Defendants, or from any of their parents, predecessors, successors, subsidiaries, or affiliates, at any time during the period from January 1, 2000 up to and including September 30, 2006.

2. The persons and entities identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Class and

are hereby excluded from the Class, are not bound by this Final Judgment, and may not make any claim or receive any benefit from the settlement, whether monetary or otherwise. Said excluded persons may not pursue any claims released under the Settlement Agreement on behalf of those who are bound by this Final Judgment. Each Class member not appearing in Exhibit A is bound by this Final Judgment and will remain forever bound.

3. *In re Air Cargo Shipping Services Antitrust Litigation*, 06-MD-1775 (BMC) (VVP) (E.D.N.Y.), and all actions filed in or transferred to the United States District Court for the Eastern District of New York for consolidation and/or coordination with this multidistrict litigation, specifically including the actions captioned *Benchmark Export Services, et al. v. AMR Corporation and American Airlines, Inc.,* Case No. 10-CV-3398 (E.D.N.Y.), *Benchmark Export Services et al. v. China Airlines Ltd.*, Case No. 10-CV-0639 (E.D.N.Y.), *Benchmark Export Services et al. v. McCaffrey*, Case No. 10-CV-10253 (D. Mass.), *Benchmark Export Services et al. v. De Jong,* Case No. 2:10-CV-00007 (E.D.N.C.), and *Benchmark Export Services et al. v. Sanfilippo*, Case No. 10-CV-01084 (C.D. Cal.), (collectively, the "Action") are dismissed, with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreement, without costs, as to Settling Defendant and any other party released under the Settlement Agreement who is a Defendant in the Action. This dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the release set out in the Settlement Agreement.

4. The Plaintiffs, each member of the Class who did not timely and validly elect to be excluded from the Class, their predecessors, successors, past and present parents, subsidiaries, affiliates, divisions, and departments, and each of their respective past and present officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors,

successors, heirs, executors, administrators, and assigns or transferees, immediate and remote, of each of the foregoing (jointly and severally, and individually and collectively, the "Releasing Parties") are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any claims released in the Settlement Agreement against the Settling Defendant, its predecessors, successors, past and present parents, subsidiaries, affiliates, divisions, and departments, and each of their respective past and present officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing (jointly and severally, individually and collectively, the "Released Parties"), either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other court or forum wherever located. "Released Parties" does not include any Defendant, other than the Settling Defendant's Released Parties.

5.  Upon the occurrence of the first date by which all the following events have occurred: (a) the time for appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement and entry of this Final Judgment has expired, or, (b) if appealed, approval of the Settlement Agreement and this Final Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review (without taking into account the provisions of Rule 60 of the Federal Rules of Civil Procedure or the All Writs Act, 28 U.S.C. §1651) (the "Effective Date"), the Releasing Parties shall be deemed to and do completely, finally and forever release, acquit, and discharge the Released Parties from any and all claims, demands, actions, potential actions, suits, and causes of action, losses, obligations, damages, matters and issues of any kind

3

or nature whatsoever, and liabilities of any nature, including without limitation claims for costs, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise, that the Releasing Parties, or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against any of the Released Parties, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, accrued or unaccrued, matured or unmatured, disclosed or undisclosed, apparent or unapparent, liquidated or unliquidated, or claims that have been, could have been, or in the future might be asserted in law or equity, on account of or arising out of or resulting from or in any way related to any conduct regardless of where it occurred at any time prior to the Effective Date concerning the direct purchase from Settling Defendant or any other Defendant of Airfreight Shipping Services to or from the United States or concerning the pricing, selling, discounting, or marketing of Airfreight Shipping Services for shipments to or from the United States, including without limitation, claims based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Action, or otherwise the subject of the Action (and specifically including, without limitation, claims in any way related to cargo rates, fuel surcharges, security surcharges, insurance surcharges, United States customs surcharges, war risk surcharges, commissions, incentives, rebates, credits, yields, or any other element of the price of or the compensation related to Airfreight Shipping Services), which arise under any antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, unjust enrichment, civil conspiracy law, or any other law, code, rule, or regulation of any country or jurisdiction worldwide, including under federal or state law, regardless of legal theory, and regardless of the type or amount of damages claimed.  However, nothing herein shall release any claims (a) for negligence, breach of contract, bailment, failure to

deliver, lost goods, damaged or delayed goods or similar claim between any of the Released Parties and any of the Releasing Parties relating to Airfreight Shipping Services and/or (b) made with respect to any indirect purchase of Airfreight Shipping Services.

6. This Final Judgment does not settle or compromise any claim by Plaintiffs or any Class Member against any former or current Defendant or alleged co-conspirator or any other person or entity other than the Released Parties and all rights against any other Defendant or other person or entity are specifically reserved.

7. Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction over the Action and the Settlement Agreement, including the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

8. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this Final Judgment of dismissal forthwith as to the Released Parties.

_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
       October 5, 2016

5

Exhibit A – Exclusions from the Class

| Name | City | State/ Province | Country | Subsidiaries/ Affiliates/ Trade Names |
|---|---|---|---|---|
| ALITALIA SCALO MERCI | ROMA ITALIA | | ITALY | c/o CATIA DIVIZIA |
| ANADARKO PETROLEUM CORPORATION | THE WOODLANDS | TX | US | c/o RICK CARROLL |
| BAK AMBALAJ SAN.TIC.AS | IZMIR | | TURKEY | NOT PROVIDED |
| BELETHA MAPP | BALTIMORE | MD | US | NOT PROVIDED |
| CLT AIR FREIGHT CARRIER, LLC | CHARLOTTE | NC | US | NOT PROVIDED |
| EMBAJADA DE COREA | QUITO | | ECUADOR | EMBASSY OF THE REPULIC OF KOREA |
| FRANKLIN OFFSHORE INTERNATIONAL PTE LTD | | | SINGAPORE | NOT PROVIDED |
| GRUPPO CIMBALI S.P.A. | BINASCO (MI) | | ITALY | CIMBALI S.P.A. |
| HEXSPEED OY FINLAND | TUUSULA, KUHMO, and VANTAA | | FINLAND | NOT PROVIDED |
| KONIG MASCHINEN GESMBH | GRAZ-ANDRITZ | | AUSTRIA | KOENIG BAKERY SYSTEMS AND KOENIG TECHNOLOGY |
| MARTINO PELLICANO | ROME | | ITALY | NOT PROVIDED |
| MINISTRY OF FOREIGN AFFAIRS | SOFIA | | BULGARIA | MINISTRY OF FOREIGN AFFAIRS OF THE REPUBLIC OF BULGARIA |
| MIROGLIO S.P.A. - DIVISIONE TESSUTI | ALBA (CN) | | ITALY | NOT PROVIDED |
| RINO MASTROTTO GROUP S.P.A. | TRISSINO (VI) | | ITALY | NOT PROVIDED |
| TURKIYE IS BANKASI A.S. | ISTANBUL | | TURKEY | NOT PROVIDED |

Exhibit A – Exclusions from the Class

| Name | City | State/Province | Country | Subsidiaries/Affiliates/Trade Names |
|---|---|---|---|---|
| WIRTH GMBH | LANDSBERG | | GERMANY | NOT PROVIDED |
| RADIOMETER MEDICAL A/S & RADIOMETER AMERICA | BRONSHOJ | | DENMARK | NOT PROVIDED |
| MAV S.P.A | BOSENTINO (TN) | | ITALY | NOT PROVIDED |