UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CARGO SHIPPING SERVICES ANTITRUST LITIGATION<br><br>MDL No. 1775 | Master File 06-MD-1775 (BMC)(VVP)<br><br>This Document Relates to:<br>All Actions |

## ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, AND REIMBURSEMENT OF EXPENSES

This Court has considered plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, plaintiffs' submissions in support of the motion, and plaintiffs' arguments in support during the fairness hearing held on October 5, 2016.

This Court makes the following findings of fact and conclusions of law:

1. Plaintiffs have moved for an award of attorneys' fees and reimbursement of expenses from the following seven settlements (together, the "Applicable Settlements"): (1) Nippon Cargo Airlines Co., Ltd. - $36,500,000; (2) EVA Airways Corporation - $99,000,000; (3) Asiana Airlines, Inc. - $55,000,000; (4) Polar Air Cargo LLC, Polar Air Cargo Worldwide, Inc., and Atlas Air Worldwide Holdings, Inc. - $100,000,000; (5) Air China Limited and Air China Cargo Company Limited - $50,000,000; (6) Air New Zealand Limited - $35,000,000; and (7) Air India Ltd. - $12,500,000.

2. For more than ten years, plaintiffs' counsel (or "Class Counsel"), acting on behalf of the plaintiffs class, effectively pursued the claims in this complex case concerning 28 airline defendant groups and their worldwide operations. That effort was expended with no guarantee it would be compensated.

3. Notice of Class Counsel's intent to move for attorneys' fees not to exceed 25% of the $387,850,000 in Applicable Settlements, plus reimbursement of out-of-pocket expenses not to exceed $4 million was disseminated to potential class members and published in The Wall Street Journal (Global) and various others publications.

4. Class Counsel moved for an award of attorneys' fees in the amount of 25% of the $387,850,000 in Applicable Settlements, plus reimbursement of unreimbursed expenses in the amount of $2,496,900.30.

5. No member of the class has objected to the award of attorneys' fees or reimbursement of the expenses incurred by Class Counsel.

6. Counsel who recover a common fund for the benefit of persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the fund as a whole. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Blum v. Stenson, 465 U.S. 886, 900 n. 16 (1984).

7. The requested 25% fee award is within the applicable range of reasonable attorneys' fees percentage fund awards.

8. The expenses were necessarily incurred in the prosecution of this litigation.

Accordingly, it is hereby **ORDERED**:

    a. Class Counsel are awarded 25% of the $387,850,000 in Applicable Settlements, which the Court finds to be fair and reasonable;

    b. Class Counsel are awarded expenses of $2,496,900.30, which the Court finds to be fair and reasonable;

    c. Class Counsel shall allocate the fees and expenses among all of the counsel representing plaintiffs based upon Class Counsel's evaluation of the contribution of such counsel to the prosecution and resolution of this litigation.

    d. Without affecting the finality of this Order, the Court shall retain continuing jurisdiction over this matter to resolve disputes, if any, that may arise from the provisions of this Order.

**SO ORDERED.**

             Digitally signed by Brian M. Cogan
             _____
                 U.S.D.J.

Dated: Brooklyn, New York
    October 25, 2016