UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>AIR CARGO SHIPPING SERVICES<br>ANTITRUST LITIGATION<br><br>MDL No. 1775 | 06-MD-1775 (BMC)<br><br>THIS DOCUMENT RELATES TO:<br>All Actions |

**DECLARATION OF ERIC KIERKEGAARD REGARDING FUNDS REMAINING AFTER DISTRIBUTION OF AIR CARGO 2, AIR CARGO 3, AIR CARGO 4, AND AIR CARGO 5 SETTLEMENT FUNDS**

I, Eric N. Kierkegaard, hereby declare as follows:

1. I am a Project Director in Client Services for Epiq Class Action & Claims Solutions, Inc.[1] The following statements are based on my personal knowledge and information provided by other experienced GCG employees working under my supervision. If called on to do so, I could and would be competent to testify thereto.

2. GCG has served in this matter as the Claims Administrator managing a multitude of tasks, including, but not limited to: disseminating Notices; publishing Summary Notices; receiving and processing claims; responding to Class Member inquiries; establishing and maintaining a settlement website; and performing such other duties as have been approved by the Court or directed by the Parties, including the distribution of Settlement Funds.

3. Pursuant to the Court's March 26, 2018 Order Authorizing Additional Distribution of Air Cargo 2, Air Cargo 3, Air Cargo 4, and Air Cargo 5 Settlement Funds ("March 2018

---

[1] Garden City Group, LLC ("GCG") was acquired by Epiq Class Action and Claims Solutions, Inc. ("Epiq") on June 15, 2018. All references to GCG shall indicate the Claims Administrator as both GCG and Epiq.

Distribution Order") (ECF No. 2509), GCG completed the distribution as specified in the March 7, 2018 Declaration of Lori L. Castaneda Regarding Residual Funds and Additional Installments Available for Distribution ("Spring 2018 Distribution").

4. After the Spring 2018 Distribution, GCG used extensive efforts via telephone, email, and mail to reach payees who did not promptly cash their distribution checks. As of the date of this Declaration, there remains a balance of $14,821.34 in unclaimed settlement checks. This amount does not include checks totaling $5,564.42, which have been reissued to Class Members since Class Plaintiffs' November 1, 2018 letter to the Court.

5. The Polar escrow account earned $21,483.54 of income between calculation of awards and its closure, which balance was transferred to the Settlement distribution account. In addition, nominal amounts of $10.81 and $4.87 remained in the Singapore Airlines and Cathay Pacific Airways escrow accounts and will be transferred to the Settlement distribution account. Thus, a total of $36,320.56 in unallocated settlement funds remains.

6. Including work already completed as part of recent outreach efforts related to completing the recent distribution, remaining non-tax-related administration fees and expenses to fully and finally wrap-up administration of the Air Cargo matters are anticipated to be $12,000. In the March 2018 Distribution Order, the Court awarded GCG $194,564.54 for outstanding and anticipated notice and administration costs. Of that amount, $2,217.65 remains. Thus, GCG anticipates that it requires an additional $9,782.35 to be allocated for administration costs to complete settlement administration, including remaining class member communications, banking and project management, and ongoing use and maintenance of the settlement databases.

7. In accordance with paragraph 11 of the Declaration of Lori L. Castaneda Regarding Residual Funds and Additional Installments Available for Distribution, dated March 7, 2018 (ECF

No. 2508-2), under the March 2018 Distribution Order, $2,000 was allocated for tax preparation expenses in connection with the Polar Air escrow account which will be due in 2019; these funds are currently being held in reserve. Tax accounting for the other remaining Air Cargo 5 escrow accounts was completed and the funds completely allocated in the second quarter of 2018. GCG anticipates finalizing tax reporting on these other escrow accounts at the end of 2018 and submitting final wrap-up tax reporting for all escrow accounts in early 2019. GCG expects that expenses related to final tax reporting for the remaining escrow accounts will be at least $5,800, but these costs will be offset by an anticipated tax refund relating to the Polar Air escrow account to be received in 2019. Thus, no further funds are needed to cover these tax-related costs.

8. At Counsel's request, GCG has reviewed the potential fees and expenses related to undertaking an additional distribution to those Class Members who received awards from the Spring 2018 Distribution. Even excluding potential fees and costs that would be incurred while continuing to maintain a settlement database, a settlement website, a toll-free number, and email support for Class Members, GCG estimates that completing an additional round of Settlement checks and wire payments will incur fees and expenses in excess of $33,400.00. Assuming these fees and expenses for a potential additional residual distribution would be paid from the funds available in the Settlement distribution account, after subtracting GCG's additional administration costs, such a distribution would not be cost effective, as the cost would exceed the funds available in the distribution account.

9. Assuming no additional redistribution of funds remaining in the Settlement distribution account, and after accounting for payment of all anticipated fees and expenses related to wrapping up all administration of the Air Cargo matters, $26,538.21 in funds will remain in the Settlement distribution account. With the Court's approval, GCG can promptly distribute the

remaining funds to any *cy pres* recipient or as otherwise ordered by the Court and completely close administration of the Air Cargo matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of November, 2018, in Seattle, Washington.

_____
ERIC KIERKEGAARD