

The Legal Department

21 September 2025

To:
**The Honorable Judge,**
**The United States District Court**
**The Eastern District of New York**

Re: <u>**In re: Air Cargo Shipping Services Antitrust Litigation**</u>

<u>**Master File 1:06-MD-01775 (JG) (VVP) - Motion to Unseal Court Documents**</u>

The undersigned is "Hatzlacha – Promoting a Fair Society" , an association founded and based in Israel (hereunder: "the Association"). The Association is the Plaintiff in a certified class action proceeding - regarding the Cartel that was the subject of the above-captioned MDL - currently pending in the Courts of the state of Israel against El Al Israel Airlines Ltd., an Israeli company and one of the defendants in the above-captioned MDL.

The Association on its own behalf and on behalf of the Certified Class it represents, hereby respectfully appeals this Honorable Court, for an order unsealing documents in the above-captioned multidistrict litigation; all as elaborated hereunder.

## I.   BACKGROUND

1.  The MDL In re: Air Cargo Shipping Services Antitrust Litigation, concerns a global cartel in the air cargo industry (the "Cartel").

2.  The Association is the Plaintiff and the representative of the Certified Class (together: "the Movant"), in a certified class action proceeding concerning the Cartel, currently pending in the Courts of the state of Israel, against El Al Israel Airlines Ltd., an Israeli company and one of the defendants in the above-captioned MDL.

3.  In the MDL, the defendant El Al Israel Airlines Ltd has submitted a settlement agreement, which was approved by this Honorable Court. In the Israeli proceeding the Honorable Court has certified the Class Action, and the litigation is now proceeding to the merits phase.

4.  In the course of the above-captioned MDL long-running antitrust litigation, various filings were made under seal and still remain so.

5.  However, this multidistrict litigation has been terminated and closed by order of this Honorable Court in 2019 (subject only to the Honorable Court's continuing

הצלחה – לקידום חברה הוגנת (ע"ר)

הלשכה המשפטית: אצל עו"ד אלעד מן, רח' מנחם בגין 7 (בית גיבור ספורט – קומה 13) רמת גן 5268102
טל: 03-6114485 פקס: 03-6114486



jurisdiction for enforcement and settlement administration). Accordingly, the case itself, before this Honorable Court, has concluded more than six years ago.

6. Thus, while the sealing of these documents has been found justified by the Honorable Court at the time of the filing, the Movant shall argue those circumstances no longer apply.

7. The Movant shall argue that, with all due respect, the need for secrecy has diminished or expired, and continued sealing is not supported by compelling reasons.

8. It should also be noted, that access to the sealed documents is directly relevant to the Movement.

9. Thus, and in light of all the above, the Movant shall ask for a Court order unsealing the documents previously filed under seal.

10. Alternatively, and without waiving the foregoing, Plaintiff respectfully submits that, should the Honorable Court determine that wholesale unsealing is unwarranted, the Honorable Court should nevertheless direct that the documents at issue be disclosed to the Movant only (without making them public), subject to its execution of an appropriate confidentiality undertaking approved by the Honorable Court.

## II.    LEGAL STANDARD

11. In case detailing Legal Standard is required in this particular type of appeal by foreign unrepresented party, the Movant will submit as follows:

12. To the best of the its comprehension, public access to judicial records has been supported for many years by both Common Law and First Amendment rights, among other - to enable the public to oversee the workings of the judiciary, thereby fostering transparency, integrity, and confidence in the legal system. See, e.g., Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 506-10 (1984); Ctr. For Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016); In re Cendant Corp., 260 F.3d 183, 198 n. 13 (3d Cir. 2001); In re Policy Mgmt. Sys. Corp., No. 94-2254, 1995 U.S. App. LEXIS 25900 (4th Cir. Sept. 13, 1995); In re Continental Illinois Sec. Litigation, 732 F.2d 1302, 1308-09 (7th Cir. 1984) (Case Law Compilation from Boston bar association article by Ian McLoughlin).

13. Under the Common Law, the public has historically had a right to inspect and copy public, including judicial, records. There is a "strong presumption" in favor of openness (depending on whether the document is considered "judicial", i.e. such as was filed with the court and made a material part of the adjudicatory process) See, e.g., Nixon v. Warner Communications Inc., 435 U.S. 589, 597 (1978); Ctr. For Auto Safety, 809 F.3d at 1096; Cendant, 260 F. 3d at 192; In re Policy Mgmt., 1995 U.S.

הצלחה – לקידום חברה הוגנת (ע"ר)

הלשכה המשפטית: אצל עו"ד אלעד מן, רח' מנחם בגין 7 (בית גיבור ספורט – קומה 13) רמת גן 5268102
טל: 03-6114485 פקס: 03-6114486



App. LEXIS 25900: *Shane Grp., Inc. v. Blue Cross Blue Shield,* No. 15-1544, 2016 U.S. App. LEXIS 10264 (6th Cir. June 7, 2016) (ibid).

14. To the best of the undersigned comprehension, the First Amendment right of access also supports this motion.

15. Also, to the best of the undersigned comprehension, where litigation implicates significant public interest, a stronger justification is required to overcome the presumption of access. In the context of class actions, courts apply this standard with heightened rigor:

> To the best of the undersigned comprehension, the right of public access is particularly compelling here, because many members of the "public" are also plaintiffs in the class action. Accordingly, all the reasons… for the right of access to public records apply with even greater force here. Protecting the access right in class actions "promotes [class members'] confidence" in the administration of the case. Additionally, the right of access diminishes the possibility that "injustice, incompetence, perjury, [or] fraud" will be perpetrated against those class members who have some stake in the case but are not at the forefront of the litigation. Finally, openness of class actions provides class members with a more complete understanding of the class action process and a better perception of its fairness.

*Cendant,* 260 F.3d at 193 (internal citations removed). *See also Shane,* 2016 U.S. App. LEXIS 10264; *Ctr. For Auto Safety,* 809 F.3d at 1096-97 (*ibid*).

16. Also see, for example, *in re: Target Corporation Customer Data Breach Litig.,* Case No. 14-md-2522, Order (D. Minn. Aug. 13, 2015).

III.   **ARGUMENT**

17. On February 6, 2019, this Honorable Court issued a Supplemental Order recommending termination of MDL No. 1775 and closure of the matter, subject only to continuing jurisdiction to enforce orders and address settlement administration. The Honorable Court stated:

> *"The Court, therefore, reiterates its recommendation that the JPML terminate this MDL and the Clerk of Court close this matter, subject to the Court's continuing jurisdiction to enforce its orders, handle any matters related to the final settlement distributions, or address any other miscellaneous issues necessary to complete the administration of these cases. The two cases identified above, Precision Associates and DPWN, will remain active; but they need not be linked to either the MDL or each other."*

הצלחה – לקידום חברה הוגנת (ע"ר)

הלשכה המשפטית: אצל עו"ד אלעד מן, רח' מנחם בגין 7 (בית גיבור ספורט – קומה 13) רמת גן 5268102
טל: 03-6114485 פקס: 03-6114486



18. In the course of this long-running antitrust litigation, various filings were made under seal, by different parties, but in connection with the same Cartel.

19. The Movant shall argue, that given that the MDL has been terminated and closed since 2019, i.e. for more than six years, there is no longer any compelling justification for maintaining Documents in question under seal.

20. In addition, the Movant is currently litigating a certified class action proceeding in Israel against El Al Israel Airlines Ltd., one of the defendants in this MDL, concerning the same global air cargo cartel.

    The Israeli Court has certified the action, and the litigation is now proceeding to the merits phase.

    Access to the sealed documents is directly relevant to the prosecution of the Movant's Action, which concerns the same Cartel now pending before the Court in Israel.

21. Accordingly, some of the reasons for accepting this motion-letter are:

    Case Termination – The underlying MDL was terminated and closed in 2019. Since the litigation has concluded, there is no ongoing risk that disclosure of sealed materials will prejudice the proceedings.

    Changed Circumstances – The circumstances that originally justified sealing no longer apply.

    Strong Presumption of Public Access – Court records are presumptively open to the public under both the common law and the First Amendment. Continued sealing must be supported by compelling reasons, which are lacking here.

    Transparency and Accountability – Unsealing promotes judicial transparency, reinforces public confidence in the judicial system, and ensures accountability in the handling of antitrust matters of global importance.

    Public Interest – The case concerns a global price-fixing conspiracy affecting international commerce and consumers. Public access to the sealed filings serves the broader public interest.

22. In light of all of the above, the Movant hereby asks for a Court order unsealing any and all sealed documents in the case, including but not limited to documents listed hereunder.

הצלחה – לקידום חברה הוגנת (ע"ר)

הלשכה המשפטית: אצל עו"ד אלעד מן, רח' מנחם בגין 7 (בית גיבור ספורט – קומה 13) רמת גן 5268102
טל: 03-6114485 פקס: 03-6114486



23. Alternatively –

Movant respectfully requests that the Honorable Court enter an Order directing that the documents set forth below be disclosed to the Movant only, subject to its execution of a confidentiality undertaking approved by the Honorable Court, together with such other and further relief as the Honorable Court deems just and proper.

## IV.  DOCUMENTS REQUESTED TO BE UNSEALED

24. The Honorable Court is hereby requested to unseal <u>any and all</u> sealed documents in the case, <u>including</u> but not limited to dockets number:
1389, 1398, 1466, 1558, 1567, 1578, 1600, 1601, 1603, 1604, 1607, 1629, 1633, 1636, 1660, 1664, 1676, 1682, 1683, 1684, 1685, 1686, 1687, 1689, 1690, 1691, 1693, 1697, 1698, 1702, 1703, 1707, 1708, 1710, 1711, 1727, 1742, 1753, 1754, 1756, 1757, 1758, 1762, 1782, 1783, 1787, 1795, 1798, 1799, 1809, 1810, 1814, 1838, 1839, 1840, 1845, 1846, 1847, 1848, 1849, 1850, 1867 1882, 1883, 1884, 1885, 1886, 1902, 1903, 1904, 1910, 1911, 1912, 1915, 1918, 2030, 2084, 2088, 2089, 2104, 2105, 2106, 2107, 2110, 2111, 2114, 2125, 2148, 2149, 2150, 2152, 2154, 2162, 2165, 2166, 2168, 2170, 2172, 2174, 2176, 2196, 2211, 2212, 2213, 2214, 2221, 2222, 2223, 2224, 2250, 2251, 2252, 2254, 2255, 2257, 2258, 2260, 2261, 2262, 2263, 2264, 2265, 2266, 2267, 2275, 2284, 2287, 2304, 2315, 2316, 2317, 2320, 2321, 2340, 2378, 2379, 2380, 2381, 2396, 2401, 2411, 2423, 2424, 2430, 2432, 2444.

## V.  RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that the Honorable Court issue an Order unsealing the above-identified documents and/or granting such further relief as the Court deems just and proper.

Alternatively, Movant respectfully requests that the Honorable Court issue an Order directing that any and all sealed documents in the case, including the above-identified documents, be disclosed to Movant only, subject to its execution of a confidentiality undertaking approved by the Honorable Court, together with such other and further relief as the Honorable Court deems just and proper.

Respectfully Submitted,

ELAD MAN, CHIEF LEGAL COUNSEL



הצלחה – לקידום חברה הוגנת (ע"ר)

הלשכה המשפטית: אצל עו"ד אלעד מן, רח' מנחם בגין 7 (בית גיבור ספורט – קומה 13) רמת גן 5268102
טל: 03-6114485 פקס: 03-6114486